CARLA A. McCAULEY (State Bar No. 223910)
  carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice* to be filed)
  robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice* to be filed)
  lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice* to be filed)
  samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice* to be filed)
  georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York  10019
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual; ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br> Defendants. | Case No. CV 15-1869 <br><br> **COMPLAINT FOR:** <br> **(1) DIRECT COPYRIGHT INFRINGEMENT;** <br> **(2) SECONDARY COPYRIGHT INFRINGEMENT;** <br> **(3) TRADEMARK INFRINGEMENT;** <br> **(4) UNFAIR COMPETITION; AND** <br> **(5) VIOLATION OF BUS. & PROF. CODE § 17200** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT
DWT 25630093v11 0094038-000021

Plaintiffs China Central Television ("CCTV"), China International Communications Co., Ltd ("CICC"), TVB Holdings (USA), Inc. ("TVB (USA)"), and DISH Network L.L.C. ("DISH") (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, allege as follows:

## NATURE OF THE ACTION

1.      This copyright and trademark infringement action arises out of a global pirate television service provided to customers over the "TVpad" set-top box.  For a one-time, up-front payment to purchase the TVpad device, TVpad customers in the United States receive unlicensed television channels and television programs from China, Hong Kong, Taiwan, and other Asian countries.  Among the victims of this piracy are CCTV and TVB (USA)'s Hong Kong-based parent company Television Broadcasts Limited ("TVB"), which are the largest broadcasters of Chinese-language television in mainland China (CCTV) and Hong Kong (TVB), and also DISH, which holds certain exclusive rights to distribute CCTV and TVB programming in the United States.

2.      Plaintiffs are the legal and beneficial owners of exclusive rights to exploit copyrighted CCTV and TVB television programming in the United States. Among the bundle of rights afforded Plaintiffs under United States copyright law is the exclusive right to "perform the copyrighted work publicly."  17 U.S.C. § 106(4). This includes the exclusive right "to transmit or otherwise communicate a performance or display of" Plaintiffs' copyrighted television broadcasts and programs "to the public by means of any device or process whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times."  *Id.* § 101.

3.      Upon information and belief, Defendants Create New Technology (HK) Ltd. ("CNT"), Shenzhen GreatVision Network Technology Co., Ltd. ("GVTV"), and Hua Yang International Technology Limited ("HYIT") (collectively, the "CNT Group" or the "CNT Group Defendants"), along with currently unidentified affiliates,

---

COMPLAINT

DWT 25630093v11 0094038-000021

1

agents, and co-conspirators including John Does 1-10 (the "John Doe App Defendants"), acting in concert with a common purpose and scheme, have set up a pirate broadcasting network that, without permission and without compensation to Plaintiffs, brazenly captures entire CCTV and TVB television channels and video-on-demand programming from Asia and streams that programming over the Internet to United States users of the TVpad device, twenty-four hours a day, seven days a week (the "TVpad Retransmission Service"). The CNT Group Defendants and the John Doe App Defendants are hereafter collectively referred to as the "Retransmission Service Defendants."

4.    The CNT Group Defendants monetize the TVpad Retransmission Service by selling the TVpad device to the public, including United States consumers, for approximately $300 per unit at retail. Each TVpad device includes the "TVpad Store," a software interface that automatically provides to TVpad users, free of charge, software applications or "apps" that enable them to access, view, and share infringing streams of television programming in the United States. Many of the TVpad's most popular and heavily promoted apps unlawfully retransmit CCTV and TVB programming from Asia to TVpad users in the United States (the "Infringing TVpad Apps").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**Screen grab of CCTV's program "Across the Strait" streaming through an Infringing TVpad App on a TVpad device in the United States on September 22, 2014.**



**Screen grab of TVB's program "Come Home Love" streaming through an Infringing TVpad App on a TVpad device in the United States on September 29, 2014.**

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.      The TVpad Retransmission Service accomplishes this massive piracy in part through a peer-to-peer network—like Napster, Grokster, and BitTorrent, but designed to stream video content rather than to download media files.  Through this peer-to-peer network, TVpad users not only receive unauthorized streams of CCTV and TVB programming in the United States, but also simultaneously retransmit that programming to large numbers of other TVpad users in the United States.  The TVpad Retransmission Service also directly streams CCTV and TVB programs to U.S. TVpad users from servers located in the United States and elsewhere.  To facilitate this direct streaming, the CNT Group Defendants and/or other Retransmission Service Defendants make unauthorized copies of CCTV and TVB programs and store those copies on servers in the United States and elsewhere.

6.      The TVpad Retransmission Service's unauthorized public performances of CCTV and TVB programs cause Plaintiffs irreparable harm in a number of ways, including (a) directly competing with authorized subscriptions to CCTV and TVB television packages, thereby causing lost market share and price erosion for legitimate services; (b) disrupting Plaintiffs' relationships with authorized distribution partners in the United States; (c) depriving Plaintiffs of their exclusive rights to control the distribution, timing of distribution, and quality of their own copyrighted programs, and particularly their ability to grant more lucrative exclusive licenses; and (d) interfering with Plaintiffs' ability to develop a lawful market for Internet distribution of their television programming in the United States.

7.      The CNT Group Defendants and other Retransmission Service Defendants have gone to great lengths to conceal their infringing activity and obscure their respective roles in the TVPad Retransmission Service. Although Defendant CNT acknowledges that it manufactures, distributes, and provides ongoing customer support for the TVpad device, it disclaims involvement in streaming infringing television content and in the Infringing TVpad Apps that enable TVpad users to access, view, and share that infringing television content.  CNT maintains that its

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TVpad device is a neutral device like a personal computer, and that it is purported unidentified third-party app developers (the "John Doe App Defendants" above) who illegally stream the infringing television content.  Yet CNT and other members of the CNT Group conceal the identities of the John Doe App Defendants, providing in the TVpad Store only the generic name "studio" to identify the party responsible for each Infringing TVpad App and giving no contact details.

8.     Upon information and belief, the John Doe App Defendants either do not exist or are controlled by the CNT Group Defendants, and the CNT Group Defendants are in fact deeply involved in, and are directly or indirectly responsible for, (a) the capturing of CCTV's and TVB's broadcasts in Asia and the infringing retransmission of that programming over the Internet to TVpad users in the United States; and (b) the development, maintenance, and dissemination of the Infringing TVpad Apps.  The CNT Group Defendants and other Retransmission Service Defendants directly infringe Plaintiffs' copyrighted television programs by publicly performing those programs without consent.

9.     All the CNT Group Defendants are also liable as secondary infringers for taking intentional and affirmative steps that enable, cause, materially contribute to, promote, encourage, and/or induce the infringing public performances of Plaintiffs' copyrighted programs by other Retransmission Service Defendants and TVpad customers.  Among other unlawful acts, the CNT Group Defendants (1) provide the Infringing TVpad Apps for free through the TVpad Store to all purchasers of the TVpad device using suggestive categories like "Live TV", "TV Dramas" and "Hot Apps"; (2) aggressively advertise and promote the Infringing TVpad Apps and the TVpad's capacity to deliver free CCTV and TVB programming from Asia; (3) provide technical support and customer assistance to TVpad users to assist them in accessing (and by definition, sharing) CCTV and TVB programs with the Infringing TVpad Apps; (4) exercise control over the servers that facilitate the unauthorized streaming of Plaintiffs' television programming to TVpad users; and

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(5) directly profit from the massive infringement made possible by the TVpad device and TVpad Store, while declining to take any meaningful steps to stop the rampant infringement taking place through their digital premises and facilities.

10.     The CNT Group Defendants have built their entire business around blatant copyright infringement.  Below are just a few examples of the CNT Group Defendants' brazen advertising and promotion of the capability of the TVpad device to provide users with infringing streams of CCTV and TVB programming.



**Blog post from CNT Group website advertising the availability of TVB channels for free on TVpad device (visited on December 31, 2014).**

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**April 22, 2014 CNT Group Facebook post promoting the availability of CCTV documentary "A Bite of China 2" on the TVpad device (visited on December 31, 2014).**

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**July 11, 2013 CNT Group Facebook Post promoting the availability of the TVB program "A Change of Heart" on the TVpad device (visited December 31, 2014).**

11.     The CNT Group Defendants even use CCTV's and TVB's logos to falsely claim that the CNT Group has authorization to stream CCTV and TVB television programming:

COMPLAINT
DWT 25630093v11 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Page from CNT Group website using CCTV and TVB logos to falsely claim authorization (visited on December 31, 2014).**

12.    The CNT Group makes these patently false claims despite CNT's receipt of cease-and-desist letters from Plaintiff DISH in November and December 2014, specifically notifying CNT of infringing activity on the TVpad device and demanding that CNT and any parties acting in concert with CNT cease and desist from "providing CCTV and TVB content through the TVpad and its affiliated network."

13.    Defendants Club TVpad, Inc. ("Club TVpad"), Bennett Wong, Asha Media Group Inc. d/b/a TVpad.com ("Asha Media"), Amit Bhalla, newTVpad Ltd.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Company d/b/a newtvpad.com a/k/a TVpad USA ("newTVpad"), Liangzhong Zhou, and Honghui Chen d/b/a E-Digital (collectively, the "U.S. Distributor Defendants") advertise, sell, and distribute the TVpad device in the United States.  The U.S. Distributor Defendants are part of the CNT Group's international distribution network for the TVpad Retransmission Service.  Each of the U.S. Distributor Defendants has actual and constructive knowledge that the TVpad Retransmission Service infringes CCTV and TVB programming and each U.S. Distributor Defendant takes affirmative steps to aid, materially contribute to, promote, foster, and induce infringing public performances of CCTV and TVB programming by the Retransmission Service Defendants and by TVpad customers using the peer-to-peer network.

14.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages for copyright infringement, trademark infringement, unfair competition, and violation of California Bus & Prof. Code § 17250, as well as preliminary and permanent injunctive relief barring Defendants from (i) publicly performing and/or reproducing Plaintiffs' copyrighted works in the United States; (ii) inducing, encouraging, causing, facilitating, and/or materially contributing to the unauthorized public performance and/or reproduction of Plaintiffs' copyrighted works in the United States by others; (iii) infringing Plaintiffs' trademarks and service marks; or (iv) engaging in unfair competition.

## PARTIES

**A.     Plaintiffs**

15.     Plaintiff CCTV is a state-owned company existing under the laws of the People's Republic of China with its principal place of business in Beijing, China. CCTV is China's most influential and prolific television program producer, creating and broadcasting a wide variety of television programs, including news, dramas, comedies, sports, documentaries, and entertainment programming.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16.     Plaintiff China International Communications Co., Ltd. ("CICC") is a state-owned company existing under the laws of the People's Republic of China with its principal place of business in Beijing, China.  CICC is a wholly owned subsidiary of China International Television Corporation ("CITVC"), which, in turn, is a wholly owned subsidiary of CCTV.  CICC is responsible for, among other things, licensing and distributing CCTV programming in the United States.

17.     Plaintiff TVB Holdings (USA), Inc. ("TVB (USA)") is a corporation organized under the laws of the State of California with its principal place of business in Norwalk, California.  TVB (USA) is a wholly owned indirect subsidiary of TVB, a Hong Kong company that is the largest and most popular producer of Cantonese-language television programming in the world.  TVB (USA) distributes and licenses TVB television programming in the United States.

18.     Plaintiff DISH Network L.L.C. ("DISH") is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Englewood, Colorado.  DISH is the nation's third-largest pay television service, delivering video services to approximately 14 million customers nationwide through both satellite and Internet platforms.

**B.     The CNT Group Defendants**

19.     Defendant CNT is a company organized under the laws of Hong Kong, with its principal place of business in Hong Kong.  CNT's current registered address is Room D, 10/F, Tower A, Billion Centre, 1 Wang Kwong Road, Kowloon Bay, Kowloon, Hong Kong, according to the Hong Kong Companies Registry.

20.     Defendant HYIT is a company organized under the laws of Hong Kong, with its principal place of business in Hong Kong.  HYIT's current registered address is Room 19C, Lockhart Center, 301-307 Lockhart Road, Hong Kong, according to the Hong Kong Companies Registry.

21.     Defendant GVTV is a company organized under the laws of the People's Republic of China, with its principal place of business in the People's

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Republic of China.  GVTV's current registered address is Room 101, 1A South Side, Block R2, High-Tech Industrial Village, No. 20 Gaoxin South Seventh Road, Nanshan District, Shenzhen, China.

## C.   The U.S. Distributor Defendants

22.   Defendant Asha Media is a corporation organized under the laws of Florida, with its principal place of business in Tampa, Florida.

23.   Defendant Amit Bhalla ("Bhalla"), is an individual residing in South Elgin, Illinois.  Bhalla is the President of Asha Media.

24.   Defendant Club TVpad is a corporation organized under the laws of California with its principal place of business in Hayward, California.

25.   Defendant Bennett Wong ("Wong") is an individual residing in Hayward, California.  Wong is Club TVpad's agent for service of process and previously was the registrant of the domain name for Club TVpad's website.

26.   Defendant newTVpad is a corporation organized under the laws of Texas with its principal place of business in Dallas, Texas.

27.   Defendant Liangzhong Zhou ("Zhou") is an individual residing in Dallas, Texas.  Zhou is newTVpad's manager and registered agent for service of process.

28.   Upon information and belief, Defendant Honghui Chen ("Chen") is an individual residing in Alhambra, California.  Chen does business as E-Digital.

## D.   The John Doe App Defendants

29.   Plaintiffs are ignorant of the true name and capacity of the defendant sued herein as John Doe 1 d/b/a BETV, and therefore sue this defendant by such fictitious name. Plaintiffs will amend the Complaint to allege the true name and capacity of John Doe 1 d/b/a BETV when ascertained.  Upon information and belief, Defendant John Doe 1 d/b/a BETV is an individual and/or entity that is acting in concert with, or at the direction of, the CNT Group Defendants to develop and distribute infringing software applications and streaming video content for the TVpad

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

device, including but not limited to the BETV3, BETVII3, BETV_HD3 and BETV Plus apps.

30.     Plaintiffs are ignorant of the true name and capacity of the defendant sued herein as John Doe 2 d/b/a Yue Hai, and therefore sue this defendant by such fictitious name.  Plaintiffs will amend the Complaint to allege the true name and capacity of John Doe 2 d/b/a Yue Hai when ascertained.  Upon information and belief, Defendant John Doe 2 d/b/a Yue Hai is an individual and/or entity that is acting in concert with, or at the direction of, the CNT Group Defendants to develop and distribute infringing software applications and streaming video content for the TVpad device, including but not limited to the Yue Hai Shi Yi, Yue Hai Kuan Pin, Yue Hai Kuan Pin 23, and Yue Hai Zhi Bo apps.

31.     Plaintiffs are ignorant of the true name and capacity of the defendant sued herein as John Doe 3 d/b/a 516, and therefore sue this defendant by such fictitious name.  Plaintiffs will amend the Complaint to allege the true name and capacity of John Doe 3 d/b/a 516 when ascertained.  Upon information and belief, Defendant John Doe 3 d/b/a 516 is an individual and/or entity that is acting in concert with, or at the direction of, the CNT Group Defendants to develop and distribute infringing software applications and streaming video content for the TVpad device, including but not limited to the 516TV and 516 Online TV apps.

32.     Plaintiffs are ignorant of the true name and capacity of the defendant sued herein as John Doe 4 d/b/a HITV, and therefore sue this defendant by such fictitious name.  Plaintiffs will amend the Complaint to allege the true name and capacity of John Doe 4 d/b/a HITV when ascertained.  Upon information and belief, Defendant John Doe 4 d/b/a HITV is an individual and/or entity acting in concert with, or at the direction of, the CNT Group Defendants to develop and distribute infringing software applications and streaming video content for the TVpad device, including but not limited to the HITV app.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

33.     Plaintiffs are ignorant of the true name and capacity of the defendant sued herein as John Doe 5 d/b/a Gang Yue, and therefore sue this defendant by such fictitious name.  Plaintiffs will amend the Complaint to allege the true name and capacity of John Doe 5 d/b/a Gang Yue when ascertained.  Upon information and belief, Defendant John Doe 5 d/b/a Gang Yue is an individual and/or entity that is acting in concert with, or at the direction of, the CNT Group Defendants to develop and distribute infringing software applications and streaming video content for the TVpad device, including but not limited to the Gang Yue Wang Luo Dian Shi and Gang Yue Kuai Kan apps.

34.     Plaintiffs are ignorant of the true name and capacity of the defendant sued herein as John Doe 6 d/b/a Sport Online, and therefore sue this defendant by such fictitious name.  Plaintiffs will amend the Complaint to allege the true name and capacity of John Doe 6 d/b/a Sport Online when ascertained.  Upon information and belief, Defendant John Doe 6 d/b/a Sport Online is an individual and/or entity that is acting in concert with, or at the direction of, the CNT Group Defendants to develop and distribute infringing software applications and streaming video content for the TVpad device, including but not limited to the Sport Online app.

35.     Plaintiffs are ignorant of the true name and capacity of the defendant sued herein as John Doe 7 d/b/a Gang Tai Wu Xia, and therefore sue this defendant by such fictitious name.  Plaintiffs will amend the Complaint to allege the true name and capacity of John Doe 7 d/b/a Gang Tai Wu Xia when ascertained.  Upon information and belief, Defendant John Doe 7 d/b/a Gang Tai Wu Xia is an individual and/or entity that is acting in concert with, or at the direction of, the CNT Group Defendants to develop and distribute infringing software applications and streaming video content for the TVpad device, including but not limited to the Gang Tai Wu Xia app.

36.     Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as John Does 8 through 10, and therefore sue these defendants by such

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

fictitious names. Plaintiffs will amend the Complaint to allege the true names and capacities of John Does 8-10 when ascertained.  Upon information and belief, Defendants John Does 8-10 are individuals and/or entities currently unknown to Plaintiffs that (a) are acting in concert with, or at the direction of, the CNT Group Defendants to violate Plaintiffs' rights; (b) develop or distribute infringing software applications and/or streaming video content for the TVpad device; (c) own, lease, and/or control servers in the United States used to stream CCTV and TVB programs; or (d) distribute the TVpad device and/or the TVpad Retransmission Service in the United States.

## JURISDICTION AND VENUE

37.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*  This Court has supplemental subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

38.     Personal jurisdiction over Defendants is proper because they have each purposefully directed their conduct towards, and have purposefully availed themselves of the privileges of conducting business activities within, the State of California by, among other things, transmitting, supplying, and offering to transmit and supply, the TVpad Retransmission Service and/or TVpad devices to customers and/or business partners in the State of California and the Central District of California, causing injury to Plaintiffs in this State and in this District.

39.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

## BACKGROUND FACTS

### A.     CCTV's Business and Intellectual Property rights

40.     Plaintiff CCTV is the predominant state television broadcaster in mainland China.  CCTV has 42 television channels.  Its flagship over-the-air channels in China are CCTV1 through CCTV14.  CCTV owns the copyrights to a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

large number of television programs, including highly successful programs such as Star Walk, Art Life, and Across the Strait.  CCTV television channels are broadcast in mainland China, and certain CCTV television channels and programs are licensed for international distribution.

41.     CCTV has United States copyright registrations for the television programs listed in **Exhibit A** (collectively, the "Registered CCTV Programs"). Attached as **Exhibit B** are true and correct copies of the certificates of registration for the Registered CCTV Programs.  The Registered CCTV Programs are only a small subset of the total programming that CCTV produces and distributes internationally, including in the United States.

42.     The Registered CCTV Programs are enumerated for purposes of establishing Plaintiffs' entitlement to statutory damages and attorneys' fees.  CCTV's television programs are foreign works, and registration with the United States Copyright Office therefore is not a prerequisite to filing a copyright infringement action with respect to them. 17 U.S.C. §§ 101, 411(a). Defendants are directly and/or secondarily liable for copyright infringement of, and Plaintiffs are entitled to damages and injunctive relief with respect to, all of CCTV's copyrighted television programming that has been and continues to be streamed without authorization to TVpad users in the United States.

43.     Certain CCTV television channels and programs that originally air in mainland China are distributed in the United States as part of a package of television channels called the "Great Wall Package."  CCTV's Great Wall Package consists of programming from 22 Chinese television channels including the following CCTV channels:  CCTV-4, CCTV-E, CCTV-Entertainment, CCTV-News, CCTV-Movies, and CCTV-Opera (hereafter, the "CCTV U.S. channels").

44.     Plaintiff CICC distributes the Great Wall Package in the United States through three authorized distribution partners:  DISH, iTalk TV, and Kylin TV (collectively, CCTV's "Authorized U.S. Providers").  On behalf of CCTV, CICC has

COMPLAINT
DWT 25630093v11 0094038-000021
16
**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

entered into license agreements with CCTV's Authorized U.S. Providers that, in exchange for payment, give the Authorized U.S. Providers the right to retransmit CCTV U.S. channels, including the CCTV television programs comprising those channels, to their fee-paying subscribers in the United States.

45.     Although CICC licenses certain rights to CCTV programming in the United States, its parent company CCTV retains and owns the exclusive right to reproduce, publicly perform, and transmit CCTV programming, including but not limited to the Registered CCTV Programs, over the Internet in the United States.

46.     CCTV and CICC spend substantial amounts of money each year on the facilities, equipment, and labor necessary to distribute the CCTV U.S. channels in the United States.

47.     Another CCTV affiliate, China Network Television (CNTV), streams certain CCTV television programming over the Internet from its website at http://tv.cntv.cn/.  CNTV also distributes a number of mobile applications, including CCTV SPORTS and CCTV NEWS, which offer streaming video of certain CCTV programs.  CNTV makes these apps available for download through the iTunes and Google Play stores, among other authorized sites.

48.     CCTV brands its television broadcasting services and television programming under the CCTV family of trademarks and service marks (collectively, the "CCTV Marks"), which denote unique and high-quality television content.  The CCTV Marks include the word marks "CCTV" and "CCTV AMERICA" and the stylized CCTV logo, all of which are used in conjunction with CCTV's television broadcasting services, programming, and related entertainment services.

49.     CICC uses the CCTV Marks in connection with its distribution of CCTV programming in the United States.

50.     CCTV and CICC spend substantial amounts of money advertising and promoting the CCTV brand and related programming.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

51.     CCTV's affiliate has applied to register the design mark "CCTV AMERICA" with the U.S. Patent and Trademark Office, Application Serial No. 86239098, in connection with, among other things, "[t]elevision broadcasting services; streaming of audio, visual and audiovisual material via a global computer network; transmission of news; transmission of sound, video and information."

52.     Long before the acts of Defendants complained of herein, CCTV and CICC adopted and began using the CCTV Marks in commerce in the United States in connection with their television broadcasting services, programming, and related entertainment services.

53.     CCTV and CICC have used and continue to use the CCTV Marks in interstate commerce in the United States in connection with the advertising and sale of their goods and services.

**B.     TVB (USA)'s Business and Intellectual Property Rights**

54.     TVB (USA)'s ultimate parent company, TVB, operates five over-the-air television channels—Jade, J2, Jade HD, iNews (Cantonese), and Pearl (English)— and 13 pay TV channels in Hong Kong.  TVB also has operations in Taiwan, owning the popular TVBS, TVBS-News, and TVBS-G channels.

55.     TVB produces and distributes a wide variety of television programming and copyrighted works including, but not limited to, episodic dramas, comedies, news programs, sports, and other programs that are initially broadcast in Hong Kong and subsequently or simultaneously distributed internationally.

56.     TVB's wholly owned subsidiary TVBO Production Limited ("TVBO") and TVBO's predecessor-in-interest TVB (Overseas) Limited ("TVB (Overseas)") have United States copyright registrations for the television programs and episodes listed in **Exhibit C** (the "Registered TVB Programs").  Attached hereto as **Exhibit D** are true and correct copies of the certificates of registration for the Registered TVB Programs.  The Registered TVB Programs are only a small subset of the total

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

programming that TVB produces and that TVB (USA) distributes in the United States.

57.     The Registered TVB Programs are enumerated for purposes of establishing Plaintiffs' entitlement to statutory damages and attorneys' fees.  Because all of TVB's programs are foreign works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works. 17 U.S.C. §§ 101, 411(a). Defendants are directly and/or secondarily liable for copyright infringement of, and Plaintiffs are entitled to damages and injunctive relief with respect to, all of TVB's copyrighted television programming that has been and continues to be streamed without authorization to TVpad customers in the United States.

58.     Under a co-production agreement, TVB and TVBO have agreed to co-produce TVB television programs and that the copyrights subsisting in the co-produced programs throughout the world except Hong Kong vest in and are owned by TVBO.  TVBO, through its affiliate, TVBI Company Limited, has granted TVB (USA) the exclusive right to reproduce, publicly perform, transmit, and distribute all TVB programs in all media in the United States.  In turn, TVB (USA) has sublicensed certain of those rights to its affiliate, TVB (USA), Inc., which, in turn, has sublicensed certain rights to TVB Satellite Platform, Inc. ("TVB Satellite Platform").

59.     Although TVB (USA) has licensed certain rights in the United States, TVB (USA) retains and owns the exclusive rights to reproduce, publicly perform, and transmit TVB programming, including but not limited to the Registered TVB Programs, in the United on platforms other than satellite and OTT[1] (linear channel only).  These rights retained and owned by TVB (USA) include the exclusive rights

---

[1] For purposes of this Complaint, "Over The Top" or "OTT" refers to the delivery of video programming using an Internet connection that is not owned, managed, or operated by the party delivering the programming (e.g., Netflix).

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to reproduce, publicly perform, and transmit TVB programming, including but not limited to the Registered Programs, in the United States via Internet Protocol Television (IPTV) [2] and OTT in video-on-demand format.

60.     Certain TVB television programs that originally air in Hong Kong and Taiwan are distributed by TVB (USA) in the United States on the following channels:  TVB1, TVB2, TVBe, TVB Pearl, TVBHD, TVB8, TVB Drama, TVBS, Jade SF, Jade NY, and Jade LA (hereafter, the "TVB U.S. channels").  TVB (USA)'s most popular television package is called the "Jadeworld" Package, which includes TVB1, TVB2, TVBe, and TVBS.

61.     In the United States, TVB (USA) and its affiliates distribute the TVB U.S. channels and the TVB programs comprising those channels through license agreements with certain cable television systems, satellite television services, and other multi-channel distributors, including Plaintiff DISH, Time-Warner Cable, Comcast Cable, AT&T U-Verse, and Verizon FiOS (collectively, TVB (USA)'s "Authorized U.S. Providers").  TVB (USA)'s Authorized U.S. Providers pay TVB (USA) or its affiliates licensing fees for the right to broadcast TVB's U.S. channels and programs to their customers in the United States.

62.     TVB (USA) spends substantial amounts of money each year on the facilities, equipment, and labor necessary to distribute the TVB U.S. channels in the United States.

63.     TVB also maintains a website at www.tvb.com through which consumers in Hong Kong can access some of its programming.  Only users with Hong Kong IP addresses can access this TVB programming because geo-blocking prevents users outside of Hong Kong from receiving anything other than promotional clips.  TVB and its affiliates also have launched several mobile applications,

---

[2] For purposes of this Complaint, "IPTV" refers to electronic delivery of video programming via Internet protocol over a service provider's own infrastructure (e.g., AT&T's U-verse).

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

including myTV, GOTV, TVB News, TVB Finance, TVB Zone, TVB fun, and myEPG, which allow users to access streaming video of certain TVB programs. These mobile applications are also subject to geo-blocking outside of Hong Kong.

64.     TVB brands its television broadcasting services and television programming under the TVB family of trademarks and service marks, which denote unique and high-quality television content.  These trademarks and service marks include the following: (a) the word mark JADE (U.S. Serial No. 76406416); (b) the JADE logo (U.S. Serial No. 76445114 and U.S. Application Serial No. 86171201); (c) the word mark TVB (U.S. Application Serial No. 86171162); and the Chinese-language word mark for THE JADE CHANNEL (U.S. Serial No. 76407746) (collectively, the "TVB Marks").  TVB uses the TVB Marks in conjunction with its television broadcasting services, programming, and related entertainment services throughout the world.

65.     TVB authorizes TVB (USA) to use the TVB Marks in the United States and to bring enforcement actions against the unauthorized use of the TVB Marks in the United States.

66.     TVB (USA) uses the TVB Marks in connection with its distribution of TVB programming in the United States.

67.     TVB (USA) spends substantial amounts of money advertising and promoting the TVB brand and related programming in the United States.

68.     Long before the acts of Defendants complained of herein, starting in 1984, TVB (USA) adopted and began using the TVB Marks in commerce in the United States in connection with its television broadcasting services, programming, and related entertainment services.

69.     TVB (USA) has used and continues to use the TVB Marks in interstate commerce in the United States in connection with the advertising and sale of its goods and services.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### C.    DISH's Business and Intellectual Property Rights

70.    DISH's primary service is satellite television, which DISH provides to subscribers in the United States in return for subscription fees.

71.    Separately, DISH offers OTT television services through "DishWorld" (soon to be rebranded as "Sling International"), an OTT streaming service that provides international television programming on numerous viewing devices including Apple iPhones and iPads, Android phones and tablets, Samsung Smart TVs and Blu-Ray devices, Amazon Fire, personal computers, and the Roku Streaming Player.

72.    Under a license agreement, DISH owns the exclusive right to retransmit CCTV's Great Wall Package of television channels and programs in the United States via satellite, and also has a non-exclusive right to distribute CCTV's Great Wall Package of television channels and programs over the Internet (including OTT) in the United States.  In return for monthly subscription fees, DISH offers its United States subscribers access to the Great Wall Package.

73.    Under a license agreement, DISH owns the exclusive rights to retransmit certain TVB U.S. channels and the TVB programs comprising those channels (a) via satellite in the United States and (b) via OTT television services in the United States, except for video-on-demand content.  In return for monthly subscription fees, DISH offers its United States subscribers access to TVB programming through the Jadeworld Package.

### DEFENDANTS' UNLAWFUL CONDUCT

### A.    The CNT Group

74.    Defendant CNT manufactures the TVpad device.  CNT and defendant HYIT offer TVpad devices for sale to consumers, including consumers in the United States, the State of California, and the Central District of California, from their joint website www.itvpad.com (the "TVpad Website").  As of March 9, 2015, the TVpad Website sold the latest model TVpad devices for $199 to $299.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

75.     Until approximately September 2014, Defendant HYIT, on behalf of the CNT Group, operated the TVpad Website as well as another website at tvpad.hk, both of which, upon information and belief, sold TVpad devices to consumers in the United States, the State of California, and the Central District of California.  In approximately September 2014, the CNT Group merged CNT's previous website (www.creatent.net) with the TVpad Website.  The "About Us" page on the TVpad Website now lists CNT's name and corporate information.  As of February 6, 2015, the footer of every page of the TVpad Website reads "Copyright © 2007-2015 启阳科技（香港）有限公司（CREATE NEW TECHNOLOGY (HK) LIMITED) All Rights Reserved."  As of February 9, 2015, HYIT's tvpad.hk website no longer operates and redirects to the TVpad Website.

76.     Upon information and belief, HYIT has total registered capital of only HKD 10,000 (approximately $1,300 USD) and is owned by an individual named Chen Xia (陈侠).  Chen Xia jointly owns two other companies—Shenzhen Jinxiangjiao Information Technology Co., Ltd. and Shenzhen Yingming Technology Co., Ltd.—with an individual named Zhang Min (张民), who was the sole shareholder of CNT before July 2013.

77.     Defendant GVTV operates a website at http://gvtv.com.cn/, on which it promotes, among other things, GVTV's "live broadcast transmission/VOD [video-on-demand] system."  Upon information and belief, GVTV designed the TVpad Retransmission Service along the lines described on its website, and, acting in conjunction with CNT and HYIT, controls the servers and other facilities necessary to deliver the TVpad Retransmission Service to consumers in the United States and around the world.

78.     CNT and GVTV use or have used the same Shenzhen, Guangdong, China office address—Rm B 10/F JinFeng Building, 1001 ShangBu South Road, FuTian District Shen Zhen Guang Dong 518301, China (the "JinFeng Building Address")—in business directories, advertisements, and job listings.  CNT and

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

GVTV also use or have used the same Shenzhen-area telephone number (86-755-82077971) on websites, domain registrations, and legal correspondence.

79.     Upon information and belief, members of the CNT Group share a common operational office at North Gate, Building R2-A, Virtual University Park, High-Tech Industrial Park, Keyuan Road W., Nanshan District, Shenzhen.

80.     An individual named "Pake Tian" using CNT's and GVTV's shared JinFeng Building Address and the email address T20080227@HOTMAIL.COM was the registrant of the domain name broker88.com, which is associated with servers previously used to load components of the TVpad Store.  Pake Tian's email address was also used to register the domain names for the CNT Group's official fan forum, TVPadfans.com, as well as promotional websites for several Infringing TVpad Apps.

81.     Upon information and belief, CNT, HYIT, and GVTV are commonly owned, operated, and controlled with the purpose of distributing and profiting from the TVpad Retransmission Service in the United States and around the world.

**B.    The CNT Group Defendants and the Other Retransmission Service Defendants Directly Infringe Plaintiffs' Public-Performance and Reproduction Rights by Retransmitting CCTV and TVB Channels and Programs Into and Within the United States Without Authorization**

82.     Upon information and belief, the CNT Group Defendants, acting alone or in conjunction with the John Doe App Defendants, retransmit the entirety of Plaintiffs' copyrighted live broadcasts and individual copyrighted television programs to TVpad users in the United States twenty-four hours a day, seven days a week, directly infringing Plaintiffs' public-performance rights and reproduction rights under U.S. copyright law.

83.     Upon information and belief, the CNT Group Defendants and/or the other Retransmission Service Defendants commit this direct infringement in two ways:  (1) through capture of television programs that are converted to Internet-friendly formats and then streamed using peer-to-peer technology over the Internet,

24

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and (2) through direct streaming of television programs over the Internet from servers in the United States and elsewhere.

### Peer-to-Peer Streaming

84.   The TVpad Retransmission Service operates, in part, over a peer-to-peer network (the "TVpad P2P Network") using one or more peer-to-peer streaming television protocols.

85.   "Peer-to-peer" technology is a networking architecture where tasks are distributed or shared among users, each of which represents a different "node" in the network. In *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919-20 (2005), the Supreme Court described peer-to-peer as a system by which "users' computers communicate directly with each other, not through central servers." Although in *Grokster* file sharing was at issue, peer-to-peer technology can also be employed to distribute streaming video through users' computers or devices.

86.   Upon information and belief, the Retransmission Service Defendants, or some of them, capture television signals being transmitted by broadcasters in Hong Kong, mainland China, Taiwan, Korea, Japan, and other Asian countries using a digital video capture device. The television signals captured by the Retransmission Service Defendants include CCTV and TVB broadcasts. The Retransmission Service Defendants record the captured signals for the unlawful purpose of engaging in unauthorized public performance and distribution of CCTV and TVB programming.

87.   Upon information and belief, the Retransmission Service Defendants, or some of them, then (1) convert the captured CCTV and TVB television signals into digital signals; (2) feed the digital signals into a server that converts them to a form suitable for streaming over the Internet; and (3) transmit the pirated video streams of CCTV and TVB programming to TVpad users in the TVpad P2P Network. Through the TVpad Store, CNT provides the Infringing TVpad Apps necessary for TVpad users to access the TVpad P2P Network and to view and share the pirated video

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

content, including CCTV and TVB television channels and television programs from Asia.

88.   By virtue of the peer-to-peer functionality, TVpad users who receive CCTV and TVB broadcasts through the TVpad P2P Network also simultaneously retransmit those pirated CCTV and TVB broadcasts, or portions thereof, to other "peers" on the network, namely other members of the public who are TVpad users. Those TVpad users likewise view the pirated CCTV and TVB broadcasts and retransmit them, or portions thereof, to yet other TVpad users in the peer-to-peer network, and this process repeats indefinitely, allowing Plaintiffs' channels and copyrighted works to be viewed and transmitted by tens of thousands of TVpad users who otherwise would have to pay for that programming.

89.   TVpad users have no preexisting relationship with or legitimate ownership or possessory interest in the CCTV and TVB broadcasts and programs that they receive and retransmit to other TVpad users, and furthermore do not limit their sharing of these programs to a single household or a close circle of family and friends but rather retransmit them publicly on an indiscriminate basis to any other TVpad device participating in the TVpad P2P Network.

90.   Upon information and belief, a significant number of TVpad users are aware that the TVpad Transmission Service functions through a peer-to-peer network.

91.   In addition, the CNT Group's own website touts the peer-to-peer functionality of the TVpad device, stating, as of March 9, 2015: "Upgraded hardware and P2P processing make [the TVpad] effective to remove any barrier to entry for broadcasting, especially when there are larger audiences involved."

92.   Upon information and belief, the Retransmission Service Defendants, or some of them, also operate servers that act as additional peers in the TVpad P2P Network.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

COMPLAINT
DWT 25630093v11 0094038-000021

93.     Plaintiffs have not authorized any of the Retransmission Service Defendants or any TVpad users to publicly perform, transmit or retransmit their television channels or any of their copyrighted works.  The retransmission of CCTV and TVB broadcasts and programs in the United States is a violation of Plaintiffs' exclusive public-performance rights and constitutes direct copyright infringement.

**Direct Streaming**

94.     The TVpad Retransmission Service also operates, in part, by directly streaming pirated television programming, including CCTV and TVB programming, to large numbers of TVpad users in the United States.

95.     Upon information and belief, the Retransmission Service Defendants, or some of them, directly stream CCTV and TVB television channels and/or programs over the Internet to large numbers of TVpad users in the United States from computer servers located in the United States and elsewhere.

96.     TVpad users have no preexisting relationship with or legitimate ownership or possessory interest in the CCTV and TVB broadcasts and programs that they receive and retransmit to other TVpad users.

97.     To provide the direct streaming service described above, upon information and belief, the Retransmission Service Defendants, or some of them, capture, record, and store copies of CCTV and TVB broadcasts and individual programs on computer servers controlled by the Retransmission Service Defendants, or some of them, for later playback at the request of TVpad users.

98.     Upon information and belief, the Retransmission Service Defendants, or some of them, make unauthorized copies of CCTV and TVB broadcasts and programs and store those unauthorized copies on computer servers located in the United States and elsewhere.

99.     Plaintiffs have not authorized the Retransmission Service Defendants, or any of them, to perform, transmit, retransmit, display, exhibit, and/or distribute their television channels or any of their copyrighted works over the Internet into the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United States.  Nor have Plaintiffs authorized the Retransmission Service Defendants, or any of them, to make copies of their copyrighted works.

100.   The retransmission and copying of CCTV and TVB programs by the CNT Group Defendants and other Retransmission Service Defendants constitutes direct copyright infringement.

**C.     The CNT Group Defendants Provide the Tools Necessary to Receive and Share Their Illegal Retransmission Service**

101.   The CNT Group monetizes the TVpad Retransmission Service by selling TVpad devices to United States consumers and equipping the TVpad device with the TVpad Store, which provides easy and free access to the software applications necessary for TVpad users to receive and share the infringing TVpad Retransmission Service.

**The TVpad Device**

102.   The TVpad device is a set-top box that delivers streaming television programming to customers over the Internet without the customers paying subscription fees to an authorized licensee such as a cable, satellite, or other television services provider.

103.   There have been four generations of the TVpad device.  Prior to December 2014, CNT manufactured the TVpad3, which is still being offered for sale and sold in the United States.  Beginning in December 2014, CNT released the most recent version of the device, the TVpad4, which is also currently offered for sale and sold in the United States.

104.   GVTV previously claimed in marketing materials to be the manufacturer of an earlier model of the TVpad device.

105.   Upon information and belief, GVTV is owned and controlled by the same parties that own and control CNT, and participates in the manufacture of the TVpad device.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## The TVpad Store and the Infringing TVpad Apps

106.   TVpad users access streaming television content by using software applications or "apps"—small, specialized software programs that run on the TVpad device—that they download from the "TVpad Store."  The TVpad Store automatically appears on the TVpad device when a user turns it on.

107.   CNT, and upon information and belief GVTV, configure every TVpad device to include the TVpad Store.

108.   The TVpad Store does not charge users a fee to download apps.  All apps in the TVpad Store are available free of charge after the one-time, up-front purchase of the TVpad device.

109.   When TVpad users access the TVpad Store, they are prompted to read and accept mandatory terms of service, including acknowledging that "CNT reserves the right to preview, examine, report, filter, modify, refuse or delete any or all software applications in the TVpad Store" and that "CNT and the Publishers reserve the right to change, suspend, remove, or disable access to any Products, content, or other materials accessible through the TVpad Store at any time without notice."

110.   Upon information and belief, the TVpad Store can only be accessed through a TVpad device.

111.   Upon information and belief, the CNT Group Defendants exercise practical and legal control over all aspects of the TVpad Store, including determining which apps are included in the TVpad Store and controlling the servers and other facilities through which TVpad users browse and download the software applications available in the TVpad Store.

112.   The TVpad Store offers for download a number of apps that deliver, without permission, CCTV and TVB programming to users of the TVpad (defined above as the "Infringing TVpad Apps").

113.   The Infringing TVpad Apps provide streaming video content in four different formats or modes.  First, some Infringing TVpad Apps stream live CCTV or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TVB broadcasts from Asia at approximately the same time they air in Asia (hereafter, the "live" mode).  Some Infringing TVpad Apps stream CCTV or TVB broadcasts from Asia with a twelve-hour time delay from the time they air in Asia (hereafter, the "time-shift" mode).  Some Infringing TVpad Apps permit users to choose from a pre-recorded library of CCTV or TVB programs through a menu system, commonly known as "video on demand" (hereafter, the "video-on-demand" mode).  Some Infringing TVpad Apps permit users to choose specific pre-recorded CCTV or TVB programming through a menu system for a specific time frame, such as the last three days (hereafter, the "replay live" mode).

114.   In October through December 2014, Plaintiffs' investigator personally observed and recorded 30 Registered CCTV Programs and 23 Registered TVB Programs being streamed through the TVpad device using Infringing TVpad Apps in live and replay live modes.

115.   In November 2014, TVB (USA)'s Vice President of Operations personally observed and recorded an additional 406 Registered TVB Programs being streamed through the TVpad device using Infringing TVpad Apps in video-on-demand mode.

116.   The following Infringing TVpad Apps provided through the TVpad Store on the TVpad3 and TVpad4 stream CCTV and TVB channels and/or programs to U.S. TVpad users in live, time-shift, video-on-demand, and/or replay live modes:

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | TVpad3 | TVpad4 |
|---|---|---|
| **Infringing TVpad App and icon** | **Plaintiffs' Programming and Mode** | **Plaintiffs' Programming and Mode** |
| BETV PLUS<br><br>BETV Plus | | CCTV 1 (live & replay live), CCTV 2 (live), CCTV 3 (live & replay live), CCTV 4 (live & replay live), CCTV6 (live & replay live), CCTV 10 (live), CCTV 11 (live), CCTV12 (live), CCTV13 (live & replay live), CCTV14  (live & replay live) |
| BETV_HD<br><br>BETV_HD3 | CCTV 1 HD (live), CCTV 5 HD (live) | |
| BETV II<br><br>BETVII3 | CCTV 1 (live & replay live), CCTV 2 (live), CCTV 3 (live & replay live), CCTV 4 (live & replay live), CCTV 5 (live & replay live), CCTV 5+ (live), CCTV6 (live & replay live), CCTV 10 (live), CCTV 11 (live), CCTV12 (live), CCTV13 (live & replay live), CCTV14  (live & replay live), CCTV风云足球 ( CCTV fengyun soccer) (live) | |
| BETV<br><br>BETV3 | CCTV 1, CCTV 2, CCTV 3, CCTV 4, CCTV 5+, CCTV6, CCTV 10, CCTV 11, CCTV12, CCTV13, CCTV14, CCTV风云足球 ( CCTV fengyun soccer) (all live) | |

DAVIS WRIGHT TREMAINE LLP<br>865 S. FIGUEROA ST, SUITE 2400<br>LOS ANGELES, CALIFORNIA 90017-2566<br>(213) 633-6800<br>Fax: (213) 633-6899

| Infringing TVpad App and icon | TVpad3<br>Plaintiffs' Programming and Mode | TVpad4<br>Plaintiffs' Programming and Mode |
|---|---|---|
| 粵海時移<br>(Yue Hai Shi Yi)<br> | JADE HD, JADE (both time-shifted by 12 hours) | JADE HD, JADE (both time-shifted by 12 hours) |
| 粵海寬頻<br>(Yue Hai Kuan Pin)<br> | JADE HD, JADE HD, J2, JADE, PEARL, iNews (all live) | |
| 粵海寬頻2<br>(Yue Hai Kuan Pin 2)<br> | JADE HD, JADE, J2 (Live and replay live) PEARL, iNews (live) | |
| 港粵網絡電視<br>(Gang Yue Wang Luo Dian Shi)<br> | JADE HD, JADE, J2 (live and replay live); PEARL, iNews (live)<br><br>TVB programs on demand | JADE HD, JADE, J2, PEARL (live and replay live); iNews (live)<br><br>TVB programs on demand |
| 粵海直播<br>(Yue Hai Zhi Bo)<br> | iNews, J2, PEARL, JADE, JADE HD (live) | |

32

DAVIS WRIGHT TREMAINE LLP<br>865 S. FIGUEROA ST, SUITE 2400<br>LOS ANGELES, CALIFORNIA 90017-2566<br>(213) 633-6800<br>Fax: (213) 633-6899

| Infringing TVpad App and icon | TVpad3 | TVpad4 |
|---|---|---|
| | Plaintiffs' Programming and Mode | Plaintiffs' Programming and Mode |
| 516TV  | TVBS (live) | |
| 516網路電視 (516 Online TV)  | CCTV4 (live) TVBS (live) | CCTV4 (live) TVBS (live) TVBS News (live) |
| HITV  | JADE HD, J2, JADE, PEARL, iNews (live) | |
| 体育online (Sport Online)  | CCTV 1, CCTV 5, CCTV 5+, CCTV风云足球 （CCTV fengyun soccer) (all live) | CCTV 5, CCTV 5+, CCTV 风云足球（CCTV fengyun soccer), CCTV 高尔夫.网球（CCTV  Golf/ Tennis) (all live) |
| 港粤快看 (Gang Yue Kuai Kan)  | TVB programs on demand | |

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| Infringing TVpad App and icon | TVpad3 Plaintiffs' Programming and Mode | TVpad4 Plaintiffs' Programming and Mode |
|---|---|---|
| 港台武俠 (Gang Tai Wu Xia)  | TVB programs on demand | TVB programs on demand |

117.   The Infringing TVpad Apps have no other purpose than to deliver infringing television programming to TVpad users.

118.   The chart in Paragraph 116 sets forth only those apps that stream Plaintiffs' copyrighted television programming. Upon information and belief, the Retransmission Service Defendants and TVpad customers use other apps provided through the TVpad Store to publicly perform the copyrighted works of many other copyright owners, including BBC, CNN, HBO, and television broadcasters from Korea, Japan, and Vietnam, as well as the copyrighted works of major motion picture studios from the United States. Upon information and belief, the vast majority of the television and motion-picture content viewed and shared by TVpad users is unauthorized.

119.   In the latest model of the TVpad device, the TVpad4, the user interface of the TVpad promotes Infringing TVpad Apps through banner advertisements.  For example, on a screen displayed after the TVpad terms of service, the TVpad user sees: (1) a banner promoting the infringing Gang Yue Wang Luo Dian Shi app; (2) a banner promoting the infringing BETV Plus app; (3) a banner promoting the TVpad4 itself; and (4) an onscreen button leading to the TVpad Store.  The BETV Plus banner expressly advertises live, VOD, and replay live streaming of television content.

COMPLAINT
DWT 25630093v11 0094038-000021

34

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**Screen grab of TVpad user interface on the TVpad4 device on January 13, 2015, showing banner advertisements for the infringing BETV Plus and Gang Yue Wang Luo Dian Shi apps.**

120.   The user interface of the TVpad Store permits customers to browse available apps by category.  The displayed categories include "Live TV," "TV Dramas," "Movies," "VOD," and "Hot Apps," among others.  These categories are populated with the Infringing TVpad Apps and, upon information and belief, other apps that infringe or facilitate the infringement of works owned by copyright holders other than Plaintiffs.  The CNT Group Defendants intentionally use these categories in the TVpad Store to help TVpad users locate and download Infringing TVpad Apps (and other infringing apps) with the intent to aid, encourage, foster, and promote copyright infringement.

121.   Upon information and belief, the CNT Group Defendants author and/or co-author the Infringing TVpad Apps using software templates provided by GVTV, and are otherwise responsible for the development, release, delivery, and support of the Infringing TVpad Apps.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

122.   The Infringing TVpad Apps are free to download with the purchase of the TVpad device.  As of January 13, 2015, none of the Infringing TVpad Apps contains advertising, offers in-app purchases or paid upgrades, or, upon information and belief, otherwise independently generates revenue.

123.   Upon information and belief, the availability of Infringing TVpad Apps in the TVpad Store—and the free CCTV and TVB programming they provide—represents a significant draw and motivation for purchasers of the TVpad device and enable the CNT Group Defendants to sell more TVpad devices at higher prices than the CNT Group otherwise could.  Television set-top boxes that do not systematically provide infringing television programming, such as Apple TV and the Roku Streaming Player, sell for less than the TVpad device.

**D.     The CNT Group Defendants Promote, Foster, and Induce Infringing Public Performances of CCTV and TVB Programs Through the TVpad Retransmission Service, the TVpad Device, and the TVpad Store**

124.   The CNT Group Defendants have actual knowledge and constructive knowledge that the CNT Group Defendants and/or other Retransmission Service Defendants publicly perform CCTV and TVB television programs through the TVpad Retransmission Service to users of the TVpad device, and that TVpad customers receive and simultaneously retransmit CCTV and TVB programming to other TVpad users through the TVpad P2P Network.

125.   The CNT Group aggressively advertises and promotes the TVpad Retransmission Service, the infringing capabilities of the TVpad device, and the Infringing TVpad Apps.  The CNT Group's marketing materials regularly tout the ability of TVpad users to stream copyrighted television programming from China, Hong Kong, and elsewhere in Asia without paying subscription fees.

126.   For example, as of January 4, 2015, the CNT Group Defendants promoted the TVpad4 device on the TVpad Website, as follows:

> Best Streaming Player for Overseas Chinese
>
> Over millions of TVpad have been sold

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Over ten millions of loyal users worldwide

From TVpad1 to TVpad4, we make better TVpad

\*\*\*

Massive live & VOD contents from China/HK/Taiwan

bring whatever you want.

12-hour time shifting & 72-hour playback are available and

you won't miss anything.

\*\*\*

TVpad4 has strictly controlled and managed the way to

upload apps on TVpad Store from 3rd party providers,

bringing safe and secure apps for your free download.

127.   As of January 4, 2015, the above-described page on the TVpad Website

further promoted specific Infringing TVPad Apps:



**Infringing TVpad App**

**Marketing page from CNT Group website at
http://en.itvpad.com/tvpad4/index.html (visited on January 4, 2015).**

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**Marketing page from CNT Group website at**
**http://en.itvpad.com/tvpad4/index.html (visited on January 4, 2015).**

128.    The CNT Group Defendants also promote the Infringing TVpad Apps through blog posts on the TVpad Website.  For example, as of February 3, 2015, a blog post on the TVpad Website entitled "Tons of Apps in TVpad, which app is designed for you?" expressly recommended Infringing TVpad Apps that stream Plaintiffs' copyrighted programs without permission:

> LIVE TV 516: is a live chinese TV app, and you can watch
> live channels or local TV from Taiwan
> BETV:is a live app for providing local TV channels of
> mainland china ,which covers abundant TV resources,
> including financial news, entertainment gossip, local TV
> and sports, and more.
> 粵海宽频 [Yue Hai Kuan Pin ] APP: provides you some
> characteristic live tv programs such as TVB drama,
> contonese[sic] songs and Hongkong-made films, and more.

129.    As of February 9, 2015, another blog post on the TVpad Website instructed customers how to download and install one of the infringing BETV apps from the TVpad Store and demonstrated how to select infringing television broadcasts.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

130.   The CNT Group Defendants operate a Facebook page at https://www.facebook.com/mytvpad (the "TVpad Facebook Page").  Administrators of the TVpad Facebook page regularly advertise and promote the Infringing TVpad Apps and the availability of CCTV and TVB television programming on the TVpad device.

131.   The TVpad Facebook Page also provides customer support and technical assistance to users of the TVpad Retransmission Service, helping TVpad users access and share infringing streams of CCTV, TVB, and other unauthorized programming.  For instance, on June 12, 2014, when a user asked "Anyone knows which app or channel on tvpad is showing the World Cup???", the TVpad administrator responded:  "Hi, please try 體育online、BETV."  On November 3, 2013, when a user asked "[w]hich tvpad is can see [sic] tvb day and night and 12 hour back and tvb drama," the TVpad administrator wrote:  "Could download three party applications from TVpad store for this case have a nice day."

132.   The CNT Group Defendants also operate a forum for TVpad users at tvpadfans.com (the "TVpad Forum").  On the TVpad Forum, TVpad customers openly discuss using the TVpad device for watching copyrighted television programming and movies without paying subscription fees to a service provider.  TVpad Forum administrators regularly provide TVpad customers with information, advice, and assistance to help them access and share infringing streams of copyrighted television programming, including CCTV and TVB programming.

133.   Administrators on the TVpad Facebook Page and TVpad Forum also regularly provide technical assistance and updates to customers regarding major server problems that impact or disrupt customers' ability to stream infringing television content.  For example, on October 7, 2013, an administrator on the TVpad Facebook Page posted a service update about a server problem causing service disruptions.  In a comment to the post, one user wrote:  "Thank God! I think [sic] my TVpad box was broken, I am able to watch Hong Kong drama now."  A TVpad

administrator replied to the user: "The incident is just an episode, everything will ganna [sic] be ok. TVpad will always support more high quality service for Chinese in the whole world."

134.   The CNT Group Defendants have made numerous other public statements and taken additional affirmative steps to promote, assist, encourage, foster, and induce copyright infringement of CCTV and TVB programs through the TVpad device, the TVpad Store, and the TVpad Retransmission Service.

135.   The CNT Group Defendants profit from copyright infringement carried out via the TVpad Retransmission Service and by TVpad customers using the TVpad P2P Network.  Upon information and belief, the more pirated television programming available to TVpad customers, the more TVpad devices the CNT Group Defendants sell.  The CNT Group Defendants thus rely for the success of their business on the infringing public performances transmitted through the TVpad Retransmission Service by the CNT Group Defendants and/or other Retransmission Service Defendants, and by TVpad customers.

136.   Upon information and belief, the CNT Group Defendants have taken no meaningful steps to develop filtering tools or other mechanisms to diminish the brazen infringement taking place through the TVpad Retransmission Service, the TVpad device, and the TVpad Store.

137.   Prior to filing this lawsuit, DISH sent cease-and-desist letters to CNT, demanding that CNT stop infringing and facilitating and inducing the infringement of Plaintiffs' copyrighted television programming.  The cease-and-desist letters identified the Infringing TVpad Apps and provided a list of specific CCTV and TVB channels, as well as 145 individual CCTV and TVB programs, streamed without authorization through the TVpad device.  Despite this notice, the CNT Group Defendants continue to operate the TVpad Retransmission Service, provide Infringing TVpad Apps through the TVpad Store, and market, advertise, and promote the Infringing TVpad Apps and the infringing capabilities of the TVpad device.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## E.      The CNT Group Infringes the Network Plaintiffs' Trademarks

138.   In addition to the unlawful acts of copyright infringement described above, the CNT Group Defendants have used and continue to use the CCTV Marks and TVB Marks on the TVpad Website, the TVpad Facebook Page, and TVpad Forum to advertise, promote, and sell the TVpad device and the TVpad Retransmission Service, creating confusion in the minds of the U.S. public regarding Plaintiffs' relationship, authorization, sponsorship, and/or affiliation with the CNT Group's products and/or services.



**A promotional post on the CNT Group Facebook page uses TVB's Jade logo without authorization to promote the availability of London Olympics coverage on the TVpad (visited on March 9, 2015).**

139.   The CNT Group also uses the CCTV Marks and TVB Marks in the television program displays, channel listings, and television network identifiers that appear in the viewing interface of the TVpad device, thereby creating confusion in the minds of the U.S. public regarding Plaintiffs' relationship, authorization, sponsorship, and/or affiliation with the CNT Group's products and/or services.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**Screenshots from a promotional thread on the CNT Group's TVpad Forum (http://tvpadfans.com/thread-271105-1-1.html), showing unauthorized use of CCTV Marks in TVpad viewing interface (visited March 9, 2015).**

**Promotional video on CNT Group's TVpad Facebook Page, illustrating how the CCTV network identifier is used without authorization in TVpad viewing interface (visited March 9, 2014).**

140.   Upon information and belief, the CNT Group Defendants have falsely

stated to the media, to the public, and to distributors of the TVpad device that

COMPLAINT
DWT 25630093v11 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs have authorized the streaming of their television programming on the TVpad device, creating further confusion in the minds of the U.S. public regarding Plaintiffs' relationship, authorization, sponsorship, and/or affiliation with the CNT Group's products and/or services.

141. Plaintiffs have not authorized the CNT Group Defendants to use the CCTV Marks or the TVB Marks in commerce in the United States or elsewhere.

## F. The CNT Group Defendants Have Significant Contacts with the Forum

142. The CNT Group Defendants have purposefully directed their infringing conduct alleged above towards, and have purposefully availed themselves of the privileges of conducting business activities within, the United States, the State of California, and the Central District of California.

143. CNT has registered a United States trademark for TVPAD in International Class 9 for set-top boxes and other audio-visual goods and services. CNT's trademark application claimed a date of first use in commerce in the United States of June 21, 2011.

144. CNT also filed an Opposition before the United States Trademark Trial & Appeal Board against a New Jersey company that attempted to register the mark TVPAD. In that proceeding, CNT claimed that "Since at least as early as October of 2011, Opposer has sold or distributed 'set-top boxes, computer terminals, monitors, electronic pads, computer hardware and computer peripherals' … under the mark TVPAD … in the United States."

145. The CNT Group Defendants conduct business throughout the United States, including within the Central District of California, through the operation of the fully interactive and commercial TVpad Website. The CNT Group Defendants engage in the advertising, promotion, offering for sale, and, upon information and belief, sale of TVpad devices to customers within the State of California and the Central District of California through the fully interactive commercial TVpad Website. The CNT Group Defendants have purposefully directed their illegal

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

activities towards consumers in California through such advertisement, promotion, offering for sale, and, upon information and belief, sale of TVpad devices into the State of California and the Central District of California, causing harm to Plaintiffs in this State and this District.

146.   In December 2014, Plaintiffs' investigator purchased a TVpad device from the CNT Group Defendants via the TVpad Website, which was shipped to Los Angeles County, California.  Upon information and belief, many other customers in the State of California and the Central District of California have purchased substantial numbers of TVpad devices from the CNT Group Defendants through the fully interactive and commercial TVpad Website.

147.   The CNT Group Defendants also state on the TVpad Website that they have a network of fifteen or more authorized dealers in the United States, including several in California, one of which is in Orange County, California, in the Central District of California.

148.   U.S. Customs records show that, from 2013 through 2014, CNT Group Defendants made eleven shipments of cartons containing as many as 24,000 TVpad devices to a company known as YTC Summit International Inc. in Arcadia, California, in the Central District of California.  Most of the shipments list CNT as the shipper.  In a December 2013 shipment, the shipper's email address was listed as "SHANT@GVTV.COM.CN," a GVTV email address.

149.   As alleged in more detail above, the CNT Group Defendants and/or other Retransmission Service Defendants stream Plaintiffs' copyrighted television programming into the State of California and the Central District of California when TVpad customers located in this State and this District use the TVpad device to watch Plaintiffs' copyrighted programming over the Internet and retransmit Plaintiffs' copyrighted programming to others over the Internet.

150.   Upon information and belief, the CNT Group Defendants and/or other Retransmission Service Defendants lease space on multiple Internet servers in the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United States, including several servers in Los Angeles County and Orange County, California, in the Central District of California, to deliver streaming content to TVpad devices in the United States, to download components of the TVpad Store to TVpad devices in the United States, and to otherwise facilitate the operation of TVpad devices and the delivery of content to those devices in the United States.

**G.      The U.S. Distributor Defendants Likewise Promote, Foster, and Induce Infringing Public Performances of CCTV and TVB Programming Through the TVpad Retransmission Service and the TVpad Device**

151.   The U.S. Distributor Defendants have built their businesses promoting the TVpad Retransmission Service, the Infringing TVpad Apps, and the infringing capabilities of the TVpad device in order to sell TVpad devices.

152.   Each of the U.S. Distributor Defendants publicly promotes the TVpad device as permitting customers to watch copyrighted television programming from Asia without paying subscription fees and encourages customers to use the Infringing TVpad Apps to access CCTV and TVB programming (and, necessarily, retransmit such programming to other TVpad users).  This public promotion by the U.S. Distributor Defendants occurs on their websites and social media pages, on customer-service forums, in one-on-one interactions with customers, in printed promotional material, and elsewhere.

153.   Upon information and belief, each of the U.S. Distributor Defendants has actual and constructive knowledge that the Retransmission Service Defendants infringe the exclusive rights of copyright owners, including Plaintiffs, by capturing television signals and retransmitting them over the Internet to TVpad users, including through the TVpad P2P Network.  In addition, and upon information and belief, each of the U.S. Distributor Defendants has actual and constructive knowledge that TVpad customers infringe the exclusive rights of copyright owners, including Plaintiffs, by using the TVpad device to access the TVpad P2P Network, view infringing streams of copyrighted television programming, and to retransmit infringing streams of copyrighted television programming to other TVpad customers over the Internet.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

154.   Upon information and belief, each of the U.S. Distributor Defendants intend that the TVpad device be used by their customers for these infringing activities.  The actions of each of the U.S. Distributor Defendants in advertising, promoting, and selling the TVpad device materially contribute to the above-described infringements committed by the Retransmission Service Defendants and by TVpad customers.  In addition, each of the U.S. Distributor Defendants have taken affirmative steps to aid, materially contribute to, promote, encourage, and induce such infringing public performances by the Retransmission Service Defendants and by TVpad customers, in at least the following ways.

## ClubTVpad and Wong

155.   Defendant Club TVpad conducts business throughout the United States, including within the Central District of California, through the operation of a fully interactive and commercial website at http://clubtvpad.com (the "Club TVpad Website").  As of March 13, 2015, the Club TVpad Website offered the TVpad3 device for sale to U.S. customers for $269.99.

156.   Upon information and belief, Defendant Wong is the principal of Club TVpad and personally owns and operates ClubTVpad.com.  Upon information and belief, Mr. Wong personally directs, controls, and participates in the unlawful conduct of Club TVpad.

157.   Club TVpad engages in the advertising, promotion, offering for sale, and, upon information and belief, sale of substantial numbers of TVpad devices to consumers within the State of California and the Central District of California through the fully interactive commercial Club TVpad Website.  Club TVpad has purposefully directed its illegal activities towards consumers in the Central District of California through such advertisement, promotion, offering for sale, and, upon information and belief, sale of substantial numbers of TVpad devices to consumers in the Central District of California, causing harm to Plaintiffs in this State and this District.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

158.   Club TVpad also operates a Facebook page at https://www.facebook.com/pages/ToyzMore4u-Club-TVpad/212039942176662 (the "Club TVpad Facebook Page").  Club TVpad engages in the advertising and promotion of TVpad devices within the State of California and the Central District through the Club TVpad Facebook Page.

159.   Club TVpad is listed as an authorized distributor of the TVpad device on the CNT Group's TVpad Website.  Club TVpad's Facebook Page also states that it is an authorized distributor of the TVpad device.

160.   Club TVpad aggressively markets and promotes the Infringing TVpad Apps and the infringing capabilities of the TVpad device, stating, as of March 13, 2015 on the homepage of the Club TVpad Website that TVpad users may "Access tons of content with no monthly charge!  It's a set top box (IPTV) that lets you access Chinese, Vietnamese and Korean TV and movies with no additional charge!!"  As of March 13, 2015, the homepage of Club TVpad's website contained a graphic displaying the icons for seven Infringing TVpad Apps that stream CCTV and/or TVB television programs.



**Homepage of Club TVpad Website at http://clubtvpad.com/main/ (visited on March 13, 2015)**

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

161.   Club TVpad also promotes the availability of CCTV and TVB programming on the Club TVpad Facebook Page.  For example, in April 2013, Club TVpad posted on the Club TVpad Facebook Page: "For those who want to use TVpad to watch the NBA Playoffs.  Here is CCTV5 schedule."  In November 2012, Club TVpad posted on the Club TVpad Facebook page:  "Are you a Direct TV subscriber? Then you might be aware that they are removing TVB from their line up at the end of the month. Meaning Direct TV subscribers will no longer receive TVB channels with Direct TV.  This is the best time to get a TVpad to replace Direct TV."

162.   Club TVpad also provides customer support and assistance to TVpad users through a forum hosted on the Club TVpad Website.  On the forum, Club TVpad administrators regularly promote the Infringing TVpad Apps and assist customers in accessing infringing streams of television content.

163.   Several threads on the Club TVpad Website forum demonstrate knowledge by Club TVpad administrators, moderators, and customers that TVpad uses a peer-to-peer network to stream video content.

164.   An entire section of the Club TVpad Website forum is dedicated to "TVB Drama Discussion."

165.   Upon information and belief, Club TVpad has made numerous other public statements and taken additional affirmative steps to promote, assist, encourage, foster, and induce infringement of CCTV and TVB programming through the TVpad device and the TVpad Retransmission Service, and has used the CCTV Marks and/or TVB Marks without authorization to promote the TVpad device and TVpad Retransmission Service.

166.   Plaintiffs have not authorized Club TVpad to use the CCTV Marks or TVB Marks in commerce.

167.   On October 26, 2014, Plaintiffs' investigator phoned Club TVpad and spoke with Bennett Wong about purchasing a TVpad device.  During that conversation, Mr. Wong said that no monthly fees apply and the one-time, up-front

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

purchase price of the TVpad device is the only cost to access television programming.  Mr. Wong also stated that the TVpad device is similar to a Roku Streaming Player but with more Asian television stations, including TVB's TVBS and Jade channels.

168.   On October 26, 2014, Plaintiffs' investigator purchased a TVpad device from the Club TVpad Website.  On November 3, 2014, Plaintiffs' investigator received the TVpad device shipped by Club TVpad at a mail drop in West Hills, California.

169.   Club TVpad had pre-installed onto the device several Infringing TVpad Apps that stream TVB programming.  In a subsequent conversation, Mr. Wong told Plaintiffs' investigator that he had directed his staff to install those apps because the investigator had expressed an interest in watching television programs from Hong Kong in the previous telephone conversation.

170.   Even had these Infringing TVpad Apps not been pre-installed by Club TVpad, Plaintiffs' investigator could have downloaded the Infringing TVpad Apps from the TVpad Store that the CNT Group Defendants make available on the TVpad device.  While the TVpad device provides the Infringing TVpad Apps for download by the user, Club TVpad facilitated this process by downloading the Infringing TVpad Apps prior to shipping the Tvpad device to Plaintiffs' investigator.

171.   A second investigator employed by Plaintiffs was able to view Plaintiffs' copyrighted television programming using the Infringing TVpad Apps installed on the TVpad device by Club TVpad.

172.   Upon information and belief, other customers in the United States, the State of California, and the Central District of California have purchased TVpad devices from the Club TVpad Website and have used those devices to access and transmit infringing streams of television programming, including CCTV and TVB programming.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

173.   Club TVpad and Wong profit from the infringement of CCTV and TVB programming committed by the Retransmission Service Defendants and TVpad customers.  Upon information and belief, the more pirated television programming available to their customers, the more TVpad devices Club TVpad and Wong sell. Club TVpad and Wong thus rely for the success of their business on the infringing public performances committed by the Retransmission Service Defendants and TVPad users.

174.   Prior to filing this lawsuit, DISH sent cease-and-desist letters to Club TVpad, demanding that Club TVpad stop facilitating and inducing the infringement of Plaintiffs' copyrighted television programming.  The cease-and-desist letters identified the Infringing TVpad Apps and provided a list of specific CCTV and TVB channels, as well as 145 individual CCTV and TVB programs, streamed without authorization through the TVpad device.  Despite this notice, Club TVpad continues to market, advertise, and promote the infringing capabilities of the TVpad device.

### Asha Media and Bhalla

175.   Defendant Asha Media conducts business throughout the United States, including within the Central District of California, through the operation of a fully interactive and commercial website at http://www.tvpad.com/en/ ("TVpad.com"). As of March 13, 2015, TVpad.com offered the TVpad4 device for sale to U.S. customers for $329, and the TVpad3 device for $259.

176.   Upon information and belief, Defendant Bhalla is the principal of Asha Media and personally owns and operates TVpad.com.  Upon information and belief, Bhalla personally directs, controls, and participates in the unlawful conduct of Asha Media.

177.   Asha Media engages in the advertising, promotion, offering for sale, and, upon information and belief, sale of substantial numbers of TVpad devices to consumers within the State of California and the Central District of California through the fully interactive commercial TVpad.com website.  Asha Media has

50

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

purposefully directed its illegal activities towards consumers in the State of California and the Central District of California through the advertisement, promotion, offering for sale, and, upon information and belief, sale of substantial numbers of TVpad devices into the State of California and the Central District of California, causing harm to Plaintiffs in this State and this District.

178.   Asha Media promotes TVpad.com as an "Official Authorized TVpad Store."  The TVpad.com homepage states: "The TVpad Store is an Authorized TVpad store that ships Genuine and Authentic TVpad products, directly from the factory."

179.   On TVpad.com, Asha Media advertises and promotes the Infringing TVpad Apps and the infringing capabilities of the TVpad device.  For example, as of February 9, 2015, Asha Media's homepage stated:

> TVpad is the most popular streaming smart box that offers
> the best access to Chinese, Korean, and Japanese TV from
> anywhere in the world.  If you live abroad and miss your
> favorite shows, including dramas, sports, gameshows,
> news, movies, and music, then TVpad can keep you
> connected to it all. TVpad is the perfect streaming
> entertainment solution for students, ex-pats, travelers, and
> business people that want to turn on the TV and feel like
> they're back home.

As of February 9, 2015, a checklist on the homepage of Asha Media's TVpad.com website touted the availability of "High Definition Live TV," "Time-Shift Live TV Playback," "Video On Demand Service," and "No Monthly Fees."

180.   As of February 9, 2015, a FAQ on Asha Media's TVpad.com website boasted about TVpad's use of a peer-to-peer network, stating that "[t]he pictures are high in quality and stable due to the upgraded P2P service [the TVpad device] uses."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

181.   Promotional blog posts on Asha Media's TVpad.com website promote and have promoted the infringing capabilities of the TVpad device and the availability of CCTV and TVB programming through use of the Infringing TVpad Apps.

182.   For example, as of December 11, 2014, a blog post on Asha Media's TVpad.com website—originally dated June 19, 2014 and entitled "Which TVPad App Is Right For You?"—stated:  "Broadcast live from the Chinese mainland is the Chinese Central Television or CCTV 5. Found in the TVpad app store as BETV/Online sports, this app can satisfy every sports lover."  The BETV app is an Infringing TVpad App that streams CCTV programs.  The blog post went on: "There are over 100 different Asian channels and apps to choose from, but lovers of television shows will certainly want to install the HITV app. Viewers can watch hundreds of live shows from Hong Kong, including all of their favorite dramas." The HITV app is an Infringing TVpad App that streams TVB programs.

183.   As of December 15, 2014, another blog post on the TVpad.com website, originally dated September 10, 2014, encouraged readers to watch "Live News From CCTV and Other Asian Channels on TVpad."  Without authorization, Asha Media's used a CCTV News logo to promote the availability of CCTV programming on the TVpad device:

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**A promotional blog previously posted on Asha Media's website (visited on December 15, 2014).**

184.    Upon information and belief, Asha Media has made numerous other public statements and taken additional affirmative steps to promote, assist, encourage, foster, and induce copyright infringement through the TVpad device and the TVpad Retransmission Service, and has used the CCTV Marks and TVB Marks to promote the TVpad device and TVpad Retransmission Service.

185.    Plaintiffs have not authorized Asha Media to use the CCTV Marks or the TVB Marks in commerce.

186.    On May 30, 2014, Plaintiffs' investigator called Asha Media and spoke to an individual identifying himself as Amit, who, upon information and belief, was Defendant Bhalla.  Amit stated that the TVpad device relies on apps for streaming video, and that TVpad.com provides a USB flash drive with the TVpad device pre-loaded with popular apps.  He also stated that no monthly fees are required. During the phone conversation, Amit confirmed that CCTV channels were available

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

COMPLAINT
DWT 25630093v11 0094038-000021

on the TVpad device and mentioned that the World Cup would be available on a CCTV channel.

187.   In response to Plaintiffs' investigator's inquiry about CCTV channels, another TVpad.com representative, acting at Amit's direction, sent Plaintiffs' investigator a spreadsheet that listed (a) the CCTV channels, TVB channels, and other channels that are available on the TVpad device, and (b) the Infringing TVpad Apps that access those channels.  Later, in response to an email inquiry by Plaintiffs' investigator regarding "HK television," a woman identifying herself as "Abby Zhou (Your Awesome Customer Support Agent)," with the email address support@tvpad.com, sent the investigator the same list of CCTV/TVB channels and corresponding Infringing TVpad Apps.

188.   Plaintiffs' investigator purchased two TVpad devices from TVpad.com. The first device was purchased from TVpad.com on June 2, 2014, and the investigator received the TVpad device at a mail drop in New York, New York on June 9, 2014.  The second device was purchased from TVpad.com on October 17, 2014, and the investigator received the TVpad device at a mail drop in West Hills, California on October 21, 2014.  The shipping materials for both devices indicated that they were shipped from "TVPAD.COM" at 1409 South Lilac Avenue, Bloomington, California, in the Central District of California.

189.   Upon information and belief, Asha Media has a warehouse in Bloomington, California, from which it ships TVpad devices to customers.

190.   Each TVpad device Plaintiffs' investigator purchased from TVpad.com came with a USB flash drive that contained several Infringing TVpad Apps that stream CCTV and/or TVB programming.

191.   The flash drives supplied by TVpad.com are not necessary to load these Infringing TVpad Apps onto the TVpad device because all of these Infringing TVpad Apps are available for download through the TVpad Store on the TVpad device. While the TVpad device provides the Infringing TVpad Apps for download by users,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Asha Media facilitated this process by providing flash drives containing Infringing TVpad Apps along with the TVpad device shipped to Plaintiffs' investigator.

192.   A second investigator employed by Plaintiffs was able to view Plaintiffs' copyrighted television programming on each of the TVpad devices purchased from TVpad.com using the Infringing TVpad Apps supplied on the flash drives provided by TVpad.com.

193.   Upon information and belief, other customers in the United States, the State of California, and this District have purchased TVpad devices from Asha Media's TVpad.com website and have used those devices to access and transmit infringing streams of television programming, including CCTV and TVB programming.

194.   Asha Media and Bhalla profit from the infringement of CCTV and TVB programming committed by the Retransmission Service Defendants and by TVpad customers.  Upon information and belief, the more pirated television programming available to their customers, the more TVpad devices Asha Media and Bhalla sell.  Asha Media and Bhalla thus rely for the success of their business on the infringing public performances of the Retransmission Service Defendants and TVpad users.

195.   In November and December 2014, DISH sent cease-and-desist letters to Asha Media, demanding that Asha Media stop facilitating and inducing the infringement of Plaintiffs' copyrighted television programming.  The cease-and-desist letters identified the Infringing TVpad Apps and provided a list of specific CCTV and TVB channels, as well as 145 individual CCTV and TVB programs, streamed without authorization through the TVpad device.  Upon information and belief, Asha Media has made cosmetic changes to its TVpad.com website in response to these cease-and-desist letters, including removing some references to CCTV and TVB programming, but Asha Media has not ceased its advertising and promotion of the infringing capabilities of the TVpad device and the availability of television channels from mainland China and Hong Kong.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

196.   As of March 13, 2015, a promotional blog post on Asha Media's TVpad.com website continues to tout the availability of free CCTV television programming and other infringing television programming on the TVpad4:  "Not wanting to pay for streaming television? TVpad4 still streams live news, sports, and television programming from stations like SoLive, CCTV and many, many more."

### Honghui Chen d/b/a E-Digital

197.   Upon information and belief, "E-Digital" is a sole proprietorship operated by Defendant Chen in Alhambra, California.  Upon information and belief, Chen sells or has sold TVpad devices inside Asian supermarkets in the Central District of California, including one market at 1635 S San Gabriel Boulevard, San Gabriel, California.

198.   Upon information and belief, Chen distributes flyers and publishes advertisements for the TVPad device in the Los Angeles metropolitan area, some of which have stated that consumers would be able to access CCTV and TVB channels on the TVpad device.

199.   Upon information and belief, Chen has posted ads on ChineseInLA.com and in *Sing Tao Daily* stating that the TVpad device provides free Chinese television programming with no monthly fees.

200.   Upon information and belief, Chen has made numerous other public statements and taken additional affirmative steps to promote, assist, encourage, foster and induce copyright infringement through the TVpad device and the TVpad Retransmission Service, and has used the CCTV Marks and/or TVB Marks without authorization to promote the TVpad device and TVpad Retransmission Service.

201.   Plaintiffs have not authorized Chen to use the CCTV Marks or the TVB Marks in commerce.

202.   Upon information and belief, Chen also provides customer service, support, information, advice, and assistance to TVpad customers to help them access

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and share infringing streams of copyrighted television programming, including CCTV and TVB television programming

203.   On January 20, 2015, Plaintiffs' investigator called Chen at the telephone number listed on E-Digital flyers and advertisements for the TVpad. During the conversation, Chen told the investigator that the TVpad would have 12 Hong Kong channels (including TVB's Jade and Pearl channels), 33 mainland China channels, and 29 Taiwan channels.  Chen also advised the investigator on the use of the time-shift feature found in certain Infringing TVpad Apps.

204.   On January 22, 2015, Plaintiffs' investigator purchased a TVpad4 device from Chen by depositing $300 into Chen's account at Chase Bank.

205.   On January 24, Plaintiffs' investigator spoke with Chen again.  Chen told the investigator that he was installing apps on the TVpad device the investigator had purchased and would ship the TVpad device the next day.

206.   Chen mailed the TVpad4 device to Plaintiffs' investigator at a mail drop in West Hills, California.

207.   Chen pre-installed onto the device a number of Infringing TVpad Apps that stream CCTV and/or TVB programming, including the BETV, BETV HD, BETV Plus, Gang Yue Kuai Kan, and Gang Yue Wang Luo Dian Shi apps.

208.   Even had these Infringing TVpad Apps not been pre-installed by Chen, Plaintiffs' investigator could have downloaded the Infringing TVpad Apps from the TVpad Store that the CNT Group Defendants make available on the TVpad device. While the TVpad device provides the Infringing TVpad Apps for download by the user, Chen facilitated this process by downloading the Infringing TVpad Apps prior to shipping the Tvpad device to Plaintiffs' investigator.

209.   A second investigator employed by Plaintiffs was able to view Plaintiffs' copyrighted television programming on the TVpad device purchased from Chen using the Infringing TVpad Apps pre-installed on the TVpad device by Chen.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

210.    Upon information and belief, other customers in the United States, the State of California, and the Central District of California have purchased TVpad devices from Chen and have used those devices to access and retransmit infringing streams of television programming, including CCTV and TVB programming.

211.    Chen profits from the infringement of CCTV and TVB programming committed by the Retransmission Service Defendants and TVpad customers.  Upon information and belief, the more pirated television programming available to his customers, the more TVpad devices Chen sells.  Chen thus relies for the success of his business on the infringing public performances of CCTV and TVB programming by the Retransmission Service Defendants and TVpad users.

### newTVpad Ltd. Company and Zhou

212.    Defendant newTVpad conducts business throughout the United States, including within the Central District of California, through the operation of a fully interactive commercial website at http://newtvpad.com (the "newTVpad Website"). As of November 2014, the newTVpad Website offered the TVpad3 device for sale to U.S. customers for approximately $230.

213.    Upon information and belief, Defendant Zhou is the principal of newTVpad and personally owns and operates newtvpad.com.  Upon information and belief, Mr. Zhou personally directs, controls, and participates in the unlawful conduct of newTVpad.

214.    newTVpad has engaged in the advertising, promotion, offering for sale, and, upon information and belief, sale of substantial numbers of TVpad devices to consumers within the State of California and the Central District of California through the fully interactive commercial newTVpad Website.  newTVpad has purposefully directed its illegal activities towards consumers in the State of California and the Central District of California through such advertisement, promotion, offering for sale, and, upon information and belief, sale of substantial

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

numbers of TVpad devices into the State of California and the Central District of California, causing harm to Plaintiffs in this State and this District.

215.   newTVpad states on the newTVpad Website that it is an "Authorized tvpad dealer in USA by . . . TVpad company."  The CNT Group's TVpad Website lists newTVpad's Dallas address as the address of TVpad's only authorized distributor in Texas.

216.   newTVpad has engaged in purposeful conduct intended to promote, foster, and encourage copyright infringement by the Retransmission Defendants and TVpad users.  The newTVpad Website promotes the TVpad device as permitting customers to watch copyrighted television programming from Asia without paying subscription fees and encourages customers to use the Infringing TVpad Apps for that purpose.  On pages offering the TVpad device for sale, the newTVpad Website encourages users to "Watch Chinese/HK/Korean Programs with Your Family."

217.   On its website, newTVpad previously offered to pre-install Infringing TVpad Apps onto the TVpad devices it sold, displaying the icons of three Yue Hai apps, the Gang Yue Kuai Kan app, two BETV apps, and a 516 app, all of which are Infringing TVpad Apps that stream CCTV and/or TVB programming without authorization.

218.   On the newTVpad Website, newTVpad also hosts a forum dedicated to the TVpad device.  On that forum, newTVpad promotes the infringing capability of the TVpad device and provides customer support and technical assistance to TVpad users to help them access and share infringing content, including CCTV and TVB programming.  For example, in June 2013, a user asked for assistance in watching Cantonese channels like TVB, and a newTVpad administrator identified the infringing Yue Hai app and instructed the user on how to download the infringing app from the TVpad device.  In February 2013, a newTVpad administrator posted a guide to channels available on the TVpad device, including several CCTV and TVB channels as well as BBC, CNN, and HBO.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

219.   Upon information and belief, newTVpad has made numerous other public statements and taken additional affirmative steps to promote, assist, encourage, foster and induce copyright infringement of CCTV and TVB programming through the TVpad device and the TVpad Retransmission Service, and has used the CCTV Marks and/or TVB Marks without authorization to promote the TVpad device and TVpad Retransmission Service.

220.   Plaintiffs have not authorized newTVpad to use the CCTV Marks or the TVB Marks in commerce.

221.   On June 14, 2014, Plaintiffs' investigator called the telephone number listed on the newTVpad Website and spoke to an individual identifying himself as Louis.  Upon information and belief, the individual identifying himself as Louis was Defendant Zhou.

222.   During that conversation, Zhou stated that the TVpad streamed CCTV programming and required no monthly subscription fees.

223.   Plaintiffs' investigator purchased two TVpad devices from the newTVpad Website, and received one device at a mail drop in New York and the other at a mail drop in West Hills, California.

224.   After the first device was received, Plaintiffs' investigator called the telephone number mentioned above, and Zhou instructed her on how to install the infringing BETV app from the TVpad Store to watch CCTV programming.

225.   The second device Plaintiffs' investigator purchased from newTVpad came pre-installed with several Infringing TVpad Apps.  In a subsequent telephone conversation, Zhou instructed Plaintiffs' investigator which Infringing  TVpad Apps to use to access the TVB programs "Big Boys Club" and "Home Troopers."

226.   Even had these Infringing TVpad Apps not been pre-installed by newTVpad, Plaintiffs' investigator could have downloaded the Infringing TVpad Apps from the TVpad Store that the CNT Group makes available on the TVpad device.  While the TVpad device provides the Infringing TVpad Apps for download

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

by the user, newTVpad facilitated this process by downloading the Infringing TVpad Apps for Plaintiffs' investigator prior to shipping the device to Plaintiffs' investigator.

227.   A second investigator employed by Plaintiffs was able to view Plaintiffs' copyrighted television programming on the first TVpad device purchased from newTVpad using Infringing TVpad Apps from the TVpad Store.  This investigator was also able to view Plaintiffs' copyrighted television programming on the second device purchased from newTVpad using Infringing TVpad Apps pre-installed by newTVpad.

228.   Upon information and belief, other customers in the United States, the State of California, and the Central District of California have purchased TVpad devices from the newTVpad Website and have used those devices to access and retransmit infringing streams of television programming, including CCTV and TVB programming.

229.   newTVpad and Zhou profit from the infringement of CCTV and TVB programming committed by the Retransmission Service Defendants and TVpad customers.  Upon information and belief, the more pirated television programming available to their customers, the more TVpad devices newTVpad and Zhou sell. newTVpad and Zhou thus rely for the success of their business on the infringing public performances of CCTV and TVB programming by the Retransmission Service Defendants and TVpad users.

230.   Prior to filing suit, DISH sent cease-and-desist letters to newTVpad, demanding that it stop facilitating and inducing the infringement of Plaintiffs' copyrighted television programming.  The cease-and-desist letters identified the Infringing TVpad Apps and provided a list of specific CCTV and TVB channels, as well as 145 individual CCTV and TVB programs, streamed without authorization through the TVpad device.  Despite this notice, newTVpad continues to list the TVpad device as one of its product offerings, but indicates that the product is sold out.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**FIRST CAUSE OF ACTION**
**(Claim by CCTV, TVB (USA), and DISH for Direct Copyright**
**Infringement Against the Retransmission Service Defendants)**

231.   Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 230 above.

232.   Plaintiffs are the legal and/or beneficial owners of exclusive rights in the United States to CCTV's and TVB's television programs and broadcasts, including but not limited to the Registered CCTV Programs and the Registered TVB Programs (collectively, the "Copyrighted Works").

233.   The Copyrighted Works are original audiovisual works that have been fixed in a tangible medium of expression and constitute copyrightable subject matter within the meaning of 17 U.S.C. § 102.

234.   Each of the Copyrighted Works is entitled to protection under 17 U.S.C. §104(a) and (b) because it is either (1) an unpublished work, or (2) a work first published in the People's Republic of China or Hong Kong, both of which are treaty parties to the Berne Convention.

235.   Under 17 U.S.C. § 106, Plaintiffs own the exclusive rights to reproduce the Copyrighted Works, to distribute copies of the Copyright Works to the public, to publicly perform the Copyrighted Works, to publicly display the Copyrighted Works, and to make derivative works based upon the Copyrighted Works.  Under 17 U.S.C. § 106, Plaintiffs also own the exclusive rights to authorize others to exercise those rights.

236.   By the actions alleged above, the Retransmission Service Defendants have directly infringed and will continue to directly infringe Plaintiffs' copyrights in the Copyrighted Works by unlawfully publicly performing and/or authorizing others to publicly perform the Copyrighted Works in the United States, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

237.   By the actions alleged above, the Retransmission Service Defendants also have directly infringed and will continue to directly infringe Plaintiffs'

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

copyrights in the Copyrighted Works by unlawfully reproducing and distributing and/or authorizing others to reproduce and distribute the Copyrighted Works in the United States, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

238. By the actions alleged above, the Retransmission Service Defendants have directly infringed and will continue to directly infringe Plaintiffs' copyrights in the Copyrighted Works by unlawfully publicly displaying and/or authorizing others to publicly display the Copyrighted Works in the United States, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

239. The foregoing acts were and are conducted by the Retransmission Service Defendants without Plaintiffs' authorization or consent and are not otherwise permissible under the Copyright Act.

240. The Retransmission Service Defendants committed the foregoing acts willfully and with full knowledge of and conscious disregard for Plaintiffs' copyrights and exclusive rights in and to the Copyrighted Works.

241. Plaintiffs are entitled to recover from the Retransmission Service Defendants the profits made by them from infringements of the Copyrighted Works and Plaintiffs' damages therefrom, or, at Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 504.

242. Plaintiffs are also entitled to recover from the Retransmission Service Defendants costs and attorneys' fees pursuant to 17 U.S.C. § 505.

243. The foregoing acts of infringement by the Retransmission Service Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money damages. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of the Copyrighted Works and their exclusive rights under the Copyright Act by the Retransmission Service Defendants.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

244.   To the extent that one or more of the Retransmission Service Defendants claims that another Retransmission Service Defendant is responsible for the infringements described above, upon information and belief, such Retransmission Service Defendant is subject to alter ego liability for the acts of infringement alleged herein.  Upon information and belief, there is a unity of interest and ownership among the Retransmission Service Defendants such that one or more of the Retransmission Service Defendants is an alter ego of the other Retransmission Service Defendants.  One or more of the Retransmission Service Defendants exert domination and control over one or more of the other Retransmission Service Defendants.  Upon information and belief, one or more of the Retransmission Service Defendants is used as a shell for one or more of the other Retransmission Service Defendants' actions.  Observance of the corporate form would lead to an inequitable result because it would sanction the Retransmission Service Defendants' infringements of Plaintiffs' Copyrighted Works and other unlawful acts, and would allow another Retransmission Service Defendant to avoid liability.

## SECOND CAUSE OF ACTION
### (Claim by CCTV, TVB (USA), and DISH for Secondary Copyright Infringement Against the Retransmission Service Defendants)

245.   Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 244 above.

246.   The Retransmission Service Defendants, or some of them, have directly infringed and will continue to directly infringe Plaintiffs' copyrights by publicly performing, reproducing, and distributing the Copyrighted Works in the United States.

247.   TVpad customers have directly infringed and will continue to directly infringe Plaintiffs' copyrights by publicly performing the Copyrighted Works in the United States when using the Infringing TVpad Apps to retransmit programs in which they have no legitimate possessory interest indiscriminately to numerous other members of the public.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

248.   Each of the Retransmission Service Defendants is secondarily liable under the Copyright Act for inducing the infringing acts committed by the other Retransmission Service Defendants and by TVpad customers.  As set forth above, the Retransmission Service Defendants manufacture, distribute, maintain, and market the TVpad Retransmission Service, the TVpad device, the TVpad Store, and/or the Infringing TVpad Apps with the object of promoting their use to infringe copyrighted television programs, including but not limited to the Copyrighted Works, thereby causing continuing infringements of Plaintiffs' Copyrighted Works by other Retransmission Service Defendants and TVpad customers.  Through this purposeful conduct, such Retransmission Service Defendants knowingly and intentionally induce unauthorized public performances, reproductions, and distributions by other Retransmission Service Defendants and/or by TVpad customers in the United States of copyrighted television programs, including but not limited to the Copyrighted Works, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

249.   Each Retransmission Service Defendant is also secondarily liable as a contributory infringer for materially contributing to, aiding, and assisting the infringing acts committed by the other Retransmission Service Defendants and by TVpad customers.  Each Retransmission Service Defendant has actual and constructive knowledge of specific infringing activity carried out by the other Retransmission Service Defendant and by TVpad customers.  Through their manufacture, maintenance, distribution, marketing, and promotion of the TVpad Retransmission Service, the TVpad device, the TVpad Store, and/or the Infringing TVpad Apps, with knowledge of specific acts of infringement, each Retransmission Service Defendant knowingly causes, and/or otherwise materially contributes to unauthorized public performances, reproductions, and distributions by other Retransmission Service Defendants and/or by TVpad customers in the United States of copyrighted television programs, including but not limited to the Copyrighted Works, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

250. Each Retransmission Service Defendant is additionally liable for vicarious infringement as to the infringing actions of other Retransmission Service Defendant and TVpad customers because (a) each Retransmission Service Defendant has the right and ability to control the infringers' acts, and (b) each Retransmission Service Defendant receives a direct financial benefit from the infringing activity. Each Retransmission Service Defendant is therefore vicariously liable for unauthorized public performances, reproductions, and distributions by other Retransmission Service Defendants and/or TVpad customers in the United States of copyrighted television programs, including but not limited to the Copyrighted Works, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

251. The Retransmission Service Defendants committed the foregoing acts willfully and with full knowledge and conscious disregard of Plaintiffs' copyrights and exclusive rights in and to the Copyrighted Works.

252. Plaintiffs are entitled to recover from the Retransmission Service Defendants the profits made by them from infringements of the Copyrighted Works and Plaintiffs' damages therefrom, or, at Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 504.

253. Plaintiffs are also entitled to recover from the Retransmission Service Defendants costs and attorneys' fees pursuant to 17 U.S.C. § 505.

254. The foregoing acts by the Retransmission Service Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money damages. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of the Copyrighted Works and their exclusive rights under the Copyright Act by the Retransmission Service Defendants.

255. To the extent that one or more of the Retransmission Service Defendants claims that another Retransmission Service Defendant is responsible for the

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

secondary infringements described above, upon information and belief, such Retransmission Service Defendant is subject to alter ego liability for the acts of secondary infringement alleged herein.  Upon information and belief, there is a unity of interest and ownership among the Retransmission Service Defendants such that one or more of the Retransmission Service Defendants is an alter ego of the other Retransmission Service Defendants.  One or more of the Retransmission Service Defendants exert domination and control over one or more of the other Retransmission Service Defendants.  Upon information and belief, one or more of the Retransmission Service Defendants is used as a shell for one or more of the other Retransmission Service Defendants' actions.  Observance of the corporate form would lead to an inequitable result because it would sanction the Retransmission Service Defendants' acts of secondary infringement and other unlawful acts, and would allow another Retransmission Service Defendant to avoid liability.

### THIRD CAUSE OF ACTION
**(Claim by CCTV, TVB (USA), and DISH for Secondary Copyright Infringement Against the U.S. Distributor Defendants)**

256.   Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 255 above.

257.   The Retransmission Service Defendants, or some of them, have directly infringed and will continue to directly infringe Plaintiffs' copyrights by publicly performing, reproducing, and distributing the Copyrighted Works in the United States.

258.   TVpad customers have directly infringed and will continue to directly infringe Plaintiffs' copyrights by publicly performing the Copyrighted Works in the United States when using the Infringing TVpad Apps to retransmit programs in which they have no legitimate possessory interest indiscriminately to numerous other members of the public.

259.   Each of the U.S. Distributor Defendants is secondarily liable under the Copyright Act for inducing the infringing acts committed by the Retransmission

COMPLAINT
DWT 25630093v11 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Service Defendants and by TVpad customers.  The U.S. Distributor Defendants distribute the TVpad device with the object of promoting and encouraging its use to infringe copyrighted television programs, including but not limited to the Copyrighted Works, and such infringement has resulted and continues to result. Through their purposeful conduct, the U.S. Distributor Defendants knowingly and intentionally induce unauthorized public performances and reproductions by Retransmission Service Defendants and/or TVpad customers in the United States of copyrighted television programs, including but not limited to the Copyrighted Works, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

260.   Each of the U.S. Distributor Defendants is also liable as a contributory infringer for materially contributing to, aiding, and assisting the infringing acts of the other Retransmission Service Defendants and TVpad customers.  Each U.S. Distributor Defendants has actual and constructive knowledge of specific infringing activity carried out by the Retransmission Service Defendants and by TVpad customers.  Through their distribution and promotion of the TVpad device and the Infringing TVpad Apps, with knowledge of specific acts of infringement, the U.S. Distributor Defendants knowingly cause, and/or otherwise materially contribute to unauthorized public performances and reproductions by the Retransmission Service Defendants and/or TVpad customers in the United States of copyrighted television programs, including but not limited to the Copyrighted Works, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

261.   Upon information and belief, Defendant Wong is additionally directly liable for these acts under alter ego liability.  Upon information and belief, there is a unity of interest and ownership between Club TVpad and Wong, such that Club TVpad is an alter ego of Wong.  Upon information and belief, Wong is the founder, owner, and/or major shareholder of Club TVpad.  Upon information and belief, Wong also has the decision-making power to start, stop, or continue Club TVpad's acts of secondary infringement described above.  Observance of the corporate form

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

for Club TVpad would lead to an inequitable result because it would sanction Club TVpad's acts of secondary infringement and other unlawful acts, and would allow Wong to avoid personal liability.

262.   Upon information and belief, Defendant Bhalla is additionally directly liable for these acts under alter ego liability.  Upon information and belief, there is a unity of interest and ownership between Asha Media and Bhalla, such that Asha Media is an alter ego of Bhalla.  Upon information and belief, Bhalla is the founder, owner, and/or major shareholder of Asha Media.  Upon information and belief, Bhalla also has the decision-making power to start, stop, or continue Asha Media's acts of secondary infringement described above.  Observance of the corporate form for Asha Media would lead to an inequitable result because it would sanction Asha Media's acts of secondary infringement and other unlawful acts, and would allow Bhalla to avoid personal liability.

263.   Upon information and belief, Defendant Zhou is additionally directly liable for these acts under alter ego liability.  Upon information and belief, there is a unity of interest and ownership between newTVpad and Zhou, such that newTVpad is an alter ego of Zhou.  Upon information and belief, Zhou is the founder, owner, and/or major shareholder of newTVpad.  Upon information and belief, Zhou also has the decision-making power to start, stop, or continue newTVpad's acts of secondary infringement described above.  Observance of the corporate form for newTVpad would lead to an inequitable result because it would sanction newTVpad's acts of secondary infringement and other unlawful acts, and would allow Zhou to avoid personal liability.

264.   Each of the U.S. Distributor Defendants committed the foregoing acts willfully and with full knowledge and conscious disregard of Plaintiffs' copyrights and exclusive rights in and to the Copyrighted Works.

265.   Plaintiffs are entitled to recover from the U.S. Distributor Defendants the profits made by them from infringements of the Copyrighted Works and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs' damages therefrom, or, at Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 504.

266. Plaintiffs are also entitled to recover from the U.S. Distributor Defendants costs and attorneys' fees pursuant to 17 U.S.C. § 505.

267. The foregoing acts of the U.S. Distributor Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money damages. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of the Copyrighted Works and their exclusive rights under copyright by the U.S. Distributor Defendants.

### FOURTH CAUSE OF ACTION
#### (Claim by CCTV, CICC, and TVB (USA) for Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a) Against All Defendants)

268. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 267 above.

269. The CCTV Marks and TVB Marks are used in commerce in the United States and are entitled to full protection under the Lanham Act.

270. By using the CCTV and/or TVB Marks in connection with the viewing interface of the TVpad device and/or the Infringing TVpad Apps, and in connection with the advertising, promotion, and sale of the TVpad device, the Infringing TVpad Apps, and the TVpad Retransmission Service, Defendants have caused and are likely to cause confusion in the minds of consumers and to create a false impression in the minds of consumers that Plaintiffs are affiliated, connected, or associated with Defendants' products and/or services, and/or that Plaintiffs sponsor or approve of such products and/or services, in violation of 15 U.S.C. § 1125(a).

271. Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1116 to enjoin and restrain Defendants from further violation of 15 U.S.C. § 1125(a).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

272.   Defendants are also liable to Plaintiffs for all profits and damages resulting from their violation of 15 U.S.C. § 1125(a), as well as additional penalties and costs for Defendants' willful and deliberate violations pursuant to 15 U.S.C. § 1117.

**FIFTH CAUSE OF ACTION**
**(Claim by CCTV, CICC, and TVB (USA) for**
**Common-Law Trademark Infringement and**
**Unfair Competition Against All Defendants)**

273.   Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 272 above.

274.   Plaintiffs have established through prior use in commerce in the United States a valid and protectable interest in the CCTV Marks and TVB Marks and have built and created valuable goodwill in those Marks.

275.   With full knowledge of the CCTV Marks and TVB Marks, and each of them, Defendants have subsequently and without authorization of any kind from Plaintiffs, used the same and/or similar marks in connection with the viewing interface of the TVpad device and/or the Infringing TVpad Apps, and in connection with the advertising, promotion, and sale of the TVpad device and the TVpad Retransmission Service.

276.   With full knowledge of the CCTV Marks and TVB Marks, Defendants have traded and continue to trade on the goodwill associated with those Marks, and each of them, and to cause confusion or mistake or to deceive consumers and therefore infringe Plaintiffs' rights in the CCTV Marks and TVB Marks in violation of the common law.

277.   Defendants' conduct, as alleged here, constitutes trademark infringement and unfair competition under California state common law. Defendants' actions have caused and are likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of

71

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' products and/or services by Plaintiffs.

278. Plaintiffs have no adequate remedy at law and as such are entitled to an injunction restraining Defendants and their agents, employees, officers, alter egos, and all persons acting in concert with them, from engaging in any further such acts in violation of the common law of the State of California.

279. Defendants' acts entitle Plaintiffs to general and special damages for all of Defendants' profits derived from their past unlawful conduct to the full extent provided for by the common law of the State of California.

## SIXTH CAUSE OF ACTION
### (Claim by CCTV, CICC, and TVB (USA) for Violation of California Business & Professions Code § 17200 Against All Defendants)

280. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 279 above.

281. Defendants' acts as described above constitute unlawful and/or unfair business acts or practices and unfair, deceptive, or misleading advertising in violation of California Business & Professions Code § 17200.

282. These wrongful acts were and are likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' products and/or services by Plaintiffs.

283. Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendants' acts of unfair competition.

284. Plaintiffs have no adequate remedy at law and as such are entitled to an injunction restraining Defendants and their agents, employees, officers, alter egos, and all persons acting in concert with them, from engaging in any further such unfair business practices in violation of California Business & Professions Code § 17200.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

285. As a direct and proximate result of the Defendants' conduct, Plaintiffs are entitled to all of the remedies set forth in California Business & Professions Code § 17203 as applicable, including but not limited to restitution of money or property and the disgorgement of any profits acquired by Defendants as a result of their acts of unfair competition.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court grant judgment in favor of Plaintiffs and against Defendants as follows:

a. Preliminarily and permanently enjoining Defendants and their officers, agents, servants, and employees and all those in active concert or participation with them, from (i) publicly performing, transmitting, distributing, and/or reproducing Plaintiffs' Copyrighted Works; (ii) inducing, encouraging, causing, facilitating, and/or materially contributing to the unauthorized public performance, transmission, distribution, and/or reproduction of Plaintiffs' Copyrighted Works by others; (iii) infringing Plaintiffs' trademarks and service marks; or (iv) engaging in unfair competition.

b. Awarding Plaintiffs actual damages or statutory damages, in an amount to be determined at trial;

c. Awarding Plaintiffs any profits made by Defendants attributable to their violations not taken into account when computing Plaintiffs' actual damages;

d. Awarding Plaintiffs restitution of money or property and the disgorgement of any profits acquired by Defendants as a result of their unfair competition;

e. Awarding Plaintiffs their costs of prosecuting this action, including reasonable attorneys' fees;

f. Awarding Plaintiffs prejudgment interest at the highest legal rate allowed under law;

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

g.      Directing Defendants to file with this Court within 30 days after the entry of final judgment a written statement, under oath, setting forth in detail the manner in which they have complied with the Judgment of the Court; and

h.      Awarding Plaintiffs such other and further relief as this Court deems just, proper and equitable.

DATED: March 13, 2015

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice* to be filed)
LACY H. KOONCE, III (*pro hac vice* to be filed)
SAMUEL BAYARD (*pro hac vice* to be filed)
GEORGE WUKOSON (*pro hac vice* to be filed)


By:_____ /s/Carla A. McCauley_____
                Carla A. McCauley
Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION, CHINA
INTERNATIONAL COMMUNICATIONS CO.,
LTD., TVB HOLDINGS (USA), INC., AND
DISH NETWORK L.L.C.

74

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. hereby demand a jury trial in this action.

DATED: March 13, 2015          DAVIS WRIGHT TREMAINE LLP
                               CARLA A. McCAULEY
                               ROBERT D. BALIN (*pro hac vice* to be filed)
                               LACY H. KOONCE, III (*pro hac vice* to be filed)
                               SAMUEL BAYARD (*pro hac vice* to be filed)
                               GEORGE WUKOSON (*pro hac vice* to be filed)


                               By:_____/s/Carla A. McCauley_____
                                            Carla A. McCauley
                               Attorneys for Plaintiffs
                               CHINA CENTRAL TELEVISION, CHINA
                               INTERNATIONAL COMMUNICATIONS CO.,
                               LTD., TVB HOLDINGS (USA), INC., AND
                               DISH NETWORK L.L.C.

COMPLAINT
DWT 25630093v11 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899