Harry A. Zinn (SBN 116397)
hzinn@yzblaw.com
Lester F. Aponte (SBN 143692)
laponte@yzblaw.com
YOUNG, ZINN & BATE LLP
888 South Figueroa Street, Fifteenth Floor
Los Angeles, California 90017
Telephone: (213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendant
CREATE NEW TECHNOLOGY (HK) CO. LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHINA CENTRAL TELEVISION, A China company; ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong Company, ET AL., <br><br> Defendants. | Case No. CV 15-1869 MMM (AJWx) <br><br> Assigned for all purposes to: <br> Honorable Margaret M. Morrow <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD. <br><br> DATE:  June 29, 2015 <br> TIME:   10:00 AM <br> PLACE: Courtroom 780 |

## A. INTRODUCTION

There is good cause under the Local Rules for counsel to withdraw from representation of Create New Technology (HK) Co. Ltd. ("Create"). *First*, Create has consented to the withdrawal, and *second*, Create has refused to participate in upcoming Court deadlines. In addition, counsel has complied with the requirements of the Local Rules in seeking withdrawal.

## B. STATEMENT OF FACTS

Plaintiffs China Central Television, China International Communications, Co., Ltd., TVB Holdings (USA), Inc., and DISH Network, L.L.C. (collectively "Plaintiffs") filed this action on March 13, 2015. On April 8, counsel for Create (Harry A. Zinn and Lester F. Aponte with the law firm Young, Zinn & Bate LLP), made appearances to file a stipulation extending the time for Create to answer or otherwise respond to April 22. Create is also represented by attorneys at Morris, Manning & Martin LLP, who due to the issues raised herein, decided not to file motions for admission *pro hac vice* (collectively, with Harry A. Zinn and Lester F. Aponte, "U.S. counsel").

In this case and the related case *Munhwa Broadcasting Corp. v. Create New Technology (HK) Co. Ltd.*, CV14-4213-RGK-RZx (C.D. Cal.)[1], with the exception of one direct call with Create, U.S. counsel has communicated with Create through an independent, intermediary local China counsel Annie Ma, with the law firm of King & Future IP Consultancy Limited, in Shenzhen, PRC ("China counsel"). (Warlick Decl. ¶2.) U.S. counsel has repeatedly requested more direct communication, but Create has declined. (*Id.*) Notwithstanding this added complexity imposed by Create's decision, China counsel was diligent and faithful in her role as intermediary by all appearances.

---

[1] On April 17, Create filed a similar motion to withdraw in the related *Munhwa Broadcasting* case. (CV14-4213 Doc. No. 174.)
2

MEMO OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW AS COUNSEL FOR CREATE

On Friday, April 10, 2015, Create directed its U.S. counsel to cease work on this matter, terminated the undersigned counsel's representation of Create, and consented to this motion to withdraw. (*See* Warlick Decl. ¶3, Ex. 1.) In response to Create's direction to cease work, U.S. counsel gave written notice to Create, through China counsel, of the consequences of its inability to proceed *pro se*. (*Id.* ¶4.) U.S. counsel also informed Create, through China counsel, of the consequences of Create's directive to cease all work in this matter. (*Id.* ¶5.) In addition, on April 13, 2015, Create's China counsel confirmed that Create will not file an answer or otherwise respond on April 22 and will not respond to Plaintiffs' motion for preliminary injunction. (*Id.* ¶6.)

U.S. counsel has had difficulty in communicating with Create about its discovery obligations in a related case, *Munhwa Broadcasting Corp. v. Create New Technology (HK) Co. Ltd.*, CV14-4213-RGK-RZx (C.D. Cal.). For example, in response to written discovery requests served by plaintiffs on February 17, 2015, U.S. counsel sent a memorandum to Create, through China counsel, summarizing and explaining the written discovery requests, and asking the China counsel to assist in collecting information and documents. (*Id.* at ¶7, 8.) Over the next few weeks, U.S. counsel made repeated efforts to supervise Create and China counsel in complying with plaintiffs' discovery requests. (*Id.* at ¶9, 10.) Nonetheless, Create did not provide certain documents and information requested by U.S. counsel, or adequately explain why the documents and information were not provided, despite repeated efforts by U.S. counsel to obtain the documents and an explanation. (*Id.* at ¶10.)

U.S. counsel also had difficulty communicating with Create regarding the deposition of Mr. Wenwei Zhang in the *Munhwa Broadcasting* case. Weeks before the deposition, Create, through China counsel, confirmed that Mr. Zhang would apply for a U.S. visa to attend depositions in Atlanta on April 1 and 2, 2015. (*Id.* ¶11.) U.S counsel reminded Create, through China counsel, of the deposition

several times. (*Id.*) On March 30, two days before the deposition, Create, through China counsel, informed U.S. counsel for the first time that Mr. Zhang's U.S. visa application had not been granted. (*Id.*) U.S. counsel immediately informed Plaintiffs and the deposition was postponed. (*Id.*)

On Thursday, April 9, *Munhwa Broadcasting* plaintiffs filed an *Ex Parte* Application to compel discovery, including the deposition of Mr. Zhang. (CV14-4213, Doc. No. 165.) Magistrate Judge Zarefsky granted the *Ex Parte* Application, on April 13, 2015, compelling certain discovery by April 15. (CV14-4213, Doc. No. 170.) U.S. Counsel, through China counsel, provided Create with a copy and an explanation of this order, but Create has declined to provide any of the ordered discovery or otherwise provide any information for U.S. Counsel to respond. (*See* Warlick Decl. ¶12, 13.)

U.S. counsel will continue to provide notice of Court filings to Create. (*Id.* ¶13.) Once U.S. counsel withdraws, the best contact for Create is: Room D, 10/F, Tower A, Billion Centre, 1 Wang Kwong Road, Kowloon Bay, Kowloon, Hong Kong. (Warlick Decl. ¶14.)

### C. <u>LEGAL ARGUMENT</u>

There is good cause for the withdrawal of U.S. counsel because Create consents. *See* L.R. 83-2.3.2, 83-2.3.5; *see Stafford v. Mesnik*, 63 F.3d 1445, 1449 (7th Cir. 1995) (noting a "letter to the court confirm[ing] that [the client] had asked [counsel] to stop efforts in his defense"). There is also good cause under the Rules of Professional Conduct of the State Bar of California because of Create's refusal to participate in this litigation. *See* Rule 3-700(C)(1)(d) (allowing permissive withdrawal where the client: "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively.")

As discussed above, following repeated attempts by U.S. counsel to have Create comply with its discovery obligations in the *Munhwa Broadcasting* case and

hampered by Create's refusal to communicate with U.S. counsel directly, but instead through Create's China counsel, on Friday, April 10, 2015, Create directed its U.S. counsel to cease work on this matter, terminated the undersigned counsel's representation of Create, and consented to this motion to withdraw. (*See* Warlick Decl. ¶3, Ex. 1.) The Director of Create, Zhang Wenwei, signed a written consent and approval of this motion. (*Id.*) In accordance with L.R. 83-2.3.4, Create has been instructed that it may not proceed *pro se*, and has been given written notice of the consequences of its inability to appear *pro se*. (*Id.*)

Additionally, the withdrawal will not cause any delay or prejudice to Plaintiffs. Create has instructed U.S. Counsel to cease all substantive work in this matter. (*See* Warlick Decl. ¶3, Ex. 1.) Through China counsel, Create has stated that it will not file an answer or otherwise respond on April 22 and will not respond to Plaintiffs' motion for preliminary injunction. (*See* Warlick Decl. ¶6.) For example, in the *Munhwa Broadcasting* case, after Magistrate Judge Zarefsky granted the *Ex Parte* Application, compelling certain discovery by April 15, (Doc. No. 170), U.S. Counsel provided a copy of the order and an explanation to Create's China counsel. (*Id.* ¶12, 13.) However, Create has not provided any of the ordered discovery or otherwise provided any information for U.S. Counsel to respond. (*Id.* ¶13) Thus, in light of Create's refusal to participate further, there is no prejudice to Plaintiffs by undersigned counsel's withdrawal because the undersigned counsel cannot obtain Create's participation in the litigation. The undersigned counsel's presence (or absence) will have absolutely no impact on any possible delay or prejudice.

Finally, withdrawal is warranted under the Rules of Professional Conduct of the State Bar of California based on Create's refusal to respond to upcoming deadlines, and U.S. counsel's inability to effectively communicate with Create. *See* Rule 3-700(C)(1)(d); *see also Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010) (citing Rule 3-

1  700(C)(1)(d), the Court allowed counsel to withdraw where the client "indicated that
2  it will no longer participate in the litigation"); *U.A. Local 342 Joint Labor–*
3  *Management Committee v. South City Refrigeration, Inc.*, 2010 WL 1293522, * 3
4  (N.D. Cal. Mar. 31, 2010) (finding good cause to withdraw based on, among other
5  things, the client's "fail[ure] to cooperate"); *Lewis v. Nevada County*, 2009 WL
6  463510, *1 (E.D. Cal. Feb. 23, 2009) (allowing withdrawal based on client's failure
7  to cooperate and heed counsel's advice).

8      In accordance with L.R. 83-2.3.3, U.S. counsel has provided notice of this
9  motion to all parties in this action that have made an appearance. On April 9, 2015,
10 U.S. counsel sent an email regarding the substance of this motion to counsel for
11 Plaintiffs. On April 13, 2015, Mr. Jeff Lee, Esq., made an appearance on behalf of
12 HongHui Chen. On April 14, 2015, U.S. counsel sent an email regarding the
13 substance of this motion to Mr. Jeff Lee, Esq. No other party has made an
14 appearance as of the filing of this motion.

## D. CONCLUSION

Accordingly, Harry A. Zinn and Lester F. Aponte with Young, Zinn & Bate LLP respectfully request that this Court grant the motion to withdraw as counsel for Create.

DATED: April 17, 2015

By:   /s/ Lester F. Aponte
     Harry A. Zinn
     Lester F. Aponte
     YOUNG, ZINN & BATE LLP

     Attorneys for Defendant
     CREATE NEW TECHNOLOGY (HK)
     CO. LTD.

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On April 17, 2015, I hereby certify that I electronically filed the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.** with the Clerk of the Court for the United States District Court, Central District of California. Participants in the case who are registered users will be served by the CM/ECF system, electronically transmitted on the following interested parties in this action at the emails addressed below:

| | |
|---|---|
| Carla A. McCauley, Esq.<br>DAVIS WRIGHT TREMAINE LLP<br>865 So. Figueroa Street<br>24th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 633-6800<br>Fax: (213) 633-6899<br>Email: carlamccauley@dwt.com | Jen-Feng Lee<br>LT PACIFIC LAW GROUP LLP<br>17800 Castleton Street, #560<br>City of Industry, CA 91748<br>Tel: (626) 810-7200<br>Fax: (626) 810-7300<br>Email: jflee@ltpacificlaw.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 17, 2015, at Los Angeles, California.

*/s/ Patty Flores*
Patty Flores

9380598 v1

MEMO OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW AS COUNSEL FOR CREATE

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017