CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
    samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York  10019
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation,<br><br>                         Plaintiffs,<br><br>            vs.<br><br>CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,<br><br>                         Defendants. | Case No.<br>**CV 15-1869 MMM (AJWx)**<br><br>**REQUEST TO ENTER DEFAULT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) LIMITED; DECLARATIONS OF CARLA A. McCAULEY AND TSE WAI SUEN WITH EXHIBITS A TO G**<br><br><br>Courtroom:    780<br>Judge:        Hon. Margaret M. Morrow<br><br><br>Complaint Filed:  March 13, 2015 |

Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively "Plaintiffs") hereby request that the Clerk of the above-entitled Court enter default in this matter against Defendant Create New Technology (HK) Limited ("CNT"). This request is made on the grounds that CNT has failed to respond to the complaint within the time prescribed the Federal Rules of Civil Procedure. *See* Declaration of Carla A. McCauley ("McCauley Decl.") at ¶ 8.

Pursuant to Federal Rule of Civil Procedure 4(f)(1), (f)(2)(A) and (h)(2), on March 18, 2015, copies of Plaintiffs' summons and complaint were personally delivered to CNT at its registered office address in Hong Kong, as evidenced by the Proof of Service of the Complaint, which was filed with the Court on March 24, 2015. *See id*. at ¶¶ 3-4, Ex. B (Dkt. No. 38); *see also* Declaration of Tse Wai Suen ("Tse Decl.") ¶¶ 6-7. Such service was effective in accordance with the Federal Rules of Civil Procedure, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and the local law of Hong Kong—specifically, the Companies Ordinance of the Laws of Hong Kong.

First, pursuant to Federal Rule of Civil Procedure 4(f)(1), service may be effected "by any internationally agreed means…that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Hong Kong has adopted Article 10(b) of the Hague Convention, which provides:

> Provided the State of destination does not object, the present Convention shall not interfere with…(b) the freedom of judicial officers, officials **or other competent persons of the State of origin to effect service of** judicial documents **directly through** the judicial officers, official or **other competent persons of the State of destination**….

REQUEST FOR ENTRY OF DEFAULT
DWT 26704361v2 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*See* McCauley Decl. Ex. C (Official Hague Convention website discussion of Hong Kong) (emphasis added). Hong Kong specifically provides that "a private agent (usually a firm of solicitors) may be appointed directly to effect service. Such service can be effected directly without going through the Government or the judiciary." *Id.* As a consequence, personal service may be effected by and through local solicitors in Hong Kong. Here, in conformity with the Hague Convention and Federal Rule of Civil Procedure 4(f)(1), Plaintiffs retained Vivien Chan & Co., a firm of Hong Kong solicitors, to effect service on CNT in Hong Kong. *See* McCauley Decl. ¶ 3; Tse Decl. ¶ 2.

Second, the method of service of the summons and complaint on CNT complies with Federal Rule of Civil Procedures 4(f)(2), which provides that "if an international agreement allows but does not specify other means," service may be effected "by the method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction…." Fed. R. Civ. P. 4(f)(2)(A). The Companies Ordinance of the Laws of Hong Kong specifically authorizes personal service of process on corporate entities by delivering the documents to the corporation's registered office. Tse Decl. Ex. G (Chapter 622, Section 827, "Companies Ordinance: Service of Document"). That section states "A document may be served on a company by leaving it at, or sending it by post to, the company's registered office." *Id.* In addition, the Companies Ordinance also provides that "[a] company must have a registered office in Hong Kong to which all communications and noticed may be addressed." Tse Decl. Ex. E (Chapter 622, Section 658, "Registered office of company"). *Id.* In conformity with this Hong Kong law governing service on Hong Kong companies, on March 18, 2015 Plaintiffs' solicitors in Hong Kong (Vivien Chan & Co.) personally served the summons and complaint on CNT at its registered office in Hong Kong. Tse Decl. ¶¶ 6-7. Such service constitutes valid service under the Hague Convention, the Federal Rules of Civil Procedure and local law. *See In re*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Cyrus II Partnership*, 392 B.R. 248, 257-59 (S.D. Tex. 2008) (holding that personal service of summons and complaint by Hong Kong service agent on defendant Hong Kong company's registered office address constitutes valid service under Section 356 (now Section 827) of the Companies Ordinance of the Laws of Hong Kong, the Hague Convention, and Federal Rules of Civil Procedure Rules 4(h)(2) and 4(f)(2)(A)); Tse Decl. ¶ 4 and Ex. G (attaching renumbered and amended Section 827 of the Companies Ordinance of the Laws of Hong Kong); *see also Supra Medical Corp. v. McGonigle*, 955 F. Supp. 374, 383-84 (E.D. Pa. 1997) (holding that personal service of UK company through a local solicitor constituted valid service under Hague Convention and F.R.C.P. 4(f)(2)).

As a result, CNT's initial deadline to respond to the Complaint was April 8, 2015, or 21 days following service of the documents.  *See* Fed. R. Civ. P. 12(a)(1)(A); *see also* McCauley Decl. ¶ 7.  On April 8, 2015, the parties entered into a stipulation to continue the date by which CNT had to respond to the complaint to April 22, 2015.  McCauley Decl. ¶ 7 and Ex. E.  On April 17, 2015, counsel for CNT filed a Motion to Withdraw, in which counsel stated that CNT did not intend to file a response to the complaint.  McCauley Decl. ¶ 8 and Ex. F at 3:7-11.  CNT has not filed a responsive pleading by the April 22, 2015 date.  McCauley Decl. ¶ 8.  By email dated April 27, 2015, counsel for Plaintiffs, Lance Koonce, wrote to counsel of record for CNT (Lester Aponte of Young, Zinn & Bate LLP) that Plaintiffs intended to file a Request for Default, and confirming that CNT did not intend to file any response to the Complaint.  McCauley Decl. ¶ 9 and Ex. H.  Mr. Aponte responded on April 27, 2015, confirming to his understanding that CNT did not intend to file a response and copying counsel to CNT at the firm of Morris, Manning & Martin LLP. *Id.*  In response to a follow up email from Mr. Koonce, John P. Fry of Manning & Martin LLP confirmed on April 28, 2015 that to his understanding that CNT did not intend to file a response.  *Id.*

///

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    In addition, default is appropriate, as CNT is not a minor, an incompetent

2 person or a person whose waiver has been filed. *See* Fed. R. Civ. P. 4(f); *see also*

3 McCauley Decl. ¶ 10. Accordingly, Plaintiffs respectfully request that default be

4 entered against CNT.

5 DATED:  May 1, 2015          DAVIS WRIGHT TREMAINE LLP
                              CARLA A. McCAULEY
6                             ROBERT D. BALIN (*pro hac vice*)
                              LACY H. KOONCE, III (*pro hac vice*)
7                             SAMUEL BAYARD (*pro hac vice*)
                              GEORGE WUKOSON (*pro hac vice*)

8

9                             By:_____/s Carla A. McCauley
10                                       Carla A. McCauley
                              Attorneys for Plaintiffs
11                            CHINA CENTRAL TELEVISION; CHINA
                              INTERNATIONAL COMMUNICATIONS CO.,
12                            LTD.; TVB HOLDINGS (USA), INC.; AND
                              DISH NETWORK L.L.C.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR ENTRY OF DEFAULT
DWT 26704361v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATON OF CARLA A. MCCAULEY

## DECLARATION OF CARLA A. MCCAULEY

I, Carla A. McCauley, declare as follows:

1.      I am licensed to practice law before all the courts in the State of California and am admitted to the United States Court of Appeals for the Ninth Circuit.  I am a partner at Davis Wright Tremaine LLP, counsel for Plaintiffs in the above-entitled matter.  I submit this Declaration in support of Plaintiffs' Request for Entry of Default.  I have personal knowledge of the facts contained herein, and, if called upon as a witness, I could and would testify competently about these facts, except for those matters stated expressly upon information and belief, which matters are believed to be true.

2.      According to records of the Hong Kong Companies Registry, the registered office address for Defendant Create New Technology (HK) Limited ("CNT") is Room D, 10/F, Tower A, Billion Centre, 1 Wang Kwong Road, Kowloon Bay, Kowloon, Hong Kong.  Attached hereto as **Exhibit A** is a true and correct copy of the Notice of Change of Address of Registered Office, dated April 29, 2014, which lists the registered office address for CNT.

3.      On March 16, 2015, Pacific Daylight Time, my colleague George Wukoson electronically delivered copies of the summons and complaint in this matter to "Owen" Tse Wai Suen, a Partner at the Hong Kong law firm Vivien Chan & Co., Solicitors & Notaries, with offices located in Hong Kong at 57/F Cheung Kong Center, 2 Queen's Road Central.  On March 18, 2015, Mr. Tse confirmed that his law firm had effected personal service of the summons and complaint on CNT by delivering the summons and complaint to CNT's registered office in Hong Kong.  Thereafter, I received an executed proof of service from Mr. Tse.  I was copied on all of the communications between Mr. Wukoson and Mr. Tse.

4.      On March 24, 2015, I caused to be filed Plaintiffs' Proof of Service on CNT with the Court, Document No. 38.  Attached hereto as **Exhibit B** is a true and correct copy of the Proof of Service filed with the Court.

REQUEST FOR ENTRY OF DEFAULT
DWT 26704361v2 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.      Attached hereto as **Exhibit C**, is a true and correct copy of a print-out from the Authorities page for Hong Kong, from the website for the Hague Conference on Private International Law, the official website for the Hague Convention, located at http://www.hcch.net/index_en.php?act=authorities.details&aid=393, which I printed on April 20, 2015.

6.      Attached hereto as **Exhibit D** is a true and correct copy of excerpts from Butterworth's Hong Kong Company Law Handbook, containing Section 356 of the Companies Ordinance (Chapter 32 of the Laws of Hong Kong)—which is the version of Section 827 of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) that existed prior to the ordinance's amendment in 2014 as detailed in paragraph 4 of the concurrently filed Declaration of Tse Wai Suen.

7.      Given that service of the summons and complaint was effected on CNT on March 18, 2015, CNT was required to respond to the complaint on or before April 8, 2015, or 21 days after service was effected. On April 7, 2015, Counsel for CNT, Lester Aponte, requested an extension of CNT's deadline to respond to the complaint to April 22, 2015. The parties thereafter entered into a stipulation to that effect, Document No. 47, which is attached hereto as **Exhibit E.**

8.      On April 17, 2015, counsel for CNT filed a Motion to Withdraw, in which counsel stated that CNT did not intend to file a response to the complaint. *See* Document 56-1 at 3:7-11.  Attached hereto as **Exhibit F** is a true and correct copy of an excerpt from the memorandum in support of the Motion to Withdraw.  On April 22, 2015, CNT failed to file a response to the complaint.

9.      My partner, Lance Koonce, thereafter wrote to counsel of record for CNT (Lester Aponte of Young, Zinn & Bate LLP) that Plaintiffs intended to file a Request for Default, and confirming that CNT did not intend to file any response to the Complaint.  Mr. Aponte responded on April 27, 2015, confirming to his understanding that CNT did not intend to file a response and copying counsel to CNT

at the firm of Morris, Manning & Martin LLP.  In response to a follow up email from Mr. Koonce, John P. Fry of Manning & Martin LLP confirmed on April 28, 2015 that to his understanding that CNT did not intend to file a response.  A true and correct copy of that email exchange is attached hereto as **Exhibit H.**

10.    CNT is a company organized under the laws of Hong Kong, and not a minor or incompetent person.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 30, 2015 at Los Angeles, California.

 /s Carla A. McCauley  
Carla A. McCauley

REQUEST FOR ENTRY OF DEFAULT
DWT 26704361v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DECLARATION OF TSE WAI SUEN**

## DECLARATION OF TSE WAI SUEN

I, Tse Wai Suen, declare as follows:

1.     I am a solicitor of the High Court of Hong Kong and a partner of Vivien Chan & Co., the Hong Kong solicitors for Plaintiffs in this matter. I submit this Declaration in support of Plaintiffs' Request for Entry of Default.  I have personal knowledge of the facts contained herein, and, if called upon as a witness, I could and would testify competently about these facts, except for those matters stated expressly upon information and belief, which matters are believed to be true.

2.     Vivien Chan & Co. maintains offices located in Hong Kong at 57/F Cheung Kong Center, 2 Queen's Road Central. Vivien Chan & Co. has been retained by Plaintiffs to assist with service of process on certain Defendants in this matter located in Hong Kong.

3.     Section 827 of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) provides for the method of service of documents on a Hong Kong incorporated company.  It reads as follows: "A document may be served on a company by leaving it at, or sending it by post to, the company's registered office." In addition, Section 658 (1) and (3) of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) provides that "[a] company must have a registered office in Hong Kong to which all communications and notices may be addressed", and that if the address is changed, "the company must deliver to the Registrar for registration a notice of the change in the specific form within 15 days after the change."  Failure to abide by these sections may lead to fines.

4.     Attached hereto as **Exhibit G** is a true and correct copy of an excerpt from the Hong Kong Companies Ordinance (Chapter 622 of the Laws of Hong Kong), that includes Sections 658 and 827 of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) , available from the Hong Kong government's Bilingual Laws Information System website at http://www.legislation.gov.hk/blis_pdf.nsf/6799165D2FEE3FA94825755E0033E532

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

/707C1C4DC6BDF92848257A5500549A21/$FILE/CAP_622_e_b5.pdf, which I verified accurately reflect the contents of that website on April 21, 2015. Section 658(1) and (3) of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) is modified from and hence has the similar effects as Section 92(1) and (3) of the previous Companies Ordinance (Chapter 32 of the Laws of Hong Kong). Section 92 (1) and (3) of the previous Companies Ordinance (Chapter 32 of the Laws of Hong Kong) provided that:  "[a] company shall have a registered office in Hong Kong to which all communications and notices may be addressed" and "[if] the address of a company's registered office is changed, a notice of the change in the specified form shall be sent to the Registrar within 14 days after the date of the change, who shall record the same…" Section 827 of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) is modified from and hence has the similar effects as Section 356 of the previous Companies Ordinance (Chapter 32 of the Laws of Hong Kong). Section 356 of the previous Companies Ordinance (Chapter 32 of the Laws of Hong Kong) provided that "[a] document may be served on a company by leaving it at, or sending it by post to, the company's registered office."  The Companies Ordinance (Chapter 622 of the Laws of Hong Kong) came into operation and replaced the previous Companies Ordinance (Chapter 32 of the Laws of Hong Kong) in March 2014.

5. On March 17, 2015, Hong Kong time, copies of the summons and complaint in this matter were electronically delivered to me by George Wukoson of Davis Wright Tremaine LLP, counsel for Plaintiffs.

6. On March 17, 2015 I confirmed by consulting records of the Hong Kong Companies Registry that the registered office for Defendant Create New Technology (HK) Limited ("CNT") is Room D, 10/F, Tower A, Billion Centre, 1 Wang Kwong Road, Kowloon Bay, Kowloon, Hong Kong.

REQUEST FOR ENTRY OF DEFAULT
DWT 26704361v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7.     On March 18, 2015, at my direction, Leung Shun Chi of Vivien Chan & Co. delivered copies of the summons and complaint in this matter to CNT at this registered office address.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 27, 2015 at Hong Kong.

_____
Tse Wai Suen

REQUEST FOR ENTRY OF DEFAULT
DWT 26704377v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EXHIBIT A**



**公司註冊處**
**Companies Registry**

註冊辦事處地址更改通知書
## Notification of Change of Address of Registered Office

（《公司條例》第 92(3)條）
(Companies Ordinance s. 92(3))

表格
Form **R1**

重要事項　Important Notes

● 填表前請參閱《填表須知》。
　請用黑色墨水列印。
● Please read the accompanying notes before completing this form.
　Please print in black ink.

公司編號 Company Number

| 1681386 |

**1　公司名稱 Company Name**

| HUA YANG INTERNATIONAL TECHNOLOGY LIMITED |
| 華揚國際科技有限公司 |

**2　更改詳情 Details of Change**

(註 Notes 1 & 5)

在香港的註冊辦事處地址 Address of Registered Office in Hong Kong

| Rm. 19C, Lockhart Ctr., 301-307 Lockhart Rd., Wan Chai, Hong Kong. |

（「轉交」地址及郵政信箱號碼恕不接受 'Care of' addresses and post office box numbers are not acceptable）

生效日期 Effective Date

| | 19 JAN 2014 | |
| 日 DD | 月 MM | 年 YYYY |

(註 Note 6)　**3　電郵地址 E-mail Address**

| |

生效日期 Effective Date

| | | |
| 日 DD | 月 MM | 年 YYYY |

(註 Note 4)　簽署 Signed ：



姓名 Name ：　CHEN XIA 陳俠

董事 Director／秘書 Secretary *

日期 Date ：

| 2 0 JAN 2014 |
| 日 DD ／ 月 MM ／ 年 YYYY |

*請刪去不適用者 Delete whichever does not apply

(註 Note 3)　提交人的資料 Presenter's Reference

姓名 Name:　JOY ENTERPRISE SECRETARY
　　　　　　　SERVICES LIMITED
地址 Address: Rm. 19C, Lockhart Ctr.,
　　　　　　　301-307 Lockhart Rd.,
　　　　　　　Wan Chai, Hong Kong

電話 Tel: 25988776　　傳真 Fax: 2598 8909

電郵地址 E-mail Address:

檔號 Reference: S214-0021

請勿填寫本欄 For Official Use

```
22700981410
R1                1681386
20/01/2014
```

指明編號 2/2008 (修訂) (2008 年 7 月)
Specification No. 2/2008 (Revision) (July 2008)

0099

**EXHIBIT B**

CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800 Fax: (213) 633-6899

ROBERT D. BALIN (admitted *pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (admitted *pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (admitted *pro hac vice*)
    samuelbayard@dwt.com
GEORGE WUKOSON (admitted *pro hac vice*)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 489-8230 Fax: (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation, <br><br>               Plaintiffs, <br><br>     vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br>               Defendants. | Case No. <br> CV 15-1869 MMM (AJWx) <br><br> PROOF OF PERSONAL SERVICE OF SUMMONS AND COMPLAINT ON HUA YANG INTERNATIONAL TECHNOLOGY LIMITED <br><br><br><br> Courtroom: 780 <br> Judge: Hon. Margaret M. Morrow <br><br><br><br> Action Filed: March 13, 2015 <br> Trial Date: |

---

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Davis Wright Tremaine LLP<br>Carla A. McCauley SBN 223910<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 633-6800    FAX NO. *(Optional):* (213) 633-6899<br>E-MAIL ADDRESS *(Optional):* carlamccauley@dwt.com<br>ATTORNEY FOR *(Name):* Plaintiffs | *FOR COURT USE ONLY* |

| |
|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA |
| STREET ADDRESS:  312 N. Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  Los Angeles, CA 90012 |
| BRANCH NAME:  Western Division |

| | |
|---|---|
| PLAINTIFF/PETITIONER: China Central Television, et al.<br><br>DEFENDANT/RESPONDENT: Create New Technology (HK) Limited, et al | CASE NUMBER:<br>CV 15-1869 MMM (AJWx) |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☒ summons
   - b. ☒ complaint
   - c. ☒ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☒ other *(specify documents):* Notice of Related Case; Notice of Interested Parties; Corporate Disclosure Statement; Notice of Assignment; Report Re: Trademark; Report Re: Copyright
3. a. Party served *(specify name of party as shown on documents served):* Hua Yang International Technology Limited
   - b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
4. Address where the party was served: Room 19c, Lockhart Ctr., 301-307 Lockhart Rd., Wan Chai, Hong Kong
5. I served the party (check proper box)
   - a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 17, 2015   (2) at *(time):* 5:00 p.m.
   - b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS** Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: China Central Television, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Create New Technology (HK) Limited, et al | CV 15-1869 MMM (AJWx) |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Hua Yang International Technology Limited
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: FRCP 4(f)(2); CCP § 413.10(c); Companies Ordinance § 827, Cap. 622 of the Laws of Hong Kong |

7.  **Person who served papers**
  a. Name: Leung Shun Chi
  b. Address: Vivien Chan & Co., Solicitors & Notaries, 57/F Cheung Kong Center, 2 Queen's Road Central, Hong Kong
  c. Telephone number: (852) 2533 2162
  d. **The fee** for service was: $
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and I** certify that the foregoing is true and correct.

Date: March 23, 2015

LEUNG SHUN CHI
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶    (SIGNATURE)

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 24, 2015, I served the foregoing document(s) described as:

1. PROOF OF PERSONAL SERVICE OF SUMMONS AND COMPLAINT ON HUA YANG INTERNATIONAL TECHNOLOGY LIMITED

2. PROOF OF PERSONAL SERVICE OF SUMMONS AND COMPLAINT ON CREATE NEW TECHNOLOGY (HK) LIMITED

3. PROOF OF PERSONAL SERVICE OF SUMMONS AND COMPLAINT ON LIANGZHONG ZHOU

4. PROOF OF PERSONAL SERVICE OF SUMMONS AND COMPLAINT ON LIANGZHONG ZHOU AS AGENT FOR NEWTVPAD LTD. CO. D/B/A NEWTVPAD.COM A/D/A TVPAD USA

by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Soyeun D Choi, Esq.<br><br>Attorney for Club TVpad, Inc., Bennett Wong | 333 Twin Dolphin Drive, Suite 220<br>Redwood Shores CA 94065 |
| Rena Mehta<br>Asha Media Group | 10031 Remington Drive,<br>Riverview, FL 33578 |
| Amit Bhalla | 3102 W. El Prado Blvd., Unit 1<br>Tampa, FL 33629 |
| Liangzhong Zhou<br>newTVpad Ltd. Co. d/b/a newtvpad.com a/k/a TVpad USA | 7411 La Bolsa Dr.<br>Dallas, TX 75248 |
| Honghui Chen d/b/a e-Digital | 815 S. Marguerita Ave.<br>Alhambra, CA 91801 |
| Create New Technology (HK) Limited | Limited, Room D,<br>10/F, Tower A, Billion Centre,<br>1 Wang Kwong Road,<br>Kowloon Bay, Kowloon, Hong Kong, China |
| Hua Yang International Technology Ltd | Room 19c, Lockhart Rd.,<br>301-307 Lockhart Rd.,<br>Wan Chai, Hong Kong, China |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on March 24, 2015, at Los Angeles, California.

☑ Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |

# Service/Waivers of Summons and Complaints :

2:15-cv-01869-MMM-AJW China Central Television et al v. Create New Technology HK Limited et al

ACCO,(AJWx),AO120,AO121,DISCOVERY,MANADR

## UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by McCauley, Carla on 3/24/2015 at 2:39 PM PDT and filed on 3/24/2015

**Case Name:**      China Central Television et al v. Create New Technology HK Limited et al
**Case Number:**      2:15-cv-01869-MMM-AJW
**Filer:**      China International Communications Co., Ltd.
               China Central Television
               TVB Holdings USA Inc
               Dish Network L.L.C.
**Document Number:** 39

**Docket Text:**
**PROOF OF SERVICE Executed by Plaintiff China International Communications Co., Ltd., China Central Television, TVB Holdings USA Inc, Dish Network L.L.C., upon Defendant Hua Yang International Technology Limited served on 3/17/2015, answer due 4/7/2015. in compliance with California Code of Civil Procedure by personal service. Original Summons returned. (McCauley, Carla)**

**2:15-cv-01869-MMM-AJW Notice has been electronically mailed to:**

Carla A McCauley      carlamccauley@dwt.com, frankromero@dwt.com

George P Wukoson      georgewukoson@dwt.com

Lacy H Koonce , III      lancekoonce@dwt.com

Robert D Balin      robbalin@dwt.com

Samuel M Bayard      samuelbayard@dwt.com

**2:15-cv-01869-MMM-AJW Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Users\romef\Desktop\POS complaints\Hua Yang International Tecnology Limited.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/24/2015] [FileNumber=19171684-0
] [c36df87bd3fa135916e35660199384e83b753ffd64c4d1c5e884d63922a38f1809f
ae035c3c25a9c29f034e3c50e9dc06ff341a2399ee66b203c40780d5740ad]]

**EXHIBIT C**

# Authorities

| | China (Hong Kong) - Other Authority (Art. 18) & practical information |
|---|---|
| | **Central Authority(ies):**<br><br>*Chief Secretary for Administration* |

<table>
<tr><td colspan="2" align="center"><strong>Contact details:</strong></td></tr>
<tr><td>Address:</td><td>Chief Secretary for Administration<br>Hong Kong Special Administrative Region Government<br>Room 321, 3/F, East Wing<br>Central Government Offices<br>2 Tim Mei Avenue<br>Admiralty<br>Hong Kong, China</td></tr>
<tr><td>Telephone:</td><td>+852 2810 3969</td></tr>
<tr><td>Fax:</td><td>+852 2842 8897</td></tr>
<tr><td>E-mail:</td><td>cso@cso.gov.hk</td></tr>
<tr><td>General website:</td><td>http://www.cso.gov.hk/</td></tr>
<tr><td>Contact person:</td><td>For information on contact persons, click here.</td></tr>
<tr><td>Languages spoken by staff:</td><td>English, Chinese</td></tr>
</table>

<table>
<tr><td colspan="2" align="center"><strong>Practical Information:</strong><br><em>(The following information was provided by the relevant State authorities or was obtained from the replies to the 2003 and/or 2008 Service Convention Questionnaires)</em></td></tr>
<tr><td>Forwarding authorities (Art. 3(1)):</td><td>Chief Secretary for Administration</td></tr>
<tr><td></td><td><em>Formal Service</em> (Art. 5(1)(a))<br>Service of documents is effected by the Chief Bailiff of the Court. Unless specifically requested otherwise,</td></tr>
</table>

| | | formal service will be performed in one of the following ways:<br>a) by personal service on addressee if the addressee is a person;<br>b) by leaving at the registered office address if the addressee is a limited company or corporation; or<br>c) by personal service on an officer of the company or corporation if the addressee is a limited company or corporation and the registered office is no longer occupied or used by the addressee. |
| **Address** | Methods of service (Art. 5(1)(2)): | *Informal delivery* (Art. 5(2))<br>The informal delivery is also carried out by the Chief Bailiff.<br><br>Service by a particular method (Art. 5(1)(b))<br>Service by a particular method as requested by the applicant unless such a method is incompatible with the local law.<br><br>For service in general, see Order 69 rule 3 of the Rules of the High Court, Chapter 4A, Laws of the Hong Kong Special Administrative Region and for service on companies, see section 356 of the Companies Ordinance, Chapter 32, Laws of the Hong Kong Special Administrative Region. See: legislation.gov.hk.<br><br>For service on companies, see section 356 of the Companies Ordinance (Cap. 32): legislation.gov.hk/(...). |
| | Translation requirements (Art. 5(3)): | Documents have to be in English or Chinese, if not, translation into either of the 2 languages is required, (Order 69,r.3, Rules of High Court, Chapter 4A, Laws of the Hong Kong Special Administration Region). |
| | Costs relating to execution of the request for service (Art. 12): | Hong Kong does not impose any fee for executing requests under the Convention. Service is effected by the Bailiff but if a particular method of service is requested e.g. advertisement in newspaper, the charges will have to be paid or reimbursed. |
| | Time for execution of request: | Around 3-4 months |

| | |
|---|---|
| Judicial officers, officials or other competent persons (Art. 10(b)): | The practice of our court is that whenever such requests are received, they will be forwarded to the competent authority for Hong Kong (Chief Secretary for Administration) for processing. Direct service through Government officials is not available in Hong Kong. However, a private agent (usually a firm of solicitors) may be appointed directly to effect service. Such service can be effected directly without going through the Government or the judiciary. <br><br> The Hong Kong Judiciary does not seek reimbursement of the costs. The charges made by solicitors appointed to serve process by foreign judicial officers, officials or other competent persons are not regulated by the Government. They vary depending on the services required and time taken to execute the request. |
| Oppositions and declarations (Art. 21(2)): | (Click here to read all the declarations for the Hong Kong Special Administrative Region made under the Service Convention.) |
| Art. 8(2): | Opposition |
| Art. 10(a): | No opposition |
| Art. 10(b): | Additional information – See declarations |
| Art. 10(c): | Additional information – See declarations |
| Art. 15(2): | No declaration of applicability |
| Art. 16(3): | No declaration of applicability |
| Derogatory channels (bilateral or multilateral agreements or internal law permitting other transmission channels) (Arts. 11, 19, 24 and 25) <br><br> **Disclaimer:** *Information may not be complete or fully updated – please contact the relevant authorities to verify this information.* | There are no other bilateral or multilateral agreements. There is, however, an internal arrangement on service of process between Hong Kong Special Administrative Region and the Mainland. |
| | http://www.judiciary.gov.hk/ (Court's services - Bailiff's Office) <br> http://www.legislation.gov.hk/ (Bilingual Laws |

| | Useful links: | Information System) |
| | | http://www.hklii.org.hk/ (Hong Kong Legal Information Institute) |

(This page was last updated on 18 July 2014)

| **Conventions (incl. Protocols and Principles)** | • Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [14] |

**EXHIBIT D**

CATALOGUE

# BUTTERWORTHS HONG KONG COMPANY LAW HANDBOOK

## Companies Ordinance (Cap 32)
## 公司條例（第32章）
*(with annotations)*

DEC 2 7 2001

### Annotators

**Professor Roman Tomasic**
LLB (Syd), PhD (NSW), SJD (Wisc)
Dean, Faculty of Business and Law, Victoria University, Australia

**ELG Tyler**
MA (Oxon) Barrister, Lincoln's Inn and
Hong Kong Barrister and Solicitor of the
Supreme Court of Tasmania and the High
Court and Federal Courts of
Australia, Professor of Law,
City University of Hong Kong

**Vanessa Stott**
LLB (Wales), Barrister at Law
(Middle Temple) LLM (London),
MSc (Ed)(Surrey), Associate Professor,
Department of Business Studies
Hong Kong Polytechnic University

**Philip Lawton**
LLB, of Lincoln's Inn Barrister
Associate Professor, School of Law
Leeds Metropolitan University (UK)

**DK Srivastava**
MA, LLM (Banaras),
PhD (Monash), Associate Professor,
Faculty of Law City University
of Hong Kong

**Publisher**
Michael Evans, LLB, Barrister

**Publishing Manager**
Kevin Ooi, BSc, LLB (Hons), CLP

**Managing Editor, Commissioning**
Sabiha Shiraz, LLB(Hons), LLM

**Senior Editor**
Peter Ling, LLB (Hons), CLP

KNR
97.9
V9
1999

TEMPLE UNIVERSITY
LAW LIBRARY

RSITY
RY

Butterworths

**The Butterworth Group of Companies**

| | |
|---|---|
| Hong Kong | BUTTERWORTHS ASIA (HONG KONG) |
| | 19/F Eight Commercial Tower |
| | 8 Sun Yip Street, Chai Wan, Hong Kong |
| | Tel: 29651400, Fax: 29760840 |
| Malaysia | MALAYAN LAW JOURNAL SDN BHD |
| | 3/F Wisma Bandar |
| | 18 Jalan Tuanku Abdul Rahman |
| | Kuala Lumpur 50100 |
| Singapore | BUTTERWORTHS ASIA |
| | No 1 Temasek Avenue |
| | #17-01 Millenia Tower |
| | Singapore 039192 |
| India | BUTTERWORTHS INDIA |
| | C-71A, Malviya Nagar |
| | New Delhi 110017 |
| Australia | BUTTERWORTHS |
| | Sydney, Melbourne, Brisbane, Adelaide, Perth, Canberra |
| Canada | BUTTERWORTHS CANADA LTD |
| | Toronto and Vancouver |
| Ireland | BUTTERWORTH (IRELAND) LTD |
| | Dublin |
| New Zealand | BUTTERWORTHS OF NEW ZEALAND LTD |
| | Wellington and Auckland |
| UK | BUTTERWORTH & CO (PUBLISHERS) LTD |
| | London and Edinburgh |
| USA | LEXIS® LAW PUBLISHING |
| | Charlottesville, Virginia |

Butterworths Asia is a division of Reed Elsevier (Singapore) Pte Ltd



Butterworths

© Butterworths Asia, 1999

All rights reserved. No part of this publication may be reproduced or transmitted in any material form or by any means, including photocopying and recording, or storing in any medium by electronic means and whether or not transiently or incidentally to some other use of this publication, without the written permission of the copyright holder, application for which should be addressed to the publisher. Such written permission must also be obtained before any part of this publication is stored in a retrieval system of any nature.

ISBN: 962-8105-30-2
Typeset by Impression One Sdn Bhd
Printed and bound by Printmate Sdn Bhd

954                    Companies Ordinance (Cap 32)              [355.01]

## 355.  Saving for privileged communications

Where proceedings are instituted under this Ordinance against any person by the Attorney General nothing in this Ordinance shall be taken to require any person who has acted as solicitor for the defendant to disclose any privileged communication made to him in that capacity.

**[355.01]  England**

This section may be compared with s 369 of the Companies Act 1929 (c 23) [Eng] (repealed).

**[355.02]  General note**

Where a person has acted as a solicitor for a defendant in any proceedings instituted by the Attorney General under this Ordinance, that solicitor cannot be required to disclose any privileged communication which he had with the defendant, acting in that capacity. This provision merely reinforces the legal professional privilege which exists at common law: see for example, the decisions of the High Court of Australia in this regard in *Baker v Campbell* (1983) 153 CLR 52; *Grant v Downs* (1976) 135 CLR 674; and *Corporate Affairs Commission (NSW) v Yuill* (1991) 9 ACLC 843.

### Service of Documents and Legal Proceedings

## 356.  Service of documents on company

A document may be served on a company by leaving it at or sending it by post to the registered office of the company.

**[356.01]  England**

This section may be compared with s 370 of the Companies Act 1929 (c 23) [Eng] (repealed).

**[356.02]  General note**

This section provides that a document may be served on a company by sending it by post to the company's registered office or by leaving it at that office of the company.

**[356.03]  Cases**

The general provisions of s 356 are, in appropriate cases, superseded by more specific provisions (such as s 178(1)(a) above) regarding service: per Mayo J, in *Re YS Lee & Sons Jewellery Co Ltd* [1984] HKC 470 at p 472. A company cannot obtain any benefit from its own failure to learn of the service by post of a writ upon it at its vacated registered office, as s 356 has been complied with: see *United Venture Navigation Co Ltd v Shum Yuen Nim* [1991] 2 HKC 73 at p 86. The question of what constituted service in the ordinary course by post was considered by the Hong Kong Court of Appeal in *Treasure Land Property Consultants (A Firm) v United Smart Development Ltd* [1995] 3 HKC 30 at pp 34–35. The Appeal Court found the trial judge to have erred in taking judicial notice of what he believed to be the ordinary course by post, in the absence of evidence.

[357.01]

357.  Costs in actions by ce

Where a limited company
any judge having jurisdiction
that there is reason to believe
the defendant if successful in
for those costs, and may stay

**[357.01]  England**

This section may be compared wi

**[357.02]  General note**

This section allows the court to re
against a defendant, to provide
plaintiff is unsuccessful in its ac
stay all proceedings against the c

**[357.03]  Cases**

Although this section does not c
provide security, the court has an
*v Hong Kong Chinese Insuran*
1 HKC 617 at p 619; and see *I*
*Insurance Co Ltd & Anor* [1988

## 358.  Power of court to gr

(1)  If in any proceedin
of trust against a person to
hearing the case that that p
default, breach of duty or
reasonably, and that, havin
those connected with his a
negligence, default, breach
either wholly or partly, fron

(2)  Where any person
that any claim will or migh
default, breach of duty or br
the court on any such appl
under this section it would h
against that person for negl
been brought.

(3)  Where any case to
with a jury, the judge, after
defendant ought in pursuan
in part from the liability so
whole or in part from the ju
defendant on such terms as

**EXHIBIT E**

| Chapter: | 622 | **Companies Ordinance** | Gazette Number | Version Date |
|---|---|---|---|---|

| | | **Long title** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

An Ordinance to reform and modernize Hong Kong company law, to restate part of the enactments relating to companies, to make other provision relating to companies, and to provide for incidental and connected matters.

[Parts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 17, 18, 19 and 21 }
Part 2, except— }
    section 27(3), (4), (5) and (6) in so far as it relates to a director or reserve director }
    sections 47, 49, 50, 51 and 52 and Subdivision 2 of Division 7 }
Part 12, except— }
    section 643(1)(a)(ii), (2)(b) and (3)(b) in so far as it relates to a correspondence address }
    sections 643(5), 644, 645(5), 647(4) and (5), 651 and 657(2)(g) }
Part 16, except sections 791(4) and 802(4) and (5) }
Part 20, except section 908 }
Schedules 1, 3, 4, 5, 7, 9 and 10 }
Schedule 2, except section 3(1)(a)(iii) and (2) } 3 March 2014 *L.N. 163 of 2013*]
Schedule 6, except sections 3 and 4 }
Schedule 11, except section 115 }
}

    (Enacting provision omitted—E.R. 1 of 2013)

(Originally 28 of 2012)

| Part: | 1 | **Preliminary** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

    (*Format changes—E.R. 1 of 2013)

_____

**Note:**
**\* The format of Part 1 has been updated to the current legislative styles.**

| Part: | 1 | **Short Title and Commencement** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|
| Division: | 1 | | | |

| Section: | 1 | **Short title and commencement** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1)    This Ordinance may be cited as the Companies Ordinance.
(2)    This Ordinance comes into operation on a day to be appointed by the Secretary for Financial Services and the Treasury by notice published in the Gazette.

| Part: | 1 | **Interpretation of this Ordinance: General** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|
| Division: | 2 | | | |

       (i)   the company; and

       (ii)  every responsible person of the company;

  (b)  a person who commits an offence mentioned in paragraph (a) is liable to a fine not exceeding level 5 and, in the case of a continuing offence, to a further fine not exceeding $1000 for each day during which the offence continues;

  (c)  the Court may—

       (i)   by order compel an immediate inspection of company records;

       (ii)  by order direct that a copy of company records, or a copy of a trust deed, be provided to a person entitled to be provided with the copy; and

       (iii) make any order as to the time, duration and manner of inspection, including the circumstances in which and the extent to which the copying of information is permitted in the course of inspection; and

  (d)  if company records or a trust deed is kept at the office of a person other than the company concerned, an order mentioned in paragraph (c) may be made against that other person and that other person's officers and other employees (if any).

(5)  Nothing in any provision of this Ordinance or in the regulations made under this section is to be construed as preventing a company—

  (a)  from providing more extensive facilities than are required by the regulations; or

  (b)  if a fee may be charged, from charging a lesser fee than that prescribed or none at all.

(6)  In this section—

*trust deed*(信託契據) means a trust deed or any other document securing the issue of debentures.

| Part:<br>Division: | 12<br>4 | **Registered Office and Publication of Company Names** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

| Section: | 658 | **Registered office of company** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1)  A company must have a registered office in Hong Kong to which all communications and notices may be addressed.

(2)  The intended address of a company's registered office stated in the incorporation form registered in respect of the company is to be regarded as the address of its registered office with effect from the date of its incorporation until a notice of change in respect of the address is delivered to the Registrar under subsection (3).

(3)  If the address of a company's registered office is changed, the company must deliver to the Registrar for registration a notice of the change in the specified form within 15 days after the change.

(4)  The inclusion in the annual return of a company of a statement as to the address of its registered office does not satisfy the obligation imposed by subsection (3).

(5)  If a company contravenes subsection (1) or (3), the company, and every responsible person of the company, commit an offence, and each is liable to a fine at level 5 and, in the case of a continuing offence, to a further fine of $1000 for each day during which the offence continues.

| Section: | 659 | **Requirement to disclose company name, etc.** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1)  The Financial Secretary may make regulations to require companies—

  (a)  to display prescribed information in prescribed locations;

  (b)  to state prescribed information in common seals, and in prescribed descriptions of documents or communications; and

  (c)  to provide prescribed information on request to those they deal with in the course of their business.

(2)  The regulations—

  (a)  may in prescribed circumstances require disclosure of the name of the company;

  (b)  may make provision as to the manner in which any prescribed information is to be displayed, stated or provided; and

  (c)  may exempt a company from any requirement of the regulations made under subsection (1).

(3)  The regulations may provide that, for the purposes of any requirement to disclose a company's name, any

(a)   the second business day after the day on which the document or information is sent or supplied;

(b)   the time set out in subsection (3) or (4).

(3)   If that other person is not a company, the time set out for the purposes of subsection (2)(b) is—

(a)   where that other person is a member of the company, the time specified for the purpose in the company's articles;

(b)   where that other person is a debenture holder of the company, the time specified for the purpose in the instrument creating the debenture; or

(c)   where that other person is not such a member or holder, the time specified for the purpose in any agreement between the person and the company.

(4)   If that other person is a company, the time set out for the purposes of subsection (2)(b) is—

(a)   where that other person is a member of the company, the time specified for the purpose in the company's articles;

(b)   where the company is a member of that other person, the time specified for the purpose in the person's articles;

(c)   where that other person is a debenture holder of the company or where the company is a debenture holder of that other person, the time specified for the purpose in the instrument creating the debenture; or

(d)   where neither that other person nor the company is such a member or holder, the time specified for the purpose in any agreement between the person and the company.

| Section: | 825 | **Address specified for purposes of sections 831(3)(b)(iii) and 832(2)(b)** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1)   This section specifies the address, in relation to a document or information sent or supplied by a company to another person, for the purposes of sections 831(3)(b)(iii) and 832(2)(b).

(2)   Subject to subsections (3) and (4), the address is—

(a)   an address specified for the purpose by that other person generally or specifically; or

(b)   an address to which a provision of this Ordinance authorizes or requires the document or information to be sent or supplied.

(3)   If that other person (whether or not a company) is a member, debenture holder, director or company secretary of the company, the address is—

(a)   the address specified in subsection (2); or

(b)   the person's address as shown in the company's register of members, register of debenture holders, register of directors or register of company secretaries.

(4)   If that other person is a company and is not a person covered by subsection (3), the address is—

(a)   the address specified in subsection (2); or

(b)   its registered office.

(5)   If the company is unable to obtain an address specified in subsection (2), (3) or (4), the address is that other person's address last known to the company.

| Section: | 826 | **Effect of this Part on sending documents etc. to Registrar** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

In its application in relation to documents or information to be sent or supplied to the Registrar, this Part has effect subject to Part 2.

| Part: | 18 | **Service of Document on Company** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|
| Division: | 2 | | | |

| Section: | 827 | **Service of document** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

A document may be served on a company by leaving it at, or sending it by post to, the company's registered office.

**EXHIBIT F**

1  Harry A. Zinn (SBN 116397)
   hzinn@yzblaw.com
2  Lester F. Aponte (SBN 143692)
3  laponte@yzblaw.com
4  YOUNG, ZINN & BATE LLP
   888 South Figueroa Street, Fifteenth Floor
5  Los Angeles, California 90017
   Telephone: (213) 362-1860
6  Facsimile:  (213) 362-1861
7
8  Attorneys for Defendant
   CREATE NEW TECHNOLOGY (HK) CO. LTD.
9
                UNITED STATES DISTRICT COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11
                      WESTERN DIVISION
12

13  CHINA CENTRAL TELEVISION, A        Case No.  CV 15-1869 MMM (AJWx)
    China company; ET AL.,
14                                     Assigned for all purposes to:
15                Plaintiffs,          Honorable Margaret M. Morrow
16       vs.                           MEMORANDUM OF POINTS AND
17                                     AUTHORITIES IN SUPPORT OF
    CREATE NEW TECHNOLOGY              MOTION TO WITHDRAW AS
18  (HK) LIMITED, a Hong Kong          COUNSEL FOR DEFENDANT
    Company, ET AL.,                   CREATE NEW TECHNOLOGY (HK)
19                                     CO. LTD.
20                Defendants.
                                       DATE:  June 29, 2015
21                                     TIME:   10:00 AM
22                                     PLACE: Courtroom 780
23
24
25
26
27
28

MEMO OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW AS COUNSEL FOR CREATE

## A.   INTRODUCTION

There is good cause under the Local Rules for counsel to withdraw from representation of Create New Technology (HK) Co. Ltd. ("Create").  *First*, Create has consented to the withdrawal, and *second*, Create has refused to participate in upcoming Court deadlines.  In addition, counsel has complied with the requirements of the Local Rules in seeking withdrawal.

## B.   STATEMENT OF FACTS

Plaintiffs China Central Television, China International Communications, Co., Ltd., TVB Holdings (USA), Inc., and DISH Network, L.L.C. (collectively "Plaintiffs") filed this action on March 13, 2015.  On April 8, counsel for Create (Harry A. Zinn and Lester F. Aponte with the law firm Young, Zinn & Bate LLP), made appearances to file a stipulation extending the time for Create to answer or otherwise respond to April 22.  Create is also represented by attorneys at Morris, Manning & Martin LLP, who due to the issues raised herein, decided not to file motions for admission *pro hac vice* (collectively, with Harry A. Zinn and Lester F. Aponte, "U.S. counsel").

In this case and the related case *Munhwa Broadcasting Corp. v. Create New Technology (HK) Co. Ltd.*, CV14-4213-RGK-RZx (C.D. Cal.)[1], with the exception of one direct call with Create, U.S. counsel has communicated with Create through an independent, intermediary local China counsel Annie Ma, with the law firm of King & Future IP Consultancy Limited, in Shenzhen, PRC ("China counsel"). (Warlick Decl. ¶2.)  U.S. counsel has repeatedly requested more direct communication, but Create has declined.  (*Id.*)  Notwithstanding this added complexity imposed by Create's decision, China counsel was diligent and faithful in her role as intermediary by all appearances.

---

[1] On April 17, Create filed a similar motion to withdraw in the related *Munhwa Broadcasting* case. (CV14-4213 Doc. No. 174.)

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1       On Friday, April 10, 2015, Create directed its U.S. counsel to cease work on

2   this matter, terminated the undersigned counsel's representation of Create, and

3   consented to this motion to withdraw. (*See* Warlick Decl. ¶3, Ex. 1.)  In response to

4   Create's direction to cease work, U.S. counsel gave written notice to Create, through

5   China counsel, of the consequences of its inability to proceed *pro se*. (*Id.* ¶4.)  U.S.

6   counsel also informed Create, through China counsel, of the consequences of

7   Create's directive to cease all work in this matter.  (*Id.* ¶5.)  In addition, on April 13,

8   2015, Create's China counsel confirmed that Create will not file an answer or

9   otherwise respond on April 22 and will not respond to Plaintiffs' motion for

10  preliminary injunction. (*Id.* ¶6.)

11      U.S. counsel has had difficulty in communicating with Create about its

12  discovery obligations in a related case, *Munhwa Broadcasting Corp. v. Create New*

13  *Technology (HK) Co. Ltd.*, CV14-4213-RGK-RZx (C.D. Cal.).  For example, in

14  response to written discovery requests served by plaintiffs on February 17, 2015,

15  U.S. counsel sent a memorandum to Create, through China counsel, summarizing

16  and explaining the written discovery requests, and asking the China counsel to assist

17  in collecting information and documents.  (*Id.* at ¶7, 8.)  Over the next few weeks,

18  U.S. counsel made repeated efforts to supervise Create and China counsel in

19  complying with plaintiffs' discovery requests. (*Id.* at ¶9, 10.)  Nonetheless, Create

20  did not provide certain documents and information requested by U.S. counsel, or

21  adequately explain why the documents and information were not provided, despite

22  repeated efforts by U.S. counsel to obtain the documents and an explanation. (*Id.* at

23  ¶10.)

24      U.S. counsel also had difficulty communicating with Create regarding the

25  deposition of Mr. Wenwei Zhang in the *Munhwa Broadcasting* case.  Weeks before

26  the deposition, Create, through China counsel, confirmed that Mr. Zhang would

27  apply for a U.S. visa to attend depositions in Atlanta on April 1 and 2, 2015. (*Id.*

28  ¶11.)  U.S counsel reminded Create, through China counsel, of the deposition

1  several times. (*Id.*) On March 30, two days before the deposition, Create, through

2  China counsel, informed U.S. counsel for the first time that Mr. Zhang's U.S. visa

3  application had not been granted. (*Id.*) U.S. counsel immediately informed

4  Plaintiffs and the deposition was postponed. (*Id.*)

5      On Thursday, April 9, *Munhwa Broadcasting* plaintiffs filed an *Ex Parte*

6  Application to compel discovery, including the deposition of Mr. Zhang. (CV14-

7  4213, Doc. No. 165.) Magistrate Judge Zarefsky granted the *Ex Parte* Application,

8  on April 13, 2015, compelling certain discovery by April 15. (CV14-4213, Doc.

9  No. 170.) U.S. Counsel, through China counsel, provided Create with a copy and an

10 explanation of this order, but Create has declined to provide any of the ordered

11 discovery or otherwise provide any information for U.S. Counsel to respond. (*See*

12 Warlick Decl. ¶12, 13.)

13     U.S. counsel will continue to provide notice of Court filings to Create. (*Id.*

14 ¶13.) Once U.S. counsel withdraws, the best contact for Create is: Room D, 10/F,

15 Tower A, Billion Centre, 1 Wang Kwong Road, Kowloon Bay, Kowloon, Hong

16 Kong. (Warlick Decl. ¶14.)

17 **C.   LEGAL ARGUMENT**

18     There is good cause for the withdrawal of U.S. counsel because Create

19 consents. *See* L.R. 83-2.3.2, 83-2.3.5; *see Stafford v. Mesnik*, 63 F.3d 1445, 1449

20 (7th Cir. 1995) (noting a "letter to the court confirm[ing] that [the client] had asked

21 [counsel] to stop efforts in his defense"). There is also good cause under the Rules

22 of Professional Conduct of the State Bar of California because of Create's refusal to

23 participate in this litigation. *See* Rule 3-700(C)(1)(d) (allowing permissive

24 withdrawal where the client: "by other conduct renders it unreasonably difficult for

25 the member to carry out the employment effectively.")

26     As discussed above, following repeated attempts by U.S. counsel to have

27 Create comply with its discovery obligations in the *Munhwa Broadcasting* case and

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1   hampered by Create's refusal to communicate with U.S. counsel directly, but instead

2   through Create's China counsel, on Friday, April 10, 2015, Create directed its U.S.

3   counsel to cease work on this matter, terminated the undersigned counsel's

4   representation of Create, and consented to this motion to withdraw. (*See* Warlick

5   Decl. ¶3, Ex. 1.)  The Director of Create, Zhang Wenwei, signed a written consent

6   and approval of this motion.  (*Id.*)  In accordance with L.R. 83-2.3.4, Create has

7   been instructed that it may not proceed *pro se*, and has been given written notice of

8   the consequences of its inability to appear *pro se*.  (*Id.*)

9       Additionally, the withdrawal will not cause any delay or prejudice to

10   Plaintiffs.  Create has instructed U.S. Counsel to cease all substantive work in this

11   matter.  (*See* Warlick Decl. ¶3, Ex. 1.)  Through China counsel, Create has stated

12   that it will not file an answer or otherwise respond on April 22 and will not respond

13   to Plaintiffs' motion for preliminary injunction.  (*See* Warlick Decl. ¶6.)  For

14   example, in the *Munhwa Broadcasting* case, after Magistrate Judge Zarefsky

15   granted the *Ex Parte* Application, compelling certain discovery by April 15, (Doc.

16   No. 170), U.S. Counsel provided a copy of the order and an explanation to Create's

17   China counsel.  (*Id.* ¶12, 13.)  However, Create has not provided any of the ordered

18   discovery or otherwise provided any information for U.S. Counsel to respond.  (*Id.*

19   ¶13)  Thus, in light of Create's refusal to participate further, there is no prejudice to

20   Plaintiffs by undersigned counsel's withdrawal because the undersigned counsel

21   cannot obtain Create's participation in the litigation.  The undersigned counsel's

22   presence (or absence) will have absolutely no impact on any possible delay or

23   prejudice.

24       Finally, withdrawal is warranted under the Rules of Professional Conduct of

25   the State Bar of California based on Create's refusal to respond to upcoming

26   deadlines, and U.S. counsel's inability to effectively communicate with Create.  *See*

27   Rule 3-700(C)(1)(d); *see also Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-

28   CV-1301, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010) (citing Rule 3-

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1    700(C)(1)(d), the Court allowed counsel to withdraw where the client "indicated that

2    it will no longer participate in the litigation"); *U.A. Local 342 Joint Labor–*

3    *Management Committee v. South City Refrigeration, Inc.*, 2010 WL 1293522, * 3

4    (N.D. Cal. Mar. 31, 2010) (finding good cause to withdraw based on, among other

5    things, the client's "fail[ure] to cooperate"); *Lewis v. Nevada County*, 2009 WL

6    463510, *1 (E.D. Cal. Feb. 23, 2009) (allowing withdrawal based on client's failure

7    to cooperate and heed counsel's advice).

8       In accordance with L.R. 83-2.3.3, U.S. counsel has provided notice of this

9    motion to all parties in this action that have made an appearance.  On April 9, 2015,

10   U.S. counsel sent an email regarding the substance of this motion to counsel for

11   Plaintiffs.  On April 13, 2015, Mr. Jeff Lee, Esq., made an appearance on behalf of

12   HongHui Chen.  On April 14, 2015, U.S. counsel sent an email regarding the

13   substance of this motion to Mr. Jeff Lee, Esq.  No other party has made an

14   appearance as of the filing of this motion.

15   **D.    <u>CONCLUSION</u>**

16       Accordingly, Harry A. Zinn and Lester F. Aponte with Young, Zinn & Bate

17   LLP respectfully request that this Court grant the motion to withdraw as counsel for

18   Create.

19

20   DATED:  April 17, 2015           By:    /s/ Lester F. Aponte

21                                 Harry A. Zinn

22                                 Lester F. Aponte

                                   YOUNG, ZINN & BATE LLP

23

24                                 Attorneys for Defendant

                                CREATE NEW TECHNOLOGY (HK)

25                                 CO. LTD.

26

27

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of 18 and not a party to the within action.  My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On April 17, 2015, I hereby certify that I electronically filed the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.** with the Clerk of the Court for the United States District Court, Central District of California. Participants in the case who are registered users will be served by the CM/ECF system, electronically transmitted on the following interested parties in this action at the emails addressed below:

| | |
|---|---|
| Carla A. McCauley, Esq.<br>DAVIS WRIGHT TREMAINE LLP<br>865 So. Figueroa Street<br>24th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 633-6800<br>Fax: (213) 633-6899<br>Email: carlamccauley@dwt.com | Jen-Feng Lee<br>LT PACIFIC LAW GROUP LLP<br>17800 Castleton Street, #560<br>City of Industry, CA 91748<br>Tel: (626) 810-7200<br>Fax: (626) 810-7300<br>Email: jflee@ltpacificlaw.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 17, 2015, at Los Angeles, California.

Patty Flores

7                                                                   9380598 v1

MEMO OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW AS COUNSEL FOR CREATE

**EXHIBIT G**

| Chapter: | 622 | **Companies Ordinance** | Gazette Number | Version Date |
|---|---|---|---|---|

| | | **Long title** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

An Ordinance to reform and modernize Hong Kong company law, to restate part of the enactments relating to companies, to make other provision relating to companies, and to provide for incidental and connected matters.

[Parts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 17, 18, 19 and 21 }
Part 2, except— }
    section 27(3), (4), (5) and (6) in so far as it relates to a director or reserve director }
    sections 47, 49, 50, 51 and 52 and Subdivision 2 of Division 7 }
Part 12, except— }
    section 643(1)(a)(ii), (2)(b) and (3)(b) in so far as it relates to a correspondence address }
    sections 643(5), 644, 645(5), 647(4) and (5), 651 and 657(2)(g) }
Part 16, except sections 791(4) and 802(4) and (5) }
Part 20, except section 908 }
Schedules 1, 3, 4, 5, 7, 9 and 10 }
Schedule 2, except section 3(1)(a)(iii) and (2) }      3 March 2014 *L.N. 163 of 2013*]
Schedule 6, except sections 3 and 4 }
Schedule 11, except section 115 }
}
}

    (Enacting provision omitted—E.R. 1 of 2013)

(Originally 28 of 2012)

| Part: | 1 | **Preliminary** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

    (*Format changes—E.R. 1 of 2013)

_____
**Note:**
**\* The format of Part 1 has been updated to the current legislative styles.**

| Part: | 1 | **Short Title and Commencement** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|
| Division: | 1 | | | |

| Section: | 1 | **Short title and commencement** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1)    This Ordinance may be cited as the Companies Ordinance.
(2)    This Ordinance comes into operation on a day to be appointed by the Secretary for Financial Services and the Treasury by notice published in the Gazette.

| Part: | 1 | **Interpretation of this Ordinance: General** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|
| Division: | 2 | | | |

(i)   the company; and

(ii)   every responsible person of the company;

(b)   a person who commits an offence mentioned in paragraph (a) is liable to a fine not exceeding level 5 and, in the case of a continuing offence, to a further fine not exceeding $1000 for each day during which the offence continues;

(c)   the Court may—

(i)   by order compel an immediate inspection of company records;

(ii)   by order direct that a copy of company records, or a copy of a trust deed, be provided to a person entitled to be provided with the copy; and

(iii)   make any order as to the time, duration and manner of inspection, including the circumstances in which and the extent to which the copying of information is permitted in the course of inspection; and

(d)   if company records or a trust deed is kept at the office of a person other than the company concerned, an order mentioned in paragraph (c) may be made against that other person and that other person's officers and other employees (if any).

(5)   Nothing in any provision of this Ordinance or in the regulations made under this section is to be construed as preventing a company—

(a)   from providing more extensive facilities than are required by the regulations; or

(b)   if a fee may be charged, from charging a lesser fee than that prescribed or none at all.

(6)   In this section—

*trust deed*(信託契據) means a trust deed or any other document securing the issue of debentures.

| Part: Division: | 12 4 | **Registered Office and Publication of Company Names** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

| Section: | 658 | **Registered office of company** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1)   A company must have a registered office in Hong Kong to which all communications and notices may be addressed.

(2)   The intended address of a company's registered office stated in the incorporation form registered in respect of the company is to be regarded as the address of its registered office with effect from the date of its incorporation until a notice of change in respect of the address is delivered to the Registrar under subsection (3).

(3)   If the address of a company's registered office is changed, the company must deliver to the Registrar for registration a notice of the change in the specified form within 15 days after the change.

(4)   The inclusion in the annual return of a company of a statement as to the address of its registered office does not satisfy the obligation imposed by subsection (3).

(5)   If a company contravenes subsection (1) or (3), the company, and every responsible person of the company, commit an offence, and each is liable to a fine at level 5 and, in the case of a continuing offence, to a further fine of $1000 for each day during which the offence continues.

| Section: | 659 | **Requirement to disclose company name, etc.** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1)   The Financial Secretary may make regulations to require companies—

(a)   to display prescribed information in prescribed locations;

(b)   to state prescribed information in common seals, and in prescribed descriptions of documents or communications; and

(c)   to provide prescribed information on request to those they deal with in the course of their business.

(2)   The regulations—

(a)   may in prescribed circumstances require disclosure of the name of the company;

(b)   may make provision as to the manner in which any prescribed information is to be displayed, stated or provided; and

(c)   may exempt a company from any requirement of the regulations made under subsection (1).

(3)   The regulations may provide that, for the purposes of any requirement to disclose a company's name, any

(a) the second business day after the day on which the document or information is sent or supplied;

(b) the time set out in subsection (3) or (4).

(3) If that other person is not a company, the time set out for the purposes of subsection (2)(b) is—

    (a) where that other person is a member of the company, the time specified for the purpose in the company's articles;

    (b) where that other person is a debenture holder of the company, the time specified for the purpose in the instrument creating the debenture; or

    (c) where that other person is not such a member or holder, the time specified for the purpose in any agreement between the person and the company.

(4) If that other person is a company, the time set out for the purposes of subsection (2)(b) is—

    (a) where that other person is a member of the company, the time specified for the purpose in the company's articles;

    (b) where the company is a member of that other person, the time specified for the purpose in the person's articles;

    (c) where that other person is a debenture holder of the company or where the company is a debenture holder of that other person, the time specified for the purpose in the instrument creating the debenture; or

    (d) where neither that other person nor the company is such a member or holder, the time specified for the purpose in any agreement between the person and the company.

| Section: | 825 | **Address specified for purposes of sections 831(3)(b)(iii) and 832(2)(b)** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

(1) This section specifies the address, in relation to a document or information sent or supplied by a company to another person, for the purposes of sections 831(3)(b)(iii) and 832(2)(b).

(2) Subject to subsections (3) and (4), the address is—

    (a) an address specified for the purpose by that other person generally or specifically; or

    (b) an address to which a provision of this Ordinance authorizes or requires the document or information to be sent or supplied.

(3) If that other person (whether or not a company) is a member, debenture holder, director or company secretary of the company, the address is—

    (a) the address specified in subsection (2); or

    (b) the person's address as shown in the company's register of members, register of debenture holders, register of directors or register of company secretaries.

(4) If that other person is a company and is not a person covered by subsection (3), the address is—

    (a) the address specified in subsection (2); or

    (b) its registered office.

(5) If the company is unable to obtain an address specified in subsection (2), (3) or (4), the address is that other person's address last known to the company.

| Section: | 826 | **Effect of this Part on sending documents etc. to Registrar** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

In its application in relation to documents or information to be sent or supplied to the Registrar, this Part has effect subject to Part 2.

| Part: | 18 | **Service of Document on Company** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|
| Division: | 2 | | | |

| Section: | 827 | **Service of document** | L.N. 163 of 2013 | 03/03/2014 |
|---|---|---|---|---|

A document may be served on a company by leaving it at, or sending it by post to, the company's registered office.

<u>PROOF OF SERVICE BY FEDERAL EXPRESS</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Federal Express.  Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the next business day.

On May 1, 2015, I served the following document: **REQUEST TO ENTER DEFAULT AGAINST DEFENDANT CREATE NEW TECHNOLOGY (HK) LIMITED; DECLARATIONS OF CARLA A. MCCAULEY AND TSE WAI SUEN WITH EXHIBITS A TO G** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

SEE ATTACHED SERVICE LIST.

and by sealing the envelope and placing it for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on May 1, 2015, at Los Angeles, California.

☑     Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Tania M. Moore | |
| --- | --- |
| Print Name | Signature |

SERVICE LIST

| | |
|---|---|
| Francis S. Ryu, Esq.<br>Ryu Law Firm<br>5900 Wilshire Blvd., Suite 2250<br>Los Angeles, CA 90036 | Attorney for Club TVpad, Inc. and<br>Bennett Wong |
| Timothy Wang<br>Ni, Wang & Massand, PLLC<br>8140 Walnut Hill Lane, Suite 500<br>Dallas, TX 75231 | Attorneys for newTVpad Ltd. Co. d/b/a<br>newtvpad.com a/k/a TVpad USA AND<br>Liangzhong Zhou |
| Hua Yang International Technology Ltd<br>Room 19c, Lockhart Rd.,<br>301-307 Lockhart Rd.,<br>Wan Chai, Hong Kong, China | |