CARLA A. McCAULEY (State Bar No. 223910
   carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800  Fax: (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
   robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
   lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
   samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
   georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 489-8230  Fax: (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation,<br><br>    Plaintiffs,<br>vs.<br>CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,<br>    Defendants. | Case No.<br>**CV 15-1869 MMM (AJWx)**<br><br>**PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO THE MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.; DECLARATION OF CARLA A. MCCAULEY AND EXHIBITS A AND B**<br><br>Courtroom: 780<br>Date: June 29, 2015<br>Time: 10:00 a.m.<br><br>Complaint Filed: March 13, 2015 |

Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc. and DISH Network L.L.C. ("Plaintiffs") do not oppose the motion to withdraw as counsel for Defendant Create New Technology (HK) Co. Ltd. ("CNT").

However, Plaintiffs note for the record that CNT's decision to concede its counsel's withdrawal along with its decision to default in this action and not provide any response to the pending motion for preliminary injunction, is part of a larger litigation strategy of CNT in this action and another pending action in this district, *Munhwa Broadcasting Corporation, et al. v. Create New Technology (HK) Co. Ltd., et al.*, Case No. CV 14-4213 RGK (RZx) ("Munhwa Case"). As in Plaintiffs' action against CNT, the Munhwa Case also concerns CNT's operation of a massive pirate network through the TVpad device that infringes the copyrights of the plaintiffs in the Munhwa Case. McCauley Decl. Ex. A at 1; *Cf.* Doc. No. 1 (Complaint) at ¶¶ 3-10.

As is clear from the facts provided by counsel in the Motion to Withdraw, as well as the Munhwa Plaintiffs' Statement of Non-Opposition to a similar motion for withdrawal filed in the Munhwa Case, CNT's decision to authorize its counsel's withdrawal in both cases is tactical. After initially entering an appearance in the instant case, and opposing Plaintiffs' ex parte application to expedite the hearing date on Plaintiffs' Motion for Preliminary Injunction, and after also litigating for several months in the Munhwa Case, CNT suddenly reversed course and suspended its defense and conceded withdrawal of its counsel <u>immediately after</u> CNT lost an *ex parte* application to compel discovery from CNT. As discussed in both the Motion to Withdraw filed in this action by counsel for CNT and the Statement of Non-Opposition by Plaintiffs in the Munhwa Case, that discovery would have required the production of documents and a deposition by a key employee of CNT in the Munhwa Case. *See* McCauley Decl. Ex. A at 3:2-22; Doc. No. 56-1 at 3:11-4:12. Rather than respond to discovery regarding CNT's pirate television network, or respond to the

1

NOTICE OF NON-OPPOSITION
DWT 26792919v1 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

pending Motion for Preliminary Injunction in the instant action, CNT has opted to default.

Notably, the Munhwa Case Plaintiffs requested as part of their Statement of Non-Opposition to the Motion to Withdraw that CNT's Answer in that action be stricken so that they could enter a default. *See* McCauley Decl. Ex. A at 3:23-4:13. Plaintiffs' Request for Default as to CNT was both recently entered. *Id*. at Ex. B.

Plaintiffs here have also filed a Request for Default which, as of the date of this filing, remains pending with the Court. *See* Doc. No. 67. Plaintiffs respectfully request that their pending Request for Default against CNT be entered, in light of the instant Motion to Withdraw and counsel's assertions of CNT's intent to default in this action.

DATED: May 15, 2015

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)


By:     /s Carla A. McCauley
            Carla A. McCauley

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.

2

NOTICE OF NON-OPPOSITION
DWT 26792919v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATON OF CARLA A. MCCAULEY

## DECLARATION OF CARLA A. MCCAULEY

I, Carla A. McCauley, declare as follows:

1. I am licensed to practice law before all the courts in the State of California and am admitted to the United States Court of Appeals for the Ninth Circuit. I am a partner at Davis Wright Tremaine LLP, counsel for Plaintiffs in the above-entitled matter. I submit this Declaration in support of Plaintiffs' Non-Opposition to the motion to withdraw of counsel for Defendant Create New Technology (HK) Limited ("CNT"). I have personal knowledge of the facts contained herein, and, if called upon as a witness, I could and would testify competently about these facts, except for those matters stated expressly upon information and belief, which matters are believed to be true.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Statement Notice of Non-Opposition to Counsel for Defendant CNT' Motion to Withdraw filed by counsel for Plaintiffs Munhwa Broadcasting Corporation, MBC America holdings, Inc., Seoul Broadcasting System International, Inc. and KBS America, Inc. in the action entitled *Munhwa Broadcasting Corporation, et al. v. Create new Technology (HK) Co. Ltd., et al.,* Case No. CV 14-4213 RGK (RZx).

3. Attached hereto as **Exhibit B** is a true and correct copy of the default entered by the Clerk in the Munhwa Case against CNT on May 5, 2015.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 15, 2015 at Los Angeles, California.

                                       /s Carla A. McCauley
                                       Carla A. McCauley

3

NOTICE OF NON-OPPOSITION
DWT 26792919v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EXHIBIT A**

Brent D. Sokol (State Bar No. 167537)
Charlotte S. Wasserstein (State Bar No. 279442)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539
bdsokol@JonesDay.com
cswasserstein@JonesDay.com

Attorneys for Plaintiffs
MUNHWA BROADCASTING CORPORATION;
MBC AMERICA HOLDINGS, INC; SEOUL
BROADCASTING SYSTEM INTERNATIONAL,
INC.; and KBS AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MUNHWA BROADCASTING CORPORATION, et al., Plaintiffs, v. CREATE NEW TECHNOLOGY (HK) CO. LTD., et al. Defendants. | Case No. CV14-4213-RGK-RZx<br>Hon. R. Gary Klausner<br><br>**PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO COUNSEL FOR DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.'S MOTION TO WITHDRAW AS COUNSEL AND REQUEST TO STRIKE DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.'S ANSWER**<br><br>Date: May 18, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 850<br>Judge: Hon. R. Gary Klausner |
|---|---|

PLS.' STATEMENT OF NON-OPP. AND REQUEST FOR DEF. CREATE'S ANSWER TO BE STRICKEN

## I. INTRODUCTION

Plaintiffs Munhwa Broadcasting Corporation, MBC America Holdings, Inc., Seoul Broadcasting System International, Inc., and KBS America, Inc. (collectively "Plaintiffs") do not oppose the motion to withdraw as counsel filed by counsel for Defendant Create New Technology (HK) Co. Ltd. ("Create") (Dkt. 174).

However, Plaintiffs request that this Court strike Create's Answer at *the earliest opportunity* so as to permit Plaintiffs to seek the entry of default against Create without further delay. Create's counsel's motion and accompanying declarations make clear that Create has no intention of hiring new counsel or participating in this lawsuit in any fashion, and Create, as a corporate entity, cannot proceed *pro se*. Moreover, Create, in contempt of this Court's discovery and mediation orders, avers through its President, Zhang Wenwei, that Create has been "instructed that it may not proceed *pro se*, and has been given written notice of the consequences of its inability to appear *pro se*" and yet consents to withdrawal nonetheless. (Declaration of B. Warlick, Dkt. 174-2 ("Warlick Decl."), Ex. 1.) Importantly, while tactically disregarding this Court's authority, Create continues to infringe Plaintiffs' copyrights and trademarks on a massive scale, round the clock, to this day, rendering swift adjudication of the case a matter of urgency. As such, good cause exists for the Court to strike Create's Answer as soon as is practicable.

## II. ARGUMENT

Plaintiffs comprise the U.S. subsidiaries of the three major Korean television networks. As detailed in *Plaintiffs' Motion For Summary Judgment On Liability Against Create New Technology (Hk) Co. Ltd. And Du Hyun Song* (Dkt. 181, "Summary Judgment Motion"), Create is the mastermind promoter and controller of a massive global copyright infringement piracy ring at the heart of this lawsuit: Create developed, promotes and controls an internet-based broadcast transmission network through which Plaintiffs' entire catalog of U.S.-copyrighted Korean broadcast television programming is retransmitted by Create to the public, live and

on demand, for free, without authorization, twenty-four hours a day, every day.

*Three days* before Plaintiffs filed their dispositive motion for summary judgment on liability and willfulness against Create (Dkt. 181), and *less than two months before trial*, Create's counsel by its withdrawal motion has informed the Court that Create has "directed its U.S. counsel to cease work on the matter" (Dkt. 174-1 at 3; Warlick Decl. ¶ 5 & Ex. 1). Create, through its President Wenwei— (who is also in violation of this Court's discovery order) avers that Create has been "instructed that it may not proceed *pro se*, and has been given written notice of the consequences of its inability to appear *pro* se" and yet consents to withdrawal nonetheless. (Warlick Decl. Ex. 1.) There is no reason to delay setting in motion the consequences of Create's tactical decision to disregard the authority of this Court. Create's Answer should be stricken without delay, so that Plaintiffs may proceed to request the entry of default against Create.

### A. Procedural Background

Plaintiffs filed this action against Media Journal, Inc. ("Media Journal"), Du Hyun Song, Sung Youn Kim, Best4U., Inc., Chilbo Myunok USA LLC ("Chilbo"), Corea BBQ, Inc., CJ Wilshire, Inc. and Keum S. Kang on June 2, 2014. (Dkt. 1.) On June 30, 2014, Plaintiffs filed their First Amended Complaint. (Dkt. 34.) On November 28, 2014, Plaintiffs filed the now-operative Second Amended Complaint ("SAC"), which names Create as a defendant. (Dkt. 104, 110.) Create answered the SAC on February 10, 2015. (Dkt. 123.)

On February 17, 2015, the Ryu Law Firm, then-counsel for corporate defendants Media Journal and Chilbo, moved to withdraw from the representation. (Dkt. 128.) This Court provided two weeks for Media Journal and Chilbo to retain new counsel (Dkt. 150), and upon notification that neither had done so, granted the Ryu Law Firm's motion to withdraw and struck Chilbo and Media Journal's Answers (Dkt. 158).[1] The Court then granted Plaintiffs' promptly-filed requests for

---
[1] Corporate defendant Best4U, Inc., also represented by the Ryu Law Firm, was in the same position but did retain counsel, and through that counsel stipulated

2

PLS.' STATEMENT OF NON-OPP. AND REQUEST FOR DEF. CREATE'S ANSWER TO BE STRICKEN

1 the entry of default against Media Journal and Chilbo. (Dkt. 163.)

2 After Plaintiffs filed an *ex parte* application indicating that Create had not complied with discovery requests or deposition notices, on March 19, 2015, this Court ordered that Create "comply with its document production obligations by March 27, 2015." (Dkt. 148.) Create's document production omitted thousands of incriminating documents known to be in Create's possession, custody or control, so Plaintiffs moved *ex parte* to compel Create's documents and depositions, as well as to preserve and produce server request data and logs. (Dkt. 165.) On April 13, 2015, Magistrate Judge Zarefsky granted that application in part, requiring Create to (1) produce certain responsive and relevant documents, including TVpad network server log data, (2) preserve TVpad network server log data, including all user request data, on a prospective basis, and (3) produce its President and 30(b)(6) witness Mr. Zhang Wenwei for depositions on or by April 16, 2015. (Dkt. 171.)

On April 17, 2015, Create's counsel filed the instant motion to withdraw. (Dkt. 174.) Counsel represented in that motion and the accompanying declarations that "Create will not provide a 30(b)(6) witness for deposition in this case; that Zhang Wenwei will not participate in a deposition; that Create will not participate in any mediation; and that Create will not provide any additional documents or responses to discovery." (Dkt. 174-1 at 3.) Importantly, Create's counsel also declared that Create has instructed them to "cease all work in this matter," and that Create has been informed of the consequences of its inability to proceed *pro se*. (Warlick Decl., ¶ 5 & Ex. 1.)

**B.    Good Cause Exists To Strike Create's Answer.**

Because Create has indicated that it has no intention of either retaining new counsel or participating in this lawsuit, its Answer should be stricken so that

---

(continued…)

to a consent judgment as to Plaintiffs' claims against it, which Plaintiffs have lodged with the Court for approval. (Dkt. 177.)

3

PLS.' STATEMENT OF NON-OPP. AND REQUEST FOR DEF. CREATE'S ANSWER TO BE STRICKEN

Plaintiffs can promptly request that default be entered. Create has decided that it will not produce documents, participate in mediation or permit its U.S. counsel to do any work whatsoever in connection with this lawsuit. (Dkt. 174-1 at 3.) Create is well aware that this decision is likely to cause the Court to strike its Answer, for two reasons. *First*, Create executed a consent to its counsel's withdrawal motion that expressly states Create has been "instructed that it may not proceed *pro se*, and has been given written notice of the consequences of its inability to appear *pro* se" and yet consents to withdrawal nonetheless. (Warlick Decl., Ex. 1.) *Second*, those "consequences" would obviously include the striking of Create's Answer, given that this Court did precisely that after corporate defendants Media Journal and Chilbo failed to retain counsel in the wake of their counsel's withdrawal motion. (Dkt. 158, 163.) The immediate striking of Create's Answer is a just outcome, as Create's determination to ignore Plaintiffs' suit should not be countenanced.

### C. Time Is Of The Essence.

As detailed in Plaintiffs' Summary Judgment Motion, Create continues *to this day* to contributorily and vicariously infringe Plaintiffs' copyrights and trademarks, to induce others to do the same, to reap handsome profits from its U.S. customers and distributors in connection with that illegal conduct, and to do all of this *willfully*, with actual knowledge that its entire business model violates American copyright and trademark law on a round-the-clock basis. (Dkt. 181-1 [Motion for Summary Judgment] at 3-4, 14, 17; Dkt. 181-2 [Statement of Undisputed Facts] ¶¶ 13, 14, 23, 31, 43, 161.) Plaintiffs' expert has calculated that the damages stemming from Create's ongoing infringement *each day* are significant. (*See* Dkt. 175 [Sokol Decl.] Ex. 1 [Blum Report], filed under seal.) Equity demands that Create's Answer be stricken without delay, so that Plaintiffs can proceed to request the entry of default against Create.

### III. CONCLUSION

Plaintiffs do not oppose Create's counsel's motion to withdraw, but

respectfully request that the Court strike Create's Answer (Dkt. 123) as soon as is practicable.

Dated: April 22, 2015          JONES DAY

By: */s/ Brent D. Sokol*
      Brent D. Sokol

Attorneys for Plaintiffs

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Munhwa Broadcasting Corporation | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | 2:14-cv-4213-RGK(RZx) |
| Doo Hyun Song, et al | **DEFAULT BY CLERK** **F.R.Civ.P. 55(a)** |
| DEFENDANT(S). | |

It appearing from the records in the above-entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Create New Technology (HK) Co. Ltd.

Clerk, U. S. District Court

May 5, 2015      By Brent Pacillas

Date      Deputy Clerk

CV-37 (10/01)      **DEFAULT BY CLERK F.R.Civ.P. 55(a)**

PROOF OF SERVICE BY FEDERAL EXPRESS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the next business day.

On May 15, 2015, I served the following document **PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO THE MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CREATE NEW TECHNOLOGY (HK) CO. LTD.; DECLARATION OF CARLA A. MCCAULEY AND EXHIBITS A AND B** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

SEE ATTACHED SERVICE LIST.

and by sealing the envelope and placing it for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on May 15, 2015, at Los Angeles, California.

☑ Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____Tania M. Moore_____   _/s/ Tania M. Moore_
Print Name                      Signature

## SERVICE LIST

| | |
|---|---|
| Francis S. Ryu, Esq.<br>Ryu Law Firm<br>5900 Wilshire Blvd., Suite 2250<br>Los Angeles, CA 90036 | Attorney for Club TVpad, Inc. and Bennett Wong |
| Timothy Wang<br>Ni, Wang & Massand, PLLC<br>8140 Walnut Hill Lane, Suite 500<br>Dallas, TX 75231 | Attorneys for newTVpad Ltd. Co. d/b/a newtvpad.com a/k/a TVpad USA AND Liangzhong Zhou |
| Hua Yang International Technology Ltd<br>Room 19c, Lockhart Rd.,<br>301-307 Lockhart Rd.,<br>Wan Chai, Hong Kong, China | |