## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-01869 MMM (AJWx) | Date | May 28, 2015 |
|---|---|---|---|

| Title | *China Central Television, et al. v. Create New Technology HK Limited, et al.* |
|---|---|

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Granting Plaintiffs' Requests for Entry of the Defaults of Defendants Hua Yang International Technology Ltd. [Docket No. 64] and Create New Technology HK Ltd. [Docket No. 67]

### I. BACKGROUND

On March 13, 2015, China Central Television, China International Communications Co., Ltd., TVB Holdings USA , Inc., and Dish Network, LLC (collectively, "plaintiffs") filed this copyright infringement action against Create New Technology HK Ltd., Hua Yang International Technology Ltd., Shenzhen GreatVision Network Technology Co. Ltd., Club Tvpad, Inc., Bennett Wong, Asha Media Group, Amit Bhalla, newTVpad Ltd. Co., Liangzhong Zhou, Honghui Chen, and various fictitious defendants (collectively, "defendants").[1] On March 24, 2015, plaintiffs filed proofs of service on Create New Technology HK Ltd. ("Create") and Hua Yang International Technology Ltd. ("Hua Yang").[2] The proofs of service indicate that a Hong Kong solicitor, Leung Shun Chi, served Create and Hua Yang on March 18 and March 17, 2015, respectively; Chi purportedly delivered the summons and complaint to

---

[1]Complaint, Docket No. 1 (Mar. 13, 2015).

[2]See Proof of Service Executed by Plaintiff China International Communications Co. Ltd., China Central Television, TVB Holdings USA, Inc., and Dish Network LLC, on Defendant Create New Technology HK Limited ("Create Proof of Service"), Docket No. 38 (Mar. 24, 2015); Proof of Service Executed by Plaintiff China International Communications Co. Ltd., China Central Television, TVB Holdings USA, Inc., and Dish Network LLC, on Defendant Hua Yang International Technology Limited ("Hua Yang Proof of Service"), Docket No. 39 (Mar. 24, 2015).

Create's and Hua Yang's respective registered offices in compliance with § 827 of the Companies Ordinance, Chapter 622 of the Laws of Hong Kong.[3]

On April 27, 2015, plaintiffs filed sought the entry of enter Hua Yang's default as to the complaint.[4] On May 1, 2015, they sought the entry of Create's default.[5] The clerk issued notices of deficiency regarding plaintiffs' requests.[6] Because the clerk does not have authority to determine the propriety of foreign service, the requests were forwarded to the court for consideration.

## II. DISCUSSION

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4" of the Federal Rules of Civil Procedure. *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4[, however,] is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (citing *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).

Rules 4(h)(2) and 4(f) of the Federal Rules of Civil Procedure set forth the process for serving a foreign corporation outside the judicial districts of the United States. Rule 4(h)(2) provides that a corporation "not within any judicial district of the United States, [may be served] in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." See FED.R.CIV.PROC. 4(h)(2). Rule 4(f)(1) states that a plaintiff may serve a litigant who is not present within a judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED.R.CIV.PROC. 4(f)(1); see also Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention").[7]

---

[3]Create Proof of Service at 2; Hua Yang Proof of Service at 2.

[4]Request for Entry of Default Against Defendant Hua Yang International Technology Limited ("Hua Yang Request"), Docket No. 64 (Apr. 27, 2015).

[5]Request for Entry of Default Against Defendant Create New Technology HK Limited ("Create Request"), Docket No. 67 (May 1, 2015).

[6]See Notice of Deficiency Re: Request for Entry of Default Against Defendant Hua Yang International Technology Limited, Docket No. 66 (Apr. 28, 2015); Notice of Deficiency Re: Request for Entry of Default Against Defendant Create New Technology HK Limited, Docket No. 68 (May 4, 2015).

[7]Subsections (f)(2) and (f)(3) of Rule 4 are inapplicable. Rule 4(f)(2) applies only "if there is no internationally agreed means, or if an international agreement allows but does not specify other means" of service. See FED.R.CIV.PROC. 4(f)(2). Here, the Hague Convention governs. Rule 4(f)(3)

Compliance with the Hague Convention is mandatory in all cases in which it applies. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); see also *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (holding that compliance with the Hague Convention is mandatory in cases involving service in a signatory country). Hong Kong is a party to the Hague Convention. See *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, *6 (N.D. Ill. Apr. 19, 2013) ("The Hague Convention is in force in Hong Kong"); *McIntire v. China MediaExpress Holdings, Inc.*, 927 F.Supp.2d 105, 132 (S.D.N.Y. 2013) ("Both the United States and Hong Kong are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, *2 (N.D. Cal. Mar. 27, 2012) ("Anguilla, Antigua, Hong Kong, and Canada are signatories to or bound by the Hague Convention on Service Abroad of Judicial and Extrajudicial documents" (citations omitted)); *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 630 (S.D. Fla. 2012) ("Hong Kong is a signatory to the Hague Service Convention"); *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 WL 3823390, *18 (S.D. Fla. Nov. 16, 2009) ("Along with the United States, in excess of forty other countries, including Germany, China, and Hong Kong SAR, have acceded to the Hague Convention"); *Silver Top Ltd. v. Monterey Industries, Ltd.*, No. 94 Civ. 5731 (LMM), 1995 WL 70599, *2 (S.D.N.Y. Feb. 21, 1995) ("Hong Kong is a party to the Hague Convention"). In this case, the relevant provisions of the Hague Convention are Articles 5 and 10.[8]

> "Service pursuant to [Article 5] of the Hague Convention may be effected by forwarding the summons and complaint to the 'Central Authority' for the country in which service is to be made, along with a form Request For Service containing[,] *inter alia*, a form Summary of the Documents to be Served. Once the Central Authority has served a document, it is required to 'complete a certificate' stating that 'the document has been

---

permits service in a place not within any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court." FED.R.CIV.PROC. 4(f)(3). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." See *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Because plaintiffs did not seek a court order respecting service, they cannot invoke Rule 4(f)(3).

[8]Article 5 provides: "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either – (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed." Hague Convention, art. 5.

Article 10 states: "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, (b) the freedom of judicial officers, officials, or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Hague Convention, art. 10.

served and . . . the method, the place and the date of service and the person to whom the document was delivered.' The Hague Convention expressly provides that '[w]here a . . . summons . . . had to be transmitted abroad for the purpose of service, under the provisions of the [Hague] Convention, and the defendant has not appeared, judgment shall not be given unless it is established that . . . the service or delivery was effected in sufficient time to enable the defendant to defend.'" *Arnold v. Royal Bank of Canada Trust Co. (Cayman)*, No. 13–cv–3171–H (RBB), 2014 WL 1871728, *1-2 (S.D. Cal. May 8, 2014) (citing *Universal Trading & Inv. Co. v. Kiritchenko,* No. CV-99-3073 MMC, 2007 WL 295548, *2 (N.D. Cal. Jan.30, 2007) (refusing to enter default judgment because the plaintiff had not provided adequate certification from the Central Authority of the Cayman Islands that service of process was accomplished)).

In support of plaintiffs' requests for entry of default, their attorney, Carla A. McCauley, has submitted a declaration stating that, on March 17 and 18, 2015, she caused the summons and complaint to be served on Hua Yang and Create.[9] She references a proof of service, which shows that, on March 17, 2015, Leung Shun Chi, a Solicitor of the High Court of Hong Kong, served the summons and complaint by personally delivering them to Hua Yang's registered office at Room 19C, Lockhart Center, 301-307 Lockhart Road, Wan Chai, Hong Kong.[10] McCauley also references a proof of service on Create, which states that Chi served the summons and complaint on March 18, 2015, by personally delivering them to Create's registered office at Room D, 10/F, Tower A, Billion Centre, 1 Wang Kwong Road, Kowloon Bay, Kowloon, Hong Kong.[11] Plaintiffs have not adduced evidence that they forwarded the summons and complaint to the Hong Kong Central Authority or that they received a certificate of service from the Central Authority stating that the documents had been properly served. For that reason, plaintiffs have not properly served Create or Hua Yang under Article 5 of the Hague Convention.

In addition to establishing a new and uniform system of service through the Central Authority, Article 10 of the Hague Convention provides that the convention "shall not interfere with" other enumerated types of service "[p]rovided the State of destination does not object." See Hague Convention, art. 10; see also *Brockmeyer*, 383 F.3d at 801 (applying Article 10(a) to permit service by mail in lieu of service through the Central Authority); *Koehler v. Dodwell*, 152 F.3d 304, 307 (4th Cir. 1998) (personal service on a defendant who was a citizen of Bermuda was proper under Article 10(b)). These other types of service include, *inter alia*:

> "b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Hague Convention, art.

---

[9] Create Request, Declaration of Carla A. McCauley, ¶ 3; Hua Yang Request, Declaration of Carla A. McCauley, ¶ 3.

[10] Hua Yang Request, Exh. A; *id.*, Declaration of Carla A. McCauley, ¶ 3; Hua Yang Proof of Service at 2-4.

[11] Create Request, Declaration of Carla A. McCauley, ¶ 3; Create Proof of Service at 2-4.

10.

"Hong Kong has not objected to Article 10(b) of the Hague Convention allowing for service of judicial documents directly through 'other competent persons.'" *In re Cyrus II Partnership*, 392 B.R. 248, 258 (S.D. Tex. 2008).[12]  Article 10(b) "permits direct service" on a foreign individual or corporation provided the service complies with the law of the foreign state. *BBK Tobacco & Foods LLP v. Juicy eJuice*, No. CV-13-00070-PHX-GMS, 2014 WL 1686842, *3 (D. Ariz. Apr. 29, 2014).  Hong Kong permits personal service on corporations. Section 827 of the Companies Ordinance, codified at Chapter 622 of the Laws of Hong Kong, provides that "[a] document may be served on a company by leaving it at, or sending it by post to, the company's registered office.  Companies Ordinance, (2014) Cap. 622, 312, § 827 (H.K.); see also *In re Cyrus*, 392 B.R. at 257-58 (concluding that the Companies Ordinance permitted personal service of process on corporations).[13]

As noted, McCauley states that service was effected on Hua Yang and Create in compliance with the Companies Ordinance on March 17 and 18, 2015.[14]  Plaintiffs have also proffered the declaration of Tse Wai Suen, a Solicitor of the High Court of Hong Kong, who states that another solicitor in his office – Leung Shun Chi – personally served Hua Yang and Create in compliance with Hong Kong law at their registered offices.[15]  This showing suffices to support a finding that plaintiffs properly served Hua Yang and Create under Hong Kong law, and hence that they complied with Article 10(b) and Rules 4(h) of the Federal Rules of Civil Procedure.  See, e.g., *Agit Global, Inc. v. Wham-O, Inc.*, No. 2:09-cv-08133-CAS (JCx), 2014 WL 1365200, *1 n.2 (C.D. Cal. Apr. 7, 2014) ("Although Holding has not filed an opposition, it has been properly served under the Hague Convention on the Service of Judicial and Extrajudicial Documents.  In this regard, on February 28, 2014, a Hong Kong solicitor served Holding by posting a copy of plaintiffs' motion and supporting documents to Holding's registered Hong Kong Office" (citation omitted)); *In re Cyrus*, 392 B.R. at 257-58 (concluding that service of process under the Companies Ordinance satisfied the Hague Convention and the Federal Rules of Civil Procedure).  Accordingly, the court grants plaintiffs' request that Hua Yang's and Create's defaults be entered as to the complaint.

---

[12]See also CHINA (HONG KONG) – CENTRAL AUTHORITY & PRACTICAL INFORMATION, Hague Conference on Private International Law, available at http://www.hcch.net/index_en.php?act=authorities.details&aid=393 (last visited May 21, 2015) (noting that Hong Kong has not objected to Article 10(b), that "a private agent (usually a firm of solicitors) may be appointed directly to effect service," and that "[s]uch service can be effected directly without going through the Government or the judiciary").

[13]See also Hua Yang Request, Exh. E; Create Request, Exh. E.

[14]Hua Yang Request, Declaration of Carla A. McCauley, ¶ 3; Create Request, Declaration of Carla A. McCauley, ¶ 3.

[15]See Hua Yang Request, Declaration of Tse Wai Suen, ¶¶ 1-7; Create Request, Declaration of Tse Wai Suen, ¶¶ 1-7.

### III. CONCLUSION

For the reasons stated, the court grants plaintiffs' request for entry of the defaults of Hua Yang International Technology Limited and Create New Technology HK Limited as to the complaint. The clerk is directed to enter the defaults forthwith.