CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.: (213) 633-6800  Fax: (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
    samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York  10019
Tel.: (212) 489-8230  Fax: (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br> Defendants. | Case No. <br> **CV 15-1869 MMM (AJWx)** <br><br> **EX PARTE APPLICATION FOR EXTENSION OF DEADLINE TO FILE MOTION FOR DEFAULT JUDGMENT; DECLARATION OF CARLA A. MCCAULEY AND EXHIBITS A THROUGH C** <br><br> Courtroom:   780 <br> Judge:         Hon. Margaret M. Morrow <br><br> [Proposed Order concurrently submitted] <br><br> Complaint Filed:  March 13, 2015 |

PLAINTIFFS' EX PARTE APPLICATION

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7-19, Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively "Plaintiffs") hereby apply *ex parte* for issuance of an Order extending the deadline for Plaintiffs to file their motion for default judgment against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited (collectively the "CNT Group Defendants") by 60 days, up to and including September 4, 2015, to permit Plaintiffs to complete limited third-party discovery necessary for Plaintiffs' motion for default judgment.

Good cause exists to grant this Ex Parte Application because the discovery Plaintiffs seek is necessary to show the extent of damages Plaintiffs have sustained through the actions of the CNT Group Defendants and to support Plaintiffs' request for damages in their motion for default judgment. If Plaintiffs are forced to file their motion for default judgment against the CNT Group Defendants by July 6, 2015, pursuant to the current schedule set by the Court, Defendants would not be able to obtain the discovery they seek in time. Thus, without the requested relief, Plaintiffs may not be able to set forth the full basis for their claim for damages in their motion for default judgment as to the CNT Group Defendants because they may not be able to introduce the necessary documents in support of their motion.

Plaintiffs have contacted all Defendants that have appeared in this action (excluding CNT, which appeared but has now defaulted) and those Defendants have stipulated pursuant to Rule 26(d)(1) to permit Plaintiffs to conduct the third-party discovery described in this Ex Parte Application before the parties conduct their Rule 26(f) meeting of counsel, as set forth in the accompanying declaration of Carla A. McCauley at Paragraph 4. Plaintiffs have also contacted all Defendants that have appeared in this action to give notice of the instant Ex Parte pursuant to Local Rule 7-19. *See* McCauley Decl. ¶ 8, Ex. C. None of Defendants have indicated they will oppose this Ex Parte after receiving notice. *See* McCauley Decl. ¶ 8. Because the

PLAINTIFFS' EX PARTE APPLICATION
DWT 27047830v2 0094038-000021

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

remaining defendants that have been served are in default, Plaintiffs need not contact them about this application.

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Carla A. McCauley and accompanying exhibits, the pleadings and files in this action, and such other argument and evidence as may be presented at any hearing on the Application.


DATED: June 16, 2015          DAVIS WRIGHT TREMAINE LLP
                              CARLA A. McCAULEY
                              ROBERT D. BALIN (*pro hac vice*)
                              LACY H. KOONCE, III (*pro hac vice*)
                              SAMUEL BAYARD (*pro hac vice*)
                              GEORGE WUKOSON (*pro hac vice*)



                              By:_____/s Carla A. McCauley_____
                                          Carla A. McCauley

                              Attorneys for Plaintiffs
                              CHINA CENTRAL TELEVISION; CHINA
                              INTERNATIONAL COMMUNICATIONS CO.,
                              LTD.; TVB HOLDINGS (USA), INC.; AND
                              DISH NETWORK L.L.C.

PLAINTIFFS' EX PARTE APPLICATION
DWT 27047830v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

On March 13, 2015, Plaintiffs filed their Complaint in this action for copyright and trademark infringement based upon Defendants' operation of a pirate broadcasting network that perpetrates and facilitates copyright infringement on a massive scale.  This pirate network streams entire CCTV and TVB television channels over the Internet to U.S. users of the "TVpad" set-top box, 24 hours a day and seven days a week. CNT and its affiliates accomplish this piracy in part through a peer-to-peer network—like Napster, Grokster, and BitTorrent—through which TVpad users not only receive unauthorized foreign programming in the U.S., but underline retransmit it to large numbers of other TVpad users.

As of the date of this Ex Parte, Plaintiffs have served all but one of the named Defendants.[1]  On May 28, 2015, the Court entered default against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited (collectively the "CNT Group Defendants").  (Dkt. No. 88.)  On May 29, 2015, the Court, *sua sponte*, issued an Order directing Plaintiffs to file their application for default judgment as to the CNT Group Defendants by July 6, 2015.  (Dkt. No. 89.)

Through this Ex Parte Application, Plaintiffs seek a short 60-day extension within which to gather evidence supporting their claim for damages against the CNT Group Defendants.  Plaintiffs will be serving subpoenas pursuant to Federal Rule of Civil Procedure 45 on several third parties with information relevant to Plaintiffs' claim for damages against the CNT Group Defendants.  The extension of time to file a default judgment motion is necessary because the current deadline set for Plaintiffs to file a motion for default judgment would not provide sufficient time for these third

---

[1] Defendant Shenzhen Greatvision Network Technology Co. Ltd. is based in mainland China and subject to Hague Convention service protocols; Plaintiffs have initiated service through the Hague Convention, but service has not yet been completed.

PLAINTIFFS' EX PARTE APPLICATION
DWT 27047830v2 0094038-000021

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

parties to respond to Plaintiffs' subpoenas sufficiently in advance of the July 6, 2015 deadline to allow Plaintiffs to include in the motion evidence Plaintiffs anticipate receiving from the subpoenaed third parties.  McCauley Decl. ¶¶6-7.

As of June 15, 2015, all parties that have appeared in this action have agreed to stipulate to permit Plaintiffs to obtain this discovery prior to the parties' required conference of counsel, pursuant to F.R.C.P. 26(d).  In addition, none of the Defendants that have appeared object to Plaintiffs' request for additional time within which to file their motion for default judgment against the CNT Group Defendants.  McCauley Decl. ¶ 8.

## II.     ARGUMENT

This Court has held that *ex parte* relief is appropriate if:

(1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and

(2) the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g. Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 495 (C.D. Cal. 1995).  Plaintiffs meet both tests.

First, this Application seeks only a modest extension of time for Plaintiffs to file their default judgment motion against the CNT Group Defendants.  This extension is necessary to enable Plaintiffs to take limited third-party discovery in support of their claim for copyright and trademark damages.  Although Plaintiffs are likely to elect to seek statutory damages against the CNT Group Defendants, given their inability to seek discovery of the defaulting CNT Group Defendants, under Ninth Circuit precedent courts look to, *inter alia*, the level of sales of infringers in order to help determine the appropriate level of statutory damages.  *See, e.g., Rovio Entertainment Ltd. v. Royal Plus Toys, Inc.,* C 12-05543 SBA (LB), 2013 U.S. Dist. LEXIS 186296 *25-26 (N.D. Cal. 2013) (holding $700,000 in statutory damages for infringement of 7 copyrights bore plausible relationship to actual damages in light of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

evidence defendant imported of tens of thousands of infringing plush toys and had $350,000 in sales from May 2012 through January 2013); *Craigslist, Inc. v. Kerbel*, 2012 U.S. Dist. LEXIS 108573 *51 (N.D. Cal. Aug. 2, 2012) (holding third-party discovery of defendant's gross sales substantiated damages for Lanham Act violation following default by defendant). Here, Plaintiffs will seek discovery of, for example, records from third parties that have assisted the CNT Group Defendants in distributing content in the United States, such as CNT's warehouse facility in California. Without the requested extension, Plaintiffs' cause would be irreparably prejudiced because they would be forced to file their motion for default judgment without the documents and information they believe necessary to support their claim for damages against the CNT Group Defendants, leading to entry of a default judgment without the necessary and rightful damages award.

The current July 6, 2015, deadline set for Plaintiffs to file their default judgment motion against the CNT Group Defendants does not afford Plaintiffs sufficient time to conduct this necessary discovery. Plaintiffs anticipate being able to serve subpoenas on the third parties in question the week of June 15, with return dates set for production of documents within 10 to 20 days thereafter. *See* McCauley Decl. ¶ 5. Plaintiffs were unable to serve discovery earlier because the parties who have appeared in the action had not yet had the chance to have their Rule 26(f) conference of counsel. *See* F.R.C.P. 26(d). The parties have not conducted their Rule 26(f) conference of counsel, in part because the Scheduling Conference in this case is not until August 31, 2015. (Dkt. No. 81.) *See* McCauley Decl. ¶ 4. However, Plaintiffs and all Defendants that have appeared in this action have now agreed to stipulate to permit Plaintiffs to proceed with the limited third-party discovery Plaintiffs felt necessary to support their claim for damages in their motion for default judgment, pursuant to Rule 26(d)(1). *See* McCauley Decl. ¶ 4. That stipulation was signed by all Defendants by June 15, 2015. *See* McCauley Decl. ¶ 4 and Ex. A.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs could not have sought relief through regularly noticed motion because the July 6, 2015, deadline for filing their motion for default judgment is less than 28 days from the date of this Application. *See* Local Rule 6-1. Moreover, even had Plaintiffs sought to notice a motion immediately after receiving the Court's May 29, 2015 Order setting the deadline for filing their motion for default judgment, they would not have been able to schedule a hearing for any date before July 6, 2015. This is because they would not have been able to meet and confer with defendants seven days prior to filing the motion, as required by Local Rule 7-3, and because the Court's calendar did not list an available hearing date for a noticed motion prior to July 6, 2015. *See* Declaration of Carla McCauley ¶¶ 6-7.

<u>Second</u>, Plaintiffs are without fault in creating this emergency. One day after entering default against the CNT Group Defendants, on May 29, 2015, the Court, *sua sponte*, set the deadline for Plaintiffs to file their default judgment motion against the CNT Group Defendants for July 6, 2015. (Dkt. No. 89.); McCauley Decl. ¶ 3. As already set forth above, Plaintiffs would not have been able to proceed through regularly noticed motion at that time because they would not have been able to conduct the required Local Rule 7-3 meet and confer, and because the Court's calendar did not list an available hearing date for a noticed motion prior to July 6, 2015.

///

///

PLAINTIFFS' EX PARTE APPLICATION

DWT 27047830v2 0094038-000021

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III.  CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that the Court grant their Ex Parte Application and extend the deadline for Plaintiffs to file a motion for default judgment as to the CNT Group Defendants by 45 days, up to and including August 20, 2015.

DATED: June 16, 2015

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)


By:_____/s Carla A. McCauley_____
                    Carla A. McCauley

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATON OF CARLA A. MCCAULEY

# DECLARATION OF CARLA A. MCCAULEY

I, Carla A. McCauley, declare as follows:

1.     I am licensed to practice law before all the courts in the State of California and am admitted to the United States Court of Appeals for the Ninth Circuit.  I am a partner at Davis Wright Tremaine LLP, counsel for Plaintiffs in the above-entitled matter.  I submit this Declaration in support of Plaintiffs' Ex Parte Application for an extension of time to file their default judgment motion as to Defendants Create New Technology (HK) Limited ("CNT") and Hua Yang International Technology Limited ("HYIT") (collectively the "CNT Group Defendants").  I have personal knowledge of the facts contained herein, and, if called upon as a witness, I could and would testify competently about these facts, except for those matters stated expressly upon information and belief, which matters are believed to be true.

2.     On April 27, 2015, I caused to be filed the Request for Default as to HYIT, and on May 1, 2015, I caused to be filed the Request for Default as to CNT.

3.     The Clerk entered Plaintiffs' Request for Default as to the CNT Group Defendants on May 28, 2015.  On May 29, 2015, the Court ordered Plaintiffs to file their Motion for Default Judgment not later than July 6, 2015.

4.     The Scheduling Conference in this action is not set until August 31, 2015.  Plaintiffs have not yet been able to engage in third party discovery that would support their motion for default judgment because those parties remaining in this action have not yet held their Rule 26(f) conference.  Consequently, Plaintiffs requested that all of the served Defendants who have made an appearance in this action, and who have not defaulted, stipulate that Plaintiffs may conduct discovery of third parties relevant to Plaintiffs' motion for default judgment prior to completion of the Rule 26(f) conference.  Defendants stipulated to Plaintiffs request for early discovery by June 15, 2015.  A true and correct copy of the Stipulation is attached hereto as **Exhibit A**.

PLAINTIFFS' EX PARTE APPLICATION
DWT 27047830v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.      Plaintiffs anticipate serving approximately 4 to 6 subpoenas on third parties to seek discovery in the form of document production and depositions, as required, to substantiate Plaintiffs' request for damages in its default judgment motion against the CNT Group Defendants.  This discovery will seek to determine the number of shipments made by the CNT Group Defendants of TVpads into the United States, the CNT Group Defendants' gross sales in the United States, and the scope of the CNT Group Defendants' user base in the United States.  This evidence is critical to Plaintiffs' showing of the damages Plaintiffs intend to request in their default judgment motion.  Plaintiffs anticipate serving these subpoenas during the week of June 15, 2015, with the return dates set for production of documents and any necessary depositions within 10 to 20 days thereafter.

6.      Plaintiffs could not have sought the relief requested through the instant Ex Parte through regularly noticed motion because the July 6, 2015 deadline for filing their motion for default judgment is less than 28 days from the date of this Application.  Even had Plaintiffs sought to notice a motion immediately after receiving the Court's May 29, 2015 Order setting the deadline for filing their motion for default judgment, they would not have been able to schedule a hearing for any date before July 6, 2015.

7.      First, there was insufficient time to both meet and confer pursuant to Local Rule 7-3 sufficiently in advance of filing a regularly noticed motion, and still be able to set any motion for hearing preceding the July 6, 2015 deadline.  Second, the Court's motion calendar had no available hearing dates for a noticed motion prior to July 6, 2015 at the time the Court issued its order directing Plaintiffs to file their default judgment motion.  Attached hereto as **Exhibit B** is a true and correct copy of the Court's closed motion dates that I accessed and printed from the Internet on June 11, 2015, and which shows that the first available hearing date as of May 29, 2015 when the Court issued its order was August 3, 2015—a month after the deadline for Plaintiffs to file their motion for default judgment.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8.      On June 16, 2015, my colleague, Lance Koonce, gave notice of the instant ex parte to all Defendants who have made an appearance in this action and who have not defaulted.  I was copied on these communications.  Attached hereto as Exhibit C are true and correct copies of Mr. Koonce's notification emails.  Counsel for Asha Media and Amit Bhalla, newTVpad, Liangzhong Zhou and Honghui Chen stated that they did not oppose this ex parte.  Counsel for Clubtvpad and Bennett Wong provided no response indicating he intended to oppose the ex parte.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 16, 2015 at Los Angeles, California.

_____/s Carla A. McCauley_____
Carla A. McCauley

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EXHIBIT A**

1  CARLA A. McCAULEY (State Bar No. 223910
       carlamccauley@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
3  Los Angeles, California  90017-2566
   Tel.:  (213) 633-6800  Fax:  (213) 633-6899
4
   ROBERT D. BALIN (*pro hac vice*)
5      robbalin@dwt.com
   LACY H. KOONCE, III (*pro hac vice*)
6      lancekoonce@dwt.com
   SAMUEL BAYARD (*pro hac vice*)
7      samuelbayard@dwt.com
   GEORGE WUKOSON (*pro hac vice*)
8      georgewukoson@dwt.com
   DAVIS WRIGHT TREMAINE LLP
9  1633 Broadway
   New York, New York  10019
10 Tel.: (212) 489-8230 Fax: (212) 489-8340
   ATTORNEYS FOR PLAINTIFFS

11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12

13 CHINA CENTRAL TELEVISION, a China       ) Case No.
   company; CHINA INTERNATIONAL            ) **CV 15-1869 MMM (AJWx)**
14 COMMUNICATIONS CO., LTD., a China       )
   company; TVB HOLDINGS (USA), INC., a    ) **STIPULATION REGARDING**
15 California corporation; and DISH        ) **COMMENCEMENT OF**
   NETWORK L.L.C., a Colorado corporation, ) **THIRD PARTY DISCOVERY**
16                                         ) **PRIOR TO RULE 26(F)**
                     Plaintiffs,           ) **MEETING**
17         vs.                             )
                                           )
18 CREATE NEW TECHNOLOGY (HK)              )
   LIMITED, a Hong Kong company; HUA       )
19 YANG INTERNATIONAL TECHNOLOGY           )
   LIMITED, a Hong Kong company;           ) Courtroom:  780
20 SHENZHEN GREATVISION NETWORK            )
   TECHNOLOGY CO. LTD., a China            ) Judge:  Hon. Margaret M. Morrow
21 company; CLUB TVPAD, INC., a California )
   corporation; BENNETT WONG, an           )
22 individual, ASHA MEDIA GROUP INC.       ) Action Filed:  March 13, 2015
   d/b/a TVPAD.COM, a Florida corporation; )
23 AMIT BHALLA, an individual;             )
   NEWTVPAD LTD. COMPANY d/b/a             )
24 NEWTVPAD.COM a/k/a NEWTVPAD USA, a      )
   Texas corporation; LIANGZHONG ZHOU,     )
25 an individual; HONGHUI CHEN d/b/a E-    )
   DIGITAL, an individual; JOHN DOE 1 d/b/a)
26 BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN    )
   DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; )
27 JOHN DOE 5 d/b/a GANG YUE; JOHN         )
   DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7    )
28 d/b/a GANG TAI WU XIA; and JOHN DOES    )
   8-10,                                   )
                     Defendants.           )

This Stipulation is entered by and between Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc. and DISH Network  L.L.C. ("Plaintiffs") and Defendants Club TVpad, Inc. and Bennett Wong ("Club TVpad Defendants"), Defendants newTVpad and Liangzhong Zhou ("newTVpad Defendants"), Defendants Asha Media Group Inc. and Amit Bhalla ("Asha Media Defendants") and Defendant Honghui Chen, (collectively, "Defendants") through their respective counsel of record, with reference to the following facts:

1. Plaintiffs filed the Complaint in this action on March 13, 2015.

2. The Court set the initial Scheduling Conference in this matter for August 3, 2015;

3. The parties must meet and confer pursuant to Rule 26(f) not later than 21 days before the Scheduling Conference;

4. Pursuant to Rule 26(d)(1), a party may not seek discovery from any source prior to completing the Rule 26(f) conference, unless otherwise provided by stipulation of the parties;

5. Plaintiffs have been ordered by the Court to file a default judgment motion as to two defaulted defendants, and wish to commence immediately discovery solely upon third parties to the litigation in order to support that motion.

//

//

STIPULATION REGARDING THIRD PARTY DISCOVERY
DWT 27074787v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that, regardless of the date when they complete their early meeting pursuant to Rule 26(f), Plaintiffs may commence discovery of non-parties to the litigation without further delay and regardless of the timing of the Rule 26(f) conference of Plaintiffs and Defendants.

DATED: June 11, 2015      DAVIS WRIGHT TREMAINE LLP
CARLA A. MCCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)

By: _____ /s/ Carla A. McCauley
         Carla A. McCauley

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.

DATED: June 15, 2015      RYU LAW FIRM

By: _____ /s Francis S. Ryu
         Francis S. Ryu

Attorneys for Defendants
ClubTVpad Inc. and Bennett Wong

DATED: June 15, 2015      NI, WANG & MASSAND, PLLC

By: _____ /s Timothy Wang
         Timothy Wang

Attorneys for Defendants
newTVpad  Ltd. Company and Liangzhong Zhou

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: June 12, 2015          LT PACIFIC LAW GROUP LLP


                              By:_____/S Jen-Feng Lee
                                          Jen-Feng Lee

                              Attorneys for Defendant
                              Honghui Chen


DATED: June __, 2015          TRAVERSE LEGAL, PLC


                              By:_____
                                          Mark Clark

                              Attorneys for Defendants
                              Asha Media Group Inc. and Amit Bhalla

STIPULATION REGARDING THIRD PARTY DISCOVERY
DWT 27074787v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | DATED: June ___, 2015 | LT PACIFIC LAW GROUP LLP

2

3 | | By:_____
| | Jen-Feng Lee

4 | | Attorneys for Defendant
| | Honghui Chen

5

6 | DATED: June 12, 2015 | TRAVERSE LEGAL, PLC

7

8 | | By:_____
| | Mark Clark

9

10 | | Attorneys for Defendants
| | Asha Media Group Inc. and Amit Bhalla

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EXHIBIT B**

| | | | |
|---|---|---|---|
| 07/07/2015 | Closed | | 12/15/2014 10:36:58 AM |
| 07/14/2015 | Closed | | 12/15/2014 10:42:15 AM |
| 09/08/2015 | Closed | | 05/20/2015 05:03:22 PM |
| ▼McDermott | | | |
| 07/14/2015 | Closed | Closed | 03/27/2015 11:40:28 AM |
| ▼Morrow | | | |
| 06/15/2015 | Closed | | 03/31/2015 02:48:44 PM |
| 06/22/2015 | Closed | | 04/10/2015 02:37:53 PM |
| 06/29/2015 | Closed | | 04/24/2015 02:39:14 PM |
| 07/06/2015 | Closed | | 05/01/2015 10:38:58 AM |
| 07/13/2015 | Closed | | 05/12/2015 09:23:20 AM |
| 07/20/2015 | Closed | | 05/22/2015 08:17:03 AM |
| 07/27/2015 | Closed | | 05/28/2015 02:50:27 PM |
| 08/03/2015 | Closed | | 06/03/2015 02:57:08 PM |
| 08/10/2015 | Closed | | 02/12/2015 10:59:46 AM |
| 08/17/2015 | Closed | | 02/12/2015 10:59:46 AM |
| 08/24/2015 | Closed | | 02/12/2015 10:59:46 AM |
| 09/07/2015 | Closed | Closed | 11/05/2014 01:22:21 PM |
| 10/12/2015 | Closed | Closed | 11/05/2014 01:22:21 PM |
| 11/30/2015 | Closed | | 05/22/2015 08:22:32 AM |
| 12/21/2015 | Closed | Closed | 11/05/2014 01:22:21 PM |
| 12/28/2015 | Closed | Closed | 11/05/2014 01:22:21 PM |
| ▼Mumm | | | |
| 07/14/2015 | Closed | | 03/26/2015 08:25:09 AM |
| ▼O'Connell | | | |
| 09/07/2015 | Closed | Closed | 11/05/2014 04:03:06 PM |
| 10/12/2015 | Closed | Closed | 11/05/2014 04:03:06 PM |
| ▼Olguin | | | |
| 06/18/2015 | Closed | Closed | 03/20/2015 03:25:20 PM |
| 07/09/2015 | | Closed | 03/31/2015 10:26:54 AM |
| 07/23/2015 | Closed | Closed | 03/20/2015 03:30:31 PM |
| 08/06/2015 | Closed | Closed | 03/20/2015 03:36:03 PM |
| 08/20/2015 | Closed | Closed | 03/20/2015 03:36:03 PM |
| ▼Oliver | | | |
| 07/01/2015 | Closed | Closed | 06/01/2015 04:57:32 PM |
| 07/15/2015 | Closed | Closed | 06/01/2015 05:02:56 PM |
| 08/05/2015 | Closed | Closed | 06/01/2015 05:02:56 PM |
| 08/12/2015 | Closed | Closed | 06/01/2015 05:02:56 PM |
| 11/11/2015 | Closed | Closed | 06/01/2015 05:02:56 PM |
| ▼Pregerson | | | |

**EXHIBIT C**

**McCauley, Carla**

| | |
|---|---|
| **From:** | Jeff Lee <jflee@ltpacificlaw.com> |
| **Sent:** | Tuesday, June 16, 2015 3:25 PM |
| **To:** | Koonce, Lance |
| **Cc:** | McCauley, Carla |
| **Subject:** | RE: Ex Parte Motion to extend time |

Lance,

I have no objection to the proposed extension of 60 days sought by Plaintiffs.
Best.

Jeff

**From:** Koonce, Lance [mailto:lancekoonce@dwt.com]
**Sent:** Tuesday, June 16, 2015 1:17 PM
**To:** Jeff Lee (jflee@ltpacificlaw.com)
**Cc:** McCauley, Carla
**Subject:** RE: Ex Parte Motion to extend time

Jeff:

Sorry, just a quick correction to the below – we will be seeking 60 days, not 45. Let me know ASAP if you oppose.

Best,

Lance

**From:** Koonce, Lance
**Sent:** Tuesday, June 16, 2015 1:33 PM
**To:** Jeff Lee (jflee@ltpacificlaw.com)
**Cc:** McCauley, Carla
**Subject:** Ex Parte Motion to extend time

Jeff:

Thank you for agreeing to Plaintiffs' proposed stipulation allowing Plaintiffs to conduct discovery of third parties prior to the Rule 26(f) meet and confer of the parties.

As you may be aware, the Court has ordered Plaintiffs to file a Motion for Default Judgment as to Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited not later than July 6, 2015.  In light of Plaintiffs' need to take third party discovery prior to that deadline, we intend to file an ex parte application for an extension of time of the filing deadline by 45 days, or to August 20, 2015.

Please let us know if you intend to oppose Plaintiffs' ex parte for an extension of time of this deadline, or if you will not be opposing, so that we may advise the Court accordingly. Please note that if you wish to oppose the ex parte, oppositions must be filed within 24 hours of service of the ex parte according to Judge Morrow's procedures.

Thank you for your cooperation.

Regards,
Lance

**Lance Koonce** | Davis Wright Tremaine LLP
1633 Broadway, 27th Floor | New York, NY 10019
Tel: (212) 603-6467 | Fax: (212) 379-5207
Email: lancekoonce@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

## McCauley, Carla

**From:**            Mark Clark <mark@traverselegal.com>
**Sent:**            Tuesday, June 16, 2015 1:39 PM
**To:**              Koonce, Lance
**Cc:**              McCauley, Carla
**Subject:**         Re: Ex parte motion to extend time

Ok with me

Mark Clark
Traverse Legal, PLC
mark@traverselegal.com
231-932-0411
1-866-936-7447

**From:** "Koonce, Lance" <lancekoonce@dwt.com>
**Date:** Tuesday, June 16, 2015 at 4:14 PM
**To:** Mark Clark <mark@traverselegal.com>
**Cc:** "McCauley, Carla" <CarlaMcCauley@dwt.com>
**Subject:** RE: Ex parte motion to extend time

Thanks, Mark.  Actually, we are going to ask the court for a 60-day extension, not 45 days, just to make sure we have enough time to get responses to discovery.

Look forward to talking to you Thursday at 10am for our Rule 26f conference.

**From:** Mark Clark [mailto:mark@traverselegal.com]
**Sent:** Tuesday, June 16, 2015 2:03 PM
**To:** Koonce, Lance
**Cc:** McCauley, Carla
**Subject:** Re: Ex parte motion to extend time

Lance

We will not oppose your request for an extension and consent to same.  Thanks.

Mark Clark
Traverse Legal, PLC
mark@traverselegal.com
231-932-0411
1-866-936-7447

**From:** "Koonce, Lance" <lancekoonce@dwt.com>
**Date:** Tuesday, June 16, 2015 at 1:32 PM
**To:** Mark Clark <mark@traverselegal.com>
**Cc:** "McCauley, Carla" <CarlaMcCauley@dwt.com>
**Subject:** Ex parte motion to extend time

Mark:

Thank you for agreeing to Plaintiffs' proposed stipulation allowing Plaintiffs to conduct discovery of third parties prior to the Rule 26(f) meet and confer of the parties.

As you may be aware, the Court has ordered Plaintiffs to file a Motion for Default Judgment as to Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited not later than July 6, 2015.  In light of Plaintiffs' need to take third party discovery prior to that deadline, we intend to file an ex parte application for an extension of time of the filing deadline by 45 days, or to August 20, 2015.

Please let us know if you intend to oppose Plaintiffs' ex parte for an extension of time of this deadline, or if you will not be opposing, so that we may advise the Court accordingly. Please note that if you wish to oppose the ex parte, oppositions must be filed within 24 hours of service of the ex parte according to Judge Morrow's procedures.

Thank you for your cooperation.

Regards,
Lance

**Lance Koonce** | Davis Wright TremaineLLP
1633 Broadway, 27th Floor | New York, NY 10019
Tel: (212) 603-6467 | Fax: (212) 379-5207
Email: lancekoonce@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**McCauley, Carla**

| | |
|---|---|
| **From:** | Koonce, Lance |
| **Sent:** | Tuesday, June 16, 2015 1:12 PM |
| **To:** | Tim Wang |
| **Cc:** | McCauley, Carla |
| **Subject:** | RE: Ex parte motion to extend time |

Thanks, Tim.  Actually the email below should have said 60 days, not 45 – we'll likely file our motion sooner but want to give enough time to hear back from the subpoenas.

On the settlement, we came across the following listings today on Amazon, selling NewTVpad4s:

http://www.amazon.com/newTVpad4-A18-TV-Box-Based-Package/dp/B00Q9U5RN0/ref=cm_cr_pr_product_top?ie=UTF8
http://www.amazon.com/HTV2-Special-Edition-newTVpad4-Playback/dp/B00SS1VTN0/ref=pd_sim_504_1?ie=UTF8&refRID=0J3SBRB6HMF1HSF1K8F6

As you know, the NewTVpad4 device was a device specially branded by your client, which was sold at your client's website and otherwise.  In our settlement, he is agreeing to stop selling all such devices.  Please advise as to how/why these are still being sold, before our clients execute the settlement.

Lance

**From:** Tim Wang [mailto:twang@nilawfirm.com]
**Sent:** Tuesday, June 16, 2015 1:59 PM
**To:** Koonce, Lance
**Cc:** McCauley, Carla
**Subject:** Re: Ex parte motion to extend time

We do not oppose .

Sent from my iPhone

On Jun 16, 2015, at 12:34 PM, Koonce, Lance <lancekoonce@dwt.com> wrote:

Tim:

Thank you for agreeing to Plaintiffs' proposed stipulation allowing Plaintiffs to conduct discovery of third parties prior to the Rule 26(f) meet and confer of the parties.

As you may be aware, the Court has ordered Plaintiffs to file a Motion for Default Judgment as to Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited not later than July 6, 2015.  In light of Plaintiffs' need to take third party discovery prior to that deadline, we intend to file an ex parte application for an extension of time of the filing deadline by 45 days, or to August 20, 2015.

Please let us know if you intend to oppose Plaintiffs' ex parte for an extension of time of this deadline, or if you will not be opposing, so that we may advise the Court accordingly. Please note that if you wish to oppose the ex parte, oppositions must be filed within 24 hours of service of the ex parte according to Judge Morrow's procedures.

Thank you for your cooperation.

Regards,

Lance

**Lance Koonce** | Davis Wright Tremaine LLP
1633 Broadway, 27th Floor | New York, NY 10019
Tel: (212) 603-6467 | Fax: (212) 379-5207
Email: lancekoonce@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

## McCauley, Carla

| | |
|---|---|
| **From:** | Koonce, Lance |
| **Sent:** | Tuesday, June 16, 2015 1:17 PM |
| **To:** | francis@ryulaw.com |
| **Cc:** | McCauley, Carla |
| **Subject:** | RE: Ex Parte Motion to extend time |

Francis:

Sorry, just a quick correction to the below – we will be seeking 60 days, not 45. Let me know ASAP if you oppose.

Any word from your client on sales information? And, can we set a Rule 26(f) conference?

Best,

Lance

**From:** Koonce, Lance
**Sent:** Tuesday, June 16, 2015 1:34 PM
**To:** francis@ryulaw.com
**Subject:** Ex Parte Motion to extend time

Francis:

Thank you for agreeing to Plaintiffs' proposed stipulation allowing Plaintiffs to conduct discovery of third parties prior to the Rule 26(f) meet and confer of the parties.

As you may be aware, the Court has ordered Plaintiffs to file a Motion for Default Judgment as to Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited not later than July 6, 2015.  In light of Plaintiffs' need to take third party discovery prior to that deadline, we intend to file an ex parte application for an extension of time of the filing deadline by 45 days, or to August 20, 2015.

Please let us know if you intend to oppose Plaintiffs' ex parte for an extension of time of this deadline, or if you will not be opposing, so that we may advise the Court accordingly. Please note that if you wish to oppose the ex parte, oppositions must be filed within 24 hours of service of the ex parte according to Judge Morrow's procedures.

Thank you for your cooperation.

Regards,
Lance

**Lance Koonce** | Davis Wright Tremaine LLP
1633 Broadway, 27th Floor | New York, NY 10019
Tel: (212) 603-6467 | Fax: (212) 379-5207
Email: lancekoonce@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.