## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-01869 MMM (AJWx) | Date | June 25, 2015 |

Title  *China Central Television, et al. v. Create New Technology HK Limited, et al.*

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Granting Defense Counsel's Motion to Withdraw [Docket No. 56]**

### I.  BACKGROUND

On March 13, 2015, China Central Television, China International Communications Co., Ltd., TVB Holdings USA , Inc., and Dish Network, LLC (collectively, "plaintiffs") filed this copyright infringement action against Create New Technology HK Ltd. ("Create"), Hua Yang International Technology Ltd., Shenzhen GreatVision Network Technology Co. Ltd., Club Tvpad, Inc., Bennett Wong, Asha Media Group, Amit Bhalla, newTVpad Ltd. Company, Liangzhong Zhou, Honghui Chen, and various fictitious defendants.[1] On April 8, 2015, Create, through attorney Lester F. Aponte, filed a stipulation extending its time to file a responsive pleading under Local Rule 8-3.[2]

On April 17, 2015, Create's lawyers, Harry A. Zinn and Aponte, filed a motion to withdraw as counsel of record.[3] On May 8, 2015, the court issued an order directing that opposition be filed no later

---

[1] Complaint, Docket No. 1 (Mar. 13, 2015).

[2] Stipulation Extending Time to Answer the Complaint as to Create New Technology HK Limited, Docket No. 47 (Apr. 8, 2015).

[3] Notice of Motion and Motion of Harry A. Zinn and Lester F. Aponte to Withdraw as Attorney ("Motion"), Docket No. 56 (Apr. 17, 2015).  See also Declaration of Benjamin Warlick in Support of Motion to Withdraw as Counsel for Defendant Create New Technology (HK) Co., Ltd. ("Warlick

than May 15, 2015, and that Zinn and/or Aponte file any reply no later than May 22, 2015.[4] The court directed Zinn and Aponte to serve the court's order on Create and to advise Create that it could oppose the motion by May 15, 2015.[5] On May 12, 2015, counsel filed a supplemental declaration stating that the order had been served on Create on May 8, 2015.[6] Three days later, plaintiffs filed a notice of non-opposition.[7]

## II. DISCUSSION

### A. Legal Standard Governing Leave to Withdraw

Local Rule 83-2.3.2 provides that "[a]n attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." CA CD L.R. 83-2.3.2. Attorneys do not have an absolute right to withdraw from representation at any time. Rather, courts considering a motion to withdraw consider whether good cause exists to permit withdrawal. *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, *1 (C.D. Cal. June 19, 2013) ("In ruling on a motion to withdraw as counsel, courts generally consider [ ] the reasons why withdrawal is sought" (internal citation and quotation marks omitted)); *McNally v. Commonwealth Financial Systems, Inc.*, No. 12-CV-2770-IEG (MDD), 2013 WL 685364, *1 (S.D. Cal. Feb. 25, 2013) (same). Even where grounds for withdrawal exist, attorneys seeking to withdraw must comply with the procedures set forth in Rule 3-700 of the California Rules of Professional Conduct, and are subject to discipline for their failure to do so. See *Slavkin v. State Bar*, 49 Cal.3d 894, 903 (1989); *Matter of Miller*, 1 Cal. State Bar Ct. Rptr. 131, 135 (Rev. Dept. 1990).

Under Rule 3-700, an attorney may not withdraw from a representation until he or she has taken "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the clients, including giving due notice to the client, allowing time for employment of other counsel, [returning client papers and property], and complying with applicable laws and rules." CAL. RULES PROF. CONDUCT 3-700(A)(2). Whether to grant a motion to withdraw lies within the discretion of the court. *Stewart*, 2013 WL 3168269 at *1 ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court" (internal citation and quotation marks omitted)).

---

Decl."), Docket No. 56-2 (Apr. 17, 2015).

[4]Order Advancing Briefing Schedule, Docket No. 71 (May 8, 2015).

[5]*Id.* at 1.

[6]Supplemental Declaration of Benjamin Warlick in Support of Motion to Withdraw as Counsel for Defendant Create New Technology (HK) Co., Ltd. ("Warlick Supp. Decl."), Docket No. 79 (May 12, 2015).

[7]Notice of Non-Opposition to Motion of Harry A. Zinn and Lester F. Aponte to Withdraw as Attorney ("Pls.' Response"), Docket No. 80 (May 15, 2015).

1.     **Good Cause**

A breakdown in communications between client and attorney constitutes good cause for withdrawal. See *Trustees of the Mason Tenders District Council Welfare Fund Annuity Fund v. Acoustic Technology, Inc.*, No. 01 Civ. 2315(DC), 2002 WL 1453835, *2 (S.D.N.Y. July 3, 2002) ("'It is well established that lack of cooperation and communication by a client [is a] sufficient reason[ ] for granting withdrawal,'" quoting *Pic Power Industries v. Cook-N-Throw, Inc.*, No. 00 Civ. 9119 (THK), 2001 WL 840073, *1 (S.D.N.Y. July 25, 2001)); *Statue of Liberty v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (granting an attorney's motion to withdraw because the client failed to answer the attorney's telephone calls and letters "regarding the conduct of the litigation in general and the schedule of depositions in particular"). See also *Brown v. National Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, *2 (N.D.N.Y. Nov. 19, 1994) ("... courts have recognized that a client's failure to cooperate with counsel or pay attorney's fees are valid reasons for granting . . . a motion" to withdraw); *Tower Factory Outlet v. Textilimpex-Tricot*, No. 84-CV-320, 1994 WL 411528, *3 (N.D.N.Y. Aug. 2, 1994) (withdrawal granted because defendant made it unreasonably difficult for an attorney to represent it); *Farr Man Coffee, Inc. v. M/S/ Bernhard S*, No. 87 CIV. 1267, 1989 WL 31529, *1 (S.D.N.Y. Mar. 28, 1989) (a client's refusal to cooperate with its attorney is a sufficient reason for allowing the attorney to withdraw).

Counsel report that, other than one telephone call, Create has refused to communicate with them directly during the pendency of this litigation. Instead, Create requires that counsel communicate through its Chinese counsel – Annie Ma of the law firm King & Future IP Consultancy Limited.[8] Counsel state that on April 10, 2015, Ma told them that Create had terminated their representation, and consented to their withdrawal.[9] Ma also told counsel that Create intended to default.[10] Following the April 10 communication, Create has not communicated with counsel and has not responded to their correspondence. Based on the facts set forth in the motion and Warlick's declaration, the court concludes that counsel have shown that good cause supports their motion to withdraw as Create's counsel of record. See, e.g., *Orange County Elec. Industry Health and Welfare Trust Fund v. Moore Elec. Contracting, Inc.*, No. 11-CV-00942-LHK, 2011 WL 2940311, *2 (N.D. Cal. July 20, 2011) (finding good cause for withdrawal, and noting that "the inability to communicate with the client renders Ashman's continued representation unreasonably difficult"); *U.A. Local 342 Joint Labor-Management Committee v. South City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, *3 (N.D. Cal. Mar. 31, 2010) (finding good cause for withdrawal where defendant "failed to cooperate or communicate effectively with counsel"); *Leatt Corp. v. Innovative Safety Technology, LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 44708, *2 (S.D. Cal. Feb. 2, 2010) ("In the present case, good cause for withdrawal exists. . . . Innovative allegedly indicated that it will no longer participate in the litigation. [The

---

[8]Warlick Decl., ¶ 2.

[9]Motion at 5; Warlick Decl., ¶ 3.

[10]*Id*.

California Rules of Professional Conduct] allow[ ] withdrawal where the client 'renders it unreasonably difficult for the [attorney] to carry out the employment effectively.' Refusal to participate in the litigation is undoubtedly one such example" (citations omitted)).

### 2. Notice to Parties

Counsel are required to give their client advance notice of their intention to seek to withdraw. See. CAL. RULES PROF. CONDUCT 3-700(A)(2); CA CD L.R. 83-2.9.2.1 ("An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action"). Under the Local Rules, counsel can be given leave to withdraw from the representation of a business entity even if new counsel has not been retained, so long as counsel "give[s] written notice to the organization of the consequences of its inability to appear *pro se*." CA CD L.R. 83-2.3.4.

On April 10, 2015, after learning of Create's wish to terminate their representation, counsel gave Create written notice, through Chinese counsel, that Create could not appear *pro se* and confirmed its directive that counsel cease all work on its behalf.[11] In response, Create executed a consent to counsel's request for withdrawal.[12] Counsel have thus given their client adequate notice of their intent to seek leave to withdraw. The court therefore concludes that the notice requirements of Local Rule 83.2.3.4 have been satisfied.

### 3. Prejudice

"A lawyer violates his or her ethical mandate by abandoning a client, or by withdrawing at a critical point and thereby prejudicing the client's case." *Ramirez v. Sturdevant*, 21 Cal.App.4th 904, 915 (1994) (citing CAL. RULES PROF. CONDUCT 3-700(A)(2); *Pineda v. State Bar*, 49 Cal.3d 753, 758-59 (1989); *Vann v. Shilleh*, 54 Cal.App.3d 192, 197 (1975)). An attorney may withdraw, however, "when withdrawal can be accomplished without undue prejudice to the client's interests." *Id.* Create will not be unduly prejudiced by counsel's withdrawal at this stage of the litigation. As counsel note, they were directed to cease all work on April 10, 2015, via correspondence forwarded by Create's Chinese counsel.[13] Create has indicated, moreover, through Chinese counsel, its intent to have its default entered.[14] Given Create's stated intention not to defend the litigation, it cannot claim prejudice as a result of counsel's withdrawal. For these reasons, the court finds that counsel's withdrawal will not unduly prejudice Create.[15]

---

[11]Warlick Decl., ¶¶ 3-5.

[12]See Warlick Decl., Exh. 1.

[13]Motion at 5; Warlick Decl., ¶ 3.

[14]Motion at 5; Warlick Decl., ¶¶ 3, 6.

[15]Nor will plaintiffs be prejudiced by counsel's withdrawal. Although plaintiffs express concern that Create's "decision to concede its counsel's withdrawal along with its decision to default in this action and not provide any response to the pending motion for preliminary injunction, is part of a larger

## III.  CONCLUSION

For the reasons stated, the court grants Zinn's and Aponte's motion to withdraw as counsel of record for Create.

---

litigation strategy" to delay decision of the case on the merits (Pls.' Response at 1-2), the court does not view these concerns as substantial given that it has directed that the clerk enter Create's default. (See Minutes (In Chambers) Order Granting Plaintiffs' Requests for Entry of Defaults of Defendants Hua Yang and Create New Technology HK Ltd., Docket No. 87 (May 28, 2015); Default by Clerk Entered As To Create New Technology HK Limited, Docket No. 88 (May 28, 2015).