CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
    samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020-1104
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br> Defendants. | Case No. <br> **CV 15-1869 MMM (AJWx)** <br><br> **JOINT RULE 26(F) REPORT** <br><br> Scheduling Conference: <br> August 31, 2015 at 9:00 a.m. |

Plaintiffs China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB"), and DISH Network L.L.C. ("DISH") (collectively, "Plaintiffs") and Defendants Club TVpad, Inc., Bennett Wong, Asha Media Group Inc. d/b/a TVpad.com, Amit Bhalla, and Honghui Chen d/b/a e-Digital (collectively, the "Distributor Defendants"), hereby submit the following Joint Report in accordance with Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order re Order Setting Scheduling Conference.

In late June and early July of 2015, Lacy H. Koonce, III, counsel for Plaintiffs, met and conferred with counsel for the Distributor Defendants to discuss the matters specified in Fed. R. Civ. P. 26(f) and Local Rule 26: on June 30, 2015, Mr. Koonce met and conferred with Mark Clark, counsel for Asha Media Group Inc. and Amit Bhalla, and separately with Jeff Lee, counsel for Honghui Chen; and on July 7, 2015, Mr. Koonce met and conferred with Francis Ryu, counsel for Club TVpad, Inc. and Bennet Wong. Defendants Create New Technology (HK) Limited ("CNT") and Hua Yang International Technology Ltd. have defaulted.[1] The results of the meetings between counsel for Plaintiffs and counsel for the Distributor Defendants are summarized below:

### A.    STATEMENT OF THE CASE

Plaintiffs filed this action on March 13, 2015.  Plaintiffs allege claims against the Distributor Defendants for: (1) secondary copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*; (2) federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (3)

---

[1] Defendant Shenzhen Greatvision Network Technology Co. Ltd., a Chinese company, is being served under the Hague Convention, but service has not yet been completed.  Defendants newTVpad Ltd. Company and Liangzhong Zhou have stipulated to a consent judgment and permanent injunction, which stipulation was filed July 16, 2015.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

common law trademark infringement and unfair competition; (4) and violation of California Business and Professions Code § 17200, *et seq.*

1. **Plaintiffs' Statement of the Case**

This copyright and trademark infringement action arises out of a global pirate television service provided to customers over the "TVpad" set-top box.  For a one-time, up-front payment to purchase the TVpad device, TVpad customers in the United States receive unlicensed television channels and television programs from China, Hong Kong, Taiwan, and other Asian countries.  Among the victims of this piracy are Plaintiffs CCTV and Television Broadcasts Limited (Plaintiff TVB's Hong Kong-based parent company), which are the largest broadcasters of Chinese-language television in mainland China (CCTV) and Hong Kong (TVB), and also DISH, which holds certain exclusive rights to distribute CCTV and TVB programming in the United States.

Plaintiffs are the legal and beneficial owners of exclusive rights to exploit copyrighted CCTV and TVB television programming in the United States.  Among the bundle of rights afforded Plaintiffs under United States copyright law is the exclusive right to "perform the copyrighted work publicly." 17 U.S.C. § 106(4).  This includes the exclusive right "to transmit or otherwise communicate a performance or display of" Plaintiffs' copyrighted television broadcasts and programs "to the public by means of any device or process whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times."

Defendants Create New Technology (HK) Limited ("CNT"), Shenzhen GreatVision Network Technology Co., Ltd. ("GVTV"), and Hua Yang International Technology Ltd. ("HYIT") (collectively, the "CNT Group"), acting in concert with a common purpose and scheme, have set up a pirate broadcasting network that, without permission and without compensation to Plaintiffs, brazenly captures entire CCTV and TVB television channels and video-on-demand programming from Asia and

JOINT RULE 26(f) REPORT
DWT 27387837v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

streams that programming over the Internet to United States users of the TVpad device, twenty-four hours a day, seven days a week (the "TVpad Retransmission Service").  The CNT Group monetizes the TVpad Retransmission Service by selling the TVpad device to the public, including United States consumers, for approximately $300 per unit at retail.  Each TVpad device includes the "TVpad Store," a software interface that automatically provides to TVpad users, free of charge, software applications or "apps" that enable them to access, view, and share infringing streams of television programming in the United States.  Many of the TVpad's most popular and heavily promoted apps unlawfully retransmit CCTV and TVB programming from Asia to TVpad users in the United States (the "Infringing TVpad Apps").

The TVpad Retransmission Service accomplishes this massive piracy in part through a peer-to-peer network—like Napster, Grokster, and BitTorrent, but designed to stream video content rather than to download media files.  Through this peer-to-peer network, TVpad users not only receive unauthorized streams of CCTV and TVB programming in the United States, but also simultaneously retransmit that programming to large numbers of other TVpad users in the United States.  The TVpad Retransmission Service also directly streams CCTV and TVB programs to U.S. TVpad users from servers located in the United States and elsewhere. The CNT Group Defendants are directly and/or indirectly responsible for, (a) the capturing of CCTV's and TVB's broadcasts in Asia and the infringing retransmission of that programming over the Internet to TVpad users in the United States; and (b) the development, maintenance, and dissemination of the Infringing TVpad Apps. The CNT Group Defendants directly infringe Plaintiffs' copyrighted television programs by publicly performing those programs without consent.  The CNT Group Defendants are also liable as secondary infringers for taking intentional and affirmative steps that enable, cause, materially contribute to, promote, encourage,

JOINT RULE 26(f) REPORT
DWT 27387837v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   and/or induce the infringing public performances of Plaintiffs' copyrighted programs

2   by TVpad customers.[2]

3        The Distributor Defendants have advertised, sold, and distributed the TVpad

4   device in the United States, and are part of the CNT Group's international

5   distribution network for the TVpad Retransmission Service.  Each of the Distributor

6   Defendants has actual and constructive knowledge that the TVpad Retransmission

7   Service infringes CCTV and TVB programming and each Distributor Defendant has

8   taken affirmative steps to aid, materially contribute to, promote, foster, and induce

9   infringing public performances of CCTV and TVB programming by the

10   Retransmission Service Defendants and by TVpad customers using the peer-to-peer

11   network. Accordingly, each Distributor Defendant is liable for secondary copyright

12   infringement.

13        The CNT Group defendants and the Distributor Defendants have all also used

14   CCTV's and TVB's trademarks and/or logos, *inter alia*, in connection with their

15   advertising and promotion of the TVpad Retransmission Service, the Infringing

16   Tvpad Apps and/or the TVpad device.

17        As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages

18   against each CNT Group defendants and each Distributor Defendant for copyright

19   infringement, trademark infringement, unfair competition, and violation of California

20   Bus & Prof. Code § 17250, as well as preliminary and permanent injunctive relief

21   barring each Defendant from (i) publicly performing and/or reproducing Plaintiffs'

22   copyrighted works in the United States; (ii) inducing, encouraging, causing,

23   facilitating, and/or materially contributing to the unauthorized public performance

24

25       [2] CNT and HYIT have now defaulted, and thus Plaintiffs' allegations that the

26   CNT Group is responsible for creating and maintaining the infringing TVpad
applications are deemed admitted as to CNT and HYIT.  As noted, Plaintiffs are still

27   attempting to serve GVTV through the Hague Convention.

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and/or reproduction of Plaintiffs' copyrighted works in the United States by others; (iii) infringing Plaintiffs' trademarks and service marks; or (iv) engaging in unfair competition.

## 2. Defendants' Statements of the Case

### a. Asha Media/Amit Bhalla

Plaintiff claims Asha Media is a contributory infringer through its sale of the TV Pad. Defendants deny the sale of the devices infringes Plaintiffs' copyrights and that Plaintiff cannot establish the requisite test to prove contributory infringement nor willfulness against Defendants. Defendants deny the remaining claims. As a distributor of the TV Pad device Defendants deny the remaining claims seeking to impose liability for trademark infringement or unfair competition as there was no use by these Defendants of Plaintiffs marks. There is no basis in fact for holding Defendant Bhalla personally liable for the acts of Defendant Asha Media as there will be no showing of factors requisite for piercing the corporate veil in this case.

### b. ClubTVpad/Bennett Wong

ClubTVPad is a California corporation. Bennett Wong is its sole shareholder. ClubTvPad was formerly a distributor of the TVPad device. It would purchase the devices from CNT, then advertise it for sale to potential customers through its website. ClubTVPad denies that it had actual or constructive knowledge as to the potentially infringing nature of the TvPad device as claimed by the plaintiffs. ClubTvPad ceased its attempts to sell the TvPad device once it received a cease and desist letter from plaintiffs. Moreover, as of the date of this report, ClubTvPad is in compliance with the Court's preliminary injunction Order.

### c. Honghui Chen

Defendant Chen denies that he is liable for Plaintiffs' claims of copyright infringement, trademark infringement, unfair competition, and violation of California Bus & Prof. Code § 17250. Defendant Chen had no actual or constructive knowledge that the TVpad Retransmission Service infringes CCTV and TVB

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

programming.  Neither did Defendant Chen have the intent to induce users of the TVpad  for any infringing use of the device. Defendant Chen was not made aware that selling the accused TVPad devices (from first the fourth generations) would be an illegal act, for the facts below, not exhaustively:

1. Defendant Chen was informed, in writing, by CNT that the TVPad products were authorized by TVB; CNT asked many U.S. distributors/re-sellers, including Defendant Chen, to help the attack and elimination of other "pirate boxes" that provided TVB content illegally. Defendant Chen was informed, in writing, by CNT that it paid huge sums to purchase TVB copyright, and is thus protected by TVB, so that re-sellers can do their best to sell TVPad in the U.S. market.

2. Defendant Chen was requested, in writing, by CNT to collect and forward to CNT information about set-top boxes that can view TVB programs, and CNT will pass the information to TVB, who will "doom" those pirate boxes in a week, and will further send enforcement personnel to engage in "fishing enforcement" that will result in institution of suits against the distributors selling illicit TVB boxes.

3. Defendant Chen was informed, in writing, by CNT that TVPad4 provides high-def and smooth viewing quality and there is no legal risk, and that CNT will work with TVB to fight those set-top boxes and distributor who sells illegal and low-priced TVB content.

4. Defendant Chen was asked, in writing, by CNT, to only engage in lawful marketing and business activities when selling CNT's TVpad4 products in the Los Angeles area.

5. To the extent certain advertisement material disseminated by Chen would involve trademark claims of TVB and/or CCTV, the material was provided by CNT. Defendant Chen did not create, select or substantively participate in the advertisement material content's trademark usage.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6. Defendant Chen's "Ad" in Sing Dao Newspaper was done directly between CNT and Sing Dao.

7. Defendant Chen received a Nov. 2012 notice from TVB counsel that his act of selling the TVPads would have legal issues; Defendant Chen immediately ceased selling TVPads upon such notice. After receiving reassurance from CNT and observation of the acts by others, Defendant Chen relied on CNT's statement that selling the TVpad is legal and resumed selling TVPads. Defendant Chen has ceased selling TVPads after being served with Summons and Complaint in this action.

## B.    MOTIONS

Plaintiffs anticipate filing (a) a motion for default judgment against CNT and HYIT, and (b) a motion for contempt against CNT by reason of its failure to comply with the Court's preliminary injunction order.  Plaintiffs and the Distributor Defendants do not anticipate filing any procedural motions, such as motions seeking to add other parties or claims, file amended pleadings, or transfer venue.  In any event, should either party seek to file such a motion, the Parties have agreed that the cut-off date for motions to add parties and amend pleadings be August 17, 2015.

## C.    MANUAL FOR COMPLEX LITIGATION

The Parties have agreed that none of the procedures of the Manual for Complex Litigation should be utilized for this case.

## D.    STATUS OF DISCOVERY

Plaintiffs anticipate taking one deposition for each Distributor Defendant, and propounding written discovery.  Defendants Asha Media and Amit Bhalla anticipate written discovery in the form of interrogatories and request for production of documents only.  Defendants ClubTvPad and Bennett Wong do not anticipate conducting discovery in this matter at this time.  Defendant Honghui Chen plans to serve some written discoveries including interrogatories, requests for document production and requests for admission, and is contemplating taking depositions.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant Chen has limited funds and resources to engage in full-scale discovery and litigation. Defendant Chen seeks to settle early; settlement discussion is ongoing.

## E.   DISCOVERY PLAN

1.   The Parties have agreed to provide the information required by Federal Rule of Civil Procedure 26(a)(1) on or before July 31, 2015.

2.   Discovery does not need to be conducted in phases or otherwise limited at this time, nor does discovery need to be limited to particular issues.

3.   There are no issues concerning discovery or disclosure of electronically stored information at this time.

4.   The Parties are in the process of reviewing relevant materials that may be produced in the course of discovery.  Plaintiffs anticipate the need for a Protective Order for confidential information contained in any requested documents regarding their business practices.

5.   Non-expert Discovery:  The Parties have agreed on a deadline for non-expert discovery of December 31, 2015.

6.   The Parties do not anticipate any changes being necessary to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules for the Central District of California.  Defendants, however, reserve the right to request more than the allotted time to take the depositions of Plaintiffs.

7.   Expert Discovery:  The Parties do not anticipate calling expert witnesses, but reserve the right to do so as necessary. To the extent expert witnesses are necessary, the parties have agreed that expert reports on claims or defenses on which a party has the burden of proof shall be served on or before January 29, 2016, and that the opposing party on such claims or defenses shall serve rebuttal expert reports on or before February 29, with a discovery cut-off for expert witnesses of March 14, 2016.

8.   The Parties do not request any further orders from the Court in connection with this scheduling conference.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### F.     DISCOVERY CUT-OFF

As noted above, the Parties have agreed that (a) the cut-off for non-expert fact discovery shall be December 31, 2015, and (b) the cut-off for expert discovery shall be March 14, 2016.

### G.     DISPOSITIVE MOTIONS

Plaintiffs anticipate filing a motion for default judgment against CNT and HYIT.  Plaintiffs also anticipate filing a Motion for Summary Judgment against the Distributor Defendants at the close of discovery.

Defendants Asha Media and Amit Bhalla anticipate filing Motions for Summary Judgment for dismissal of Plaintiffs' claims at the close of discovery. Defendants ClubTvPad and Bennett Wong currently do not anticipate the filing of a dispositive motion at this time.  Defendant Honghui Chen may bring dispositive motions, depending on the status of discovery and settlement negotiation.

The Parties have agreed that the last day to file motions will be March 28, 2016.  By preparing this joint report, the Parties have not waived any requirements under the local rules of court.

### H.     SETTLEMENT

The Parties have generally discussed potential settlement of this action.  At this stage, with discovery just beginning, the Parties have not yet reached common ground with regard to settlement.  The Plaintiffs and all defendants other than Honghui Chen prefer Settlement Procedure No. 3 under L.R. 16-15.4, which provides that the Parties shall mediate this action before a private mediator. Defendant Honghui Chen prefers Settlement Procedure No. 2, with a Pro Bono panel member hosting an ADR session (3-hour free of charge).

### I.     TRIAL

**1.     Pretrial Conference and Trial:**

The proposed dated for the final pretrial conference and trial are:

Final Pre-Trial Conference:               June 6, 2016

JOINT RULE 26(f) REPORT
DWT 27387837v2 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Trial Date:                    June 14, 2016

**2.     Trial Estimate:**

The Parties anticipate the trial will last approximately 3-5 days.  Plaintiffs have requested a jury trial.  Discovery is just beginning, but currently Plaintiffs anticipate calling approximately four witnesses, excluding experts and rebuttal witnesses.  In addition, defendants Asha Media, Amit Bhalla, ClubTvPad and Bennett Wong anticipate calling approximately 2 witnesses, excluding experts and rebuttal witnesses. Defendant Chen may call 2 – 3 witnesses, depending on the status of discovery.

**3.     Trial Counsel:**

a)    Lacy H. Koonce, III, Robert D. Balin and Carla A. McCauley for Plaintiffs;

b)    Mark Clark for Asha Media Group Inc. and Amit Bhalla; Jen-Feng Lee for Honghui Chen; and Francis Ryu for Club TVpad, Inc. and Bennet Wong.

**J.     INDEPENDENT EXPERT OR MASTER**

Given the nature of this action, the Parties agree that this *is not* a case where the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

| Matter | Date |
|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | August 17, 2015 |
| Fact Discovery Cut-off | December 31, 2015 |
| Last Day to Serve Expert Reports on Issues on Which Party Has Burden of Proof | January 29, 2016 |
| Last Day to Serve Rebuttal Expert Reports | February 29, 2016 |
| Expert Discovery Cut-Off | March 14, 2016 |

JOINT RULE 26(f) REPORT
DWT 27387837v2 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | March 28, 2016 |
|---|---|
| Final Pre-Trial Conference | June 6, 2016 |
| Trial | June 14, 2016 |

DATED: August 21, 2015        DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)

By:       /s/Carla A. McCauley
          Carla A. McCauley
Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION, CHINA
INTERNATIONAL COMMUNICATIONS CO.,
LTD., TVB HOLDINGS (USA), INC., AND
DISH NETWORK L.L.C.

DATED: August 21, 2015        RYU LAW FIRM

By:       /s/ Francis S. Ryu
          Francis S. Ryu

Attorneys for Defendants
ClubTVpad Inc. and Bennett Wong

DATED: August 21, 2015        LT PACIFIC LAW GROUP LLP

By:       /s Jen-Feng Lee
          Jen-Feng Lee

Attorneys for Defendant
Honghui Chen

DATED: August 21, 2015        TRAVERSE LEGAL, PLC
Mark Clark (pro hac vice)

By:       /s Mark Clark
          Mark Clark

Attorneys for Defendants
Asha Media Group Inc. and Amit Bhalla

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899