CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
    samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, New York  10020
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation,

Plaintiffs,

vs.

CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,

Defendants.

Case No.
**CV 15-1869 MMM (AJWx)**

**NOTICE OF MOTION AND MOTION TO HOLD DEFENDANT CREATE NEW TECHNOLOGY (HK) LIMITED IN CONTEMPT**

[[Proposed] Order and Declarations of Wukoson, Koonce, Weil, Braak, Tsang and McCauley submitted concurrently]

Date:  November 9, 2015
Time:  10:00 a.m.
Courtroom:    780
Judge:        Hon. Margaret M. Morrow

Complaint Filed:  March 13, 2015

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 3

I.    INTRODUCTION ................................................................................ 3

II.   FACTUAL BACKGROUND ................................................................ 4

III.  ARGUMENT ....................................................................................... 9

    A.    Standard for Determining Civil Contempt. ..................................... 9

    B.    Plaintiffs Have Produced Clear and Convincing Evidence of CNT's Wholesale Failure to Comply with This Court's PI Order. ................................................................. 10

        1.    The Court's PI Order Is Clear and Definite. ....................... 10

        2.    CNT Has Failed to Remove or Disable Access to Plaintiffs' Copyrighted Programming. ............................... 11

        3.    CNT Continues to Authorize, Host and Distribute the Infringing TVpad Applications on TVpad Devices Previously Sold in the United States. ..................................... 12

        4.    CNT Is Still Marketing and Advertising the TVpad By Touting the Infringing TVpad Apps and Plaintiffs' Content. .......... 13

        5.    CNT Continues to Sell New TVpad Devices in the United States with Access to the Infringing TVpad Apps. ............. 15

    C.    CNT's Refusal to Obey the Court's PI Order Merits A Finding of Contempt, Imposition of Coercive Sanctions, and Award of Plaintiffs' Attorneys' Fees. .................................... 16

        1.    Given the Egregious Nature of CNT's Contempt of Court, a $10,000 Daily Coercive Fine Is Appropriate. ..................... 17

        2.    Ordering CNT to Pay the Attorneys' Fees Incurred by Plaintiffs in Filing this Contempt Motion Is an Appropriate Sanction. ............................................................................ 19

IV.   CONCLUSION .................................................................................. 20

MOTION FOR CONTEMPT
DWT 27423940v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Bademyan v. Receivable Management Services Corp.*,
  Case No. CV 08-00519 MMM, 2009 WL 605789 (C.D. Cal. Mar. 9,
  2009) ............................................................................................................. 9, 19

*Balla v. Idaho State Bd. of Corrections*,
  869 F2d 461 (9th Cir. 1989) ................................................................................ 9

*BMG Music v. Perez*,
  952 F.2d 318 (9th Cir. 1991) ............................................................................. 18

*Citizens for Lawful and Effective Attendance Policies v. Sequoia Union
  High School District*,
  No. C 87-3204 MMC, 1998 WL 305513 (N.D. Cal. June 4, 1998) .................... 16

*Donovan v. Mazzola*,
  716 F.2d 1226 (9th Cir. 1983) ............................................................................. 9

*General Signal Corporation v. Donallco, Inc.*,
  787 F.2d 1376 (9th Cir. 1986) ........................................................................... 16

*Gifford v. Heckler*,
  741 F.2d 263 (9th Cir. 1984) ............................................................................... 9

*Honor Plastic Indus. Co. Ltd. v. Lollicup USA, Inc.*,
  No. CIV-F-06-0707 AWI DLB, 2007 WL 1655786 (E.D. Cal.
  June 7, 2007) ...................................................................................................... 20

*Koninklijke Philips Electronics, N.V. v. KXD Technology, Inc.*,
  539 F.3d 1039 (9th Cir. 2008) ..................................................................... 17, 20

*Portland Feminist Women's Health Center v. Advocates for Life, Inc.*,
  877 F2d 787 (9th Cir. 1989) .............................................................................. 17

*Richmark Corp. v. Timber Falling Consultants*,
  959 F.2d 1468 (9th Cir. 1992) ........................................................................... 18

*Stone v. City & Cnty. of San Francisco*,
  968 F.2d 850 (9th Cir. 1992) ............................................................................... 9

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*United States v. United Mine Workers of America*,
   330 U.S. 258 (1947) ............................................................... 17

*Whittaker Corp. v. Execuair Corp.*,
   953 F.2d 510 (9th Cir. 1992) ........................................... 16, 17

*Wolfard Glassblowing Co. v. Vanbragt*,
   118 F.3d 1320 (9th Cir. 1997) ............................................ 9, 10

**Statutes**

17 U.S.C. § 504(c)(2) ............................................................... 18

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 9, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 780 of the Honorable Margaret M. Morrow, located at 255 East Temple Street, Los Angeles, California, Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively "Plaintiffs") will and hereby do move this Court to hold Defendant Create New Technology (HK) Limited ("CNT") in contempt of Court for failure to obey this Court's Order Granting Preliminary Injunction entered June 11, 2015 (the "PI Order").

As set forth in the accompanying declarations and memorandum of points and authorities, Plaintiffs are entitled to an order finding CNT in willful contempt of the PI Order since CNT received notice of the PI Order no later than June 17, 2015, and yet CNT has failed to take any steps to comply with the PI Order.  Specifically, in wholesale violation of the PI Order, CNT continues to: (a) transmit Plaintiffs' copyrighted programming through the TVpad device; (b) make available to users the Infringing TVpad Apps that stream Plaintiffs' copyrighted programming; (c) advertise and market the TVpad device by encouraging consumers to access the Infringing TVpad Apps and Plaintiffs' copyrighted programming; and (d) make new sales of TVpad devices into the United States, which devices continue to make the Infringing TVpad Apps available and to transmit Plaintiffs' copyrighted programming.  Accordingly, Plaintiffs seek the imposition of coercive sanctions against CNT in the amount of $10,000 per day, payable to this Court, for each day that CNT fails to comply with the PI Order and an award of reasonable attorneys' fees.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the Declarations of Carla A. McCauley, George P. Wukoson, Lacy H. Koonce III, Christopher Weil, Nicholas Braak and Samuel P. Tsang, and Exhibits 1

through 27, and any additional evidence and arguments as may be presented at or before any hearing on this matter.

DATED: August 25, 2015

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)


By: _____/s/Carla A. McCauley_____
              Carla A. McCauley

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA
INTERNATIONAL COMMUNICATIONS CO.,
LTD.; TVB HOLDINGS (USA), INC.; AND
DISH NETWORK L.L.C.

MOTION FOR CONTEMPT
DWT 27423940v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES
### I.     INTRODUCTION

In the two months since this Court entered its Order granting Plaintiffs' motion for a preliminary injunction ("PI Order") against Defendant Create New Technology (HK) Limited ("CNT"), CNT has taken **zero** steps to comply with any aspect of this Court's PI Order.  In brazen disregard of the PI Order, CNT continues to actively market and sell the TVpad device into the United States with full access to the TVpad applications or "apps" that offer Plaintiffs' copyrighted programming without authorization (the "Infringing TVpad Apps")—notwithstanding the fact that each of these Infringing TVpad Apps are identified with specificity in the PI Order and supporting Findings of Fact and Conclusions of Law.  Not only are the same Infringing TVpad Apps and Plaintiffs' copyrighted television programs still accessible on all existing TVpad devices purchased before entry of the PI Order, but new TVpad devices shipped to the United States since entry of the PI Order continue to offer the same Infringing TVpad Apps and continue to infringe on an hourly basis Plaintiffs' copyrighted programs through 24/7 streaming of that programming.  CNT has also taken no steps to alter its marketing and advertising of the TVpad device, and continues to tout on its websites the availability of Plaintiffs' copyrighted programs and of the Infringing TVpad apps to sell its TVpads.  In fact, since this Court's entry of the PI Order, CNT has added <u>new</u> marketing, advertising and advice to consumers on the webpages it controls that directly violate this Court's PI Order.

CNT's brazen and audacious flouting of the Court's PI Order is no accident.  The PI Order clearly identifies the conduct that is expressly enjoined.  CNT was given ample—indeed, repeated—notice of the Court's PI Order.  The only explanation, therefore, is CNT's willful refusal to accord any respect to this Court, as further evidenced by CNT's initial appearance in this action, and later, calculated decision to default rather than stand accountable before this Court for its illegal and infringing conduct.

MOTION FOR CONTEMPT
DWT 27423940v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

While Plaintiffs are in the process of gathering evidence for their default judgment motion against CNT—due to be filed in a matter of weeks—and will seek appropriate remedies to address CNT's default in that motion, a more immediate response to CNT's contumacious refusal to obey this Court's PI Order is required. For this reason, through this motion, Plaintiffs respectfully request that the Court redress CNT's brazen violation of the PI Order through the imposition of accruing coercive sanctions payable to this Court pending full compliance with the PI Order.

## II.    FACTUAL BACKGROUND

On March 16, 2015, Plaintiffs filed a Motion for Preliminary Injunction against CNT.  CNT did not oppose the motion, and subsequently defaulted in this action on May 28, 2015.  By Order dated June 11, 2015, the Court granted the motion  and preliminarily enjoined CNT from:

   a. Transmitting, retransmitting, streaming, or otherwise publicly performing, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming;

   b. Authorizing, hosting, reproducing, downloading or otherwise distributing the Infringing TVpad Apps, including without limitation offering them in the TVpad Store, loading them onto TVpad devices, or providing them to consumers on separate media;

   c. Advertising, displaying, marketing or otherwise promoting any of the Infringing TVpad Apps, including without limitation publicly displaying any of the Plaintiffs' Copyrighted Programming in connection therewith or in connection with the TVpad Device;

   d. Distributing, advertising, marketing or promoting any TVpad device that contains, connects to, or offers for download any

MOTION FOR CONTEMPT
DWT 27423940v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Infringing TVpad App, or promotes any Infringing TVpad App through the inclusion of icons for said Infringing TVpad App;

e.  Otherwise infringing Plaintiffs' rights in their Copyrighted Programming, whether directly, contributorily, vicariously or in any other manner.

(Doc. 98 at 3-4.)

CNT has received repeated notices of this Court's PI Order through multiple channels. <u>First</u>, the June 11 entry of the PI Order on the electronic docket constituted service of the PI Order on CNT through its counsel of record (who had not yet been granted leave to withdraw). <u>Second</u>, on June 17, 2015, CNT was provided email notice of the PI Order by Plaintiffs' counsel. Declaration of Lacy H. Koonce III ("Koonce Decl.") ¶3, Ex. 19. <u>Third</u>, on June 17, 2015, CNT was also personally served with copies of the PI Order and of this Court's supporting Findings of Fact and Conclusions of Law by Plaintiffs' solicitor at CNT's registered Hong Kong address. Koonce Decl. ¶4, Ex. 20. <u>Finally</u>, on June 18, 2015, Plaintiffs received confirmation that CNT's U.S. attorneys sent copies of the PI Order via Federal Express to CNT's last known address, prior to this Court's order granting counsel's withdrawal as counsel of record for CNT. Koonce Decl. ¶2, Ex. 18.

From June 18, 2015 through June 22, 2015, Plaintiff TVB tested several TVpad devices to determine whether CNT was still transmitting TVB's copyrighted programming through any of the 15 Infringing TVpad Apps. Declaration of Samuel P. Tsang ("Tsang Decl.") ¶¶8-10; *see also* Doc. No. 23-1 at pp. 14-16, Weil Declaration filed in support of Motion for Preliminary Injunction at ¶ 26; Doc. No. 98, PI Order at 2 and Ex. B. Over this five-day period, TVB tested the availability of its programs through the video-on-demand features of three of the fifteen Infringing TVpad Apps—specifically the Gang Yue Kuai Kan app, Gang Yue Wang Luo Dian Shi app, and Gang Tai Wu Xia app. During just this short test period, TVB was able to confirm that <u>2,388</u> separate episodes of TVB programs (of which 1,781 episodes

MOTION FOR CONTEMPT
DWT 27423940v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

are registered with the United States Copyright Office) were still being offered on TVpad devices through the three infringing applications in violation of the PI Order. Tsang Decl. ¶10.  These 2,388 infringed programs include all but one of the copyrighted programs TVB had identified in support of the motion for preliminary injunction.  The omission of this one title is explained not by any effort by CNT to comply with the Court's PI Order, but rather is consistent with CNT's periodic addition and deletion of VOD programming.  Tsang Decl. ¶9.[1]

In further testing conducted by TVB from August 7 through August 10, 2015, over 1,700 of these TVB episodes continued to be streamed through three of the Infringing TVpad Applications on the TVpad device.  Tsang Decl. ¶12.  The tested programming does not constitute all of the TVB programming that is currently being infringed by CNT through these apps, but only the limited content that TVB was able to confirm was being streamed through the Infringing VOD apps over a short period of time. Tsang Decl. ¶13.   In fact, during an August 20, 2015 test, TVB was able to confirm that 510 <u>additional</u> episodes from 24 TVB television programs that TVB had not previously tested for availability on VOD were now available through the TVpad device.  *Id.*  As some of these program episodes had only recently aired on TVB channels in Hong Kong and the United States, their appearance on the TVpad device confirms the immediate conversion of TVB live programming to VOD content.  *Id.*

After entry of the Court's PI Order, Plaintiffs' investigators also ran tests on several of the existing TVpad devices that they had acquired during the course of their investigation.  Over the last two months since the Court entered its PI Order, Plaintiffs' investigators have observed constant streaming, 24 hours a day, 7 days a week, of CCTV and TVB programming over the TVpad device.  Declaration of Nick Braak, dated August 21, 2015, ("Braak Decl.") ¶¶7-13.  The only exceptions to this

---

[1] In a later test by TVB on August 24, 2015, this one missing title—Black Heart White Soul—reappeared on the VOD menu and could be streamed.  Tsang Decl. ¶9.

MOTION FOR CONTEMPT
DWT 27423940v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

continuing, blatant violation of the PI Order are occasional service outages for some of the Infringing TVpad Apps and the recent inaccessibility of the Gang Yue Wang Luo Dian Shi Infringing TVpad App on the investigators' TVpad3 device.  However, all 15 of the Infringing TVpad Apps continue to be available on either the TVpad3 or TVpad4 devices, and access to the Infringing TVpad Apps and concurrent streaming of Plaintiffs' copyrighted programs continues unabated.  Braak Decl.  ¶6..  Moreover, in the same manner as they did before imposition of this Court's PI Order, the TVpad3 and TVpad4 devices continue to operate as peers in a peer-to-peer network—allowing TVpad users to retransmit CCTV and TVB programs to other TVpad users.  *Id.* ¶9.

In addition, following entry of the PI Order, Plaintiffs' investigators purchased a new TVpad4 device from the official TVpad Store that CNT now runs from a new domain, located at www.mtvpad.com.  That TVpad4 device was shipped from Hong Kong to Studio City, California, arriving on August 3, 2015.  Plaintiffs' investigators subsequently tested the new TVpad4 device and confirmed that since entry of the PI Order:

- The terms and conditions accessible upon start-up of the TVpad4 device continue to identify Create New Technology (HK) Limited as the manufacturer of the device.  Braak Decl. ¶15, Ex. 26.

- The opening screens and TVpad Store on the TVpad4 device continue to market and advertise several of the Infringing TVpad Apps in the same manner post-injunction as documented in the March 6, 2015 declaration of Nicolas Braak filed in support of Plaintiffs' preliminary injunction motion. *Compare* Braak Decl. ¶26, *with* Doc. No. 23-1, March Braak Decl. ¶29.

- All nine of the Infringing TVpad Apps that Plaintiffs' investigators previously concluded pre-injunction were available for download on the TVpad4 device continue to be listed on the TVpad Store and were downloaded by Plaintiffs'

MOTION FOR CONTEMPT
DWT 27423940v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

investigators on the newly purchased TVpad4 device. *Compare* Braak Decl. ¶16, *with* March Braak Decl. ¶16.

- All nine of the Infringing TVpad Apps continue to provide CCTV and TVB programs via VOD, Time-Shift, Live TV and Replay Live modes in the same manner as did the TVpad4 devices that Plaintiffs' investigators tested pre-injunction.  Braak Decl. ¶16.

- The Infringing TVpad Apps that were downloaded by Plaintiffs' investigators to the new TVpad4 device continue to stream CCTV and TVB programming 24 hours a day, each day of the week. *Id.*

In short, the *status quo* remains exactly the same following this Court's entry of its PI Order, reflecting nothing short of CNT's flagrant disregard for this Court's PI Order.

Nor has anything materially changed with respect to CNT's advertising and marketing practices post-injunction.  CNT continues to promote and sell the TVpad device in the United States by aggressively advertising the Infringing TVpad Apps and their ability to provide CCTV and TVB copyrighted programming for free.  Not only has CNT taken no steps to remove from its websites the marketing content barred under the Court's PI Order, it has exacerbated its violation by replicating the barred advertising from its former website (located at itvpad.com) to a new website (located at mtvpad.com).  In all material respects—including CNT's promotion of the Infringing TVpad Apps on its websites to market the TVpad device and the repeated references to the availability of Plaintiffs' copyrighted programming on the TVpad— absolutely <u>nothing</u> has changed.  Wukoson Decl. ¶¶4-12.  Similarly, CNT continues to operate and promote its official fan forum (located at tvpadfans.com), where posts about the availability of Plaintiffs' copyrighted programs and how to access them through the Infringing TVpad Apps remain, with <u>new</u> posts added since the PI Order.  Wukoson Decl. ¶¶20-22.  Finally, CNT's Facebook page also remains materially unaltered, and in recent post-injunction posts, CNT continues to promote the same Infringing TVpad Apps this Court ordered it to stop marketing and advertising.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Wukoson Decl. ¶¶14-19.  In short, CNT's marketing and advertising efforts remain unchanged notwithstanding the Court's PI Order.

### III.   ARGUMENT

A finding of contempt against CNT and imposition of coercive penalties is clearly warranted.

### A.   Standard for Determining Civil Contempt.

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984).  The Ninth Circuit's rule with regard to contempt "has long been whether the defendants have performed all reasonable steps within their power to insure compliance with the court's orders." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (internal citations omitted).

"The party moving for contempt bears the burden of establishing by clear and convincing evidence that the contemnor has violated a specific and definite order of the court." *Bademyan v. Receivable Management Services Corp.*, Case No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *2 (C.D. Cal. Mar. 9, 2009) (citing *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997); *Balla v. Idaho State Bd. of Corrections*, 869 F2d 461, 466 (9th Cir. 1989)).  "Once the moving party shows by clear and convincing evidence that the contemnor has violated a specific and definite order of court, the burden shifts to the contemnor to demonstrate that he or she took every reasonable step to comply, and to articulate reasons why compliance was not possible." *Bademyan*, 2009 WL 605789, at *2 (citing *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983)).  "Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.      Plaintiffs Have Produced Clear and Convincing Evidence of CNT's Wholesale Failure to Comply with This Court's PI Order.**

Notwithstanding the clear terms of the Court's PI Order, CNT has taken absolutely no steps to comply.  Despite having notice of the Court's PI Order for two months, CNT has failed to disable any of the infringing applications that illegally give TVpads users access to Plaintiffs' copyrighted programming; CNT continues to actively advertise and market the ability of TVpad devices to provide free access to the Infringing TVpad Apps that deliver Plaintiffs' TV programs; and CNT continues to sell new TVpad devices into the United States with full access to the Infringing TVpad Apps.  Plaintiffs' copyrighted programs continue to be streamed and offered through the Infringing TVpad Apps on the TVpad 24 hours a day, 7 days a week.  CNT's total failure to comply with the Court's PI Order cannot be explained by good faith or any reasonable interpretation of the PI Order, and, as such, a finding of civil contempt is appropriate.

**1.      The Court's PI Order Is Clear and Definite.**

The Court's PI Order in this matter is clear and not susceptible to any reasonable interpretation that would explain CNT's failure to take any steps to comply with the PI Order.  *Wolfard Glassblowing,* 118 F.3d at 1322.  The PI Order spells out that CNT must cease transmitting or retransmitting Plaintiffs' Copyrighted Programming, as that term is defined precisely in the PI Order, including with reference to numerous specific examples of infringed content.  The PI Order also states that CNT must cease providing access to or distributing the specifically identified Infringing TVpad Apps that stream Plaintiffs' Copyrighted Programming.  The PI Order even includes a list of the precise Infringing TVpad Apps that must be taken down.  Doc. No. 98 Ex. B.  Finally, the PI Order provides that CNT may not advertise, display or market the Infringing TVpad Apps, nor take steps to market the TVpad by referencing the Infringing TVpad Apps.  CNT has been on notice of the PI Order since as early as June 17, 2015, when it was emailed a copy of the PI Order

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and personally served with the PI Order and supporting Findings of Fact and Conclusions of Law.  Koonce Decl. ¶¶3-4.  There is <u>nothing</u> in the PI Order that is in any way unclear regarding what CNT must do to comply with the PI Order.

Moreover, CNT has been on notice since March 17, 2015, when Plaintiffs filed their Motion for Preliminary Injunction, of the specific apps that Plaintiffs contend are Infringing TVpad Apps, as well as the specific copyrighted CCTV and TVB programs being transmitted and retransmitted through the TVpad and its Infringing TVpad apps without authorization.  So too, Plaintiffs filed volumes of evidence identifying the specific CNT website pages, Facebook pages and fan forums that CNT has been using to market and advertise the Infringing TVpad Apps. Notwithstanding having all of this specific evidence at its disposal for many months, followed by receiving notice of the Court's Findings of Fact, which cited this evidence in support of its PI Order (Doc. No. 97), CNT has taken no steps to remove or disable <u>any</u> of the identified content.  Indeed, as discussed in more detail below, CNT has compounded its violations of the Court's PI Order by adding new content in violation of the Court's PI Order and replicating all of its prior marketing and advertising of the Infringing TVpad Apps on a new website.

### 2. CNT Has Failed to Remove or Disable Access to Plaintiffs' Copyrighted Programming.

Plaintiffs' Copyrighted Programming, as expressly defined in the Court's PI Order, continues to be accessible through the Infringing TVpad Apps and on the TVpad device.  In the days following notice to CNT of the Court's PI Order, Plaintiff TVB accessed all of the content that it previously identified in support of the preliminary injunction motion as having been infringed on three of the Infringing TVpad Apps that offer video-on-demand programming.  With the exception of six episodes of one copyrighted program, <u>all</u> of the remaining TVB program episodes remain available through the Infringing TVpad Apps.  Moreover, TVB took steps to verify whether other episodes of its programming were available through these

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

video-on-demand Infringing TVpad Apps, and in just a few days' test period was able to identify <u>2,388</u> instances of infringement.  Tsang Decl. ¶10.  During a second test in August 2015, TVB again confirmed that the vast majority of their infringed TVB program episodes remain accessible on TVpad devices.  The thousands of TVB episodes that TVB was able to confirm are still being transmitted through the Infringing TVpad Apps on the TVpad device represent only a very small percentage of TVB's total copyrighted programming that is available on the TVpad device, and CNT has failed to take any steps to remove or disable the availability of that content.  *Id*.  In fact, newly-aired TVB programs are constantly being added to the VOD line-up, in addition to being live-streamed through the Infringing TVpad Apps on the TVpad device.  *Id*. ¶13.

In addition, Plaintiffs' investigators have also confirmed that CNT has done nothing to cease the 24/7 infringement of Plaintiffs' live and previously broadcast copyrighted programming on the TVpad.  All 15 of the Infringing TVpad Apps remain active on the TVpad devices that the investigators procured in 2014 as part of their investigation.  Moreover, the new TVpad4 device that the investigators purchased in July 2015 from CNT's website also offers the same Infringing TVpad Apps as well as constant streaming of Plaintiffs' copyrighted programming.  Braak Decl. ¶¶6, 15.

### 3.   CNT Continues to Authorize, Host and Distribute the Infringing TVpad Applications on TVpad Devices Previously Sold in the United States.

The Court identified in its PI Order the 15 separate Infringing TVpad Apps that CNT was required to immediately cease "[a]uthorizing, hosting, reproducing, downloading or otherwise distributing… including without limitation offering them in the TVpad Store, loading them onto TVpad devices, or providing them to consumers on separate media."  Doc. No. 98 at 3.  CNT has taken <u>no</u> steps to comply with this portion of the PI Order.  Braak Decl. ¶¶6, 15; Tsang Decl. ¶¶9, 13.  In fact, 14 of 15 of the Infringing TVpad Apps continue to be available in the TVpad Store

for download.  Moreover, all previously downloaded versions of the 15 Infringing TVpad Apps continue to function on one or more TVpad device models.  Braak Decl. ¶6.

### 4.     CNT Is Still Marketing and Advertising the TVpad By Touting the Infringing TVpad Apps and Plaintiffs' Content.

In their preliminary injunction motion, Plaintiffs identified volumes of screenshots from CNT's website, Facebook page, and sponsored TVpad fanpage through which CNT sold the TVpad device by marketing the Infringing TVpad Apps and their ability to offer "free" CCTV and TVB programs from China.  Despite being directed in the PI Order to cease advertising and promoting the Infringing TVpad Apps, CNT has taken <u>no</u> steps to remove this marketing material, and in fact has added new and similar marketing material to its online advertising after the Court's entry of its PI Order.

Since entry of the PI Order, Plaintiffs have confirmed that CNT's website (located at www.itvpad.com) not only remains materially unchanged—continuing to advertise the Infringing TVpad Apps and tout how the TVpad device offers free CCTV and TVB programs—but has been replicated at a new website (located at www.mtvpad.com), which in all respects duplicates the content from itvpad.com and violates the PI Order.  Doc. No. 98 at 3.[2]

Virtually all the itvpad webpages that Plaintiffs identified in their preliminary injunction motion as advertising or marketing the Infringing TVpad Apps continue to be used by CNT on its new mtvpad site to advertise the TVpad device.  *Compare* Weil ¶¶18, 25(d), 32 and 65-66 and Exs. 7, 14 and 15 *with* Wukoson ¶¶ 7-8, 13 and Exs. 3-4 and 9.  In addition, when migrating its itvpad.com blog over to its new mtvpad.com blog, CNT retained the blog entries in which it expressly recommended

---

[2] CNT announced that mtvpad.com was the new official website for the TVpad on June 9, 2015— one day after the Court's hearing on the preliminary injunction motion and two days before the Court entered its PI Order.  Wukoson Decl. Ex. 1.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

certain Infringing TVpad Apps.  *Compare* Weil ¶¶ 34, 37 at Ex. 16, Ex. 19 *with* Wukoson ¶¶9, 12 and Exs. 5, 8.  CNT also replicated on its new weblog those blog posts that tout the availability of TVB content on various Infringing TVpad Apps.  *Compare* Weil ¶ 35 at Ex. 17 *with* Wukoson ¶10 and Ex. 6.

CNT has done <u>nothing</u> to remove any of the content on its Facebook page that advertises the Infringing TVpad Apps and encourages their use on the TVpad device to access Plaintiffs' copyrighted programs.  *Compare* Weil ¶¶ 40-47 and Exhibits 22 through 26 *with* Wukoson ¶17 and Ex. 13.  CNT Facebook posts that promote downloading of Infringing TVpad Apps to watch TVB and CCTV content are all still on the site.  Wukoson ¶16 and Ex. 11.  Likewise, CNT's comment on its Facebook page that it is "legal to watch HK channel in TVpad, no worry" remains online.  Wukoson ¶18 and Ex. 13.

Not only has CNT failed to take down the online advertising and marketing of the Infringing TVpad Apps and their ability to provide Plaintiffs' copyrighted programs for free, but CNT has added to these existing webpages and posts with <u>new</u> online marketing material that continues to tout both the Infringing TVpad Apps and their ability to stream Plaintiffs' programming.  For example, since entry of the PI Order, the TVpad administrator on CNT's Facebook page recently touted the Infringing TVpad Apps BETV and BETV Plus as a way to access Cantonese dramas.  Wukoson Decl. Ex. 14.  Similarly, when a user posted on CNT's Facebook page a question about how to watch Hong Kong TVB shows and dramas, the CNT administrator responded on August 6, 2015: "Hong Kong Cantonese Network, HKTV, HK Time Shift, HK broadband, etc."  *Id.*

In addition, the TVpad Fan Forum, which CNT operates and moderates, continues to promote CCTV and TVB programs—in violation of the PI Order.  For example, in a recent post in July 2015, a user commented on the availability of Wimbledon tennis on the CCTV sports channel on TVpad.  Wukoson Decl. ¶21 and Ex. 16.  In another July 2015 post, a user commented on the availability of the World

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Swimming Championships on a CCTV channel through the TVpad. *Id*. Elsewhere, CNT encouraged a user to post a detailed review of the TVpad4 device, compared to competitors. After the user touted the fact that he or she began to use the TVpad to avoid paying $40 a month for a Jade subscription—the DISH subscription package that offers authorized TVB content—the user went on to explain why the TVpad4 is a better device than alternatives, including the fact that it does not require a subscription and offers better quality streaming than other competing "free" devices. The TVpad moderator then marked this thread as a favorite, allowing more TVpad users to easily identify the post on the fan forum. *Id*. ¶22 and Ex. 17.

Finally, since entry of the PI Order, CNT also has continued to use Plaintiffs' copyrighted programming in direct marketing pitches to customers, including through emails touting the availability of Plaintiffs' copyrighted programming. For example, TVB's Director of Programming, Liz Lai, received two direct advertising emails from CNT offering specials on the TVpad device since entry of the Court's PI Order. One of those emails used an image from one of TVB's copyrighted TV programs to solicit sales of the TVpad. Tsang Decl. ¶¶14-15 and Exs. 22-23.

### 5. CNT Continues to Sell New TVpad Devices in the United States with Access to the Infringing TVpad Apps.

Since entry of the PI Order, CNT has continued to sell new TVpad devices that make the Infringing TVpad Apps available to customers in the United States. Braak Decl. ¶¶14-17. So too, CNT's aggressive recruitment of distributors in the United States to sell the TVpad device continues unabated. Just as it did before the injunction, since entry of the PI Order, CNT continues to solicit new distributors, in part, by using CCTV and TVB logos and falsely claiming that CNT has authorization to stream Plaintiffs' television programming. *Compare* Weil ¶ 33 and Ex. 15 *with* Wukoson Decl. ¶13 and Ex. 9.

Plaintiffs' investigators purchased a TVpad4 device from the mtvpad.com website on July 28, 2015. After receiving the TVpad4 device, the investigators

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

started the device and connected it to the Internet to determine whether the newly purchased TVpad4 functions the same way as prior devices.  In all material respects, the new TVpad4 device functions the same as devices purchased before this Court's PI Order.  All nine of the Infringing TVpad Apps that were available on the TVpad4 devices before the PI Order continue to be available in the TVpad Store.  Those Infringing TVpad Apps continue to stream copyrighted CCTV and TVB programs 24 hours/7 days a week.  Braak Decl. ¶16.

In addition, Plaintiffs' investigators confirmed that, on start-up, the new TVpad4 device still identifies CNT as the supplier of TVpads.  All other start-up menus and screens remain materially identical, still promoting the Infringing TVpad Apps and allowing their download on the TVpad Store.  Braak Decl. ¶15.

In sum, CNT has brazenly refused to comply with any aspect of this Court's PI Order.

## C.   CNT's Refusal to Obey the Court's PI Order Merits A Finding of Contempt, Imposition of Coercive Sanctions, and Award of Plaintiffs' Attorneys' Fees.

Once a violation of a court order has been shown, civil contempt sanctions may be imposed.  Civil contempt sanctions are employed "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992); *see also Citizens for Lawful and Effective Attendance Policies v. Sequoia Union High School District*, No. C 87-3204 MMC, 1998 WL 305513, at *4 (N.D. Cal. June 4, 1998) ("Such remedial sanctions may take two forms—sanctions designed to coerce future compliance with the underlying order, or sanctions designed to compensate for actual losses caused by noncompliance with the underlying order.").

Civil coercive sanctions by their very nature are "conditional"—meaning "they only operate if and when the person found in contempt violates the order in the future."  *Id.* (internal citation omitted).  Civil contempt sanctions that are coercive in nature are paid to the district court.  *See General Signal Corporation v. Donallco,*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Inc.,* 787 F.2d 1376, 1380 (9th Cir. 1986)).  "A court, in determining the size and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker,* 953 F.2d at 516 (citing *United States v. United Mine Workers of America,* 330 U.S. 258, 304 (1947)).

Compensatory sanctions, in contrast, are paid to the party bringing the civil contempt motion and are intended to compensate for losses suffered as a result of the contemptuous conduct.  *Portland Feminist Women's Health Center v. Advocates for Life, Inc.,* 877 F2d 787, 790 (9th Cir. 1989).  Such compensatory sanctions may include plaintiffs' costs to bring the contempt proceeding, including reasonable attorney's fees.  *Id.* [3]

### 1.  Given the Egregious Nature of CNT's Contempt of Court, a $10,000 Daily Coercive Fine Is Appropriate.

CNT has engaged in egregious acts of copyright infringement on an enormous scale, and shown absolute disdain for this Court's PI Order, taking absolutely <u>no</u> steps to comply with the PI Order.  Instead, CNT has literally ignored the PI Order as it continues to exploit its massive pirate network.  As a result, the irreparable harm suffered by Plaintiffs on a daily and hourly basis as their copyrighted works are infringed—and which led them to seek a preliminary injunction in the first place—continues unabated, notwithstanding entry of injunctive relief.  Such brazen disregard for this Court's PI Order requires a significant coercive sanction of $10,000 per day for every day that CNT fails to comply.

Such a fine is consistent with other coercive sanctions imposed in this Circuit. For example, in *Koninklijke Philips Electronics, N.V. v. KXD Technology, Inc.,* 539

---

[3] In their default judgment motion, Plaintiffs will be requesting damages to compensate them for their losses associated with CNT's continuing copyright infringement, trademark infringement and unfair competition.  Accordingly, Plaintiffs do not seek compensatory damages in this contempt motion, except for an award of attorneys' fees.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

F.3d 1039, 1041, 1043, 1046 (9th Cir. 2008), the Ninth Circuit dismissed an interlocutory appeal challenging a $10,000 per day coercive fine in a trademark counterfeiting action after the defendants in that action—like CNT here—failed to take any steps to comply with the Court's preliminary injunction order.  In a slightly different context, the Ninth Circuit has also affirmed a $10,000 per day contempt fine against a defendant who refused to comply with a discovery order requiring the defendant to disclose its assets after plaintiff had secured a default judgment against it. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1471, 1482 (9th Cir. 1992) ("[W]e conclude that the nature of the sanctions imposed was appropriate.").  The Ninth Circuit has likewise affirmed the propriety of a coercive fine that imposed a sanction of $10,000 for each violation of a preliminary injunction given the fact that such a fine was no greater than the amount of statutory damages resulting from the copyright infringement at issue in that case.  *BMG Music v. Perez*, 952 F.2d 318, 320 (9th Cir. 1991) ("Because the district court imposed a sanction of $10,000 for each violation of the preliminary injunction, an amount no greater than statutory damages for the resulting copyright infringement, the district court did not abuse its discretion in setting the amount of sanctions.").  Statutory damages for the type of willful infringement at issue in this action can equal as much as $150,000 per infringed work.  *See* 17 U.S.C. § 504(c)(2).

Since CNT has completely ignored this Court's PI Order, resulting in the infringement of literally thousands of copyrighted works on a daily basis, a $10,000 per day fine pending CNT's compliance with this Court's PI Order is entirely appropriate.  Plaintiffs have shown that CNT's post-injunction infringement encompasses at least 1,781 episodes of TVB's registered copyrighted programming.  Tsang Decl. ¶10.  That programming, in turn, only represents a small percentage of Plaintiffs' copyrighted programming that on a daily basis is streamed to TVpad users through the Infringing TVpad Apps.  Moreover, in order to sell more TVpad devices, CNT continues to tout the fact that its TVpad devices allow users to access Plaintiffs'

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

copyrighted programs for free, without having to pay a $40 per month subscription fee. Wukoson Decl. ¶22. CNT even boasts on its website that it has sold close to 11 million TVpad devices around the world. Wukoson Decl. Ex. 2. That number of users represents a massive continuing loss of subscriber fees and revenue to Plaintiffs, thus meriting a significant daily coercive fine against CNT. Finally, Plaintiffs have demonstrated that CNT continues to sell the TVpad device at a per unit cost of $249 into the United States post-injunction. Weil Decl. ¶4. CNT is clearly profiting from its refusal to abide by this Court's PI Order. Despite the PI Order, CNT continues to aggressively sell the TVpad devices that, through the Infringing TVpad Apps and CNT's pirate retransmission service, infringe Plaintiffs' copyrighted programming every day.

Plaintiffs therefore propose that, within 5 court days of providing notice to CNT of this Court's Order holding CNT in contempt, if CNT has not complied with this Court's Order, coercive fines of $10,000 per day be imposed until such time as CNT complies with this Court's Order.

### 2. Ordering CNT to Pay the Attorneys' Fees Incurred by Plaintiffs in Filing this Contempt Motion Is an Appropriate Sanction.

"The Ninth Circuit has held that a court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs." *Bademyan,* 2009 WL 605789 at *4. Where the moving party has incurred time and expense in bringing a motion to enforce compliance with a court order, and the contemnor has taken no steps to comply with the terms of the court's order, an attorneys' fees award is particularly appropriate. *Id.* Once a party establishes its entitlement to an attorneys' fees award, the court must determine whether the award is reasonable, including with reference to the court's own "experience with similar cases and its knowledge of prevailing rates in the community." *Id.* at *5.

Plaintiffs request a fee award in the amount of $34,680.60, which represents only a portion of the attorneys' fees incurred by Plaintiffs to bring the instant motion.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In the accompanying McCauley and Wukoson Declarations, Plaintiffs set forth the total amount of time their attorneys have spent in researching, drafting and compiling evidence in support of the instant motion to date.  McCauley Decl. ¶¶3-4; Wukoson Decl. ¶23.  Plaintiffs' requested costs are consistent with other attorneys' fees awards in this Circuit for similar motions.  *See, e.g., Honor Plastic Indus. Co. Ltd. v. Lollicup USA, Inc.*, No. CIV-F-06-0707 AWI DLB, 2007 WL 1655786 (E.D. Cal. June 7, 2007) (awarding $90,648.40 for attorneys' fees and costs following contempt motion in trademark action); *Koninklijke Philips Electronics N.V.*, 539 F.3d at 1041 (detailing award of $353,611.70 for attorneys' fees as part of contempt sanctions).

## IV.   CONCLUSION

CNT's disregard for this Court's PI Order cannot be countenanced.  Plaintiffs therefore respectfully request that their Motion to Hold CNT in Contempt be granted in its entirety, including the proposed coercive daily fine pending compliance with the Court's Order, and Plaintiffs' attorneys' fees incurred in filing the instant motion.

DATED: August 25, 2015

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)


By:_____/s/Carla A. McCauley_____
              Carla A. McCauley
Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899