1 | CARLA A. McCAULEY (State Bar No. 223910)
carlamccauley@dwt.com
2 | DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
3 | Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899
4 |
ROBERT D. BALIN (*pro hac vice*)
5 | robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
6 | lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
7 | samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
8 | georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
9 | 1251 Avenue of the Americas, 21st Floor
New York, New York  10020
10 | Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

11 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
12 |

13 | CHINA CENTRAL TELEVISION, a China ) Case No.
company; CHINA INTERNATIONAL ) **CV 15-1869 MMM (AJWx)**
14 | COMMUNICATIONS CO., LTD., a China )
company; TVB HOLDINGS (USA), INC., a ) **EX PARTE APPLICATION TO**
15 | California corporation; and DISH ) **ADVANCE HEARING ON**
NETWORK L.L.C., a Colorado corporation, ) **PLAINTIFFS' MOTION TO**
16 | ) **HOLD DEFENDANT CREATE**
Plaintiffs, ) **NEW TECHNOLOGY (HK)**
17 | vs. ) **LIMITED IN CONTEMPT;**
) **DECLARATION OF CARLA A.**
CREATE NEW TECHNOLOGY (HK) ) **MCCAULEY AND EXHIBITS A**
18 | LIMITED, a Hong Kong company; HUA ) **THROUGH C**
YANG INTERNATIONAL TECHNOLOGY )
19 | LIMITED, a Hong Kong company; )
SHENZHEN GREATVISION NETWORK ) [Proposed Order concurrently
20 | TECHNOLOGY CO. LTD., a China ) submitted]
company; CLUB TVPAD, INC., a California )
21 | corporation; BENNETT WONG, an )
individual, ASHA MEDIA GROUP INC. ) Current Hearing: November 9, 2015
22 | d/b/a TVPAD.COM, a Florida corporation; ) at 10:00 a.m.
AMIT BHALLA, an individual; ) Courtroom:    780
23 | NEWTVPAD LTD. COMPANY d/b/a )
NEWTVPAD.COM a/k/a TVPAD USA, a )
24 | Texas corporation; LIANGZHONG ZHOU, )
an individual; HONGHUI CHEN d/b/a E- ) Action Filed:  March 13, 2015
25 | DIGITAL, an individual; JOHN DOE 1 d/b/a )
BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN )
26 | DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; )
JOHN DOE 5 d/b/a GANG YUE; JOHN )
27 | DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 )
d/b/a GANG TAI WU XIA; and JOHN DOES )
28 | 8-10, )
Defendants. )

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7-19, Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively "Plaintiffs") hereby request through the instant Ex Parte Application that Plaintiffs' pending Motion to Hold Defendant Create New Technology (HK) Limited ("CNT"), in Contempt (the "Contempt Motion") now set for November 9, 2015 at 10:00 a.m., be advanced and specially set for an emergency hearing date in mid-September, or the earliest possible date practical on the Court's calendar.

Good cause exists to grant this application because the first hearing date listed as available on the Court's civil motion calendar when Plaintiffs filed their Contempt Motion on August 26, 2015 was November 9, 2015.  That hearing date is still over ten weeks away as of the date of the filing of the instant Ex Parte.  Plaintiffs' Contempt Motion seeks coercive sanctions against CNT to ensure the immediate compliance by CNT with this Court's Order granting preliminary injunction entered June 11, 2015, and which CNT has entirely ignored, causing Plaintiffs' ongoing and irreparable injury.  As set forth below and in Plaintiffs' pending Contempt Motion, it is crucial that Plaintiffs' Contempt Motion be heard as soon as possible.

On May 28, 2015, the Court entered default against Defendant CNT. Declaration of Carla A. McCauley ("McCauley Decl.") at ¶5.  Notwithstanding the fact that default has been entered against CNT, Plaintiffs have arranged for personal service of CNT at its registered offices in Hong Kong with notice of the instant ex parte application and the pending Contempt Motion.  *See* McCauley Decl. ¶5 and Ex. B.  Plaintiffs separately gave notice to counsel for the remaining Defendants who have been served and who have entered appearances in the instant action.  McCauley Decl. ¶7 Ex. C.

///

///

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Carla A. McCauley and accompanying exhibits, the pleadings and files in this action, and such other argument and evidence as may be presented at any hearing on the Application.


DATED: August 25, 2015            DAVIS WRIGHT TREMAINE LLP
                                  CARLA A. McCAULEY
                                  ROBERT D. BALIN (*pro hac vice*)
                                  LACY H. KOONCE, III (*pro hac vice*)
                                  SAMUEL BAYARD (*pro hac vice*)
                                  GEORGE WUKOSON (*pro hac vice*)



                                  By_____ /s/Carla A. McCauley_____
                                              Carla A. McCauley

                                  Attorneys for Plaintiffs
                                  CHINA CENTRAL TELEVISION; CHINA
                                  INTERNATIONAL COMMUNICATIONS CO.,
                                  LTD.; TVB HOLDINGS (USA), INC.; AND
                                  DISH NETWORK L.L.C.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

On June 11, 2015, the Court entered its Order granting Plaintiffs' Motion for Preliminary Injunction against, among other Defendants, Create New Technology (HK) Limited ("CNT").  Doc. No. 98.  Acknowledging in its Findings of Fact in support of that Order that CNT markets and sells a TVpad device that uses various applications or "Apps" to infringe Plaintiffs' copyrighted television programming (the "Infringing TVpad Apps"), and that Plaintiffs are likely to show contributory and vicarious copyright infringement by CNT (Doc. No. 97 at p. 7, 16 through 20), the Court entered its Order immediately enjoining CNT from transmitting Plaintiffs' copyrighted programming, authorizing or hosting the Infringing TVpad Apps, advertising the TVpad Apps, or distributing any TVpad device that connects to or downloads the Infringing TVpad apps or Plaintiffs' copyrighted programming. Doc. No. 98 at p. 3 through 4.

CNT has taken no steps whatsoever to comply with the Court's Order in the two months since the Order was entered.  CNT was given notice of the Court's Order through multiple avenues, including personal service on CNT's registered offices in Hong Kong, and yet, CNT continues with business as usual notwithstanding the Court's Order.  In brazen violation of the Order, CNT continues to make the Infringing TVpad Apps available through the TVpad device; sells, continues to market and promote the Infringing TVpad Apps; and continues to facilitate direct infringement of Plaintiffs' copyrighted television programming. In fact, as fully detailed in Plaintiffs' Contempt Motion, CNT has intensified its marketing efforts by touting the ability of its TVpad device to provide Plaintiffs' copyrighted programming free of charge through the Infringing TVpad Apps in several post-injunction website posts and email advertisements.  *See* Contempt Motion at 8.  Such flouting of this Court's Order by a party that made a strategic decision to default in this action, rather than be held accountable for its massive copyright infringement,

cannot be tolerated.  Plaintiffs therefore respectfully request that this contempt of court be addressed earlier than the noticed motion deadline of November 9, 2015, which was the first available date for a hearing on the Court's motion calendar. Instead, Plaintiffs' respectfully request that a hearing be held on the earliest available date convenient to the Court to address through coercive sanctions CNT's flagrant disregard of this Court's Order.

## II.    ARGUMENT

This Court has held that *ex parte* relief is appropriate if:

(1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and

(2) the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

*See Mission Power Eng'g. Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 495 (C.D. Cal. 1995). Plaintiffs meet both tests.

First, Plaintiffs' irreparable injury in the face of CNT's blatant refusal to abide by the Court's preliminary injunction Order is indisputable.  As the Court acknowledged in its Findings of Fact in support of its Order, Plaintiffs have already experienced and are likely to experience yet additional irreparable injury in the absence of injunctive relief.  Doc. No. 97 at p. 21 through 23.  Plaintiffs filed their Motion for Preliminary Injunction on March 16, 2015.  The Court heard that Motion on June 8, 2015, after which CNT promptly received notice of the Order.  McCauley Decl. Ex. A.  Notwithstanding the fact that the Court granted Plaintiffs' motion and gave Plaintiffs' their requested relief in its entirety, CNT's failure to comply with that Order has only magnified the irreparable injury of Plaintiffs that this Court already acknowledged when entering its Order.  A further delay of ten weeks, until this Contempt Motion can be heard on a regularly noticed hearing date, will only increase Plaintiffs' injury.

<u>Second</u>, Plaintiffs are without fault in creating the need for ex parte relief. Plaintiffs have been diligently investigating the scope of CNT's contempt of Court, including through involved forensic analysis of the origins and infringing nature of CNT's streaming of Plaintiffs' copyrighted programming.  Plaintiffs' requested hearing date of November 9, 2015  is well beyond the date ordinarily provided for a regularly noticed motion under these procedures.  Local Rule 6-1.  This application is necessary because the Court's calendar did not list at time of filing an available hearing date for a noticed motion prior to November 9, 2015. McCauley Decl. ¶ 4. All earlier dates are marked as closed on the Court's calendar.  Hence, Plaintiffs could not have set their Contempt Motion to be heard prior to November 9 2015.

<u>Finally</u>, Plaintiffs have proposed that the hearing on this matter be advanced to a date in mid-September given the emergency nature of the requested relief. Expediting the Contempt Motion to the first practical date on this Court's calendar, including to a date in mid-September, is particularly appropriate, because Plaintiffs' Contempt Motion involves more than just Plaintiffs' irreparable injury, but a party openly flouting an Order of this Court.  Further delay in addressing CNT's conduct will only encourage CNT to continue to ignore this Court's Order.  Moreover, the ordinary schedule for a regularly noticed motion need not apply to a defendant such as CNT that has already defaulted in this action, particularly given the emergency nature of the requested relief. As such, Plaintiffs have requested a hearing date in mid-September, to the extent such scheduling is practical to the Court's calendar.

///

///

EX PARTE APPLICATION TO ADVANCE HEARING
DWT 27646642v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

## III.   CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that the Court grant their Ex Parte Application and advance the hearing date on Plaintiffs' Contempt Motion to a date in mid-September, or the first available date that the Court may hear the Contempt Motion.

DATED: August 25, 2015

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)


By:_____/s/Carla A. McCauley_____

Carla A. McCauley
Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.

**DECLARATION**

## DECLARATION OF CARLA A. MCCAULEY

I, Carla A. McCauley, declare as follows:

1.       I am licensed to practice law before all the courts in the State of California and am admitted to the United States Court of Appeals for the Ninth Circuit.  I am a partner at Davis Wright Tremaine LLP, counsel for Plaintiffs in the above-entitled matter.  I submit this Declaration in support of Plaintiffs' Ex Parte Application to Advance the Hearing on Plaintiffs' Motion to Hold Defendant Create New Technology (HK) Limited ("CNT") in Contempt of Court (the "Contempt Motion").  I have personal knowledge of the facts contained herein, and, if called upon as a witness, I could and would testify competently about these facts, except for those matters stated expressly upon information and belief, which matters are believed to be true.

2.       Plaintiffs filed their Motion for Preliminary Injunction on March 16, 2015.  The hearing on that Motion was held on June 8, 2015.  The Court entered its Order granting Plaintiffs' requested preliminary injunction on June 11, 2015.

3.       In addition to the electronic notice of the Court's Order that CNT's counsel of record received upon entry of the Court's Order, Plaintiffs also personally served CNT at its registered offices in Hong Kong through Plaintiffs' local solicitors in Hong Kong.  A true and correct copy of the proof of service of CNT of the Court's Order and Findings of Fact is attached hereto as **Exhibit A.**

4.       On August 25, 2015, prior to finalizing Plaintiff's Contempt Motion for service, I confirmed the closed dates on the Court's calendar.  The first available hearing date was November 9, 2015.  All earlier dates were marked closed on the Court's calendar

5.       On May 28, 2015, the Court entered default against CNT. Notwithstanding CNT's default in this action, I requested that Plaintiffs' solicitors in Hong Kong give notice to CNT through personal service of the instant ex parte application and Contempt Motion at CNT's registered offices in Hong Kong.   A true

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

and correct copy of my email, requesting that Plaintiffs' solicitors personally serve CNT with this Ex Parte, and Plaintiffs' solicitor's response, is attached hereto as **Exhibit B**.   The address at which Plaintiffs provided personal notice of the ex parte and Motion is the last address listed for purposes of contacting CNT by CNT's counsel of record prior to their withdrawal (*See* Document No. 56-2 at ¶14), and is also the office CNT has registered as its official address under the laws of Hong Kong.

6.    Prior to filing the instant Ex Parte, a copy of the Proof of Service, executed by a solicitor from Vivien Chan & Co. shall be included with this Ex Parte, attesting to personal service on CNT at its registered offices in Hong Kong in accordance with service procedures under the Hong Kong companies ordinance.

7.    On August 25, 2015, I sent an email to Jeff Lee, counsel for Defendant Honghui Chen, Francis Ryu, counsel for Defendant ClubTVpad and Bennett Wong, and Mark Clark, counsel for Asha Media and Amit Bhalla of the ex parte notice. None of the other defendants indicated they would be opposing the ex parte. A true and correct copy of my email to counsel is attached hereto as **Exhibit C.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 25, 2015 at Los Angeles, California.

/s/Carla A. McCauley

Carla A. McCauley

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

**EXHIBIT A**

CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800 Fax: (213) 633-6899

ROBERT D. BALIN (*pro hac vice* pending)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice* pending)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice* pending)
    samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice* pending)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 489-8230 Fax: (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LTD., a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual; ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD CO. a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a e-Digital, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br> Defendants. | Case No. <br> **CV 15-1869 MMM (AJWx)** <br><br><br> **PROOF OF SERVICE BY HAND DELIVERY** |

EXHIBIT A

1

## PROOF OF SERVICE BY HAND DELIVERY

2     I am employed and qualified as a solicitor in Hong Kong Special Administrative Region of
3 the People's Republic of China, I am over the age of 18 and not a party to the within action.  My
business address is 57/F Cheung Kong Center, 2 Queen's Road Central, Hong Kong.

4     On June 17, 2015, I served the following document(s):

5   1.     PRELIMINARY INJUNCTION

6   2.     FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ENTRY OF
           PRELIMINARY INJUNCTION

7 on the below parties in this action or proceeding, by personally delivering a copy thereof, enclosed
8 in a sealed envelope(s), to the addressee(s) at the following address(es):

9     **Create New Technology (HK) Limited, Room D, 10/F, Tower A, Billion Centre, 1 Wang
      Kwong Road, Kowloon Bay, Kowloon, Hong Kong**

10    **Hua Yang International Technology Limited, Room 1103, Hang Seng Mongkok Building,
      677 Nathan Road, Mongkok, Kowloon, Hong Kong**

11

12     Executed on June 18, 2015, at Hong Kong Special Administrative Region of the People's
Republic of China.

13  ☑     Federal     I declare under penalty of perjury under the laws of the United States of America
                     that the foregoing is true and correct and that I have served the above referenced
14                   documents at the direction of a member of the bar of this Court.

15

16  _____          _____
          Hung Kin Wing
          Print Name                              Signature
17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY HAND DELIVERY
DWT 26516267v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

GZJ IDKV'D"

**McCauley, Carla**

| | |
|---|---|
| **From:** | Owen Tse <owentse@vcclawservices.com> |
| **Sent:** | Monday, August 24, 2015 10:51 PM |
| **To:** | McCauley, Carla |
| **Cc:** | Ken Hung |
| **Subject:** | RE: China Central Television/service request |

Dear Carla,

We confirm that we can arrange the service as required. We will conduct the search on CNT and get back to you on whether there is any update on its address soon.

Best regards,
Owen Tse
Partner

VIVIEN CHAN & CO.

SOLICITORS & NOTARIES
HONG KONG | BEIJING

Hong Kong Office:
57/F Cheung Kong Center,
2 Queen's Road Central
T:    (852) 2533 2162
F:    (852) 2530 9627
E:    owentse@vcclawservices.com
W:   www.vcclawservices.com

**LOCAL INTELLIGENCE · GLOBAL PERSPECTIVE · TAILORED SOLUTIONS · DISCIPLINED DELIVERY**

Please note:
A list of the firm's principals will be provided to the addressee(s) of this e-mail upon request. This email and its enclosures (if any) are intended solely for the named addressee(s) and are confidential and may be subject to legal and/or other professional privilege. The copying and/or distribution of them or any information therein by anyone other than the named addressee(s) is prohibited.  Any confidentiality or privilege is not waived if this email reaches you by mistake.  If you have received this email and/or any of its enclosures in error, please inform us immediately by return email or telephone at our cost.  Internet communications cannot be guaranteed to be secured or error-free as information could be intercepted, corrupted, lost, arrive late or contain viruses.  Therefore, we cannot accept liability.  It is your responsibility to ensure that viruses do not adversely affect your system and that your messages to us meet your own security requirements.  We reserve the right to read any email or attachment entering or leaving our systems without notice.

WARNING:
From time to time, our spam scanners may eliminate legitimate email from clients.  If your email contains important instructions, please ensure that we acknowledge receipt of those instructions.

**From:** McCauley, Carla [mailto:CarlaMcCauley@dwt.com]
**Sent:** Tuesday, August 25, 2015 7:24 AM
**To:** Owen Tse
**Subject:** China Central Television/service request

Dear Owen,

EXHIBIT B

Consistent with our prior communications on this subject, Plaintiffs anticipate having ready for service by August 26, 2015 Hong Kong time the complete Motion to Hold CNT in Contempt of Court, and accompanying Ex Parte Application to advance the hearing date on the Contempt Motion.

Can you please confirm that your firm stands ready to have a solicitor personally serve the documents listed in the attached draft proof of service on CNT's registered offices in Hong Kong?  I expect to have the documents finalized and ready to email to you late in the day August 25, 2015 PST, which means I anticipate you will receive them in time to execute service first thing in the morning on August 26, 2015 Hong Kong time.

Secondly, can you please reconfirm that CNT's registered office address remains unchanged from that which is reflected in the attached draft proof of service?  If there are any changes, please advise in a responsive email.

If you have any questions, kindly let me know.

Regards,
Carla


**Carla McCauley** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8665 | Fax: (213) 633-6899
Email: carlamccauley@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**EXHIBIT C**

## McCauley, Carla

| | |
|---|---|
| **From:** | McCauley, Carla |
| **Sent:** | Tuesday, August 25, 2015 1:07 PM |
| **To:** | mark@traverselegal.com; Francis Ryu (Francis@ryulaw.com); Tim Wang (twang@nilawfirm.com) (twang@nilawfirm.com); jflee@ltpacificlaw.com |
| **Cc:** | Koonce, Lance; Balin, Robert |
| **Subject:** | China Central Television/Notice of Ex Parte Application CV 15-1869MMM |

Dear counsel,

Tomorrow, Plaintiffs will file an ex parte application with the Court to advance the hearing date on Plaintiffs' Motion to Hold Create New Technology (HK) in Contempt of Court.  The Contempt Motion will be set for November 9, 2015 at 10:00 a.m., but we will be requesting that the Court advance the hearing date on this emergency motion to a date convenient to the Court in mid-September.

Please advise if you intend to oppose this ex parte application.

Regards,
Carla

**Carla McCauley** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8665 | Fax: (213) 633-6899
Email: carlamccauley@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

EXHIBIT C