**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-01869 MMM (AJWx) | Date | November 20, 2015 |
| Title | *China Central Television et al.v. Create New Technology HK Limited, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| | |
|---|---|
| ANEL HUERTA | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Denying Plaintiffs' Applications to File Documents Under Seal[124]

## I.  BACKGROUND

On March 13, 2015, China Central Television ("CCTV"), China International Communications Company, Limited ("China International"), TVB Holdings USA, Inc. ("TVB USA"), and Dish Network, LLC ("Dish Network") (collectively, "plaintiffs") filed this action against Create New Technology HK Limited ("CNT"), Hua Yang International Technology Limited ("HYIT"), Shenzhen GreatVision Network Technology Company, Limited ("GVTV"), Club TVpad, Inc. ("Club TVpad"), Bennett Wong, Asha Media Group, Amit Bhalla, newTVpad Limited Company ("newTVpad"), Liangzhong Zhou, Honghui Chen, and various fictitious defendants.[1] Plaintiffs are companies responsible for producing, broadcasting, licensing, and distributing television content in the United States.[2] Plaintiffs allege claims

---

[1]Complaint, Docket No. 1 (Mar. 13, 2015).

[2]*Id*. ¶¶ 15-18.  As the complaint explains, "CCTV is China's most influential and prolific television program producer, creating and broadcasting a wide variety of television programs."  (*Id*., ¶ 15.)  "[China International] is responsible for, among other things, licensing and distributing CCTV programming in the United States."  (*Id.*, ¶ 16.)  "[TVB USA] is a wholly owned indirect subsidiary of TVB, a Hong Kong company that is the largest and most popular producer of Cantonese-language television programming in the world. [TVB USA] distributes and licenses TVB television programming in the United States"  (*Id.*, ¶ 17.)  "[Dish Network] is the nation's third-largest pay television service, delivering video services to approximately 14 million customers nationwide through both satellite and Internet platforms"  (*Id.*, ¶ 18.)

for copyright and trademark infringement, stemming from the operation and sale of an electronic device called the TVpad.[3] Plaintiffs allege that defendants CNT, GVTV, and HYIT, together with the fictitious defendants (collectively, "Retransmission Service Defendants"), are responsible for the manufacture and operation of the TVpad device.[4] They assert that defendants Asha Media Group, Amit Bhalla, Club TVpad, Bennett Wong, newTVpad, Liangzhong Zhou, and Honghui Chen (collectively, "U.S. Distributor Defendants") are responsible for the sale of the TVpad devices in the United States.[5]

Plaintiffs have now filed a motion for default judgment against CNT and HYIT.[6] In support of the motion, they have submitted Exhibits 14, 15, 17, 18, 20, 24, 25, 27, 28, 31, 34, and 36, which contain bank account numbers and home addresses subject to confidential treatment in accordance with Local Rule 5.2-1 and Rule 5.2(a)(4) of the Federal Rules of Civil Procedure.[7]

## II.  DISCUSSION

### A.   Legal Standard Governing Applications to File Documents under Seal

The Ninth Circuit has recognized that there is a strong presumption of public access to court filings, particularly filings that concern dispositive motions. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he strong presumption of access to judicial records applies fully to dispositive pleadings. . . . We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events,'" quoting *Valley Broadcasting Co. v. U.S. District Court*, 798 F.2d 1289, 1295 (9th Cir. 1986)); see also *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (noting that courts have traditionally recognized a "general right to inspect and copy public records and documents, including judicial records and documents").[8] "More than good cause, indeed, 'compelling reasons' are required to seal documents used in dispositive motions such as motions for summary judgment, just as compelling reasons would be needed to justify a closure of a courtroom during trial." *In re LDK Solar Secs. Litig.*, No. C 07–05182 WHA, 2010 WL 724809, *1 (N.D.

---

[3]*Id.*, ¶ 1.

[4]*Id.*, ¶ 3.

[5]*Id.*, ¶¶ 22-28.

[6]Motion for Default Judgment ("Default Motion"), Docket No. 123 (Sept. 14, 2015).

[7]Plaintiff's Application for Order for Under Seal Filing ("Application"), (Sept. 14, 2015).

[8]The presumption of public access also does not apply to "the narrow range of documents such as grand jury transcripts and certain warrant materials . . . [that] traditionally have been kept secret for important policy reasons." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 n. 4 (9th Cir. 2010) (internal quotation marks, brackets, and citation omitted); *Kamakana*, 447 F.3d at 1178. The documents that the Plaintiffs seek to file under seal are not of this type.

Cal. Mar. 1, 2010) (citing *Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1116 (9th Cir. 2009)); see also *Kamakana*, 447 F.3d at 1180 (holding that "a 'good cause' showing . . . will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments"). "Otherwise . . . public access to the work of the courts will be unduly compromised." *Id.* A party seeking to file documents under seal bears the burden of overcoming this strong presumption by articulating compelling reasons supported by *specific facts*. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (emphasis added).

A motion for default judgment is a dispositive motion. See *Philips Electronics, N.V. v. KXD Tech., Inc.*, 347 Fed. Appx. 275, 276 (9th Cir. Sept. 24, 2009) (Unpub. Disp.) (describing a motion for default judgment as "case dispositive"); *Livingston v. Art.com, Inc.*, No. 3:13-CV-03748-CRB, 2015 WL 4307808, *2 (N.D. Cal. July 15, 2015) (finding that a default judgment motion was dispositive because it is analogous to a motion for involuntary dismissal in that it disposes of the issues in the case); *Global Ampersand, LLC v. Crown Eng'g & Const., Inc.*, 261 F.R.D. 495, 501 (E.D. Cal. 2009) (noting that plaintiff's request for default judgment was a dispositive motion); *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 250 (N.D. Cal. 2003) (finding that a motion for default judgment a dispositive motion). Thus, the "compelling reasons" standard applies to the plaintiffs' request to seal.[9]

### B. Whether Plaintiffs Have Shown Compelling Reasons to Seal

Plaintiffs seek to file numerous documents containing the home addresses and bank account numbers of private citizens under seal. They contend that because the documents are so numerous, it would be impractical to redact them,[10] and that this shows that there is good cause to seal.[11] As noted, this is an incorrect standard. The impracticality of redacting the records does not constitute a compelling reason.

It is true that home addresses and private bank account numbers should not be publicly disclosed. CA CD L.R. 5.2-1 (street names and numbers comprising home addresses must be redacted); see also FED.R.CIV.PROC. 5.2(a)(4) (A "filing may include only . . . the last four digits of the financial account number"). This does not mean, however, that there is a compelling reason to place the entirety of the proposed exhibits under seal when the address and account information could be redacted. A review of the exhibits indicates that redacting would not be unduly burdensome: the exhibits are spreadsheets, and the information that must be redacted is organized in columns. Although the documents are voluminous, redaction could be achieved by electronically eliminating the columns containing

---

[9]Plaintiffs cite *Kamakana* to support their position that they need only show good cause to support sealing the exhibits. (Application at 1–2.) The good cause standard applies, however, only where an application to seal is filed in connection with a non-dispositive motion. *Kamakana*, 447 F.3d at 1180. As noted, a motion for default judgment is a dispositive motion; thus, plaintiffs must provide a compelling reason for sealing documents related to the motion. *Id*. at 1179.

[10]Application at 1.

[11]*Id*. at 1–2.

individuals' addresses and bank account numbers.

Other than the burden of redacting information, plaintiffs identify no other reason for sealing the documents. Consequently, the court concludes that they have not shown compelling reasons to seal, see *Kamakana,* 447 F.3d at 1179, and denies their application to file Exhibits 14, 15, 17, 18, 20, 24, 25, 27, 28, 31, 34, and 36 under seal.

### III.  CONCLUSION

For the reasons stated, the court denies the plaintiffs' application to seal. Plaintiffs may file a new application to file unredacted versions of the exhibits under seal and redacted versions publicly within five days of the date of this order. The court will file its order regarding the default judgment motion as soon as the sealing issue is resolved.