# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-01869 MMM (AJWx) | Date | December 15, 2015 |
|---|---|---|---|

| Title | *China Central Television et al v. Create New Technology HK Limited et al* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Regarding Plaintiff's Application for Attorneys' Fees[123][158]

On March 13, 2015, China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB USA"), and DISH Network L.L.C. ("DISH") (collectively "plaintiffs") filed this action against Create New Technology HK Limited ("CNT"), Hua Yang International Technology Limited ("HYIT"), Shenzhen GreatVision Network Technology Co., Ltd. ("GreatVision") (collectively "the CNT defendants"), and various fictitious defendants (plaintiffs denominate the CNT defendants and fictitious defendants collectively the "Retransmission defendants").[1] Plaintiffs also named as defendants Club TVpad, Inc. ("Club TVpad"), Bennett Wong, Asha Media Group ("AMG"), Amit Bhalla, newTVpad Ltd. Company ("newTVpad"), Liangzhong Zhou, and Honghui Chen.[2] Plaintiffs voluntarily dismissed GreatVision on November 9, 2015.[3] Prior thereto, they had requested that HYIT's default be entered on April 27, 2015,[4] and that CNT's default be entered on May 1, 2015.[5] The

---

[1]Complaint, Docket No. 1 (Mar. 13, 2015).

[2]*Id.*

[3]Notice of Voluntary Dismissal Without Prejudice of Defendant Shenzhen Greatvision Network Technology Co. Ltd. ("GreatVision Dismissal"), Docket No. 141 (Nov. 9, 2015).

[4]Request for Entry of Default Against Defendant Hua Yang International Technology Limited, Docket No. 64 (Apr. 27, 2015).

[5]Request for Entry of Default against Defendant Create New Technology HK Limited, Docket No. 67 (May 1, 2015).

court entered defaults against both defendants on May 28, 2015.[6] On June 11, 2015, the court entered a preliminary injunction against CNT.[7] Because CNT did not comply with the terms of the injunction, plaintiffs filed a motion for contempt on August 26, 2015.[8] The court entered a contempt order against CNT on November 4, 2015.[9] In the interim, on September 14, 2015, plaintiffs filed a motion for the entry of default judgment against CNT and HYIT.[10]

On December 7, 2015, the court granted plaintiffs' motion for default judgment.[11] It declined to award attorneys' fees according to the schedule set forth in the Local Rules, and directed plaintiffs to file a declaration stating the hourly rates of the attorneys who worked on this matter and the number of hours expended litigating the liability of CNT and HYIT.[12] Plaintiffs filed a declaration regarding the attorneys' fees they seek on December 11, 2015.[13] The declaration states the hourly rate of each attorney, indicated whether they were a partner or associate, and stated the office in which they work. The declaration also provided the total number hours billed for time entries associated with CNT's and HYIT's liability.[14]

The declaration is not sufficient to permit the court to evaluate the reasonableness of plaintiffs' fee request. The amount of any fee award must be determined with reference to the specific facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The starting point for determining what constitutes a reasonable fee is the calculation of the "lodestar," or the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley*, 461 U.S. 424). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence of th[e] hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 433, 437). "The court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have been avoided." *United States v. Blaine*, No. 05-00189, 2006 WL 2864894, *3 (D. Haw. May 4, 2006) (citing *Tirona v. State Farm Mutual Auto

---

[6] Minutes (In Chambers) Order Granting Plaintiffs' Requests for Entry of the Defaults of Defendants Hua Yang International Technology Ltd. and Create New Technolgoy HK Ltd. ("Default"), Docket No. 87 (May 28, 2015).

[7] Preliminary Injunction, Docket No. 98 (June 11, 2015).

[8] Plaintiffs' Motion for Contempt, Docket No. 109 (Aug. 26, 2015).

[9] Findings of Fact and Conclusions of Law in Support of Contempt Order, Docket No. 140 (Nov. 4, 2015).

[10] Motion for Default Judgment, Docket No. 123 (Sept. 14, 2015).

[11] Amended Order Granting Plaintiffs' Motion for Default Judgment ("Order"), Docket No. 158 (Dec. 7, 2015).

[12] *Id.* at 44.

[13] Declaration of Carla A. McCauley ("McCauley Decl."), Docket No. 159 (Dec. 11, 2015).

[14] *Id.*, ¶¶ 4-5.

*Insurance Co.*, 821 F. Supp. 632, 637 (D. Haw. 1993)).  See also *INVST Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).

A court may award fees only for the number of hours it concludes were reasonably expended litigating the case.  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.  At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked."  *Gates*, 987 F.2d at 1397; see also *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (the party seeking fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable");  *Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1100 (E.D. Cal. 2011). "Even if the opposing party has not objected to the time billed, the district court 'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-CV-0541-GPC WVG, 2014 WL 6851612, *7 (S.D. Cal. Dec. 3, 2014) (quoting *Common Cause v. Jones*, 235 F.Supp.2d 1076, 1079 (C.D. Cal. 2002)).  "To determine the number of hours reasonably expended on the litigation, courts must consider whether 'the time could reasonably have been billed to a private client.'"  *Automattic Inc. v. Steiner*, 82 F.Supp.3d 1011, 1032 (N.D. Cal. 2015) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  In determining a reasonable hourly rate, the court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986), amended, 808 F.2d 1373 (9th Cir. 1987)). The rate should reflect "the prevailing market rate in the community."  *Id.*  The fee applicant also "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel," to show that the rates are reflective of reasonable prevailing rates for similar services.  *Jordan*, 815 F.2d at 1263. See also *Blum*, 465 U.S. at 895 n.11 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiffs' application provides no details regarding the hours expended, and very little information regarding the reasonableness of the hourly rates.  The court is unable to evaluate the application without an additional submission from plaintiffs.  See *Lasheen v. Loomis Co.*, No. CIV S-01-0227, 2008 WL 2880408, *7 (E.D. Cal. July 21, 2008) (recommending denial of a request for attorneys' fees in connection with the entry of default judgment pending the submission of additional

information to support the reasonableness of fees). This is particularly true as plaintiffs seek more than $1 million in fees for filing a complaint and litigating three motions against CNT and HYIT.

Accordingly, the court directs plaintiffs to file additional information by **January 11, 2016**, that will permit reasoned evaluation of their request. This information submitted must include itemized billing records so that the court can assess whether it was reasonable to spend 3,217 hours litigating the liability of CNT and HYIT, and so that it can assure itself that all of the hours claimed relate to these defendants. Plaintiffs must also submit information showing that the hourly rates they claim are reasonable and prevailing in the Los Angeles legal community; to meet this burden, they must provide further information concerning the background and experience of the attorneys who recorded the time.