CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
    samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br> Defendants. | Case No. <br> **CV 15-1869 SVW (AJWx)** <br><br> **PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF AMENDED PERMANENT INJUNCTION AS TO DEFENDANT CREATE NEW TECHNOLOGY (HK) LIMITED AND HUA YANG INTERNATIONAL TECHNOLOGY LIMITED; DECLARATION OF CARLA A. MCCAULEY AND EXHIBIT 1** <br><br> [Proposed Amended Permanent Injunction Order and Proposed Order Granting Ex Parte Application concurrently submitted] <br><br> Courtroom:     6 <br> Judge:          Hon. Stephen V. Wilson <br><br> Complaint Filed:  March 13, 2015 |

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7-19, Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively "Plaintiffs") hereby request through the instant Ex Parte Application that Plaintiffs' pending request for entry of permanent injunctive relief as to Defendants Create New Technology (HK) Limited ("CNT") and Hua Yang International Technology Limited ("HYIT"), be entered as soon as feasible by the Court, and that, when doing so, the Court enter its Order using the amended Exhibit C lodged with this Ex Parte, for the reasons stated in more detail below.  Alternatively, Plaintiffs respectfully request that a status conference be held with the Court should the Court need additional information with respect to any of the pending issues concerning this action, including but not limited to Plaintiffs' pending request for entry of a permanent injunction as to CNT and HYIT or their request for attorneys' fees pursuant to their Motion for Default Judgment.

By Order dated December 7, 2015, the Court granted Plaintiffs' request for entry of default judgment as to CNT and HYIT.  (Doc. No. 158).  In that Order, the Court indicated that the Court "will…enter a permanent injunction precluding further copyright and trademark infringement by defendants [CNT and HYIT]."  In the interim, the Honorable Margaret Morrow retired from the bench, and this action was transferred to the Honorable Stephen V. Wilson.  In the intervening two months, permanent injunctive relief has not yet been entered by the Court.  Plaintiffs' motion for default judgment, moreover, has been pending since September 2015 and was originally set for hearing on November 23, 2015.  Plaintiffs seek the instant ex parte application to ensure that their pending request for a permanent injunction be timely considered, in light of the massive, ongoing infringement by defendants.  In addition, Plaintiffs request that prior to entering Plaintiffs' requested relief that the Court update one of the exhibits to Plaintiffs' proposed order granting permanent injunctive relief to ensure that the most updated list of servers that Defendants CNT and HYIT have used to operate the TVpad service be included in the permanent injunction.

EX PARTE RE: AMENDED PERMANENT INJUNCTION
DWT 28895879v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Good cause exists to grant this application because the Court has already granted Plaintiffs' request for default judgment following detailed briefing. Each day that passes without a permanent injunction leads to further delay in Plaintiffs' ability to enforce what the Court has already ruled is appropriate relief in this action. Indeed, in November Judge Morrow held CNT and HYIT in contempt of the Court's preliminary injunction, granting sanctions of $5,000 per day, but CNT and HYIT have not ceased their infringing activities or paid any such sanctions, making even more critical the prompt entry of a permanent injunction, which will allow Plaintiffs further options for disabling the infringing TVpad service. As Plaintiffs have documented for the Court in both their default judgment and contempt motions in the past, Defendants CNT and HYIT have previously taken steps to evade enforcement by changing server addresses for the TVpad service. *See* Braak Decl. ISO Reply in Support of Default Judgment ¶¶ 4-8. Updating the IP addresses in Exhibit C to the proposed permanent injunction with the most current data available based on Plaintiffs' ongoing investigation of Defendants' conduct in this case will ensure that the permanent injunction entered by the Court includes the most updated available information concerning the TVpad service prior to enforcement, and thus will ensure more appropriate enforcement and conserve judicial resources by hopefully avoiding the need for later motion practice to amend the judgment in the future.

Given the entry of default and default judgment against Defendants CNT and HYIT in this action, Plaintiffs have not and are not required to provide notice of the instant application to CNT or HYIT. However, for those remaining Defendants who have been served and have entered appearances in the instant action, Plaintiffs have provided counsel with notice, and the remaining defendants have indicated that they do not oppose the relief requested in the instant ex parte. McCauley Decl. ¶7.

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Carla A. McCauley, the pleadings and files in this

EX PARTE RE: AMENDED PERMANENT INJUNCTION
DWT 28895879v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   action, and such other argument and evidence as may be presented at any hearing on

2   the Application.

3   DATED: February 12, 2016          DAVIS WRIGHT TREMAINE LLP
                                                  CARLA A. McCAULEY

4                                                     ROBERT D. BALIN (*pro hac vice*)
                                                  LACY H. KOONCE, III (*pro hac vice*)

5                                                     SAMUEL BAYARD (*pro hac vice*)
                                                  GEORGE WUKOSON (*pro hac vice*)

6

7

8                                                 By:_____/s/Carla A. McCauley_____

9                                                         Carla A. McCauley

10                                              Attorneys for Plaintiffs
                                          CHINA CENTRAL TELEVISION; CHINA

11                                            INTERNATIONAL COMMUNICATIONS
                                          CO., LTD.; TVB HOLDINGS (USA), INC.;

12                                            AND DISH NETWORK L.L.C.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE RE: AMENDED PERMANENT INJUNCTION

DWT 28895879v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION AND STATEMENT OF RELEVANT FACTS

On September 14, 2015, Plaintiffs filed Motion for Default Judgment against Defendants Create New Technology (HK) Limited ("CNT") and Hua Yang International Technology Limited ("HYIT"), set for hearing on November 23, 2015. Doc. No. 123.  Plaintiffs filed a Reply in Further Support of Motion for Default Judgment on October 26, 2015.  Doc. No. 139.  Concurrent with the Reply filing, Plaintiffs also lodged an amended proposed order granting default judgment and permanent injunctive relief, which, among other corrections, updated an exhibit to the proposed permanent injunction with a list of servers and IP addresses then used by Defendants to operate the TVpad service.  As detailed in the Declaration of Nicholas Braak filed in support of Plaintiffs' Reply, updating the order's listing of servers and IP addresses was necessary to address Defendants' efforts to evade enforcement.  *See* Doc. No. 139 at 11 ¶¶ 4-8.

On December 7, 2015, the Court entered its Order granting Plaintiffs' motion for default judgment as to CNT and HYIT.  Doc. No. 158.  The Court stated in the Order that the Court "will…enter a permanent injunction precluding further copyright and trademark infringement by defendants."  Doc. No. 158 at 44.  In the same order, the Court also ordered Plaintiffs to submit additional information in support of Plaintiffs' request for attorneys' fees not later than December 11, 2015, which Plaintiffs promptly complied with by the due date. *Id.*; Doc. No. 159.  By Order dated January 4, 2016, this case was reassigned to the Honorable Stephen V. Wilson.  Doc. No. 162.  Plaintiffs' requests for permanent injunctive relief and attorneys' fees remain pending following reassignment.

## II.      ARGUMENT

This Court has held that *ex parte* relief is appropriate if:

(1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and

EX PARTE RE: AMENDED PERMANENT INJUNCTION
DWT 28895879v1 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(2) the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

*See Mission Power Eng'g. Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 495 (C.D. Cal. 1995).  Plaintiffs meet both tests.

Plaintiffs have diligently moved for default and default judgment as to Defendants CNT and HYIT in this matter, including thoroughly investigating and providing voluminous evidence in support of Plaintiffs' requested award of substantial statutory damages in this case.  Plaintiffs seek the instant ex parte application to ensure that their pending request for a permanent injunction be timely considered, in light of the massive, ongoing infringement by defendants.  Further delay in entering permanent injunctive relief hampers Plaintiffs' ability to effectively enforce the Court's order granting default judgment against the two primary manufacturers and marketers of the TVpad device.  Plaintiffs therefore respectfully request that the instant ex parte be granted and that their pending permanent injunctive relief be entered as soon as feasible.

Moreover, as Plaintiffs explained in their Reply in support of default judgment, one of the tactics used by Defendants to evade enforcement is to frequently change the server IP addresses used by Defendants for operation of the TVpad service.  Plaintiffs last updated the exhibit that details the servers and IP addresses that unlawfully transmit the TVpad service in conjunction with their Reply filed October 26, 2015.  In the intervening three and a half months since that filing, additional changes have occurred to the servers and IP addresses used by Defendants to operate the TVpad service.  Plaintiffs respectfully requests that the Court use the most updated information available to Plaintiffs for purposes of the permanent injunction that the Court enters so as to aid Plaintiffs' enforcement efforts and ensure that later motion practice is avoided, thus serving judicial economy.

In the alternative, should the Court require additional information in order to enter the requested relief or regarding any other pending matters, Plaintiffs

EX PARTE RE: AMENDED PERMANENT INJUNCTION
DWT 28895879v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

respectfully request that the Court set a status conference at the earliest possible date available on the Court's calendar so that Plaintiffs may address all pending issues with the Court to the Court's satisfaction.

### III.   CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that the Court grant their Ex Parte Application and grant Plaintiffs' requested permanent injunctive relief, with the amendments provided to Exhibit C, or alternatively, that the Court set a status conference for the first available date on the Court's calendar.

DATED: February 12, 2016

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)


By: _____/s/Carla A. McCauley_____
                Carla A. McCauley

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA
INTERNATIONAL COMMUNICATIONS
CO., LTD.; TVB HOLDINGS (USA), INC.;
AND DISH NETWORK L.L.C.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DECLARATION**

## DECLARATION OF CARLA A. MCCAULEY

I, Carla A. McCauley, declare as follows:

1.      I am licensed to practice law before all the courts in the State of California and am admitted to the United States Court of Appeals for the Ninth Circuit and the Central District of California.  I am a partner at Davis Wright Tremaine LLP, counsel for Plaintiffs in the above-entitled matter.  I submit this Declaration in support of Plaintiffs' Ex Parte Application.  I have personal knowledge of the facts contained herein, and, if called upon as a witness, I could and would testify competently about these facts, except for those matters stated expressly upon information and belief, which matters are believed to be true.

2.      September 14, 2015, Plaintiffs filed their Motion for Default Judgment against Defendants Create New Technology (HK) Limited ("CNT") and Hua Yang International Technology Limited ("HYIT"), on September 14, 2015 and set it for hearing on the first available date on the Court's calendar, which was then November 23, 2015.  Doc. No. 123.  Concurrent with that filing, Plaintiffs submitted a proposed order granting default judgment and permanent injunctive relief.

3.      Plaintiffs updated their proposed order when they filed their Reply on October 26, 2015.  Among other edits, Plaintiffs updated Exhibit C to the Order, which updated the server IP addresses to ensure the most current information for enforcement.

4.      The Court entered its order granting Plaintiffs request for default judgment on December 7, 2015, indicating a permanent injunction would be forthcoming and requesting additional information concerning Plaintiffs' request for attorneys' fees.  In the interim, however, Judge Morrow retired and the case was transferred to the Honorable Stephen V. Wilson.  While I and my colleagues have been engaged in efforts to provide notice to all appropriate parties of the Court's default judgment ruling, our efforts to achieve full enforcement of the Court's order

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and Plaintiffs' full requested relief has been stymied by the lack of entry of a permanent injunction.

5.     In addition, as Plaintiffs' last update with the Court of the IP addresses used by Defendants to provide the TVpad service was provided almost four months ago, Plaintiffs deemed it prudent to concurrently request in the instant ex parte that the server and IP address list attached to any permanent injunction be updated with the most current information prior to entry of Plaintiffs' requested permanent injunctive relief as to Defendants CNT and HYIT.  Attached hereto as Exhibit 1 is a proposed amended permanent injunction order with Exhibits A through D.  This amended proposed permanent injunction order is identical in all respects to the order previously submitted to the Court, except that Plaintiffs have updated the server and IP address information in Exhibit C to the proposed order and revised the Court information to reflect the new Court assignment.

6.     Given the Court's entry of default judgment in this action, notice is not required on either CNT or HYIT of the instant Ex Parte Application.  *See* Fed. R. Civ. Proc. 55(b).

7.     On February 11, 2016, I sent an email to counsel providing notice of the instant ex parte for the remaining defendants in this action who have both been served and have entered appearances in the action, including Francis Ryu, counsel for Defendant ClubTVpad and Bennett Wong, and Mark Clark, counsel for Asha Media and Amit Bhalla.  Both counsel responded to me via email on February 12, 2016 indicating they did not intend to oppose the instant ex parte application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February 12, 2016 at Los Angeles, California.

/s/Carla A. McCauley

Carla A. McCauley

EX PARTE RE: AMENDED PERMANENT INJUNCTION
DWT 28895879v1 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899