Exhibit 1

CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
    samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
    georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York  10019
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado limited liability company,

Plaintiffs,

vs.

CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LTD., a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual; ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD CO. a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a e-Digital, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,

Defendants.

Case No.
**CV 15-1869 SVW (AJWx)**

**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS BENNETT WONG AND CLUB TVPAD, INC.**

WHEREAS, Plaintiffs China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB (USA)"), and DISH Network L.L.C. ("DISH") (collectively, "Plaintiffs"), on the one hand, and **Defendant Bennett Wong** ("Wong")  and **Defendant Club TVpad, Inc.** ("ClubTVpad") (collectively the "ClubTVpad Defendants"), on the other hand, have agreed in a separate confidential agreement to settle the matters in issue between them and have further stipulated to entry of this Consent Judgment and Permanent Injunction, it is hereby **ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

Any findings of fact or conclusions of law herein are made only as to the parties to this Consent Judgment and Permanent Injunction.

**<u>Findings of Fact and Conclusions of Law</u>**

1.      Plaintiffs bring claims against the ClubTVpad Defendants for (1) secondary copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*; (2) federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (3) common law trademark infringement and unfair competition; (4) and violation of California Business and Professions Code § 17200*, et seq.*

2.      This Court has jurisdiction over Plaintiffs and the ClubTVpad Defendants in this action and over the subject matter in issue based on 28 U.S.C. §§ 1331, 1338 and 17 U.S.C. § 101 *et seq.* and 15 U.S.C. § 1051 *et seq.* with supplemental subject matter jurisdiction under 28 U.S.C. § 1367.  This Court further has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction.  Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)( and 1391(c), as well as 28 U.S.C. § 1400 (b).

3.      Plaintiff China Central Television ("CCTV") is a state-owned company existing under the laws of the People's Republic of China with its principal place of business in Beijing, China.  CCTV is China's most influential television program

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

producer, creating and broadcasting a wide variety of television programs, including news, dramas, comedies, sports, documentaries, and entertainment programming. CCTV has 42 television channels. Its flagship over-the-air channels in China are CCTV1 through CCTV14. CCTV owns the copyrights to a large number of television programs, including highly successful programs such as Star Walk, Art Life, and Across the Strait. CCTV television channels are broadcast in mainland China, and certain CCTV television channels and programs are licensed for international distribution.

4. Plaintiff China International Communications Co., Ltd. ("CICC") is a state-owned company existing under the laws of the People's Republic of China with its principal place of business in Beijing, China. CICC is an indirect wholly owned subsidiary of CCTV. CICC is responsible for, among other things, licensing and distributing CCTV programming in the United States.

5. Plaintiff TVB Holdings (USA), Inc. ("TVB (USA)") is a corporation organized under the laws of the State of California with its principal place of business in Norwalk, California. TVB (USA) is a wholly owned indirect subsidiary of TVB, a Hong Kong company that is the largest producer of Cantonese-language television programming in the world. TVB (USA) distributes and licenses TVB television programming in the United States. TVB (USA)'s ultimate parent company, TVB, operates five over-the-air television channels—Jade, J2, Jade HD, iNews (Cantonese), and Pearl (English)—and 13 pay TV channels in Hong Kong. TVB also has operations in Taiwan, owning the popular TVBS, TVBS-News, and TVBS-G channels.

6. Plaintiff DISH Network L.L.C. ("DISH") is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Englewood, Colorado. DISH is the nation's third-largest pay television service, delivering video services to approximately 14 million customers nationwide through both satellite and Internet platforms.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7. Defendant Wong is a resident of Oakland, California who has sold TVpads to residents of the County of Los Angeles.

8. Defendant ClubTVpad is a California corporation with its principal place of business in Hayward, California that has sold TVpads to residents of the County of Los Angeles.

9. CCTV is the legal and/or beneficial owner of all right, title, and interest in the copyrights of certain television programs and broadcasts created by or for it for public performance and/or distribution. As CCTV's television programs are foreign works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to them. 17 U.S.C. §§ 101, 411(a). A list of representative CCTV television programs is attached hereto as **Exhibit A**, and copies of the certificates of registration for those programs are attached as **Exhibit B.**

10. Certain CCTV television channels and programs that originally air in mainland China are distributed in the United States as part of a package of television channels called the "Great Wall Package." CCTV's Great Wall Package consists of programming from 22 Chinese television channels including the following CCTV channels: CCTV-4; CCTV-E; CCTV-Entertainment; CCTV-News; CCTV-Movies; and CCTV-Opera (collectively, the "CCTV U.S. channels"). Plaintiff CICC distributes the Great Wall Package in the United States through three authorized distribution partners, including Plaintiff DISH.

11. TVB (USA) is the exclusive licensee in the United States of certain programming owned by TVB and/or TVB's wholly owned subsidiary, TVBO Production Limited ("TVBO"), for certain media. As TVB and TVBO's television programs are foreign works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to them. 17 U.S.C. §§ 101, 411(a). A list of representative TVB television programs is attached

[Proposed] Consent Judgment and Permanent Injunction
DWT 28513180v1 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

hereto as **Exhibit C**, and copies of the certificates of registration for those programs are attached as **Exhibit D.**

12.     Certain TVB television programs and TVB channels that originally air in Hong Kong and Taiwan are distributed by TVB (USA) in the United States under license from TVBO and/or its affiliate TVBI Company Limited, including the following channels:  TVB1; TVB2; TVBe; TVB Pearl; TVBHD; TVB8; TVB Drama; TVBS; Jade SF; Jade NY; and Jade LA (collectively, the "TVB U.S. channels").  TVB (USA)'s most popular television package is called the "Jadeworld" Package, which includes TVB1, TVB2, TVBe, and TVBS.

13.     DISH's primary service is satellite television, which DISH provides to subscribers in the United States in return for subscription fees.  Separately, DISH offers OTT television services through, *inter alia*, "Sling International," an OTT streaming service that provides international television programming on numerous viewing devices including Apple iPhones and iPads, Android phones and tablets, Samsung Smart TVs and Blu-Ray devices, Amazon Fire, personal computers, and the Roku Streaming Player.

14.     Under a license agreement, DISH owns the exclusive right to retransmit CCTV's Great Wall Package of television channels and programs in the United States via satellite, and also has a non-exclusive right to distribute CCTV's Great Wall Package of television channels and programs over the Internet (including OTT) in the United States.  In return for monthly subscription fees, DISH offers its United States subscribers access to the Great Wall Package.

15.     Under a license agreement, DISH owns the exclusive rights to retransmit certain TVB U.S. channels and the TVB programs via satellite in the United States and via OTT television services in the United States, except for video-on-demand content.  In return for monthly subscription fees, DISH offers its United States subscribers access to TVB programming through the Jadeworld Package.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16.     Plaintiffs are the legal and beneficial owners of exclusive rights to exploit copyrighted CCTV and TVB television programming in the United States. Among the bundle of rights afforded Plaintiffs under United States copyright law is the exclusive right to "perform the copyrighted work publicly." 17 U.S.C. § 106(4). This includes the exclusive right "to transmit or otherwise communicate a performance or display of" Plaintiffs' copyrighted television broadcasts and programs "to the public by means of any device or process whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times." *Id.* § 101.

17.     This copyright and trademark infringement action arises out of a global television service (the "TVpad Retransmission Service") provided to customers over the "TVpad" set-top box (the "TVpad Device"). The TVpad Device uses certain software applications, or "Apps," that without authorization or permission from copyright owners stream intercepted television programming over the Internet to United States users of the TVpad device, twenty-four hours a day, seven days a week (the "Infringing TVpad Apps"). For a one-time, up-front payment to purchase the TVpad device, TVpad customers in the United States receive unlicensed television channels and television programs from China, Hong Kong, Taiwan, and other Asian countries, including CCTV and TVB programming.

18.     The TVpad Retransmission Service works in part by means of a peer-to-peer network, through which TVpad users not only receive unauthorized streams of CCTV and TVB programming in the United States, but also simultaneously retransmit that programming to large numbers of other TVpad users in the United States. The retransmissions of CCTV and TVB programs by TVpad users constitute infringing performances of Plaintiffs' copyrighted works. The TVpad Retransmission Service also directly streams CCTV and TVB programs to U.S. TVpad users from servers located in the United States and elsewhere.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

19.     The ClubTVpad Defendants advertise, sell, distribute and promote the TVpad device, the TVpad Retransmission Service and the Infringing TVpad Apps in the United States.  The ClubTVpad Defendants are part of the international distribution network for the TVpad Retransmission Service.  The ClubTVpad Defendants have actual and constructive knowledge that the TVpad Retransmission Service infringes CCTV and TVB copyrighted programming and has taken affirmative steps to aid, materially contribute to, promote, foster, and induce infringing public performances of CCTV and TVB copyrighted programming by the Retransmission Service Defendants and by TVpad customers.

20.     The ClubTVpad Defendants are secondarily liable under the Copyright Act for inducing the infringing acts committed by TVpad customers.  The ClubTVpad Defendants distribute the TVpad device, the TVpad Retransmission Service and the Infringing TVpad Apps with the object of promoting and encouraging its use to infringe copyrighted television programs, including but not limited to Plaintiffs' copyrighted works, and such infringement has resulted and continues to result.  Through their purposeful conduct, the ClubTVpad Defendants knowingly and intentionally induce unauthorized public performances by TVpad customers in the United States of copyrighted television programs, including but not limited to Plaintiffs' copyrighted works, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

21.     The ClubTVpad Defendants are also liable as a contributory infringer for materially contributing to, aiding, and assisting the infringing acts of TVpad customers.  The ClubTVpad Defendants have actual and constructive knowledge of specific infringing activity carried out by TVpad customers.  Through their distribution and promotion of the TVpad Device, the TVpad Retransmission Service and the Infringing TVpad Apps, with knowledge of specific acts of infringement, the ClubTVpad Defendants knowingly caused, and/or otherwise materially contributed to, unauthorized public performances and reproductions by TVpad customers in the

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United States of copyrighted television programs, including but not limited to Plaintiffs' copyrighted works, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

22.    CCTV brands its television broadcasting services and television programming under the CCTV family of trademarks and service marks (collectively, the "CCTV Marks"), which denote unique and high-quality television content.  The CCTV Marks include the word marks "CCTV" and "CCTV AMERICA" and the stylized CCTV logo (CCTV), all of which are used in conjunction with CCTV's television broadcasting services, programming, and related entertainment services.

23.    CCTV authorizes CICC to use the CCTV Marks in connection with its distribution of CCTV programming in the United States.

24.    CCTV's affiliate has registered the design mark "CCTV AMERICA" with the U.S. Patent and Trademark Office, Registration No. 4730301, in connection with, among other things, "[t]elevision broadcasting services; streaming of audio, visual and audiovisual material via a global computer network; transmission of news; transmission of sound, video and information."

25.    Long before the acts of the ClubTVpad Defendants discussed herein, CCTV and CICC adopted and began using the CCTV Marks in commerce in the United States in connection with their television broadcasting services, programming, and related entertainment services.  CCTV and CICC have used and continue to use the CCTV Marks in interstate commerce in the United States in connection with the advertising and sale of their goods and services.  The CCTV Marks have acquired secondary meaning in that they have come to be associated by the trade and consuming public exclusively with CCTV and its authorized affiliate, CICC, and have come to signify CCTV as the source of authorized broadcasts and programs bearing the CCTV Marks.

26.    TVB brands its television broadcasting services and television programming under the TVB family of trademarks and service marks, which denote

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

unique and high-quality television content.  These trademarks and service marks include the following: (a) the word mark JADE (U.S. Registration No. 2752223); (b) the JADE logo (U.S. Registration No. 2831375 and U.S. Application No. 86171201); (c) the word mark TVB (U.S. Application Serial No. 86171162); and the Chinese-language word mark for THE JADE CHANNEL (U.S. Registration No. 3072394) (collectively, the "TVB Marks").  TVB uses the TVB Marks in conjunction with its television broadcasting services, programming, and related entertainment services throughout the world.

27.    TVB authorizes TVB (USA) to use the TVB Marks in the United States and to bring enforcement actions against the unauthorized use of the TVB Marks in the United States.  TVB (USA) uses the TVB Marks in connection with its distribution of TVB programming in the United States.

28.    Long before the acts of the ClubTVpad Defendants discussed herein, and starting in 1984, TVB (USA) adopted and began using the TVB Marks in commerce in the United States in connection with its television broadcasting services, programming, and related entertainment services.  TVB (USA) has used and continues to use the TVB Marks in interstate commerce in the United States in connection with the advertising and sale of its goods and services.  The TVB Marks have acquired secondary meaning in that they have come to be associated by the trade and consuming public exclusively with TVB and its authorized affiliate, TVB (USA), and have come to signify TVB and TVB (USA) as the source of authorized broadcasts and programs bearing the TVB Marks.

29.    By using the CCTV and/or TVB Marks in connection with the advertising, promotion, and sale of the TVpad Device, the Infringing TVpad Apps, and the TVpad Retransmission Service, the ClubTVpad Defendants have caused and are likely to cause confusion in the minds of consumers and to create a false impression in the minds of consumers that Plaintiffs are affiliated, connected, or associated with the ClubTVpad Defendants' products and/or services, and/or that

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs sponsor or approve of such products and/or services, in violation of 15 U.S.C. § 1125(a), common law trademark infringement and unfair competition and California Business & Professions Code § 17200, *et seq.*

**Permanent Injunction**

30.     For purposes of this Permanent Injunction, the following definitions shall apply:

a. "Plaintiffs' Copyrighted Programming" shall mean each of those broadcast television programming works, or portions thereof, whether now in existence or later created, in which the Plaintiffs, or any of them (or any parent, subsidiary, or affiliate of any of the Plaintiffs), owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 et seq., including without limitation all copyrighted programs identified in **Exhibits A through D** hereto;

b. "STB" shall mean a television set-top box or other similar device, including all devices sold under the name "TVpad";

c. "STB App" shall mean any software application or associated service that is designed for use on any STB, including any software application that is preloaded on a STB or available for download by the user of a STB;

d. "Infringing TVpad App" shall mean any STB App whereby Plaintiffs' Copyrighted Programming is publicly performed without authorization by transmission to members of the public, including but not limited to each STB App identified in **Exhibit E**;

e. "TVpad Device" shall mean any STB that offers an Infringing TVpad App;

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

f. "TVpad Store" shall mean any combination of software and/or services whereby users can select and download or otherwise transfer software applications onto the TVpad Device;

g. "Comparable System" shall mean any device, data transmission service or application that provides users unauthorized access to Plaintiffs' Copyrighted Programming, using any peer-to-peer or internet-based transmission, file sharing or content delivery technology;

h. "CCTV Marks" shall mean the word marks "CCTV" and "CCTV AMERICA", the stylized CCTV logo, and the design mark "CCTV AMERICA" registered with the U.S. Patent and Trademark Office, Application Serial No. 86239098; and

i. "TVB Marks" shall mean (a) the word mark JADE (U.S. Serial No. 76406416); (b) the JADE logo (U.S. Serial No. 76445114 and U.S. Application Serial No. 86171201); (c) the word mark TVB (U.S. Application Serial No. 86171162); and the Chinese-language word mark for THE JADE CHANNEL (U.S. Serial No. 76407746).

31. The ClubTVpad Defendants, and all of their affiliates, d/b/a's, agents, officers, servants, employees, successors, assigns, and those persons or entities acting in active concert or participation with them who receive actual notice of this Order (collectively, the "Enjoined Parties"), are immediately and permanently enjoined from engaging in any of the following activities:

a. Distributing, selling, advertising, marketing or promoting any TVpad Device;

b. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming;

c. Authorizing, hosting, reproducing, downloading or otherwise distributing the Infringing TVpad Apps, including without limitation offering them in the TVpad Store, loading them onto any TVpad Device or any Comparable System, or providing the Infringing TVpad Apps to consumers on separate media;

d. Creating or providing assistance to others who wish to create an Infringing TVpad App;

e. Advertising, displaying, marketing or otherwise promoting any of the Infringing TVpad Apps, including without limitation publicly displaying any of the Plaintiffs' Copyrighted Programming in connection therewith or in connection with the TVpad Device or any Comparable System, including without limitation via the TVpad Websites;

f. Distributing, selling, advertising, marketing or promoting any TVpad Device that contains, connects to, or offers for download any Infringing TVpad App, or promotes any Infringing TVpad App through the inclusion of icons for said Infringing TVpad App;

g. Distributing, selling, advertising, marketing or promoting any Comparable System that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any devise of process, Plaintiffs' Copyrighted Programming without permission;

h. Distributing, selling, advertising, marketing or promoting any Comparable System that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

access to, or otherwise publicly performs, directly or indirectly, by
means of any devise of process, Plaintiffs' Copyrighted
Programming without permission;

    i.  Providing  or controlling servers that contain any of Plaintiffs'
Copyrighted Programming;

    j.  Assisting with end-user reproductions or transmissions of any of
Plaintiffs' Copyrighted Programming through a tracker server, or
any other server or software that assists users in locating, identifying
or obtaining reproductions or transmission of any of Plaintiffs'
Copyrighted Programming, including from other users offering
reproductions or transmissions of any of Plaintiffs' Copyrighted
Programming; and

    k.  Otherwise infringing Plaintiffs' rights in Plaintiffs' Copyrighted
Programming, whether directly, contributorily, vicariously or in any
other manner.

32. The Enjoined Parties shall further be immediately and permanently
enjoined from engaging in any activities having the object or effect of fostering
infringement of Plaintiffs' Copyrighted Programming, whether through the
Infringing TVpad Apps or otherwise, including without limitation engaging in any
of the following activities:

    a.  Advertising or promoting unauthorized access to or the availability
of Plaintiffs' Copyrighted Programing;

    b.  Encouraging or soliciting others to transmit or reproduce Plaintiffs'
Copyrighted Programming;

    c.  Encouraging or soliciting others to upload, post or index any files
that constitute, correspond, point or lead to any of Plaintiffs'
Copyrighted Programming;

[Proposed] Consent Judgment and Permanent Injunction
DWT 28513180v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

d. Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Programming;

e. Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Programming;

f. Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of Plaintiffs' Copyrighted Programming;

g. Including references to Plaintiffs' Copyrighted Programming or the Infringing TVpad Apps in promotional materials; and

h. Creating, maintaining or providing access to the Infringing TVpad Apps.

33. The terms of Paragraphs 31 and 32 of this Permanent Injunction shall not apply to any use by the ClubTVpad Defendants of Plaintiffs' Copyrighted Programming for which the ClubTVpad Defendants have obtained express written authorization or license for such use from each Plaintiff that owns or controls the rights to such Copyrighted Programming, provided such authorization or license is in force and valid at the time of the ClubTVpad Defendants' use of the Copyrighted Programming.

34. The ClubTVpad Defendants shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the system, software, source code, data file, other technology, domain names, trademarks, brands, or files used in connection with the TVpad Device, Infringing TVpad Apps or any Comparable System.

35. The Enjoined Parties shall identify all domain names and IP addresses and the physical locations of all servers owned, leased or operated by any of the

13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Enjoined Parties that are used in connection with the activities enjoined under
Paragraphs 31 and 32, above.

      36.    The Enjoined Parties are further hereby permanently enjoined from
engaging in any of the following activities:

      a.  Using the CCTV Marks or TVB Marks, or any other mark, design
reproduction, copy or symbol that is a colorable imitation thereof, or
confusingly similar thereto, in connection with broadcasting or
entertainment services, or related goods or services, not originating
from or authorized by Plaintiffs;

      b.  Using the CCTV or TVB Marks, or any other mark, design
reproduction, copy or symbol that is a colorable imitation thereof, in
any manner likely to cause confusion, to cause mistake, or to
deceive the consuming public;

      c.  Representing in any manner, or by any method whatsoever, that
goods and services provided by the ClubTVpad Defendants or by
any other party are licensed, sponsored, approved, authorized by, or
originate from Plaintiffs or otherwise taking any action likely to
cause confusion, mistake, or deception as to the origin, approval,
sponsorship or license of such goods or services;

      d.  Committing any acts calculated or likely to cause consumers to
believe that he ClubTVpad Defendants' products and services or the
products and services of any other party are authorized by Plaintiffs
unless the ClubTVpad Defendants receive express written
authorization from Plaintiffs to so state;

      e.  Infringing or diluting, whether directly or indirectly, the distinctive
quality of the CCTV Marks or the TVB Marks; and

      f.  Unfairly competing with Plaintiffs in any manner.

14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

37.     As the Court has personal jurisdiction over the ClubTVpad Defendants and has concluded that the conduct of the ClubTVpad Defendants induces infringement of Plaintiffs' Copyrighted Programming in the United States under the copyright laws of the United States and infringes the CCTV Marks and TVB Marks under the trademark laws of the United States, this Permanent Injunction enjoins the conduct of the ClubTVpad Defendants wherever they may be found.

38.     Service by mail upon the ClubTVpad Defendants, care of Francis Ryu at Ryu Law Group, 5900 Wilshire Blvd., Suite 2250, Los Angeles, California 90036 of a copy of this Consent Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to the ClubTVpad Defendants under Federal Rule of Civil Procedure 65.  It shall not be necessary for the ClubTVpad Defendants to sign any form of acknowledgement of service.

39.     This Permanent Injunction shall bind the Enjoined Parties.  The ClubTVpad Defendants shall provide a copy of this Permanent Injunction to their affiliates, agents, servants, employees, attorneys, and current and future administrators or moderators of the any online forums associated with the ClubTVpad Defendants and the TVpad Device or TVpad Apps, or Comparable System.

40.     Violation of this Permanent Injunction shall expose the ClubTVpad Defendants and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

41.     Within 14 days of the date the Court enters this Permanent Injunction, the ClubTVpad Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form with which the ClubTVpad Defendants have complied with the Permanent Injunction, and all information required under Paragraph 35.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

42.     All other claims, defenses or counterclaims, either actually asserted in this action or which could have been asserted in this action, by either party against the other, are hereby dismissed with prejudice.

43.     The parties shall bear their own attorneys' fees and costs.

IT IS SO ORDERED.


_____, 2016              _____
                                               Stephen V. Wilson
                                   Judge of the United States District Court

_____
[Proposed] Consent Judgment and Permanent Injunction
DWT 28513180v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899