1 | CARLA A. McCAULEY (State Bar No. 223910)
    carlamccauley@dwt.com
2 | SEAN M. SULLIVAN (State Bar No. 229104)
    seansullivan@dwt.com
3 | DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
4 | Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899
5 |
ROBERT D. BALIN (*pro hac vice*)
6 |     robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
7 |     lancekoonce@dwt.com
GEORGE WUKOSON (*pro hac vice*)
8 |     georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
9 | 1251 Avenue of the Americas, 21st Floor
New York, New York  10020
10 | Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation,<br><br>          Plaintiffs,<br><br>      vs.<br><br>CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,<br><br>          Defendants. | Case No.<br>**CV 15-1869 SVW (AJWx)**<br><br>**NOTICE RE CASE STATUS AND REQUEST TO TAKE TRIAL DATE OFF CALENDAR; EXHIBIT 1**<br><br><br><br>Courtroom:  6<br>Judge:  Hon. Stephen V. Wilson<br><br>Current Trial Date:  May 10, 2016<br>Current Pretrial Conf:  April 11, 2016<br><br>Complaint Filed:  March 13, 2015 |

1   Plaintiffs China Central Television, China International Communications Co.,
2   Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively
3   "Plaintiffs") hereby submit this notice to advise the Court of the current status of this
4   case, to request that the Court take the pending trial and pretrial conference dates off
5   calendar or continue those dates to a date convenient for the Court, because there are
6   no defendants remaining in the case against whom Plaintiffs can try this case.
7   Plaintiffs also respectfully request that the Court promptly issue the pending
8   permanent injunction against defaulting defendants Create New Technology HK
9   Limited ("CNT") and Hua Yang International Technology Limited ("HYIT"), given
10  the extended passage of time since the Court issued its default judgment order against
11  CNT and HYIT on December 7, 2015 indicating that the permanent injunction would
12  be forthcoming, and in light of continuing infringement by those defendants.

13  **Background**

14  On March 13, 2015, Plaintiffs filed this action against CNT, HYIT, Shenzhen
15  GreatVision Network Technology Co., Ltd. ("GreatVision"), Club TVpad, Inc.
16  ("Club TVpad"), Bennett Wong, Asha Media Group ("AMG"), Amit Bhalla,
17  newTVpad Ltd. Company ("newTVpad"), Liangzhong Zhou, Honghui Chen and
18  various fictitious defendants.  (Dkt. No. 1.)  Since that time, the action has been
19  resolved, or has been placed in abeyance, as to all defendants.

20  The Court has entered stipulated consent judgments and permanent injunctions
21  as to defendants newTVpad Ltd. Co. and Liangzhong Zhou (Dkt. No. 107); Honghui
22  Chen (Dkt. No. 17.); and Bennett Wong and Club Tvpad, Inc. (Dkt. No. 182),
23  dismissing the action as to those defendants.  Plaintiffs voluntarily dismissed without
24  prejudice defendant GreatVision.  (Dkt. No. 141.)  On February 22, 2016, the Court
25  granted defendants AMG and Amit Bhalla's motion to hold the case in abeyance as
26  to those parties pending Chapter 7 Bankruptcy.  (Dkt. No. 180.)

27  On December 7, 2015, the Court (Judge M. Morrow presiding) granted
28  Plaintiffs' motion for default judgment as to the primary manufacturers and

1

NOTICE RE CASE STATUS; REQ. TO TAKE TRIAL DATES OFF CALENDAR
DWT 29199935v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

marketers of the TVpad device, defendants CNT and HYIT.  (Dkt. No. 158, Amended Default Judgment Order.)  In its Order, the Court directed Plaintiffs to submit additional information on attorneys' fees, stating that it "will award $55,460,691 in copyright and trademark damages, and enter a permanent injunction precluding further copyright and trademark infringement by defendants."  (Dkt. 154.) Plaintiffs timely submitted the requested attorneys' fees information on January 11, 2016. (Dkt. Nos. 159, 160, 164.)

On February 12, 2016, Plaintiffs filed an Ex Parte Application requesting that Plaintiffs' pending request for entry of permanent injunctive relief as to CNT and HYIT be entered as soon as feasible by the Court, and submitted a proposed amended permanent injunction order containing updated information regarding the IP addresses used by CNT and HYIT in connection with the TVpad service.  A copy of the amended [Proposed] Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Ltd.that was filed on February 12 is attached hereto as Exhibit 1.  By providing the Court with updated information, Plaintiffs sought to ensure that the permanent injunction entered by the Court includes the best available information concerning the TVpad service, to allow for more appropriate, targeted enforcement against ongoing infringement by CNT and HYIT.

**Request to Remove Trial Date from Calendar**

The only remaining defendants in this action are AMG and Amit Bhalla, and the claims against those defendants have been held in abeyance pursuant to this Court's February 22, 2016 Order.  While the Court's Order did not specify the length of time of the abeyance, at the hearing on the motion, counsel for Plaintiffs and AMG both agreed, and the Court appeared to agree, that an abeyance of two months as to defendant AMG would be acceptable.  Assuming that two month period to be the period of abeyance, the abeyance will not expire until April 22, 2016.

Meanwhile, the Court currently has set trial for May 10, 2016, and a pretrial

NOTICE RE CASE STATUS; REQ. TO TAKE TRIAL DATES OFF CALENDAR
DWT 29199935v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conference for April 11, 2016.  (Dkt. No. 167.)  It is clear based on the background provided above that there will be no need for a trial on May 10, 2016, and it is not clear that there will be a need for a trial in this matter at all.  Even upon expiration of the abeyance period discussed above as to defendant AMG, it is not clear what the bankruptcy trustee will do with respect to defending this action.

Plaintiffs respectfully request that the Court take the dates currently set for pretrial conference and trial off calendar, pending a determination as to AMG's status in this case.  Alternatively, Plaintiffs respectfully request that the Court continue the pretrial conference, currently set for April 11, 2016, and trial, currently set for May 10, 2016, to a date convenient for the Court 120 days from the dates currently set.

**Renewed Request for Issuance of Permanent Injunction**

Plaintiffs also note that although the Court granted Plaintiffs' motion for default judgment as to CNT and HYIT on December 7, 2015, Plaintiffs' request for entry of permanent injunctive relief as to those parties remains pending.  (*See* Dkt. No. 176, Ex Parte Application for Permanent Injunction.)

Plaintiffs respectfully renew their request that the permanent injunction be promptly issued, in light of the ongoing infringement by defendants, and given that the claims against all defendants either have been decided or placed in abeyance. Further passage of time in entering permanent injunctive relief hampers Plaintiffs' ability to effectively enforce the Court's order granting default judgment against the primary manufacturers and marketers of the TVpad device, CNT and HYIT.

DATED: March 30, 2016

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
SEAN M. SULLIVAN
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)

By: _____/s/Sean M. Sullivan_____
        Sean M. Sullivan

Attorneys for Plaintiffs

NOTICE RE CASE STATUS; REQ. TO TAKE TRIAL DATES OFF CALENDAR
DWT 29199935v4 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899