1  CARLA A. McCAULEY (State Bar No. 223910)
     carlamccauley@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
3  Los Angeles, California  90017-2566
   Tel.: (213) 633-6800  Fax: (213) 633-6899
4
   ROBERT D. BALIN (*pro hac vice*)
5    robbalin@dwt.com
   LACY H. KOONCE, III (*pro hac vice*)
6    lancekoonce@dwt.com
   SAMUEL BAYARD (*pro hac vice*)
7    samuelbayard@dwt.com
   GEORGE WUKOSON (*pro hac vice*)
8    georgewukoson@dwt.com
   DAVIS WRIGHT TREMAINE LLP
9  1251 Avenue of the Americas, 21st Floor
   New York, New York  10020
10 Tel.: (212) 489-8230  Fax: (212) 489-8340
   ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado limited liability company,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LTD., a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual; ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD CO. a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a e-Digital, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,<br><br>　　　　　　Defendants. | Case No.<br>**CV 15-1869 SVW (AJWx)**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT ASHA MEDIA GROUP INC.** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

The Court has considered the Motion for Default Judgment and Permanent Injunction of Plaintiffs China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB (USA)"), and DISH Network L.L.C. ("DISH") (collectively, "Plaintiffs"), against Defendant Asha Media Group Inc. ("Asha Media") and all documents in support thereof. Good cause appearing to enter the requested relief, **IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED.**

**Findings of Fact and Conclusions of Law**

1.  For purposes of this Default Judgment and Permanent Injunction, the following definitions shall apply:

    a.  "Plaintiffs' Copyrighted Programming" shall mean each of those broadcast television programming works, or portions thereof, whether now in existence or later created, in which the Plaintiffs, or any of them (or any parent, subsidiary, or affiliate of any of the Plaintiffs), own or control an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, including without limitation all copyrighted programs identified in **Exhibits A and B** hereto;

    b.  "STB" shall mean a television set-top box or other similar device, including all devices sold under the name "TVpad";

    c.  "STB App" shall mean any software application or associated service that is designed for use on any STB, including any software application that is preloaded on a STB or available for download by the user of a STB;

    d.  "Infringing TVpad App" shall mean any STB App whereby Plaintiffs' Copyrighted Programming is publicly performed without authorization by transmission to members of the public, including but not limited to each STB App identified in **Exhibit C** hereto;

1

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

  e. "TVpad Device" shall mean any STB that offers or operates in conjunction with an Infringing TVpad App;

  f. "TVpad Store" shall mean any combination of software and/or services whereby users can select and download software applications onto the TVpad Device;

  g. "TVpad Service" shall mean transmission of Plaintiffs Copyrighted Programming through the TVpad Device and the Infringing TVpad Apps;

  h. "Comparable System" shall mean any device, data transmission service or application that provides users unauthorized access to Plaintiffs' Copyrighted Programming, using any peer-to-peer or Internet-based transmission, file sharing or content delivery technology;

  i. "TVpad Websites" shall mean the websites located at the domain name tvpad.com and any other websites maintained by Asha Media or pursuant to its direction, that distribute, sell, advertise or promote any TVpad Device, the TVpad Service, or any Comparable System, or are otherwise utilized in furtherance of any of the activities enjoined in Paragraphs 9, 10, or 13 hereinbelow;

  j. "CCTV Marks" shall mean the word marks "CCTV" and "CCTV AMERICA" and the stylized CCTV logo, and the design mark "CCTV AMERICA" registered with the U.S. Patent and Trademark Office, Registration No. 4730301, in connection with, among other things, "[t]elevision broadcasting services; streaming of audio, visual and audiovisual material via a global computer network; transmission of news; transmission of sound, video and information";

  k. "TVB Marks" shall mean (a) the word mark JADE (Registration No. 2752223); (b) the JADE logo (Registration No. 2831375 and U.S. Application Serial No. 86171201); (c) the word mark TVB (U.S. Application

2

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Serial No. 86171162); and the Chinese-language word mark for THE JADE CHANNEL (Registration No. 3072394); and

l. "Plaintiffs' Marks" shall mean the CCTV Marks and TVB Marks.

2. Plaintiffs bring claims against Asha Media for (1) secondary copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*; (2) federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (3) common law trademark infringement and unfair competition; and (4) violation of California Business and Professions Code § 17200, *et seq.*

3. This Court has jurisdiction over Plaintiffs and Asha Media in this action and over the subject matter at issue based on 28 U.S.C. §§ 1331, 1338 and 17 U.S.C. § 101 *et seq.* and 15 U.S.C. § 1051 *et seq.* with supplemental subject matter jurisdiction under 28 U.S.C. § 1367. This Court further has continuing jurisdiction to enforce the terms and provisions of this Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)( and 1391(c), as well as 28 U.S.C. § 1400 (b).

4. Plaintiff China Central Television ("CCTV") is a state-owned company existing under the laws of the People's Republic of China with its principal place of business in Beijing, China. CCTV is China's most influential television program producer, creating and broadcasting a wide variety of television programs, including news, dramas, comedies, sports, documentaries, and entertainment programming. CCTV has 42 television channels. Its flagship over-the-air channels in China are CCTV1 through CCTV14. CCTV owns the copyrights to a large number of television programs, including highly successful programs such as Star Walk, Art Life, and Across the Strait. CCTV television channels are broadcast in mainland China, and certain CCTV television channels and programs are licensed for international distribution.

3
[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5. Plaintiff China International Communications Co., Ltd. ("CICC") is a state-owned company existing under the laws of the People's Republic of China with its principal place of business in Beijing, China. CICC is an indirect wholly owned subsidiary of CCTV. CICC is responsible for, among other things, licensing and distributing CCTV programming in the United States.

6. Plaintiff TVB Holdings (USA), Inc. ("TVB (USA)") is a corporation organized under the laws of the State of California with its principal place of business in Norwalk, California. TVB (USA) is a wholly owned indirect subsidiary of TVB, a Hong Kong company that is the largest producer of Cantonese-language television programming in the world. TVB (USA) distributes and licenses TVB television programming in the United States. TVB (USA)'s ultimate parent company, TVB, operates five over-the-air television channels—Jade, J2, Jade HD, iNews (Cantonese), and Pearl (English)—and 13 pay TV channels in Hong Kong.

7. Plaintiff DISH Network L.L.C. ("DISH") is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Englewood, Colorado. DISH is the nation's fourth-largest pay television service, delivering video services to nearly 14 million customers nationwide through both satellite and Internet platforms.

8. Defendant Asha Media is a Florida corporation that has purposefully availed itself of the Central District of California by shipping, advertising, and marketing the TVpad Device to consumers in California and in this District. Asha Media ships TVpad Devices directly to consumers from its warehouse in Bloomington, California.

9. CCTV is the legal and/or beneficial owner of all right, title, and interest in the copyrights of certain television programs and broadcasts created by or for it for public performance and/or distribution. As CCTV's television programs are foreign works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to them. 17 U.S.C. §§ 101,

4

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

411(a). A list of representative CCTV television programs and certificates of registrations attached hereto as **Exhibit A**.

10. Certain CCTV television channels and programs that originally air in mainland China are distributed in the United States as part of a package of television channels called the "Great Wall Package." CCTV's Great Wall Package consists of programming from 22 Chinese television channels including the following CCTV channels: CCTV-4; CCTV-E; CCTV-Entertainment; CCTV-News; CCTV-Movies; and CCTV-Opera (collectively, the "CCTV U.S. channels"). Plaintiff CICC distributes the Great Wall Package in the United States through three authorized distribution partners, including Plaintiff DISH.

11. TVB (USA) is the exclusive licensee in the United States of certain programming owned by TVB and/or TVB's wholly owned subsidiary, TVBO Production Limited ("TVBO"), for certain media. As TVB and TVBO's television programs are foreign works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to them. 17 U.S.C. §§ 101, 411(a). A list of representative TVB television programs and certificates of registrations attached hereto as **Exhibit B**.

12. Plaintiffs' copyrights in Plaintiffs' Copyrighted Programming are valid and enforceable.

13. Certain TVB television programs and TVB channels that originally air in Hong Kong and Taiwan are distributed by TVB (USA) in the United States under license from TVBO and/or its affiliate TVBI Company Limited, including the following channels: TVB1; TVB2; TVBe; TVB Pearl; TVBHD; TVB8; TVB Drama; TVBS; Jade SF; Jade NY; and Jade LA (collectively, the "TVB U.S. channels"). TVB (USA)'s most popular television package is called the "Jadeworld" Package, which includes TVB1, TVB2, TVBe, and TVBS.

14. DISH's primary service is satellite television, which DISH provides to subscribers in the United States in return for subscription fees. Separately, DISH

5

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

offers OTT television services through, *inter alia*, "Sling International," an OTT streaming service that provides international television programming on numerous viewing devices including Apple iPhones and iPads, Android phones and tablets, Samsung Smart TVs and Blu-Ray devices, Amazon Fire, personal computers, and the Roku Streaming Player.

15. Under a license agreement, DISH owns the exclusive right to retransmit CCTV's Great Wall Package of television channels and programs in the United States via satellite, and also has a non-exclusive right to distribute CCTV's Great Wall Package of television channels and programs over the Internet (including OTT) in the United States. In return for monthly subscription fees, DISH offers its United States subscribers access to the Great Wall Package.

16. Under a license agreement, DISH owns the exclusive rights to retransmit certain TVB U.S. channels and the TVB programs via satellite in the United States and via OTT television services in the United States, except for video-on-demand content. In return for monthly subscription fees, DISH offers its United States subscribers access to TVB programming through the Jadeworld Package.

17. Plaintiffs are the legal and beneficial owners of exclusive rights to exploit Plaintiffs' Copyrighted Programming in the United States. Among the bundle of rights afforded Plaintiffs under United States copyright law is the exclusive right to "perform the copyrighted work publicly." 17 U.S.C. § 106(4). This includes the exclusive right "to transmit or otherwise communicate a performance or display of" Plaintiffs' Copyrighted Programming "to the public by means of any device or process whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times." *Id.* § 101.

18. This copyright and trademark infringement action arises out of the TVpad Service, provided to customers over the TVpad Device. The TVpad Device uses Infringing TVpad Apps that, without authorization or permission from copyright

6

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

owners, stream intercepted television programming over the Internet to United States users of the TVpad Device, twenty-four hours a day, seven days a week. For a one-time, up-front payment to purchase the TVpad device, TVpad customers in the United States receive unlicensed television channels and television programs from China, Hong Kong, Taiwan, and other Asian countries, including Plaintiffs' Copyrighted Programming.

19. The TVpad Service works in part by means of a peer-to-peer network, through which TVpad users not only receive unauthorized streams of Plaintiffs' Copyrighted Programming in the United States, but also simultaneously retransmit that programming to large numbers of other TVpad users in the United States. The retransmissions of CCTV and TVB programs by TVpad users constitute infringing performances of Plaintiffs' Copyrighted Programming. The TVpad Service also directly streams Plaintiffs' Copyrighted Programming to U.S. TVpad users from servers located in the United States and elsewhere.

20. Asha Media markets, advertises, sells, distributes, and promotes the TVpad device, the TVpad Service, and the Infringing TVpad Apps in the United States. Asha Media is part of the international distribution network for the TVpad Retransmission Service. Asha Media has actual and constructive knowledge that the TVpad Retransmission Service infringes Plaintiffs' Copyrighted Programming and has taken affirmative steps to aid, materially contribute to, promote, foster, and induce infringing public performances of Plaintiffs' Copyrighted Programming by TVpad customers.

21. Asha Media is secondarily liable under the Copyright Act for inducing the infringing acts committed by TVpad customers. Asha Media distributes the TVpad Device, the TVpad Service, and the Infringing TVpad Apps with the object of promoting and encouraging its use to infringe copyrighted television programs, including but not limited to Plaintiffs' Copyrighted Programming, and such infringement has resulted and continues to result. Through his purposeful conduct,

7

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Asha Media knowingly and intentionally induces unauthorized public performances by TVpad customers in the United States of copyrighted television programs, including but not limited to Plaintiffs' Copyrighted Programming, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

22. Asha Media is also liable as a contributory infringer for materially contributing to, aiding, and assisting the infringing acts of TVpad customers. Asha Media has actual and constructive knowledge of specific infringing activity carried out by TVpad customers. Through its distribution and promotion of the TVpad Device, the TVpad Service, and the Infringing TVpad Apps, with knowledge of specific acts of infringement, Asha Media knowingly caused, and/or otherwise materially contributed to, unauthorized public performances and reproductions by TVpad customers in the United States of copyrighted television programs, including but not limited to Plaintiffs' Copyrighted Programming, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

23. CCTV brands its television broadcasting services and television programming under the CCTV Marks, which denote unique and high-quality television content. The CCTV Marks are used in conjunction with CCTV's television broadcasting services, programming, and related entertainment services.

24. CCTV authorizes CICC to use the CCTV Marks in connection with its distribution of CCTV programming in the United States.

25. Long before the acts of Asha Media discussed herein, CCTV and CICC adopted and began using the CCTV Marks in commerce in the United States in connection with their television broadcasting services, programming, and related entertainment services. CCTV and CICC have used and continue to use the CCTV Marks in interstate commerce in the United States in connection with the advertising and sale of their goods and services. The CCTV Marks have acquired secondary meaning in that they have come to be associated by the trade and consuming public exclusively with CCTV and its authorized affiliate, CICC, and have come to signify

8
[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

CCTV as the source of authorized broadcasts and programs bearing the CCTV Marks.

26. TVB brands its television broadcasting services and television programming under the TVB Marks, which denote unique and high-quality television content. TVB uses the TVB Marks in conjunction with its television broadcasting services, programming, and related entertainment services throughout the world.

27. TVB authorizes TVB (USA) to use the TVB Marks in the United States and to bring enforcement actions against the unauthorized use of the TVB Marks in the United States. TVB (USA) uses the TVB Marks in connection with its distribution of TVB programming in the United States.

28. Long before the acts of Asha Media discussed herein, and starting in 1984, TVB (USA) adopted and began using the TVB Marks in commerce in the United States in connection with its television broadcasting services, programming, and related entertainment services. TVB (USA) has used and continues to use the TVB Marks in interstate commerce in the United States in connection with the advertising and sale of its goods and services. The TVB Marks have acquired secondary meaning in that they have come to be associated by the trade and consuming public exclusively with TVB and its authorized affiliate, TVB (USA), and have come to signify TVB and TVB (USA) as the source of authorized broadcasts and programs bearing the TVB Marks.

29. Plaintiffs' Marks are valid and enforceable.

30. By using Plaintiffs' Marks in connection with the advertising, promotion, and sale of the TVpad Device, the Infringing TVpad Apps, and the TVpad Service, Asha Media has caused and is likely to cause confusion in the minds of consumers and to create a false impression in the minds of consumers that Plaintiffs are affiliated, connected, or associated with Asha Media's products and/or services, and/or that Plaintiffs sponsor or approve of such products and/or services, in

9

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

violation of 15 U.S.C. § 1125(a), common law trademark infringement and unfair competition and California Business & Professions Code § 17200, *et seq.*

31. Asha Media has committed the acts detailed in ¶¶ 20 through 30 above willfully, after receiving cease and desist letters from Plaintiffs, after the commencement of this action and after entry of the Preliminary Injunction Order in this action [Dkt. No. 98], with the intent to cause injury or intentionally while aware that injury was certain to result, wrongfully and without just cause, and as such, Asha Media's acts detailed above constitute willful and malicious copyright and trademark infringement; and

32. Asha Media's acts detailed above constitute:

    a. contributory infringement and vicarious infringement of Plaintiffs' Copyrighted Programming in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*;

    b. federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a);

    c. common law trademark infringement and unfair competition; and

    d. violation of California Business and Professions Code § 17200 *et seq.*

**Judgment and Permanent Injunction**

Based on the foregoing findings of facts and conclusions of law, **IT IS HEREBY ORDERED, ADJUDED AND DECREED AS FOLLOWS:**

33. Asha Media is ordered to pay damages to Plaintiffs in the amount of $9,030,234.

34. Asha Media is ordered to pay Plaintiffs' attorneys fees in the amount of $115,625, and post-judgment interests, pursuant to 28 U.S.C. § 1961(a), "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

10

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

35. Asha Media, and all of its parents, subsidiaries, affiliates, officers, agents, servants and employees, and all those persons or entities acting in active concert or participation with Asha Media and all persons and entities who receive actual notice of this Order (collectively, the "Enjoined Parties") are immediately and permanently enjoined from engaging in any of the following activities:

    a. Distributing, selling, advertising, marketing, or promoting any TVpad Device;

    b. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting, or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming;

    c. Authorizing, hosting, reproducing, downloading, selling, or otherwise distributing the Infringing TVpad Apps, including without limitation offering them in the TVpad Store, loading them onto any TVpad Device or any Comparable System, offering or providing them on Internet websites, or providing the Infringing TVpad Apps to consumers on separate media;

    d. Creating or providing assistance to others who wish to create an Infringing TVpad App;

    e. Advertising, displaying, marketing, or otherwise promoting any of the Infringing TVpad Apps, including without limitation publicly displaying any of the Plaintiffs' Copyrighted Programming in connection therewith or in connection with the TVpad Device or any Comparable System, including without limitation via the TVpad Websites;

    f. Distributing, selling, advertising, marketing, or promoting any TVpad Device or any Comparable System that contains, connects to, or offers for download any Infringing TVpad App, or promotes any Infringing TVpad App through the inclusion of icons for said Infringing TVpad App;

11
[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

     g.    Distributing, selling, advertising, marketing, or promoting any TVpad Device or any Comparable System that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming without permission;

     h.    Distributing, selling, advertising, marketing, or promoting any Comparable System that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Programming without permission;

     i.    Providing or controlling servers that contain any of Plaintiffs' Copyrighted Programming; and

     j.    Assisting with end-user reproductions or transmissions of any of Plaintiffs' Copyrighted Programming through a tracker server, or any other server or software that assists users or devices in locating, identifying, or obtaining reproductions or transmissions of any of Plaintiffs' Copyrighted Programming, including from other users offering reproductions or transmissions of any of Plaintiffs' Copyrighted Programming; and

     k.    Otherwise infringing Plaintiffs' rights in their Copyrighted Programming, whether directly, contributorily, vicariously or in any other manner.

36.    The Enjoined Parties are further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiffs' Copyrighted Programming, whether through the Infringing TVpad Apps or otherwise, including without limitation engaging in any of the following activities:

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

      a.     Advertising or promoting unauthorized access to or the availability of Plaintiffs' Copyrighted Programing;

      b.     Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Programming;

      c.     Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of Plaintiffs' Copyrighted Programming;

      d.     Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Programming;

      e.     Providing technical assistance, support services, or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Programming;

      f.     Creating, maintaining, highlighting, or otherwise providing access to lists or forums that include, refer to, or signal the availability of Plaintiffs' Copyrighted Programming;

      g.     Including references to Plaintiffs' Copyrighted Programming or the Infringing TVpad Apps in promotional materials; and

      h.     Creating, maintaining, or providing access to the Infringing TVpad Apps.

37.    The Enjoined Parties shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge, or otherwise transfer, whether or not for consideration or compensation, any part of the system, software, source code, data file, other technology, domain names, trademarks, brands, or files used in connection with the TVpad Device, Infringing TVpad Apps, or any Comparable System.

38.    Asha Media shall identify to Plaintiffs all domain names and IP addresses and the physical locations of all servers owned, leased, or operated by any of the Enjoined Parties that are used in connection with the activities enjoined under

13

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Paragraphs 35 and 36, above, within 7 days of the entry of this Permanent Injunction.

39. Further, the Enjoined Parties are immediately and permanently enjoined from engaging in any of the following activities:

    a. Using the CCTV or TVB Marks, or any other mark, design reproduction, copy, or symbol that is a colorable imitation thereof, or confusing similar thereto, in connection with broadcasting or entertainment services, or related goods or services, not originating from or authorized by Plaintiffs;

    b. Using the CCTV or TVB Marks, or any other mark, design reproduction, copy, or symbol that is a colorable imitation thereof, in any manner likely to cause confusion, to cause mistake, or to deceive the consuming public;

    c. Representing in any manner, or by any method whatsoever, that goods and services provided by the Enjoined Parties are licensed, sponsored, approved, authorized by, or originate from Plaintiffs, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or license of such goods or services;

    d. Committing any acts calculated or likely to cause consumers to believe that the Enjoined Parties' products and services are authorized by Plaintiffs;

    e. Infringing or diluting, whether directly or indirectly, the distinctive quality of the CCTV Marks or the TVB Marks; and

    f. Unfairly competing with Plaintiffs in any manner.

40. As the Court has personal jurisdiction over Asha Media and has concluded that the conduct of Asha Media induces infringement of Plaintiffs' Copyrighted Programming in the United States under the copyright laws of the United States and infringes the CCTV Marks and TVB Marks under the trademark

laws of the United States, this Permanent Injunction enjoins the conduct of Asha Media wherever it may be found.

41. The domain name registries (including but not limited to VeriSign, Inc.) and/or registrars holding or listing the domain names tvpad.com, tvpad-2.com, tvpad-3.com, tvpad-4.com and tvboxplayer.com, and who receive actual notice of this Order, shall (1) temporarily disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable; and (2) at the direction of Plaintiffs, transfer these domain names to Plaintiffs' ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of Plaintiffs' choosing.

42. Service by mail upon Asha Media of a copy of this Default Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to Asha Media under Federal Rule of Civil Procedure 65. It shall not be necessary for Asha Media to sign any form of acknowledgement of service.

43. This Permanent Injunction shall bind the Enjoined Parties. Asha Media shall provide a copy of this Permanent Injunction to its officers, agents, servants, employees, attorneys, principals, shareholders, members, and current and future administrators or moderators of the any online forums associated with Asha Media, the TVpad Device, the TVpad Apps, or Comparable System.

44. Violation of this Permanent Injunction shall expose Asha Media and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

45. Within 14 days of the date the Court enters this Permanent Injunction, Asha Media shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Asha Media has complied with the Permanent Injunction.

15
[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

46. The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Default Judgment and Permanent Injunction.

47. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

IT IS SO ORDERED.

_____, 2016         _____
                               Hon. Stephen V. Wilson
                               Judge of the United States District Court

16

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 30305469v3 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899