CARLA A. McCAULEY (State Bar No. 223910)
   carlamccauley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
   robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
   lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
   samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
   georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation, <br><br>                Plaintiffs, <br><br>    vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br>                Defendants. | Case No. <br> **CV 15-1869 SVW (AJWx)** <br><br> **NOTICE OF MOTION AND MOTION TO AMEND DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS CREATE NEW TECHNOLOGY (HK) LIMITED AND HUA YANG INTERNATIONAL TECHNOLOGY LIMITED** <br><br> [Declarations with Exhibits 1 through 11 and [Proposed] Second Amended Default Judgment and Permanent Injunction concurrently submitted] <br><br> Courtroom:  10A <br> Judge:  Hon. Stephen V. Wilson <br><br> Complaint Filed:  March 13, 2015 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 15, 2017  at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10a of the Honorable Steven V. Wilson, located at 350 W. 1st Street, 10th Floor, Los Angeles, California, 90012, Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively "Plaintiffs") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 60(b) for a Motion to Amend the Default Judgment and Permanent Injunction against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited ("Defendants").

As set forth in the accompanying declarations and memorandum of points and authorities, the Court entered an Amended Default Judgment and Permanent Injunction against Defendants on August 12, 2016 (the "Permanent Injunction"). Among other things, the Court's Permanent Injunction prohibits Defendants and their agents, servants, employees and all persons acting in concert with them from infringing or fostering others to infringe Plaintiffs' Copyrighted Programming or the CCTV or TVB Marks on the TVpad device or "Comparable System."  The Court's Permanent Injunction also details the Infringing Apps through which Plaintiffs' Copyrighted Programming is infringed, as well as a series of domain addresses through which the TVpad device operates.

Plaintiffs now request that the Court's Permanent Injunction be modified to address new developments since entry of the Court's Permanent Injunction, including continued infringement of Plaintiffs' Copyrighted Programming through a Comparable System called the blueTV, as well as new Infringing Apps and domains that facilitate the continued infringement of Plaintiffs' Copyrighted Programming.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the Declarations of Nicholas Braak and George P. Wukoson, and

MOTION TO AMEND PERMANENT INJUNCTION
4840-3268-0518v.3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Exhibits 1 through 11, and any additional evidence and arguments as may be presented at or before any hearing on this matter.

DATED: April 17, 2017

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)

By: _____/s/Carla A. McCauley_____
            Carla A. McCauley

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 7

I.      INTRODUCTION ......................................................................................... 7

II.     FACTUAL BACKGROUND......................................................................... 8

        A.      The Permanent Injunction .................................................................. 8

        B.      New Developments Following Entry of the Permanent Injunction ... 10

III.    ARGUMENT ............................................................................................... 11

        A.      Legal Standard.................................................................................. 12

        B.      Good Cause Exists To Modify The Permanent Injunction ................ 14

IV.     CONCLUSION ............................................................................................ 16

MOTION TO AMEND PERMANENT INJUNCTION
4840-3268-0518v.3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Apple Computer, Inc. v. Franklin Computer Corp.*,
    714 F.2d 1240 (3d Cir. 1983)................................................................................15

*Atlas Scraper & Engineering Co. v. Pursche*,
    357 F.2d 296 (9th Cir. 1966) ...............................................................................12

*Baum v. Blue Moon Ventures, LLC*,
    513 F.3d 181 (5th Cir. 2008) ...............................................................................13

*Horne v. Flores*,
    557 U.S. 433 (2009)..............................................................................................13

*Keith v. Volpe*,
    784 F.2d 1457 (9th Cir. 1985) .............................................................................13

*King–Seeley Thermos Co. v. Aladdin Industries*,
    418 F.2d 31 (2nd Cir.1969)..................................................................................13

*MAI Systems Corp. v. Peak Computer, Inc.*,
    991 F.2d 511 (9th Cir. 1993) ...............................................................................15

*Salazar v. Buono*,
    559 U.S. 700 (2010)..............................................................................................13

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
    768 F. 2d 1001 (9th Cir. 1985) ............................................................................12

*United States v. Swift & Co.*,
    286 U.S. 106 (1932)..............................................................................................12

**Statutes**

17 U.S.C. §§ 101 et seq..............................................................................................9

**Rules**

Federal Rule of Civil Procedure 60(b)......................................................................13

Federal Rule of Civil Procedure 60(b)(5) .................................................................13

MOTION TO AMEND PERMANENT INJUNCTION
4840-3268-0518v.3 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Federal Rule of Civil Procedure 60(b)(6) .................................................. 13

MOTION TO AMEND PERMANENT INJUNCTION

4840-3268-0518v.3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

On August 12, 2016, this Court entered a default judgment and permanent injunction against Defendants Create New Technology (HK) Limited ("CNT") and Hua Yang International Technology Limited ("HYIT") (collectively "Defendants"), enjoining Defendants' pirated television operation perpetrated through a set-top television box known as the TVpad.  As the Court is by now well aware, Defendants' infringing television retransmission service originated in China and targeted viewers in the United States through the operation of a peer-to-peer network, with users viewing unauthorized copies of the copyrighted programming of Plaintiffs China Central Television ("CCTV") and Television Broadcasts Limited ("TVB") through the TVpad device.

Following entry of the Court's order, Plaintiffs took immediate and aggressive actions to enforce the Court's permanent injunction in the United States.  Those efforts were impactful and in many respects shut down the network of local distributors of the TVpad and U.S.-based servers and domains that allowed the TVpad to function and deliver its pirated content.

Given the lucrative marketplace of pirated content that Defendants were now prohibited from accessing given this Court's order, it is unsurprising that Defendants have taken actions that violate and seek to evade enforcement of the Court's order and still provide their users access to Plaintiffs' copyrighted programming.  The Defendants' latest maneuver to evade this Court's order is to market an identical device under a new name—blueTV—but which functions in all respects identically to the TVpad device.  BlueTV is hailed by customers as the "newest version of the TVpad," while Plaintiffs' investigators confirmed that the device's operation is identical or nearly identical to the TVpad device, employing an infringing application on a functionally identical set top box to stream Plaintiffs' copyrighted content to users in the United States.

MOTION TO AMEND PERMANENT INJUNCTION
4840-3268-0518v.3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

While this Court's existing permanent injunction enjoins the marketing, sale and distribution of any "Comparable System" to the TVpad that use infringing apps to transmit Plaintiffs' copyrighted programming, Plaintiffs respectfully request that the language of the permanent injunction be amended to list the blueTV device as a specific comparable system so that it is clear to any distributor or marketer of the blueTV device that the Court's injunction applies to such a device.  Plaintiffs also seek to amend two exhibits to the Court's permanent injunction to include the new domains and infringing applications that the blueTV and TVpad employ in order to transmit Plaintiffs' copyrighted programming to users in the United States.

## II.     FACTUAL BACKGROUND

### A.     The Permanent Injunction

On August 12, 2016, the Court entered its Amended Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Ltd. ("Permanent Injunction") (Doc. No. 198).   The Permanent Injunction enjoins Defendants and all those acting in concert or participation with them from, among other things, "[d]istributing, selling, advertising, marketing or promoting any Comparable System that contains, connects to, offers to download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any devise of process[1] Plaintiffs' Copyrighted Programming without permission."  (Doc. No. 198 at 7 ¶ 9h.)  The Permanent Injunction also enjoins the distribution, sale or advertising of the TVpad device, the Infringing TVpad Apps, and any other means of access to Plaintiffs' Copyrighted Programming, including maintenance of servers and providing access to

---

[1] Paragraphs 9g and 9h of the Permanent Injunction should read "device or process."  Plaintiffs have also fixed this typographical error in the amended default judgment and permanent injunction proposed through the instant motion.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the Infringing TVpad Apps or transmissions of Plaintiffs' Copyrighted Programming. (*See, e.g.*, Doc. No. 198 at 6-7 ¶¶ 9 b, c, e, i and j; ¶¶ 10b, c, d and e.)

"Plaintiffs' Copyrighted Programming" is defined to mean "each of those broadcast television programming works, or portions thereof, whether now in existence or later created, in which Plaintiffs, or any of them…owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 et seq., including without limitation all copyrighted programs identified in Exhibit A hereto". (Doc. No. 198 at 2 ¶ 1a.)  The Permanent Injunction defines "Infringing TVpad Apps" to mean "any TVpad App or similar application whereby Plaintiffs' Copyrighted Programming is publicly performed without authorization by transmission to members of the public, including but not limited to the TVpad Apps identified in Exhibit B hereto."  (Doc. No. 198 at 3 ¶ 1g.)  "Comparable System" is defined to include "any device, data transmission, service or application that provides users unauthorized access to Plaintiffs' Copyrighted Programming, using any peer to peer or internet based transmission, file sharing or content delivery technology." (Doc. No. 198 at 3 ¶ 1g.)  Exhibit C to the Permanent Injunction expressly identifies the web, server and file hosting services addressed by the Permanent Injunction. (Doc. No. 198 at ¶ 9.)  Exhibit B identifies a list of the Infringing TVpad Apps addressed by the Permanent Injunction.

The Court's Permanent Injunction states that "This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment and Permanent Injunction."  (Doc. No. 198 at 4, ¶ 2.)

Plaintiffs now request modifications to the Permanent Injunction, including additions to Exhibits B and C and to the definition of "Comparable System," as detailed in the redline attached as Exhibit 11 to the Declaration of George P. Wukoson.

**B.**     **New Developments Following Entry of the Permanent Injunction**

As part of Plaintiffs' investigation of the TVpad and enforcement of the Court's injunction orders in this action, Plaintiffs retained investigators to monitor Defendants' sales, marketing and distribution of the TVpad devices and those devices' transmission of Plaintiffs' copyrighted programming.  Declaration of Nicholas Braak ("Braak Decl.") ¶¶2-4.  As part of those efforts, Plaintiffs' investigators conducted forensic examination of TVpad devices and monitored the TVpad's methods of accessing both operational and infringing content. *Id.*

Since issuance of the default judgment rulings in this action, Defendants have not taken any steps to comply with the Court's Permanent Injunction.  On the contrary, Defendants instead have engaged in actions to evade enforcement, including by setting up new servers at new IP addresses in order to continue to allow TVpad devices to operate and provide infringing content. *Id.* ¶¶6-10.  Specifically, the Court's orders in this action identify the specific domain names used by Defendants to provide operational and streaming video content.  In response, Defendants created new domain names that the TVpad device uses to locate and access operational and streaming video content. *Id.* ¶9.  Defendants have also begun to use third party content hosting and delivery websites to send operational and streaming video content to TVpad devices. *Id.* ¶10.

In addition, Defendants have shifted tactics recently by introducing a new set-top device under the name "blueTV."  Internet blog posts refer to the blueTV as the "TVpad 5," with commentators stating that the device is manufactured by the same parties that made the TVpad.  Internet retailers who marketed and sold the TVpad are now marketing and selling the blueTV alongside the TVpad. *Id.* ¶¶11-16.  One retailer, cntvpad.com not only sells the blueTV and TVpad side-by-side, but advertises the blueTV as a rebranded TVpad:

> Are you looking for an substitute to TVPad 4? Why not
>
> take a look at TVPad 5! Or… I mean the BlueTV …[¶] The

> BlueTV is another IPTV Android box marketed towards the Chinese speaking crowd. The box is manufactured by the same folks that created TVPad."

*Id.* ¶¶14-15, Exs. 3 & 4.

Plaintiffs' investigators therefore purchased a blueTV in order to conduct a forensic examination of the device.  Based on the investigator's forensic examination of the blueTV device, there are numerous indicia that the blueTV device and TVpad device are functionally identical, as well as other similarities indicating that they originate from the same source, namely Defendants. *Id.* ¶¶17-18.  For example, the blueTV device and TVpad follow the same model numbering scheme. *Id.* ¶20. The boxes physically resemble one another. *Id.* ¶¶22-24.  Particularly tellingly, the remote control from the TVpad operates the blueTV device. *Id.* ¶28.  In order to obtain operational and streaming video content, both devices also access domain names that are owned by the same registrant.  *Id.* ¶¶26-27.  Both devices employ "apps" to stream infringing content.  While the blueTV app is called "StormTV," it streams the same CCTV and TVB unauthorized content as the Infringing Apps that stream Plaintiffs' copyrighted programming on the TVpad. *Id. Id.* ¶¶29-30 & Ex. 9. The boxes also function in the same ways, by providing live streaming, Replay Live and Video-On-Demand ("VOD") modes. *Id.* ¶31.  Plaintiffs' investigator took screenshots of the CCTV and TVB copyrighted programming that the blueTV transmits to consumers. *Id.* at Ex. 9.  CCTV and TVB's logos are also used by the device to advertise the unauthorized content that it delivers to consumers. *Id.* ¶30.  In short, the new device is functionally identical or nearly identical to the TVpad in all material respects and constitutes a "Comparable System" for purposes of the Court's Permanent Injunction.

## III.   ARGUMENT

This Court has broad authority to amend or modify a permanent injunction to address evolving situations, including changes in facts that impact the scope of the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

injunctive relief.  Such a situation has arisen in this action.  Unsurprisingly given Defendants' audacious and extensive infringement of Plaintiffs' copyrighted programming, Defendants not only have failed to comply with this Court's Permanent Injunction, but they have engaged in tactics expressly designed to evade enforcement.  For example, the Court's Permanent Injunction identifies a series of domains that Defendants use to provide operational and streaming content to the TVpad device, and gave Plaintiffs the means to shut those domains down so as to cease the unauthorized transmission of Plaintiffs' copyrighted programming on the TVpad device.  In response, Defendants shifted content to new domains.  Plaintiffs therefore seek to amend the exhibits to the Permanent Injunction to identify new domains used by the TVpad device to operate and deliver unauthorized content.  In addition, Defendants are now offering a functionally identical device under a new name, the "blueTV," which retransmits Plaintiffs' copyrighted programming through a newly named Infringing TVpad App called "StormTV," in violation of this Court's Permanent Injunction.  Plaintiffs therefore request that the Court's Permanent Injunction be amended to include the new device name and the new infringing App name to ensure that the Court's Permanent Injunction is appropriately complied with by any manufacturers or distributors in violation of the order.

## A.    Legal Standard

Undeniably, this Court has broad authority to amend or modify a permanent injunction.  When dealing with its equitable powers, a court possesses the intrinsic power to adapt the injunction to meet the needs of a "new day." *Atlas Scraper & Engineering Co. v. Pursche*, 357 F.2d 296, 298 (9th Cir. 1966).  The district court has continuing jurisdiction over such matters as the modification of injunctive relief. *United States v. Swift & Co*., 286 U.S. 106, 114 (1932) ("A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need."); *Transgo, Inc. v. Ajac Transmission Parts Corp*., 768 F. 2d 1001,

MOTION TO AMEND PERMANENT INJUNCTION
4840-3268-0518v.3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1030 (9th Cir. 1985) ("The district court has continuing jurisdiction over such matters as the modification of injunctive relief.").

The Court's own Permanent Injunction, which discusses the need to safeguard the public interest from devices that pirated copyrighted programming, further supports the Court's authority to modify its permanent injunction.   Notably, the Court expressly reserved jurisdiction to enforce and amend the Permanent Injunction should the need arise.  (Doc. No. 198 at 4, ¶2.)  Modification of a permanent injunction is particularly important where "'a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes.'" *Keith v. Volpe*, 784 F.2d 1457, 1460 (9th Cir. 1985) (quoting *King–Seeley Thermos Co. v. Aladdin Industries*, 418 F.2d 31, 35 (2nd Cir.1969)).

The Court's power to modify the permanent injunction also stems from Federal Rule of Civil Procedure 60(b), which provides for relief from a judgment when "it is no longer equitable that the judgment should have prospective application ... [or] for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(5)-(6). It is well-established that "[a] party that obtains a judgment in its favor acquires a judicially cognizable interest in ensuring compliance with that judgment." *Salazar v. Buono*, 559 U.S. 700, 712 (2010) (quotation marks and citation omitted).  "A Rule 60(b)(5) motion is the appropriate vehicle for modifying a permanent injunction that has prospective effect, regardless of whether the modification expands restrictions or eliminates restrictions in the injunction." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 (5th Cir. 2008) (citation omitted).

"The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once a party carries this burden, a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quotation marks and citations omitted).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.     Good Cause Exists To Modify The Permanent Injunction**

Plaintiffs seek three modifications to the existing Permanent Injunction to address the changed circumstances since this Court's entry of the Permanent Injunction in August 2016 to ensure compliance with the Court's Permanent Injunction and in service of the public interest.

First, Plaintiffs seek amendment of Exhibit C to the Permanent Injunction, which identifies the web, server and file hosting services used by the TVpad device to access operational and streamed video content.  Since entry of the Court's Permanent Injunction, Defendants have engaged in efforts to avoid enforcement by changing the services that they use to host the content that allows the TVpad to operate and offer infringed content such as Plaintiffs' copyrighted programming. Plaintiffs seek to update that list to have the authority to shut down the newest services and domains used by Defendants to infringe Plaintiffs' programming.

Second, Plaintiffs seek to amend Exhibit B to the Permanent Injunction, which identifies the Infringing Apps that offer Plaintiffs' Copyrighted Programming on the TVpad and "Comparable System."  Specifically, Plaintiffs seek to add the "Storm TV" application utilized on the blueTV device to stream and replay Plaintiffs' programming in violation of the Court's Permanent Injunction.

Finally, Plaintiffs seek to change the definition of "Comparable System" with language stating that Comparable Systems "includ[e], but [are] not limited to, the blueTV device."  Plaintiffs also seek to add references to Comparable System to paragraphs 15 and 16 of the Permanent Injunction to clarify the scope and application of those paragraphs to a Comparable System.  BlueTV has been touted on blogs and by retailers who sell the device as a rebranded version of the TVpad manufactured by the same entities that produced the TVpad and providing the same access to Plaintiffs' copyrighted programming through the infringing app called the "StormTV" app.  Plaintiffs have since confirmed through the forensic analysis of the device that it is functionally identical or nearly identical to the TVpad and bears

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

indicia of being manufactured by Defendants.  Plaintiffs have also confirmed that the blueTV device streams and replays Plaintiffs' Copyrighted Programming through an infringing application, and thus satisfies the definition of a "Comparable System" as defined in the Court's Permanent Injunction.

Plaintiffs seek to amend the Permanent Injunction in these three respects to avoid any doubt amongst those to whom Plaintiffs will provide notice of the Court's Permanent Injunction that the newly added domains, web services, Storm TV app and blueTV device are, unequivocally, enjoined by the Court's order.  Plaintiffs seek through their proposed amendments to avoid any argument on the part of those acting in concert with Defendants that the scope or impact of the Court's Permanent Injunction is in any way ambiguous or does not extend to these new manifestations of the infringements already addressed through the Court's Permanent Injunction.[2] In so doing, Plaintiffs seek to advance the interests of the public in upholding copyright protections for copyright holders such as Plaintiffs.  *See MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993); *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.").

The introduction of a new device and a new app that transmit unauthorized copies of Plaintiffs' copyrighted programming in the same manner as the already-enjoined TVpad device constitutes significant changed circumstances that merit the

---

[2] Based on prior experience on the part of Plaintiffs, parties acting in concert with infringing manufacturers such as Defendants will immediately notify the manufacturer of any enforcement efforts.  Thus, Plaintiffs have requested the proposed amendments to the Permanent Injunction in order to avoid allowing those individuals who receive notice of the Permanent Injunction an opportunity either to stall or avoid compliance based on perceived ambiguity in the Court's order, during which time the manufacturer may effect further changes to the service or web hosts.

MOTION TO AMEND PERMANENT INJUNCTION
4840-3268-0518v.3 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

amendments that Plaintiffs request pursuant to the instant motion.  Similarly, the introduction of new web addresses and hosting services to facilitate the operation of the TVpad device and continued unauthorized delivery of Plaintiffs' copyrighted programming through the TVpad in violation of the Court's order requires an amendment to ensure appropriate enforcement.  Plaintiffs therefore request that the limited amendments proposed in the accompanying Amended Default Judgment and Permanent Injunction be granted and entered by the Court.

## IV.   CONCLUSION

Plaintiffs respectfully request that their request to amend the Court's Permanent Injunction be entered in its entirety against Defendants and those working in concert with them.

DATED: April 17, 2017

DAVIS WRIGHT TREMAINE LLP
CARLA A. McCAULEY
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)


By:_____ /s/Carla A. McCauley_____
                    Carla A. McCauley

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899