SEAN M. SULLIVAN (State Bar No. 229104)
  seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Tel.:  (213) 633-6800  Fax:  (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
  robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
  lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
  samuelbayard@dwt.com
GEORGE WUKOSON (*pro hac vice*)
  georgewukoson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Tel.:  (212) 489-8230  Fax:  (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation, <br><br>  Plaintiffs, <br> vs. <br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br>  Defendants. | Case No. <br> **CV 15-1869 SVW (AJWx)** <br><br> **REQUEST TO SUPPLEMENT EXHIBIT C TO SECOND AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** <br><br> [Declaration with Exhibit 1 and [Proposed] Order Supplementing Exhibit C to Second Amended Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction concurrently submitted] <br><br> Courtroom:  10A <br> Judge:  Hon. Stephen V. Wilson <br><br> Complaint Filed:  March 13, 2015 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively "Plaintiffs") hereby respectfully request that this Court supplement Exhibit C to the Second Amended Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Ltd. [ECF No. 214] (the "Permanent Injunction") as set forth below.

*First*, Plaintiffs request that the Court supplement Exhibit C to the Permanent Injunction to add the second-level domain names listed in Exhibit 1 to the Proposed Order filed concurrently herewith. Those domain names are already included in Exhibit C to the Permanent Injunction, but third parties have objected to the level of specificity at which they are identified in Exhibit C.

The Permanent Injunction directs domain name registries and registrars— which control internet domain names— upon receiving actual notice of the Permanent Injunction to take the following actions: (i) disable domain names used by the Enjoined Parties (as defined in the Permanent Injunction) in connection with their enjoined activities, and (ii) at the direction of Plaintiffs, transfer those domain names to Plaintiffs. The Permanent Injunction directs these registries and registrars to take these actions with regard to all domain names used by the Enjoined Parties in connection with their enjoined activities, "*including but not limited to* the domain names identified in Exhibit C" to the Permanent Injunction. Permanent Injunction at 10–11 (emphasis added).

Unfortunately, when Plaintiffs provided notice of the Permanent Injunction to domain name registries and registrars, some of those third parties informed Plaintiffs that they will not take action as to the domain names they control because they are identified in Exhibit C as third-level domain names. A third-level domain name is a "subdomain"—essentially, a subset—of a second-level domain name. A second-level

REQUEST TO SUPPLEMENT EXHIBIT C TO PERMANENT INJUNCTION
4835-4439-6106v.3 0094038-000021

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

domain name contains two names separated by periods. For example, hrsnos.com is a second-level domain name. A third-level domain name contains three names separated by periods. For example, poxy.hrsnos.com is a third level domain name identified in Exhibit C, and it is a subset of hrsnos.com.

Plaintiffs included third-level domain names in Exhibit C in order to be as specific as possible in their identification of the precise internet resources being used by the Enjoined Parties in connection with their infringing activities. But because registries and registrars can only take action with regard to second-level domains, some of the third parties on notice of the Permanent Injunction have requested that Plaintiffs present them with a court order explicitly including the second-level domains containing the third-level domains used by the Enjoined Parties. As Plaintiffs have documented, the Enjoined Parties create and own or control those second-level domain names. *See, e.g.*, Declaration of Nicholas Braak, dated April 17, 2017 [ECF No. 211-1] ("April Braak Decl."), ¶¶ 9, 18(iii), 27; Declaration of Nicholas Braak, dated Oct. 26, 2015 [ECF No. 211-3], ¶¶ 4–7.

Plaintiffs thus respectfully request the Court supplement Exhibit C to the Permanent Injunction to add the second-level domain names listed in <u>Exhibit 1</u> to the Proposed Order.

***Second***, Plaintiffs request that the Court supplement Exhibit C to the Permanent Injunction to add the newly-identified server IP addresses and domain names listed in <u>Exhibit 2</u> to the Proposed Order, which IP addresses and domain names are now being utilized by the Enjoined Parties to evade this Court's Permanent Injunction.

From the time this Court issued its preliminary injunction order, over two years ago, through the present, the Enjoined Parties have consistently sought to evade Plaintiffs' enforcement efforts by repeatedly switching to new servers at new IP addresses and new domain names so that their enjoined infringing pirate TV services and applications will continue to function. *See* April Braak Decl. ¶¶ 5–10. As set

forth in the accompanying declaration of Nicholas Braak, the Enjoined Parties are now using the servers and domain names listed in Exhibit 2 to the Proposed Order to conduct their enjoined infringing activities. *See* Declaration of Nicholas Braak, dated July 10, 2017, ¶ 6, Ex. 1.

Plaintiffs thus respectfully request the Court supplement Exhibit C to the Permanent Injunction to include these newly-identified IP addresses and domain names identified by Mr. Braak and listed in Exhibit 2 to the Proposed Order.

In sum, Plaintiffs respectfully request that the limited supplementation proposed in the accompanying Proposed Order be granted and entered by the Court.

DATED: July 10, 2017

DAVIS WRIGHT TREMAINE LLP
SEAN M. SULLIVAN
ROBERT D. BALIN (*pro hac vice*)
LACY H. KOONCE, III (*pro hac vice*)
SAMUEL BAYARD (*pro hac vice*)
GEORGE WUKOSON (*pro hac vice*)

By: /s/ Sean M. Sullivan
      Sean M. Sullivan

Attorneys for Plaintiffs
CHINA CENTRAL TELEVISION; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD.; TVB HOLDINGS (USA), INC.; AND DISH NETWORK L.L.C.