SEAN M. SULLIVAN (State Bar No. 229104)
    seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800 Fax: (213) 633-6899

ROBERT D. BALIN (*pro hac vice*)
    robbalin@dwt.com
LACY H. KOONCE, III (*pro hac vice*)
    lancekoonce@dwt.com
SAMUEL BAYARD (*pro hac vice*)
    samuelbayard@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 489-8230 Fax: (212) 489-8340
ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10, <br><br> Defendants. | Case No. <br> **CV 15-1869 SVW (AJWx)** <br><br> **DECLARATION OF GEORGE WUKOSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT** <br><br> Courtroom: 10A <br> Judge: Hon. Steven V. Wilson |

1

Declaration of George P. Wukoson

## **DECLARATION OF GEORGE P. WUKOSON**

I, George P. Wukoson, declare as follows:

1. During the pendency of this matter, I was an associate with the law firm of Davis Wright Tremaine LLP ("DWT"), counsel to the Plaintiffs in this action. I am an attorney licensed to practice law in the State of New York and before the bars of the Southern and Eastern Districts of New York. I was also admitted *pro hac vice* as one of the attorneys for Plaintiffs in this action.

2. As the Court knows, this lawsuit concerns Defendants' creation, manufacture, sale, and operation of software applications ("apps") on set-top box devices known as the TVpad and blueTV, which apps are designed and used to infringe Plaintiffs' copyrighted television programming (the "Infringing Apps").

3. Upon motions by Plaintiffs, this Court has entered the following injunctions in this action:

- Preliminary Injunction, dated June 11, 2015 [Doc. No. 98] ("Preliminary Injunction")
- Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Ltd., dated May 31, 2016 [Doc No. 192]
- Amended Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Ltd., dated August 12, 2016 [Doc No. 198]
- Second Amended Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Create New Technology (HK) Limited and Hua Yang International

Declaration of George P. Wukoson

2

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Technology Ltd., dated May 10, 2017 [Doc No. 214] ("Second Amended Permanent Injunction") (the "Injunctions"). Each of the Injunctions enjoins third parties who receive notice of the Injunction from providing any web, server or file hosting services or other data storage and delivery services to the Defendants and other Enjoined Parties (as that term is defined in each Injunction) in connection with the Enjoined Parties' infringing activities. *See, e.g.*, Second Amended Permanent Injunction at 9–10.

4. In the course of my representation of Plaintiffs, I contacted numerous internet service providers ("ISPs") who have hosted digital content used by the Infringing Apps to function and to stream digital video copies of Plaintiffs' copyrighted TV programming. In my correspondence with these ISPs, I requested pursuant to the then-operative Injunction that the ISP disable customer accounts that were employing that ISP's servers to host content used by the Infringing Apps. Most of the ISPs I have placed on notice of the Injunctions have complied as requested.

5. However, not all of the ISPs I have contacted have complied. Specifically, despite receiving written notice and copies of multiple Injunctions from me, three ISPs have refused to comply with the Injunctions. These non-compliant ISPs are: Azure Technology Co., Ltd. ("Azure Tech"), ZERO DDOS LLC ("Zero DDOS"), and ClearDDoS Technologies ("Clear DDOS") (collectively, the "Non-Compliant ISPs").

6. I submit this declaration to set forth my communications with the Non-Compliant ISPs and my efforts to secure their cooperation with the Injunctions.

Clear DDOS

7. On October 12, 2015, I sent Clear DDOS a letter from my colleague Lacy H. Koonce, III, enclosing the Preliminary Injunction, notifying Clear DDOS of the terms of the Preliminary Injunction applicable to it, and requesting that Clear DDOS cease providing hosting services to the Enjoined Parties in connection with their infringing activities. This notice letter and enclosed Preliminary Injunction were

Declaration of George P. Wukoson

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sent by Federal Express overnight delivery to Clear DDOS at two physical addresses associated with Clear DDOS in public records, and it was also emailed to two email addresses associated with Clear DDOS in public records.

8. On the same day, October 12, 2015, a person signing as "Nico Zheng" and using the email address nico.zheng@clear-ddos.com responded by email. In his email, Mr. Zheng stated only, "We have inform user to check, thanks." The next day, on October 13, 2015, I sent an email to Mr. Zheng to reiterate that whether or not Clear DDOS provided notice of the Preliminary Injunction to its customer, the Preliminary Injunction required Clear DDOS itself to take action, including ceasing services to the Enjoined Parties. Nonetheless, on October 15, 2015, Mr. Zhang responded, "We are still chasing user to deal with their service as you mentioned. If any new [sic] we will inform to you." Giving Clear DDOS the benefit of every doubt, on the same day, October 15, 2015, I sent another email to Mr. Zheng stating that his reply did not respond to my correspondence on behalf of Plaintiffs and was "wholly insufficient" because Clear DDOS is "subject to a court order from a US federal court, and must comply immediately or be subject to contempt of court." I further advised Mr. Zheng that, "To comply with the court order, ClearDDoS must <u>immediately disable</u> the accounts associated with the IP addresses identified in Exhibit 2. It does not matter what the user says. The Preliminary Injunction Order does not allow for any delay to consult with users. This is not a 'take-down' notice, again, it is a court ORDER and you must comply."

9. On October 15, 2015, Nico Zheng emailed me from his email address nico.zheng@clear-ddos.com to again state Clear DDOS would need to "escalate" this issue to its client:

> We will fully assist for your request. However, we have no idea about the clients content if there's any copyright issue. And we also has contract and SLA with the client. So its not that easy for us to simply shutdown all their service just based your email notice. We will escalate this issue to the client, hopefully to get this issue be fixed asap.

I responded to Nico Zheng on October 16, 2015 to state the following:

Declaration of George P. Wukoson

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> Thank you for your reply, but it appears that you misunderstand our communications. We have not sent you a "request," "email notice" or other copyright takedown notice of the type you might often receive. Rather, we have sent you a ***court order*** that you must comply with or face sanctions for non-compliance.
>
> You do not need to evaluate the content hosted by the enjoined parties' accounts. A U.S. federal court has already determined that the content is infringing and illegal. This ***court order*** does not allow for a delay for your client to respond. Your client's response does not matter. Other ISPs that we have provided notice to have quickly complied by disabling the accounts we asked them to disable.

Neither Nico Zheng nor any other Clear DDOS representative responded to my October 16th email.

10. On May 22, 2017, I sent Clear DDOS a letter enclosing the Second Amended Permanent Injunction, notifying Clear DDOS of the terms of the Second Amended Permanent Injunction applicable to it, and requesting that Clear DDOS cease providing hosting services to the Enjoined Parties in connection with their infringing activities. This May 22nd notice letter and enclosed Second Amended Permanent Injunction were sent by Federal Express overnight delivery to Clear DDOS at the two physical addresses associated with Clear DDOS in public records, and were also emailed to two email addresses associated with Clear DDOS in public records.

11. Having received no response from Clear DDOS, on June 1, 2017 I sent a follow-up email to Clear DDOS at the same email addresses. I never received a response to that email.

12. True and correct copies of my correspondence with Clear DDOS on behalf of Plaintiffs are attached hereto as <u>Exhibits 3 - 10</u>.

Azure Tech

13. As explained in paragraph 7 of the accompanying Declaration of Nicholas Braak, Azure Tech was previously known as CLOUDDDOS TECHNOLOGY CO., LIMITED ("Cloud DDOS"), and Azure Tech and Cloud DDOS are also connected by registration information—including domain names and

email addresses—in public internet service provider records. In the course of enforcing the Injunctions, we have identified the Enjoined Parties' use of IP addresses registered to both Azure Tech and Cloud DDOS. Because Azure Tech and Cloud DDOS are alter egos of one another, we have sometimes notified them of Injunctions by single letters or emails sent to both of them.

14. On October 12, 2015, I sent Cloud DDOS a letter from Mr. Koonce enclosing the Preliminary Injunction, notifying Cloud DDOS of the terms of the Preliminary Injunction applicable to it, and requesting that Cloud DDOS cease providing hosting services to the Enjoined Parties in connection with their infringing activities. This notice letter and enclosed Preliminary Injunction were sent by Federal Express overnight delivery to Cloud DDOS at two physical addresses associated with Cloud DDOS in public records, and were also emailed to two email addresses associated with Cloud DDOS in public records, including the email address abuse@azure-tech.com. The name "abuse" and the domain name in this email address indicate it is Azure Tech's email address designated for the reporting of abuse of Azure Tech's services.

15. Nico Zheng, using the email address ts@azure-tech.com, responded to this letter on October 12, 2015. In his email, Mr. Zheng stated only, "we have inform our user to check, thanks." On behalf of Plaintiffs, I responded on October 13, 2015 to remind Mr. Zheng that whether or not Cloud DDOS had provided notice of the Preliminary Injunction to its customer, the Preliminary Injunction required Cloud DDOS to take action, including ceasing services to the Enjoined Parties. I then sent an email to Mr. Zheng's azure-tech.com email address on October 15, 2015 to emphasize that the Preliminary Injunction required that Cloud DDOS immediately disable the accounts subject to the injunction, and that Cloud DDOS could be found in contempt of court for failing to do so. On October 16, 2015, I sent Mr. Zheng a follow up email in which I reiterated that merely informing Cloud DDOS's customers did not satisfy Cloud DDS's takedown obligations under the Preliminary

Injunction. I did not receive any response to my October 15 and 16, 2015 emails from Mr. Zheng or any other representative of Azure Tech.

16. On May 22, 2017, I sent Azure Tech a letter enclosing the Second Amended Permanent Injunction, notifying Azure Tech of the terms of the Second Amended Permanent Injunction applicable to it, and requesting that Azure Tech cease providing hosting services to the Enjoined Parties in connection with their infringing activities. This notice letter and the enclosed Second Amended Permanent Injunction were sent by Federal Express overnight delivery to Azure Tech at a physical address associated with Azure Tech in public records, and were also emailed to three email addresses associated with Azure Tech in public records.

17. Having received no response to my May 22nd letter to Azure Tech, on June 1, 2017 I sent an email to the same three azure-tech.com email addresses. In my June 1st email, I requested that Azure Tech confirm receipt of my May 22nd letter and that it was taking the actions requested in my May 22nd letter. Azure Tech did not respond, and the Infringing Apps on the TVpad and blueTV continued to access Azure Tech servers, including at additional IP addresses. For this reason, I emailed Azure Tech on July 11, 2017 (using the same three email addresses) to provide the additional Azure Tech IP addresses the Enjoined Parties were using and to notify Azure Tech that its failure to comply with the Second Amended Permanent Injunction could result in its being found in contempt of Court.

18. That day, on July 11, 2017, I finally received email responses from Azure Tech to my second reminder email, from two different individuals, Nico Zheng (using the email address ts@azure-tech.com) and "Simon" (using the email address ts@azure-tech.com). Both Mr. Zheng and Simon stated only that Azure Tech had provided Plaintiffs' notice to its customers. Specifically, Mr. Zheng's email stated only: "We have inform the users of you mentioned IPs to deal with. Thanks." Simon's email stated only: "We have been informed our Customer and dealing with it .Thanks for contact us."

19. The next day, on July 12, 2017, I responded to Azure Tech to reiterate that the Second Amended Permanent Injunction requires that Azure Tech disable the accounts associated with the IP addresses identified to it and that failure to do so constitutes disobeying and violating a court order. Azure Tech did not respond to this email.

20. True and correct copies of my correspondence with Azure Tech on behalf of Plaintiffs are attached hereto as Exhibits 11-21.

Zero DDOS

21. On October 12, 2015, I sent Zero DDOS a letter enclosing the Preliminary Injunction, notifying Zero DDOS of the terms of the Preliminary Injunction applicable to it, and requesting that Zero DDOS cease providing hosting services to the Enjoined Parties in connection with their infringing activities. This notice letter and the enclosed Preliminary Injunction were sent by Federal Express overnight delivery to Zero DDOS at three physical addresses associated with Zero DDOS in public records, and were also emailed to two email addresses associated with Zero DDOS in public records. Zero DDOS never responded to this letter.

22. On May 22, 2017, I sent Zero DDOS a letter enclosing the Second Amended Permanent Injunction, notifying Zero DDOS of the terms of the Preliminary Injunction applicable to it, and requesting that Zero DDOS cease providing hosting services to the Enjoined Parties in connection with their infringing activities. This notice letter and enclosed Second Amended Permanent Injunction were sent by Federal Express overnight delivery to Zero DDOS at four United States physical addresses associated with Zero DDOS in public records, and it was also sent by email to two email addresses associated with Zero DDOS in public records. Federal Express records show this May 22nd letter was delivered to two of the United States physical addresses associated with Zero DDOS in public records and signed for by the recipients. True and correct copies of those Federal Express records are attached hereto as Exhibits 25-26.

23. Having received no response to my May 22nd letter to Zero DDOS, I sent an email to the same two email addresses on June 1, 2017, requesting that Zero DDOS confirm receipt of the May 22nd letter and that it was taking the actions requested in the letter. Zero DDOS did not respond to any of my communications.

24. True and correct copies of my communications to Zero DDOS on behalf of Plaintiffs are attached hereto as Exhibits 22-24.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of October, 2017.

George P. Wukoson

Declaration of George P. Wukoson 9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899