1  SEAN M. SULLIVAN (State Bar No. 229104)
      seansullivan@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
3  Los Angeles, California  90017-2566
   Tel.: (213) 633-6800  Fax: (213) 633-6899
4
   ROBERT D. BALIN (*pro hac vice*)
5     robbalin@dwt.com
   LACY H. KOONCE, III (*pro hac vice*)
6     lancekoonce@dwt.com
   SAMUEL BAYARD (*pro hac vice*)
7     samuelbayard@dwt.com
   DAVIS WRIGHT TREMAINE LLP
8  1251 Avenue of the Americas
   New York, New York  10020
9  Tel.: (212) 489-8230  Fax: (212) 489-8340
   ATTORNEYS FOR PLAINTIFFS
10
                    **UNITED STATES DISTRICT COURT**
11                  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LIMITED, a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual, ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD. COMPANY d/b/a NEWTVPAD.COM a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a E-DIGITAL, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,<br><br>Defendants. | Case No.<br>**CV 15-1869 SVW (AJWx)**<br><br>**DECLARATION OF SEAN M. SULLIVAN IN SUPPORT OF PLAINTIFFS' RECOVERY OF ATTORNEYS' FEES AND COSTS PURSUANT TO COURT'S ORDER DATED DECEMBER 1, 2017 DOCKET NUMBER 222**<br><br>Courtroom:  10A<br>Judge:  Hon. Stephen V. Wilson |

# DECLARATION OF SEAN M. SULLIVAN

I, Sean M. Sullivan, declare as follows:

1. I am an attorney admitted to practice before all the courts of the State of California and before this Court. I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), and one of the attorneys of record for Plaintiffs China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C. (collectively, "Plaintiffs") in this matter. I have personal knowledge of the matters herein.

2. In compliance with the Court's Order dated December 1, 2017, I submit this declaration and **Exhibit 1** itemizing the attorneys' fees and costs incurred by Plaintiffs in making the motion to hold non-compliant Internet Service Providers in contempt ("Motion for Contempt").

3. DWT is a national law firm of more than 550 lawyers. The firm is recognized nationally for, among other things, its intellectual property litigation, First Amendment, and communications law practices.

4. The litigation in this case has been handled primarily by DWT partner Robert D. Balin as lead counsel; partners Lacy H. Koonce III and myself; and associates George P. Wukoson and Jamie S. Raghu. The following chart reflects the billing rates DWT charged in this matter for each attorney (third column), as well their standard 2017 billing rates (last column):

| Name | Title | Reduced Hourly Rate | 2017 Standard Billing Rate |
|---|---|---|---|
| Robert D. Balin | Partner | $616.50 | $695.00 |
| Lacy H. Koonce III | Partner | $522.00 | $605.00 |
| Sean M. Sullivan | Partner | $468.00 | $550.00 |
| George P. Wukoson | Associate | $450.00 | $525.00 |
| Jamie S. Raghu | Associate | $396.00 | $465.00 |

DECLARATION OF SEAN M. SULLIVAN

1

5. Mr. Balin has more than 30 years of experience in media, First Amendment, and intellectual property litigation. Among other honors, he has been consistently named as one of "America's Leading Lawyers" in First Amendment Litigation by Chambers USA, one of the "Best Lawyers in America" in Media Law by Woodward/White, and selected to "New York Super Lawyers" by Thomas Reuters. Mr. Balin also teaches Media Law as a lecturer in law at Columbia Law School in New York. His agreed-upon discounted hourly billing rate for this matter of $616.50 is significantly lower than his 2017 standard rate of $695.00.

6. Mr. Koonce has more than 20 years of experience in media, technology, and intellectual property litigation. Mr. Koonce frequently writes and speaks on intellectual property and technology issues. He is also the co-chair of the Law and Technology Committee of the New York County Lawyers Association. His agreed-upon discounted hourly billing rate for this matter of $522 is significantly lower than his 2017 standard rate of $605.

7. Mr. Wukoson is a former DWT associate who worked on intellectual property matters while employed at DWT. Prior to working at DWT, Mr. Wukoson was an associate at the law firm Dechert LLP. Mr. Wukoson is now Senior Corporate Counsel at Ziff Davis. His agreed-upon discounted hourly billing rate for this matter of $450 is significantly lower than his 2017 standard rate of $525.

8. Ms. Raghu is an associate who works on media and intellectual property matters at DWT. Prior to joining DWT, Ms. Raghu was previously an associate at the law firm Simpson Thacher & Bartlett LLP and clerked for the Honorable Edgardo Ramos in the United States District Court for the Southern District of New York. Her agreed-upon discounted hourly billing rate for this matter of $396 is significantly lower than her 2017 standard rate of $465.

9. I have 14 years of litigation experience focusing on intellectual property and privacy matters. I am based in Los Angeles and am a member of the California bar. I was previously selected to be included in "Southern California Rising Stars"

for intellectual property litigation by Thomas Reuters. My agreed-upon discounted hourly billing rate for this matter, $468.00, is significantly lower than my 2017 standard rate of $550.00.

10. Attached as **Exhibit 1** is a true and correct copy of invoices containing the daily time entries from each DWT timekeeper with descriptions of the work performed by each professional on each day.[1] **Exhibit 1** also contains true and correct copies of invoices of Plaintiffs' investigator for work related to the Motion for Contempt. These invoices have been redacted to remove entries for which Plaintiffs do not seek recovery, and to protect privileged or confidential information. In addition, the first page of **Exhibit 1** is a chart that summarizes the total amount of time spent by each professional and costs incurred though November 2017.

11. As reflected in the chart and invoices included in **Exhibit 1**, through November 2017, Mr. Balin spent approximately 20 hours formulating Plaintiffs' strategy for enforcing the permanent injunction against non-compliant Internet Service Providers; reviewing and editing the Motion for Contempt, the supporting declarations and exhibits, and proposed Order, among other tasks. Mr. Koonce spent approximately 1 hour formulating the strategy for enforcing the permanent injunction against non-compliant Internet Service Providers. Mr. Wukoson spent approximately 27 hours strategizing and preparing the Motion for Contempt, the supporting declarations, and proposed Order, among other tasks. Ms. Raghu spent approximately 23 hours preparing the Motion for Contempt, the supporting declarations, and proposed Order, among other tasks. I spent approximately 10 hours

---

[1] Attached as **Exhibit 1** are the invoices that DWT sent to each of our three clients (China Central Television/China International Communications Co., Ltd., TVB Holdings (USA), Inc., and DISH Network L.L.C.) in connection with DWT's work drafting the Motion for Contempt. As reflected in the invoices, each of the clients was charged a percentage portion of DWT's fees, with the percentages adding up to 100%. In other words, the total amount of the attached invoices equals the total charges for DWT's work on the Motion for Contempt.

assisting in strategizing and preparing the Motion for Contempt, the supporting declarations, and proposed Order, among other tasks.

12. As reflected in **Exhibit 1**, to date Plaintiffs have incurred $38,577.60 in fees and $8,710.00 in costs associated with making the Motion for Contempt.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of December, 2017 in Los Angeles, California.

      /s/ Sean M. Sullivan
        Sean M. Sullivan

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On December 15, 2017, I served the foregoing document(s) described as:

**DECLARATION OF SEAN M. SULLIVAN IN SUPPORT OF PLAINTIFFS' RECOVERY OF ATTORNEYS' FEES AND COSTS PURSUANT TO COURT'S ORDER DATED DECEMBER 1, 2017, DOCKET NUMBER 222**

on the interested parties in this action as stated below:

☒ (BY ELECTRONIC MAIL) I caused such documents to be transmitted via electronic mail to the offices of the addressee(s) at the listed electronic mail address(es).

---

Azure Technology Co., Ltd./
Cloud DDOS Technology Co., Limited

abuse@azure-tech.com
ts@azure-tech.com
terry@azure-tech.com
gdxnfx@gmail.com

---

ClearDDoS Technologies

cs@clear-ddos.com
support@clear-ddos.com

---

ZERO DDOS LLC
ZERO DDOS LLC

colin@zeroddos.com
herotm@gmail.com

---

Executed on December 15, 2017, at Los Angeles, California.

☒ Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dee Keegan
Print Name

*[Signature]*
Signature